## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

      Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

      Defendants.

---

## DEFENDANT EASTHILLS, INC.'S ANSWER, AFFIRMATIVE DEFENSES
## AND COUNTERCLAIMS

---

Defendant EASTHILLS, INC. ("EASTHILLS"), by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff KAMMOK HOLDINGS, LLC ("Plaintiff"), as follows:

### PARTIES

1.    EASTHILLS lacks knowledge or information sufficient to form a belief about the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2.    EASTHILLS lacks knowledge or information sufficient to form a belief about the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3.    EASTHILLS admits the allegations contained in paragraph 3 of the Complaint.

4.    EASTHILLS states that allegations asserted against "Defendants Does 1 through 10" are not permitted under the Federal Rules of Civil Procedure and, as such, are improperly included in the Complaint.

---

5.      EASTHILLS incorporates its response to the allegations set forth in paragraph 4 of
the Complaint as its response to the allegations contained in paragraph 5.

## JURISDICTION AND VENUE

6.      EASTHILLS admits the allegations contained in paragraph 6 of the Complaint.

7.      EASTHILLS admits the allegations contained in paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8.      EASTHILLS lacks knowledge or information sufficient to form a belief about the
allegations in paragraph 8 of the Complaint and, therefore, denies the same.

9.      EASTHILLS lacks knowledge or information sufficient to form a belief about the
allegations in paragraph 9 of the Complaint and, therefore, denies the same.

10.      EASTHILLS lacks knowledge or information sufficient to form a belief about the
allegations in paragraph 10 of the Complaint and, therefore, denies the same.

11.      EASTHILLS lacks knowledge or information sufficient to form a belief about the
allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12.      EASTHILLS lacks knowledge or information sufficient to form a belief about the
allegations in paragraph 12 of the Complaint and, therefore, denies the same.

13.      EASTHILLS admits that Plaintiff has filed this a claim for copyright infringement
without first securing a copyright registration from the United States Copyright Office.
EASTHILLS lacks knowledge or information sufficient to form a belief about the remaining
allegations in paragraph 13 of the Complaint and, therefore, denies the same.

14.      EASTHILLS admits that Exhibit 1 appears to be a copy of United States Patent No.
11,330,893 ("the '893 Patent"). EASTHILLS, however, lacks knowledge or information sufficient
to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint and,
therefore, denies the same.

2

15.    EASTHILLS lacks knowledge or information sufficient to form a belief about the allegations in paragraph 15(a)–(d) of the Complaint and, therefore, denies the same.

16.    EASTHILLS denies that the "Swiftlet is cloaked with a distinctive trade dress." EASTHILLS lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 16 of the Complaint and, therefore, denies the same.

17.    EASTHILLS denies that the "Swiftlet is cloaked with a distinctive trade dress." EASTHILLS lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 17 of the Complaint and, therefore, denies the same.

18.    EASTHILLS admits the allegations contained in Paragraph 18 of the Complaint.

19.    EASTHILLS admits that it had an on-going Kickstarter campaign for the Anymaka Hammock Stand. EASTHILLS lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 19 of the Complaint and, therefore, denies the same.

20.    EASTHILLS denies the allegations contained in paragraph 20 of the Complaint.

21.    EASTHILLS denies the allegations contained in paragraph 21 of the Complaint.

22.    EASTHILLS denies the allegations contained in paragraph 22 of the Complaint.

23.    EASTHILLS denies the allegations contained in paragraph 23 of the Complaint.

24.    EASTHILLS denies the allegations contained in paragraph 24 of the Complaint.

25.    EASTHILLS admits that the Anymaka hammock includes a carry bag but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 25 of the Complaint and, therefore, denies the same.

26.    EASTHILLS denies the allegations contained in paragraph 26 of the Complaint.

27.    EASTHILLS admits that it received a letter from Plaintiff's counsel dated July 13, 2023 but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 27 of the Complaint and, therefore, denies the same.

ANSWER TO COMPLAINT, AFFIRMATIVE                    CASE NO. 1: 23-cv-02405-CNS-MEH
DEFENSES AND COUNTERCLAIMS

28.     EASTHILLS admits that the letter from Plaintiff's counsel dated July 13, 2023 alleged patent infringement but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 28 of the Complaint and, therefore, denies the same.

29.     EASTHILLS admits that the letter from Plaintiff's counsel dated July 13, 2023 demanded that EASTHILLS end its Kickstarter campaign but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 29 of the Complaint and, therefore, denies the same.

