IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## ANSWER TO COUNTERCLAIM

Plaintiff and counterclaim defendant Kammok Holdings, LLC ("Kammok") answers the counterclaim of defendant and counterclaim plaintiff Easthills, Inc. ("Easthills").

### FIRST DEFENSE

Easthills' counterclaim fails to state a claim against Kammok on which relief may be granted.

### SECOND DEFENSE

Kammok responds to the individually numbered paragraphs of the counterclaim by admitting, denying, and alleging as follows:

    1.    Denied.

    2.    Denied.

    3.    Denied.

    4.    Denied.

5. Denied.

6. Denied.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Kammok admits that it sent to Kickstarter a DMCA takedown notice. The remaining allegations in this paragraph are denied.

19. Denied.

20. Kammok admits that it did not have a registered copyright at the time of the takedown notice. Kammok affirmatively states that it had at that time and continues to have a protectible copyright interest. The remaining allegations in this paragraph are denied.

21. Kammok admits that its DMCA takedown notice referenced claims for patent infringement and trade dress infringement to provide to Kickstarter additional context. The remaining allegations in this paragraph are denied.

22. Denied.

23. Kammok admits that Kickstarter temporarily suspended Easthills' crowdfunding campaign. The remaining allegations in this paragraph are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Kammok admits that Easthills submitted to Kickstarter a timely DMCA counter notice. The remaining allegations in this paragraph are denied.

31. Kammok admits that Easthills submitted to Kickstarter a timely DMCA counter notice. The remaining allegations in this paragraph are denied.

32. Kammok admits that Easthills submitted to Kickstarter a timely DMCA counter notice. The remaining allegations in this paragraph are denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Kammok incorporates each of the above admissions, denials, and affirmative allegations as if completely set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Kammok incorporates each of the above admissions, denials, and affirmative allegations as if completely set forth herein.

53. Admitted.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Kammok incorporates each of the above admissions, denials, and affirmative allegations as if completely set forth herein.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Kammok incorporates each of the above admissions, denials, and affirmative allegations as if completely set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Kammok incorporates each of the above admissions, denials, and affirmative allegations as if completely set forth herein.

89. Admitted.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

Kammok denies each and every allegation of the counterclaim not specifically admitted or denied above, including the allegations of the prayer for relief.

## THIRD DEFENSE

Kammok pleads the following affirmative defenses in response to the counterclaim:

1. Easthills' claims are barred, in whole or in part, by the doctrines of consent, acquiescence, ratification, release, merger, abandonment, accord and satisfaction, estoppel, failure of consideration, fraud, illegality, payment, release, unclean hands, laches, or waiver.

2. Easthills' claims are barred, in whole or in part, by Easthills' own tortious or wrongful conduct, including without limitation the misconduct detailed in Kammok's complaint.

3. Easthills has failed to join an indispensable party.

4. Easthills' damages, if any, were caused, at least in part, by third parties over whom Kammok has no control.

5. Easthills' claims are barred, in whole or in part, because Kammok acted in good faith and with reasonable care; Kammok's conduct at all times was reasonable and in good faith based on all relevant facts known to it at the time; and Kammok did not act with malice or with reckless indifference toward the rights of Easthills.

7

6. Easthills' claims are barred, in whole or in part, by its mitigation or failure to mitigate its damages.

7. Easthills' causes of action fail because Easthills has suffered no loss or damage as a result of Kammok's alleged conduct.

8. Each and every act of Kammok, as alleged in the instant action or otherwise, was duly and rightfully taken and was not in breach of any right of Easthills or any duty owed by Kammok to Easthills.

Kammok reserves the right to assert such additional affirmative defenses as may become apparent through the conducting of discovery or the natural progression of this case.

WHEREFORE, Kammok respectfully requests the following relief:

A. A judgment dismissing with prejudice each claim asserted in the counterclaim and every prayer for relief asserted therein;

B. A judgment in favor of Kammok as prayed for in its complaint;

C. A finding that this is an exceptional case, and an award of attorney fees incurred in this action pursuant to 35 U.S.C. § 285;

D. An award of costs and expenses of Kammok in defending against the counterclaim; and

E. Such other relief as the Court determines to be appropriate.

DATED this 1st day of December, 2023.

>BY:   /s/ Douglas N. Marsh
>      Reid J. Allred
>      Douglas N. Marsh
>      CAMBRIDGE LAW, LLC
>      4610 South Ulster Street, Suite 150
>      Denver, Colorado 80237
>      303.488.3338
>      reid@cambridgelawcolorado.com
>      doug@cambridgelawcolorado.com
>
>      Erik A. Olson (*pro hac application pending*)
>      eolson@mohtrial.com
>      Dominic W. Shaw (*pro hac application pending*)
>      dshaw@mohtrial.com
>      MARSHALL OLSON & HULL, P.C.
>      Newhouse Building
>      Ten Exchange Place, Suite 350
>      Salt Lake City, Utah 84111
>      801.456.7655
>
>      *Attorneys for Plaintiff*