IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

      Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

      Defendants

---

## SCHEDULING ORDER

      Pursuant to Rule 26 of the Federal Rules of Civil Procedure, plaintiff Kammok Holdings LLC submits the following proposed scheduling order:

### DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

      Counsel for the parties, as listed below, conferred regarding the following scheduling order on December 12, 2023 at 3:00 PM MT.

      Counsel for plaintiff:  Eric Olson and Douglas Marsh, 10 Exchange Place, Suite 350, Salt Lake City, Utah 84111, 801-456-7655.

      Counsel for defendant: Shawn A. Mangano, Bayramoglu Law Offices, 1540 West Warm Springs Road, Suite 100, Henderson, Nevada 89014, 702-462-5973.

**STATEMENT OF JURISDICTION**

This Court has subject-matter jurisdiction over this action because plaintiff raises patent infringement claims against defendant. *See* 28 U.S.C. § 1331. Patent infringement claims arise from the laws of the United States. *See* 35 U.S.C. § 271, et seq.

**STATEMENT OF CLAIMS AND DEFENSES**

1.    Plaintiff's Claims:

    a.    **Copyright Infringement**.

    b.    **Patent Infringement**. Plaintiff alleges that it owns U.S. Patent No. 11,330,893 ("the '893 patent"). Plaintiff alleges that the utilitarian elements of the '893 patent are infringed by the Anymaka, a product that is produced by defendant.

    c.    **Trade Dress Infringement**. Plaintiff produces a free-standing hammock called the Swiftlet. Plaintiff alleges that the Swiftlet is cloaked in trade dress. Plaintiff alleges that the Anymaka closely imitates the Swiftlet trade dress to such a degree as to confuse the origin of the product.

    d.    **Defendant's Affirmative Defenses**: Defendant asserts the following affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) non-infringement of the '893 Patent; (3) invalidity of the '893 Patent under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto; (4) unenforceability of the '893 Patent; (5) Plaintiff's claims are barred by patent exhausting/licensing of the '893 Patent; (6) Plaintiff's claims are barred by the doctrine of implied licensed; (7) Plaintiff's lacks

standing to assert the '893 Patent; (8) Plaintiff's claims are barred by the doctrine

of equitable estoppel; (9) Plaintiff's claims are barred by the doctrine of

equitable estoppel; (10) Plaintiff's claims are barred by the doctrine of waiver;

(11) Plaintiff has failed to meet the requirements of 35 U.S.C. § 284 for enhanced

damages; (12) Plaintiff is not entitled to enhanced or increased damages for

willful infringement; (13) Plaintiff is barred from recovering attorneys' fees

under 35 U.S.C. § 285 because this is not an exceptional case; and (14) Plaintiff's

claim for damages, if any, is barred or limited due to the failure to comply with

the requirements of 35 U.S.C. § 287.

2.    Defendant's Claims:

a.    **DMCA Violation**.  Defendant alleges that plaintiff made knowing, material

misrepresentations in a takedown notice that it issued to the website Kickstarter.

The takedown notice related to the Anymaka product.

i.    Plaintiff raises the following defenses:  (1) lack of misrepresentation,

(2) lack of damages, (3) defendant's claims are barred by its own

tortious or wrongful conduct, (4) plaintiff acted in good faith, (4)

defendant's damages were caused, if at all, by a third party.

b.    **Declaration of Non-Infringement**.  Defendant alleges that there is a justiciable

controversy regarding whether or not defendant infringed the '893 patent and

seeks a declaration that it did not infringe that patent.

ii.    Plaintiff raises the following defenses:  (1) proof of infringement.

    c.    **Declaration of Invalidity**.  Defendant alleges that there is a justiciable controversy regarding the validity of the '893 patent and seeks a declaration that the '893 patent is invalid.

        i.    Plaintiff raises the following defenses:  (1) proof of validity.

    d.    **Intentional Interference**.  Defendant alleges that plaintiff's takedown notice and supporting documentation—including plaintiff's complaint—were improper and issued for the improper purpose of interfering with defendant's business relations.

        ii.    Plaintiff raises the following defenses:  (1) plaintiff's actions were proper and made in good faith, (2) plaintiff did not prevent a prospective contractual relation from resulting, (3) plaintiff was unaware of any firm offer of a contract with which to interfere, (4) lack of damages, (5) defendant's claims are barred by its own tortious or wrongful conduct.

    e.    **Unfair Competition**.  Defendant alleges that plaintiff took actions to deceive potential investors and distributors in an act of unfair competition in the personal hammock product marketplace.

        iii.    Plaintiff raises the following defenses:  (1) lack of deception, (2) plaintiff acted in good faith, (3) defendant's claim is barred for its own wrongful or tortious conduct, (4) lack of damages.

## UNDISPUTED FACTS

The following facts are undisputed:

1.      The website, www.kickstarter.com ("Kickstarter") is an online service that allows third parties to raise money, typically for a business venture such as the creation of a new product. The funds are typically raised from would-be purchasers of the product rather than from investors. These purchasers of often call "backers" of Kickstarter campaigns.

2.      Easthills and Kammok are competitors in, at least, the personal hammock industry.

3.      In or about July 2023, Kammok learned of a Kickstarter campaign that was run by Easthills for the purpose of raising money for the manufacture, sale, and distribution of a product called the Anymaka Hammock Stand (the "Anymaka").