30.     EASTHILLS admits that it raised funds in its Kickstarter campaign and made pre-sale offerings but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 30 of the Complaint and, therefore, denies the same.

31.     EASTHILLS admits the allegations contained in paragraph 31 of the Complaint.

32.     EASTHILLS admits that it caused to be published an internet article titled "Production & Shipping Update" (the "Update") and asserts that contents of the Update speak for itself and on that basis denies the allegations in paragraph 32 of the Complaint to the extent they are inconsistent. and, therefore, denies the same.

33.     EASTHILLS admits that it caused to be published an internet article titled "Production & Shipping Update" (the "Update") and asserts that contents of the Update speak for itself and on that basis denies the allegations in paragraph 33 of the Complaint to the extent they are inconsistent. and, therefore, denies the same.

34.     EASTHILLS admits that it caused to be published an internet article titled "Production & Shipping Update" (the "Update") and asserts that contents of the Update speak for itself and on that basis denies the allegations in paragraph 34 of the Complaint to the extent they are inconsistent. and, therefore, denies the same.

35.     EASTHILLS admits that it caused to be published an internet article titled "Production & Shipping Update" (the "Update") and asserts that contents of the Update speak for itself and on that basis denies the allegations in paragraph 35 of the Complaint to the extent they are inconsistent. and, therefore, denies the same.

36.     EASTHILLS admits that it caused to be published an internet article titled "Production & Shipping Update" (the "Update") and asserts that contents of the Update speak for itself and on that basis denies the allegations in paragraph 36 of the Complaint to the extent they are inconsistent. and, therefore, denies the same.

## FIRST CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. §§ 101 et seq.)

37.     EASTHILLS incorporate their responses to the allegations contained in Paragraphs 1 – 36 above as if fully restated herein.

38.     EASTHILLS denies the allegations contained in paragraph 38 of the Complaint.

39.     EASTHILLS admits that Plaintiff filed a claim for copyright infringement without having secured a copyright registration from the United States Copyright Office. EASTHILLS lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 39 of the Complaint and, therefore, denies the same.

40.     EASTHILLS admits that Plaintiff filed a claim for copyright infringement without having secured a copyright registration from the United States Copyright Office. EASTHILLS lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 40 of the Complaint and, therefore, denies the same.

41.     EASTHILLS denies the allegations in paragraph 41 of the Complaint.

42.     EASTHILLS denies the allegations in paragraph 42 of the Complaint.

43.     EASTHILLS denies the allegations in paragraph 43 of the Complaint.

44.    EASTHILLS denies the allegations in paragraph 44 of the Complaint.

45.    EASTHILLS denies the allegations in paragraph 45 of the Complaint.

## SECOND CAUSE OF ACTION

### (Patent Infringement – 35 U.S.C. § 271)

46.    EASTHILLS incorporate their responses to the allegations contained in Paragraphs 1 – 45 above as if fully restated herein.

47.    EASTHILLS admits that it advertises and offers hammock products on Kickstarter and on its website but denies the remaining allegations in paragraph 47.

48.    EASTHILLS denies the allegations contained in paragraph 48 of the Complaint.

49.    EASTHILLS denies the allegations in contained paragraph 49 of the Complaint.

50.    EASTHILLS denies the allegations in contained paragraph 50 of the Complaint.

51.    EASTHILLS denies the allegations contained in paragraph 51 of the Complaint.

52.    EASTHILLS denies the allegations contained in paragraph 52 of the Complaint.

53.    EASTHILLS denies the allegations contained in paragraph 53 of the Complaint.

54.    EASTHILLS denies the allegations in contained paragraph 54 of the Complaint.

## THIRD CAUSE OF ACTION

### (Trade Dress Infringement – Lanham Act § 43(a))

55.    EASTHILLS incorporate their responses to the allegations contained in Paragraphs 1 – 54 above as if fully restated herein.