4.      On or about July 31, 2023, Kammok sent a DMCA takedown request to Kickstarter, requesting that Easthills' Kickstarter campaign be taken down.

## COMPUTATION OF DAMAGES

Plaintiff claims the following categories of damages:

1.      Compensatory damages, lost profits, loss of good will, treble damages, pre-judgment interest, attorney fees.

Defendant claims the following categories of damages:

1.      Compensatory, special, exemplary and enhanced damages permitted under 17 U.S.C. § 512, compensatory damages, damages for actual and future profit loss, punitive damages, pre-judgment interest, and attorneys' fees.

## REPORT OF PRECONFERENCE DISCOVERY AND MEETING

1.      Date of Rule 26(f) meeting:  December 12, 2023.

2.      Names of each participant:  Erik A. Olson and Dominic W. Shaw for Kammok; Shawn A. Mangano and Nihat Deniz Bayramoglu for Easthills.

3.      Rule 26(a)(1) disclosures will be made on January 5, 2023.

4.      The parties have engaged in preliminary discussions regarding the ability to settle or resolve this case but believe additional discovery is necessary before resolution is possible.

## CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

## CASE PLAN AND SCHEDULE

## I.      INFRINGEMENT CONTENTIONS

1.      Deadline to serve Infringement Contentions, Claim Chart(s), and produce accompanying documents:  28 days after initial scheduling conference.

2.      Deadline to serve Response to Infringement Contentions and produce accompanying documents:  42 days after service of Infringement Contentions.

## II.     INVALIDITY CONTENTIONS

3.      Deadline to serve Invalidity Contentions and Claim Chart(s) and produce accompanying items of prior art:  42 days after service of Infringement Contentions.

4.      Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and produce accompanying documents:  42 days after service of Invalidity Contentions.

## III.    OPINION OF COUNSEL

5.      Deadline to make opinion(s) of counsel available for inspection and copying:  60 days before the close of discovery.

## IV.     CLAIM CONSTRUCTION

6.      Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to ten (1) of the most critical terms to be construed:  28 days after service of Response to Invalidity Contentions.

7.      Deadline to file Joint Disputed Claim Terms Chart:  28 days after exchange of claim terms to be construed.

8.      Proposed month for technology tutorial with District Judge and Magistrate Judge: The parties would like to discuss the need for a technology tutorial at the scheduling conference.

9.      Deadline to file opening Claim Construction brief and all supporting evidence:  28 days after filing Joint Disputed Claim Terms Chart.

10.      Deadline to file Response to opening Claim Construction brief and all supporting evidence:  21 days after service of opening Claim Construction brief.

11.      Deadline to file reply brief in support of opening Claim Construction brief:  7 days after service of response brief.

12.      Proposed month for claim construction hearing and estimated time necessary for the hearing:  The parties believe that additional discovery is necessary prior to proposing a month for the claim construction hearing.

## V.      FINAL PATENT DISCLOSURES

13.      Deadline to file Final Infringement Contentions:  28 days after Court's Claim Construction Order.

14.      Deadline to File Final Invalidity Contentions:  21 days after receiving Final Infringement Contentions.

## VI.      FACT DISCOVERY, EXPERT DISCLOSURES, AND DISPOSITIVE MOTIONS DEADLINE

15.      Fact discovery deadline:  August 30, 2024 (245 days after scheduling conference).

16.   Expert Witness Disclosures:

    a.   The parties shall designate all affirmative experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 11, 2024.

    b.   The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 22, 2024.

17.   Expert discovery deadline:  November 22, 2024.

18.   Dispositive motions deadline:  December 13, 2024.

## DISCOVERY LIMITATIONS

1.   Each party is limited to: (1) twenty-five interrogatories, (2) twenty-five requests for production, (3) twenty-five requests for admission, and (4) ten depositions.

2.   The deposition of a party is limited to seven hours.  The deposition of a non-party is limited to four hours.

3.   Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion. *See* Section III(C) of Magistrate Judge Hegarty's Practice Standards for Civil Actions.

## DATES FOR FURTHER CONFERENCES

1.   Status conferences will be held in this case at the following dates and times:

2.      Within **twenty-four hours** after the Scheduling Conference, parties shall jointly contact District Judge Sweeney's Chambers by email (Sweeney_Chambers@cod.uscourts.gov) to get a final pretrial conference date. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## OTHER SCHEDULING MATTERS

1.      The parties are not in any disagreement regarding the terms of this scheduling order.

2.      Anticipated length of trial:  The parties anticipate that this trial will take between three and five days to a jury.

3.      The parties have agreed to negotiate the terms of a protective order to be entered by the Court.  The parties propose to discuss this at the scheduling conference.

## NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1 by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures and Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change or his or her address or telephone number with the clerk of the magistrate judge assigned to this case.  In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice

of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 19th day of December, 2023.

BY THE COURT

 S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

/s/ Reid J. Allred
Reid J. Allred
Douglas N. Marsh
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson (*pro hac pending*)
eolson@mohtrial.com
Dominic W. Shaw (*pro hac pending*)
dshaw@mohtrial.com
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*

/s/ Shawn A. Mangano
SHAWN A. MANGANO
(Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU
(Nevada Bar No. 14030)
deniz@bayramoglu-legal.com
BAYRAMOGLU LAW OFFICES LLC
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone: 702.462.5973
Facsimile: 702.553.3404

*Attorneys for Defendant*