56.    EASTHILLS denies the allegations contained in paragraph 56 of the Complaint.

57.    EASTHILLS denies the allegations contained in paragraph 57 of the Complaint.

58.    EASTHILLS denies the allegations contained in paragraph 58 of the Complaint.

59.    EASTHILLS denies the allegations contained in paragraph 59 of the Complaint.

60.    EASTHILLS denies the allegations contained in paragraph 60 of the Complaint.

61.    EASTHILLS denies the allegations contained in paragraph 61 of the Complaint.

62.    EASTHILLS denies the allegations contained in paragraph 62 of the Complaint.

63.    EASTHILLS denies the allegations contained in paragraph 63 of the Complaint.

64.    EASTHILLS denies the allegations contained in paragraph 64 of the Complaint.

65.    EASTHILLS denies the allegations contained in paragraph 65 of the Complaint.

66.    EASTHILLS denies the allegations contained in paragraph 66 of the Complaint.

67.    EASTHILLS denies the allegations contained in paragraph 67 of the Complaint.

## GENERAL DENIAL

EASTHILLS denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

EASTHILLS does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '893 Patent.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

Each asserted claim of the '893 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS

CASE NO. 1: 23-cv-02405-CNS-MEH

## FOURTH AFFIRMATIVE DEFENSE – UNENFORCEABILITY

On information and belief, Plaintiff is not entitled to any relief against EASTHILLS in this action because the '893 Patent is unenforceable.

## FIFTH AFFIRMATIVE DEFENSE – PATENT EXHAUSTION AND/OR LICENSE

On information and belief, Plaintiff's claims against EASTHILLS are barred by patent exhaustion and/or a license to the '893 Patent.

## SIXTH AFFIRMATIVE DEFENSE – IMPLIED LICENSE

On information and belief, Plaintiff's claims against EASTHILLS are barred by the doctrine of implied license.

## SEVENTH AFFIRMATIVE DEFENSE – LACK OF STANDING

On information and belief, Plaintiff's claims against EASTHILLS are barred because Plaintiff lacks standing to assert the '893 Patent.

## EIGHTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

On information and belief, Plaintiff's claims against EASTHILLS are barred by the doctrine of equitable estoppel.

## NINTH AFFIRMATIVE DEFENSE – WAIVER

On information and belief, Plaintiff's claims against EASTHILLS are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

On information and belief, due to admissions and statements made to the United States Patent and Trademark Office during the prosecution of the applications that resulted in the '893 Patent or related patent applications, Plaintiff is estopped from construing a valid and enforceable

claim, if any, of the asserted patents as infringed literally or under the doctrine of equivalents by the accused products.

### ELEVENTH AFFIRMATIVE DEFENSE – UNAVAILABILITY OF ENHANCED DAMAGES

Plaintiff has failed to meet the requirements of 35 U.S.C. § 284 for enhanced damages and is not entitled to any damages prior to providing actual notice of the '893 Patent to Defendant.

### TWELFTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

Plaintiff is not entitled to enhanced or increased damages for willful infringement because EASTHILLS has not engaged in any conduct meeting the requirements for such an award.

### THIRTEENTH AFFIRMATIVE DEFENSE – NO ATTORNEYS' FEES

Plaintiff is barred from recovering attorneys' fees under 35 U.S.C. § 285 because this is not an exceptional case.

### FOURTEENTH AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES

Plaintiff's claim for damages, if any, against EASTHILLS are barred or limited due to the failure to comply with the requirements of 35 U.S.C. § 287.

### FIFTHTEENTH AFFIRMATIVE DEFENSE – OTHER DEFENSES

EASTHILLS reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

9

**RESERVATION OF RIGHTS**

EASTHILLS hereby gives notice that it intends to rely upon such other and further affirmative and other defenses it identifies and/or as may become available during discovery in this action, and EASTHILLS reserves the right to amend this Answer to assert any such defenses.

**COUNTERCLAIMS**

EASTHILLS, by and through its counsel, the Bayramoglu Law Offices, LLC, asserts the following counterclaims against Plaintiff and Counter-Defendant KAMMOK HOLDINGS, LLC ("Kammok"):

## I.    INTRODUCTION

1.      EASTHILLS counterclaims against Kammok are, in part, based on violations of the Digital Millennium Copyright Act of 1998 (the "DMCA"), namely 17 U.S.C.A. § 512, *et. seq*.

2.      EASTHILLS counterclaims against Kammok are additionally brought pursuant to, and without limitation, 35 U.S.C. §§ 101-103 and 112 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

3.      Specifically, by way of its counterclaims, EASTHILLS seeks entry of judgment against Kammok for intentionally misrepresenting it copyright rights under the DMCA to Kickstarter, PBC ("Kickstarter") in submitting an intentionally false Takedown Notice, which resulted in the suspension of EASTHILLS' crowdfunding campaign on the platform.

4.      Kammok's intentional misrepresentations to Kickstarter continued when it submitted the underlying Complaint in this action as further evidence of its right to preclude the resumption of EASTHILLS' crowdfunding campaign despite not having secured a federal copyright registration for the asserted work from the United States Copyright Office (the "USCO") as is required to assert a copyright infringement action as established by controlling United States Supreme Court precedent.

5.      Kammok's actions were taken despite being repeatedly advised by EASTHILLS that it could not assert a claim for copyright infringement without having first secured a federal copyright registration for the asserted work from the USCO.

6.      By way of its counterclaims, EASTHILLS further seeks a declaration from this Court that it does not infringe United States Patent No. 11,330,893 ("the '893 Patent").

7.      Simultaneously, or alternatively, EASTHILLS seeks a declaration from this Court that the '893 Patent is invalid for failing to comply with one or more of the provisions of 35 U.S.C. § 101, *et. seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102 and 103.

## II.      PARTIES

8.      EASTHILLS is a Colorado corporation with its principal place of business in Anaheim, California.

9.      Kammok is a Texas limited liability company with its principal place of business in Austin, Texas.

## III.      JURISDICTION AND VENUE

10.      EASTHILLS' counterclaims are compulsory under Federal Rule of Civil Procedure 13(a)(1)(A)-(B) because they arise from the same transaction or occurrence that is the subject matter of Kammok's Complaint and they do not require adding a party over which the Court cannot exercise personal jurisdiction.

11.      The Court has subject matter jurisdiction over EASTHILLS' counterclaim for violation of the DMCA pursuant to 28 U.S.C. § 1338(a).

12.      EASTHILLS' counterclaims are for declaratory judgment of non-infringement and/or invalidity of the '893 Patent. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 as the arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

ANSWER TO COMPLAINT, AFFIRMATIVE          CASE NO. 1: 23-cv-02405-CNS-MEH
DEFENSES AND COUNTERCLAIMS

## IV.    FACTUAL BACKGROUND

13.    EASTHILLS and Kammok are competitors in, at least, the personal hammock industry.

14.    EASTHILLS had initiated a crowdfunding campaign through Kickstarter for the launch of certain personal hammock products that would compete with Kammok's products.

15.    EASTHILLS' crowdfunding campaign was targeted to raise a total sum of between $2,500,000 and $3,000,000.

16.    EASTHILLS had generated significant crowdfunding interest for its campaign and was well on its way to satisfying its campaign fundraising goal, which would result in funds being released to the company by Kickstarter.

17.    Kammok became aware of EASTHILLS' Kickstarter campaign and intentionally sought to interfere with its progress and ultimate success.

18.    In furtherance of its scheme to derail EASTHILLS' campaign, Kammok sent Kickstarter a DMCA takedown notice (the "Takedown Notice") claiming that EASTHILLS' products infringed upon its copyrighted work consisting of a particular model of personal hammock.

19.    At the time the Takedown Notice was submitted to Kickstarter, Kammok did not have, and the company knew it did not have, a protectable copyright interest in the particular model of personal hammock being asserted as the copyright protected work.

20.    At the time the Takedown Notice was submitted to Kickstarter, Kammok did not have, and the company knew it did not have, a registered copyright issued by the USCO for the particular model of personal hammock being asserted as the copyright protected work.

ANSWER TO COMPLAINT, AFFIRMATIVE            CASE NO. 1: 23-cv-02405-CNS-MEH
DEFENSES AND COUNTERCLAIMS

21.　Kammok's Takedown Notice additionally contained claims that EASTHILLS' products violated its trade dress and patent rights, both of which are not subject to DMCA protection.

22.　Immediately prior to Kammok's submission of the Takedown Notice to Kickstarter, EASTHILLS' crowdfunding campaign had raised the sum of $1,800,000.

23.　Kickstarter suspended EASTHILLS' crowdfunding campaign in response to Kammok's Takedown Notice.

24.　After Kickstarter suspended EASTHILLS' crowdfunding campaign in response to Kammok's Takedown Notice, EASTHILLS' crowdfunding campaign decreased to the sum of $1,200,000 due to investor withdrawals.

25.　Upon receiving the Takedown Notice from Kickstarter, EASTHILLS counsel contacted Kammok's counsel and engaged in telephone conversations and written correspondence that advised Kammok of the blatant deficiencies in its copyright infringement allegations.

26.　Upon receiving the Takedown Notice from Kickstarter, EASTHILLS counsel contacted Kammok's counsel and engaged in telephone conversations and written correspondence that advised Kammok of the blatant deficiencies in its patent and trade dress infringement allegations.

27.　During one initial communication between the parties, counsel for Kammok indicated that the company had initiated the DMCA takedown process as a means for bringing EASTHILLS to the negotiating table so that an exclusive manufacturing and/or licensing agreement could be entered into between the parties.

28.　Kammok took no corrective action in response to being advised of the blatant deficiencies in its copyright infringement allegations.

29.     Kammok took no corrective action in response to being advised of the blatant deficiencies in its trade dress and patent infringement allegations.

30.     EASTHILLS submitted a timely DMCA counter notice (the "Counter Notice") to Kickstarter explaining why Kammok did not have a legitimate and viable copyright protectable interest in and to the particular model of personal hammock being asserted as the copyright protected work and that it had not secured a federal registration for the work from the USCO.

31.     EASTHILLS' Counter Notice further advised Kickstarter that Kammok had intentionally instituted the takedown request for an improper purpose.

32.     EASTHILLS' Counter Notice requested immediate reinstatement of its crowdfunding campaign with Kickstarter.

33.     Kickstarter refused to reinstate EASTHILLS' crowdfunding campaign following receipt to the Counter Notice.

34.     Kammok, understanding that Kickstarter was statutorily compelled to reinstate EASTHILLS' campaign if it had not received notice of commencement of a lawsuit in not less than 10-days and not more than 14-days after notification of the Counter Notice, filed the underlying Complaint in this action.

35.     Kammok filed the Complaint in this action intentionally and with knowledge that it had not secured a federal copyright registration from the USCO for the alleged infringed work despite the clear jurisdictional requirement that such a registration be obtained in order to assert a claim for copyright infringement.

36.     Kammok's own allegations in its Complaint expressly admit that it had not obtained a federal copyright registration for the alleged infringed work at the time this action was filed.

37.    In addition to its meritless copyright infringement claim, Kammok's Complaint additionally contained a meritless trade dress claim for relief – both of which are not subject to the DMCA.

38.    Kammok forwarded the Complaint to Kickstarter seeking to further hinder the reinstatement of EASTHILLS' campaign despite knowing that it did not meet the jurisdictional requirements to maintain a copyright infringement action.

39.    Kammok's bald desire to use the filing of the Complaint in this Court as a tool to further delay and hinder the reinstatement of EASTHILLS' campaign is further supported by the fact that it had not sought issuance of a summons in this action or otherwise taken steps to advise or serve EASTHILLS with the Complaint as of the filing of this Answer, Affirmative Defenses and Counterclaims.

40.    In sum, Kammok's Complaint was filed in this action in bad faith and with knowledge that multiple claims lacked a sufficient legal and/or factual basis to be filed. In fact, it was filed for the ulterior purpose of interfering with EASTHILLS' crowdfunding campaign.

41.    Kammok's repeated and improper actions, all done with knowledge that it did not have a protectable copyright interest in the work and that it did not have a federal copyright registration for the work to file a copyright infringement claim in this Court, caused EASTHILLS' crowdfunding campaign to be improperly suspended by Kickstarter, significantly delayed the eventual reinstatement of its campaign, and caused the company to lose considerable financial support, brand momentum and goodwill.

42.    Kammok's conduct was engaged in knowingly and willfully despite being advised that it did not have a protectable copyright interest in the work and that it did not have a federal copyright registration for the work to file a copyright infringement claim.

43.     Kammok's conduct was engaged in knowingly and willfully despite being advised that it did not have viable trade dress or patent infringement claims prior to filing suit.

44.     Kammok's initiation and prosecution of this action despite its prior knowledge that doing so was improper has unnecessarily caused EASTHILLS to incur attorneys' fees, costs and suffer damages.

## V.     CLAIM I - VIOLATION 17 U.S.C. § 512

45.     EASTHILLS restates and realleges the allegations set forth in paragraphs 1 through 44, above, as if separately set forth herein.

46.     Any person who knowingly materially misrepresents under the DMCA that material or activity is infringing shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer under 17 U.S.C. § 512(f).

47.     Kammok knowingly materially misrepresented to Kickstarter in its Takedown Notice that EASTHILLS' personal hammock products infringed its copyright held in its own personal hammock products because, at a minimum, it knew the company did not have a protectable copyright interest in the asserted work and it did not hold a federal copyright registration for the asserted work.

48.     After receiving EASTHILLS' Counter Notice, Kammok knowingly materially misrepresented to Kickstarter, pursuant to 17 U.S.C. § 512(g)(2)(c), that it had viably commenced a copyright infringement action in which it was seeking injunctive relief to restrain EASTHILLS' allegedly infringing activity when it knew it did not hold a federal copyright registration for the asserted work, which is a prerequisite for filing a federal copyright infringement action.

49.     As a result of Kammok's actions, EASTHILLS has been damaged.

50.     EASTHILLS is entitled to an award of damages, subject to proof at trial, pursuant to 17 U.S.C. § 512(f).

51.    EASTHILLS is entitled to an award of attorneys' fees and costs pursuant to 17 U.S.C. § 512(f).

## VI.    CLAIM II - DECLARATION OF NON-INFRINGEMENT

52.    EASTHILLS restates and realleges the allegations set forth in paragraphs 1 through 44, above, as if separately set forth herein.

53.    Kammok has alleged that EASTHILLS has infringed and continues to infringe the '893 Patent and that the '893 Patent has been duly and legally issued to it.

54.    Contrary to the allegations in the Complaint, EASTHILLS and the allegedly accused EASTHILLS' products do not infringe (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any claims of the '893 Patent, willfully or otherwise.

55.    An actionable and justiciable controversy exists between EASTHILLS and Kammok by virtue of the Complaint and Answer in this action as to the non-infringement of the '893 Patent.

56.    EASTHILLS is entitled to a Declaratory Judgment issued by this Court that determines and finds that the '893 Patent is not infringed.

57.    EASTHILLS is entitled to an award of attorneys' fees and costs as permitted by statute, rule or otherwise authorized by law.

## VII.    CLAIM III - DECLARATION OF INVALIDITY

58.    EASTHILLS restates and realleges the allegations set forth in paragraphs 1 through 44, above, as if separately set forth herein.

59.    Kammok has alleged that EASTHILLS has infringed and continues to infringe the '893 Patent and that the '893 Patent has been duly and legally issued to it.

60.     The claims of the '893 Patent are invalid for failing to comply with one of more provisions of the Patent Laws of the United States, as codified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

61.     An actionable and justiciable controversy exists between EASTHILLS and Kammok by virtue of the Complaint and Answer in this action as to the invalidity of the '893 Patent.

62.     EASTHILLS is entitled to a Declaratory Judgment issued by this Court that determines and finds that the '893 Patent is invalid for failing to comply with one or more provisions of the Patent Laws of the United States, as codified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

63.     EASTHILLS is entitled to an award of attorneys' fees and costs as permitted by statute, rule or otherwise authorized by law.

## VIII.    CLAIM IV - INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

64.     EASTHILLS restates and realleges the allegations set forth in paragraphs 1 through 44, above, as if separately set forth herein.

65.     EASTHILLS enjoyed numerous prospective contractual and business relationships with individuals that had pledged investment into the company through its crowdfunding campaign with Kickstarter.

66.     Kammok intentionally interfered with EASTHILLS' prospective contractual and business relationships by submitting its Takedown Notice to Kickstarter that included alleged trade dress and patent infringement claims that were irrelevant and unnecessary to consideration of its rights under the DMCA.

67.     Kammok intentionally included alleged trade dress and patent infringement claims in its Takedown Notice so that Kickstarter would give additional, unwarranted, credibility to its DMCA claims and/or take independent action to remove EASTHILLS' campaign on grounds not authorized by the DMCA.

68.     Kammok knew, or should have known, that its trade dress infringement claim was not supportable in fact or in law.

69.     Kammok knew, or should have known, that its patent infringement claim raised serious questions as to, at least, its factual viability in view of existing law.

70.     Upon receiving the Takedown Notice from Kickstarter, EASTHILLS counsel contacted Kammok's counsel and engaged in telephone conversations and written correspondence that advised Kammok of the blatant deficiencies in its patent and trade dress infringement allegations.

71.     During one initial communication between the parties, counsel for Kammok indicated that the company had initiated the DMCA takedown process, which included the assertion of improper and baseless trademark and patent infringement claims, as a means for bringing EASTHILLS to the negotiating table so that an exclusive manufacturing and/or licensing agreement could be entered into between the parties.

72.     Kammok took no corrective action in response to being informed of the blatant deficiencies in its patent and trade dress infringement allegations.

73.     Kammok was further advised of the deficiencies of its trade dress and patent infringement claims through EASTHILLS' Counter Notice.

74.     Kammok once again took no corrective action in response.

ANSWER TO COMPLAINT, AFFIRMATIVE    CASE NO. 1: 23-cv-02405-CNS-MEH
DEFENSES AND COUNTERCLAIMS

75.    Kammok proceeded to file the underlying Complaint in this action, which formally asserted its untenable trade dress infringement claim for relief and its factually suspect patent infringement claim for relief.

76.    In addition to its suspect trade dress and patent infringement claims for relief, Kammok asserted a copyright infringement claim for which it admittedly did not hold a federal copyright registration for the alleged infringed work, which is a jurisdictional prerequisite to such a claim.

77.    Kammok knew the inherent defects in its Complaint before it was filed with this Court. Such knowledge is evident from, at least, EASTHILLS' counsel's communications and the company's Counter Notice.

78.    Upon filing the Complaint in this action, Kammok took no steps to secure issuance of a summons or to otherwise effectuate service on EASTHILLS. Rather, the Complaint was filed simply to submit to Kickstarter to justify extending the suspension of EASTHILLS' crowdfunding campaign.

79.    Kammok's Complaint was filed in bad faith and for an improper purpose.

80.    Kammok submitted the Complaint to Kickstarter in furtherance of its scheme to have EASTHILLS' crowdfunding campaign continue to be suspended – pursuant to 17 U.S.C. § 512(g)(2)(c) for Kammok's alleged copyright infringement claim and on other grounds based on its factually and legally untenable/suspect trade dress and patent infringement claims.

81.    As a result of Kammok's conduct, EASTHILLS' crowdfunding campaign lost numerous investors that had previously agreed to provide funding to the company.

82.    As a result of Kammok's conduct, EASTHILLS' crowdfunding campaign lost significant investment momentum and trajectory due to its campaign being taken down by

Kickstarter based on, in part, the assertion of the untenable trade dress infringement allegations and factually suspect patent infringement allegations.

83.     As a result of Kammok's conduct, EASTHILLS' crowdfunding campaign lost significant investment and company goodwill due to its campaign being taken down by Kickstarter based on, in part, the assertion of the untenable trade dress infringement allegations and factually suspect patent infringement allegations.

84.     As a result of Kammok's conduct, EASTHILLS' has lost the ability to contract with certain distributors accessible through crowdfunding due to its campaign being taken down by Kickstarter based on, in part, the assertion of the untenable trade dress infringement allegations and factually suspect patent infringement allegations.

85.     EASTHILLS has suffered damages in the form of actual loss and future profit loss based on Kammok's conduct.

86.     Kammok's conduct was intentional, willful, and done with oppression and malice, thereby entitling EASTHILLS to an award of punitive damages.

87.     EASTHILLS is entitled to an award of attorneys' fees and costs as permitted by statute, rule or otherwise authorized by law.

## IX.    CLAIM V – COMMON LAW UNFAIR COMPETITION

88.     EASTHILLS restates and realleges the allegations set forth in paragraphs 1 through 44, above, as if separately set forth herein.

89.     EASTHILLS and Kammok are competitors in the personal hammock product marketplace.

90.     Kammok engaged in a deceptive and/or wrongful business practice designed to disrupt EASTHILLS' crowdfunding campaign by, among other things, intentionally including alleged trade dress and patent infringement claims in its Takedown Notice so that Kickstarter

ANSWER TO COMPLAINT, AFFIRMATIVE                    CASE NO. 1: 23-cv-02405-CNS-MEH
DEFENSES AND COUNTERCLAIMS

would give additional, unwarranted, credibility to its DMCA claims and/or take independent action to remove EASTHILLS' campaign on grounds not authorized by the DMCA.

91.    During one initial communication between the parties, counsel for Kammok indicated that the company had initiated the DMCA takedown process, which included the assertion of improper and baseless trademark and patent infringement claims, as a means for bringing EASTHILLS to the negotiating table so that an exclusive manufacturing and/or licensing agreement could be entered into between the parties.

92.    Kammok's actions were further designed to deceive and/or induce EASTHILLS' then current and prospective crowdfunding investors to either withdraw their support from the company's campaign or to not invest in the company's campaign.

93.    Kammok was advised through communications with EASTHILLS' counsel that its trade dress infringement claim was factually and legally untenable and that its patent infringement claim was factually suspect in view of existing law.

94.    Kammok was advised through EASTHILLS' Counter Notice that its trade dress infringement claim was factually and legally untenable and that its patent infringement claim was factually suspect in view of existing law.

95.    Kammok took no corrective action in response to EASTHILLS' counsel's communications or the company's Counter Notice.

96.    Kammok proceeded to file the underlying Complaint in this action, which formally asserted its untenable trade dress infringement claim for relief and its factually suspect patent infringement claim for relief.

97.    In addition to its suspect trade dress and patent infringement claims for relief, Kammok asserted a copyright infringement claim for which it admittedly did not hold a federal

copyright registration for the alleged infringed work, which is a jurisdictional prerequisite to such a claim.

98.    Kammok knew the inherent defects in its Complaint before it was filed with this Court. Such knowledge is evident from, at least, EASTHILLS' counsel's communications and the company's Counter Notice.

99.    Kammok's Complaint was filed in bad faith and for an improper purpose.

100.    Kammok submitted the Complaint to Kickstarter in furtherance of its scheme to have EASTHILLS' crowdfunding campaign continue to be suspended – pursuant to 17 U.S.C. § 512(g)(2)(c) for Kammok's alleged copyright infringement claim and on other grounds based on its factually and legally untenable/suspect trade dress and patent infringement claims.

101.    As a result of Kammok's acts of unfair competition, EASTHILLS' crowdfunding campaign lost numerous investors that had previously agreed to provide funding to the company.

102.    As a result of Kammok's conduct, EASTHILLS' crowdfunding campaign lost significant investment momentum and trajectory due to its campaign being taken down by Kickstarter based on, in part, the assertion of the untenable trade dress infringement allegations and factually suspect patent infringement allegations.

103.    As a result of Kammok's conduct, EASTHILLS' crowdfunding campaign lost significant investment and company goodwill due to its campaign being taken down by Kickstarter based on, in part, the assertion of the untenable trade dress infringement allegations and factually suspect patent infringement allegations.

104.    As a result of Kammok's conduct, EASTHILLS' has lost the ability to contract with certain distributors accessible through crowdfunding due to its campaign being taken down by Kickstarter based on, in part, the assertion of the untenable trade dress infringement allegations and factually suspect patent infringement allegations.

105.    EASTHILLS has suffered damages based on Kammok's conduct.

106.    EASTHILLS is entitled to an award of attorneys' fees and costs as permitted by statute, rule or otherwise authorized by law.

## PRAYER FOR RELIEF

WHEREFORE, EASTHILLS prays for judgment as follows:

a.    That Plaintiff/Kammok take nothing by way of its asserted claims for relief against EASTHILLS alleged in the Complaint;

b.    The Court enter judgment in favor of EASTHILLS in this action and against Plaintiff/Kammok, thereby dismissing the Complaint in its entirety, with prejudice, and deny all relief requested therein;

c.    The Court enter judgment in favor of EASTHILLS and against Kammok for violation of 17 U.S.C. § 512 and award EASTHILLS all compensatory, special, exemplary and enhanced damages permitted thereunder;

d.    The Court award EASTHILLS its attorneys' fees and costs for Kammok's violation of 17 U.S.C. § 512;

e.    The Court enter a Declaratory Judgment that the claims of the '893 Patent are not infringed by EASTHILLS;

f.    The Court enter a Declaratory Judgment that the claims of the '893 Patent is invalid and/or unenforceable;

g.    The Court declares EASTHILLS' defenses present an exceptional case entitling it to an award of reasonable attorneys' fees under 35 U.S.C. § 285;

h.    The Court award EASTHILLS damages for actual and future profit loss for Kammok's intentional interference with prospective business relations;

i.      The Court award EASTHILLS punitive damages because Kammok's intentional interference with prospective business relations was intentional, willful, and done with oppression and malice;

j.      The Court award EASTHILLS damages for Kammok's acts of common law unfair competition;

k.      The Court award EASTHILLS its attorneys' fees and costs as permitted by statute, rule or otherwise authorized by law; and

l.      The Court grant and enter all other and further relief as it deems necessary and appropriate.

## DEMAND FOR JURY TRIAL

EASTHILLS demands a trial by jury of all issues so triable in this action.

DATED: November 10, 2023                    Respectfully submitted,

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO
(Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU
(Nevada Bar No. 14030)
deniz@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404