## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

    Defendants.

---

## DEFENDANT EASTHILLS, INC.'S
## MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

---

    Defendant Easthills, Inc. ("Defendant"), by and through the Bayramoglu Law Offices LLC, moves pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") for sanctions against Plaintiff Kammok Holdings, LLC ("Kammok"), Kammok's counsel Travis Banta, Reid J. Allred, Douglas N. Marsh, Erik A. Olson, Dominic W. Shaw and, Kammok's counsels' law firms Loyal Intellectual Property Law, Cambridge Law, and Marshall Olson & Hull, P.C. (Kammok's counsel and law firm are collectively referred to herein as "Kammok's Counsel" and collectively referred to herein with Kammok as the "Kammok Parties") (the "Motion").

    Defendant's Motion is made and based upon the arguments submitted herein, the Declaration of Nihat Deniz Bayramoglu (the "Bayramoglu Decl."), the pleadings and papers on file, any oral argument presented in this matter, and any other documents, materials or evidence considered by the Court.

I. **INTRODUCTION**

Defendant's Motion is based on the Kammok Parties' misrepresentation of its asserted copyright rights to Kickstarter, PBC ("Kickstarter") so that it could intentionally derail Defendant's crowdfunding campaign by improperly invoking and maintaining its Digital Millennium Copyright Act (the "DMCA") takedown rights through the filing of a copyright infringement claim in this action. (Dkt. No. 1 at 6-7.) Specifically, the Kammok Parties blocked the required resumption of Defendant's Kickstarter crowdfunding campaign by filing this action and asserting a copyright infringement claim despite not having secured a federal copyright registration from the United States Copyright Office (the "USCO") for the asserted infringed work as is required by controlling United States Supreme Court precedent. *See Fourth Estate Public Benefit Corp. v. Wall-Street.com,* 139 S.Ct.881, 887 (2019).

By improperly asserting rights limited to registered copyright holders, despite Kammok and the Kammok Parties knowing they could not assert such rights, Kammok managed to secure the continued takedown of Defendant's crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA. While this conduct is certainly improper, the Kammok Parties' actions are even more contemptable because its counsel was repeatedly advised prior to filing the copyright infringement claim in this action that Kammok lacked a viable legal basis to commence suit because it lacked a federal USCO registration to do so. (Bayramoglu Decl. ¶¶ 5, 10, Exs. B-C.)  Moreover, Kammok took absolutely no efforts to serve the Summons and Complaint from the time of filing on September 14, 2023 (Dkt. No. 1) until Defendant unilaterally answered without service on November 10, 2023 (Dkt. No. 9).

The Kammok Parties' apparent attempt to merely file the Complaint in this action, while neglecting to proceed with any service efforts, certainly demonstrates their underlying motive to use this action for the improper purpose of seeking to extend the

DMCA takedown period for Defendant's Kickstarter crowdfunding campaign, the communication between counsel unquestionably establishes this fact. Specifically, after Kammok's counsel, Travis Banta or Loyal Intellectual Property Law had submitted his client's DMCA takedown notice on July 31, 2023 (the "DMCA Takedown Notice"), Defendant's counsel filed a counter-notice (the "Counter-Notice") on August 22, 2023, describing in detail how Kammok's copyright infringement had no legal basis and that the company did not own a registered copyright. (Bayramoglu Decl. ¶ 8, Exs. A-B.) The only way for Kammok to extend the suspension of Defendant's Kickstarter campaign after receipt of the Counter-Notice was to file a copyright infringement claim in federal court within ten days as provided for under 17 U.S.C. § 512(g)(2)(c) of the DMCA. (*Id.* ¶ 9.)

Prior to filing its Counter-Notice, Defendant's counsel had engaged in multiple communications with Kammok's counsel detailing that there was no basis to maintain the company's DMCA takedown request or to pursue formal litigation on its copyright infringement claims. (*Id.* ¶ 10.) For instance, an August 23, 2023 correspondence sent to Travis Banta summarized an earlier telephone conversation between counsel, wherein Mr. Banta confirmed that Kammok "did not have any copyright . . . registrations or applications pending." (*Id.*, Ex. C at 2.) The correspondence continued by advising Mr. Banta that securing a federal copyright registration was jurisdictionally required in order for file a copyright infringement claim. (*Id.*) On August 25, 2023, Travis Banta sent undersigned counsel an email stating Kammok's reasons for filing the DMCA notice.

> My client would like to be able to have a professional relationship going forward with your client. I hope that can happen. Part of getting your client's attention was hoping they would come to the negotiating table and we still want that to happen. At the same time, my client's feel that to protect their interests until a deal can be made, that they need to maintain the copyright takedown. If there is some other show of our good faith I can offer short of rescinding the takedown, I would be happy to consult my clients about it.

(Bayramoglu Decl. ¶ 11, Ex. D.) Kammok thereafter filed its Complaint against Defendant on September 14, 2023. (Dkt No. 1).

On September 15, 2023, Kickstarter notified Defendant that it would not be reinstating its crowdfunding campaign because it had received notice from the Kammok Parties that a lawsuit had been filed. (Bayramoglu Decl. ¶ 12.) After further communication between Defendant and Kickstarter, which pointed out that Kammok had filed its Complaint in an untimely manner under the DMCA and that it had no basis to maintain a copyright infringement action under federal law because it did not have a federal copyright registration for the asserted work, Kickstarter reinstated the company's crowdfunding campaign. (*Id.* ¶ 13.) As a result of the Kammok Parties' bad faith DMCA conduct and improper filing of this case in furtherance of the company's scheme to derail Defendant's Kickstarter campaign, Defendant has lost at least $600,000 in pledged crowdfunding funds. (*Id.* ¶ 14.) Accordingly, Defendant seeks an Order sanctioning the Kammok Parties' conduct through an award of attorney's fees and costs incurred, together with a requirement that Kammok withdraw its copyright infringement claim asserted in this action.

## II.   **APPLICABLE LEGAL STANDARDS**

Defendant seeks sanctions against the Kammok Parties under Rule 11(b)(1)-(3). Pursuant to Rule 11(b), an attorney certifies by submitting and filing a pleading that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Fed. R. Civ. P. 11(b)(1)-(3). Under Rule 11(c) if "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c).

Rule 11 requires attorneys to "make reasonable inquiry into both the facts and the law relevant to their pleadings and motions prior to signature." *Colo. Chiropractic Council v. Porter Mem. Hosp.*, 650 F. Supp. 231, 237 (D. Colo. 1986); *see also* Fed. R. Civ. P. 11 (b)(2)-(3). If no such inquiry is made, or if, objectively, there is no reasonable basis for making those claims, sanctions are appropriate. *Colo. Chiropractic Council*, 650 F. Supp. at 237.

The purpose of Rule 11 is "to deter baseless filings in district court and streamline the administration and procedure of the federal courts." *O'Rourke v. Dominion Voting Systems Inc.*, 552 F.Supp.3d 1168, 1185–1187 (D. Colo. 2021) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). Although sanctions are discretionary, courts "have a duty to apply sanctions in appropriate cases" to deter future frivolous filings. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

A Rule 11 motion directed toward a complaint involves a two-prong inquiry: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id*. The reasonableness of an attorney's inquiry is an objective standard which asks, "whether a reasonable attorney admitted to practice before the district court would file such a document." *Id. (citing Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015) (quoting *Adamson v. Bowen*, 855 F. 2d 668, 673 (10th Cir. 1988)). Rule 11 sanctions do not require a finding of subjective bad faith on the part of

the offending counsel. *Greeley Pub. Co. v. Hergert,* 233 F.R.D. 607, 610–612 (D. Colo. 2006) (see *Scott v. Boeing Co.,* 204 F.R.D. 698, 700 (D.Kan.2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness)). Plaintiff's counsel has a "personal, nondelegable responsibility" to comply with the requirements of Rule 11 before signing a complaint." *See O'Rourke*, 552 F.Supp.3d at 1186 (citing *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 127 (1989)).

The Court may award the prevailing party its reasonable attorney's fees and expenses resulting from the violation including the preparation of the motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."); *accord* Fed. R. Civ. P. 11(c)(4) (sanctions can include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation"); s*ee also Islamic Shura Council of S. Cal*., 757 F.3d 870, 873 (9th Cir. 2014) ("Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it."); *Christian*, 286 F.3d at 1131 (finding that award of attorney's fees for frivolous copyright claim was appropriate).

In this case, the Kammok Parties clearly ignored Rule 11 and its fundamental requirements by filing a patently frivolous copyright infringement claim for relief against Defendant. Simply put, the Kammok Parties had no objectively reasonable basis to file their copyright infringement claim because they did not have, and do not have, a copyright registration issued by the USCO, which is jurisdictionally required to support their claim. Rather, they filed the underlying action simply to further delay the relisting of Defendant's crowdfunding campaign with Kickstarter. Accordingly, and as argued below, the Court should sanction the Kammok Parties for violating Rule 11.

### III. ARGUMENT

As argued below, the Kammok Parties have clearly and unquestionably violated the requirements of Rule 11 by filing Kammok's copyright infringement claim without having first obtained a federal copyright registration as required by Supreme Court precedent. *See Fourth Estate Public Benefit Corp.,* 139 S.Ct. at 887. Moreover, the Kammok Parties improperly asserted Kammok's copyright infringement claim, without having first secured the required federal copyright registration, for the improper purpose of using the Complaint as a basis to further delay the reinstatement of Defendant's Kickstarter crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c). In doing so, the Kammok Parties have filed the company's copyright infringement claim in this case for an improper purpose, without a legal basis, and without evidentiary support. *See* Fed. R. Civ. P. 11(b)(1)-(3). Accordingly, the Kammok Parties should be ordered to withdraw the company's untenable copyright infringement claim and pay Defendant's attorney's fees and costs associated with this Motion.

> **a. The Kammok Parties Asserted the Copyright Infringement Claim for an Improper Purpose in Violation of Rule 11(b)(1).**

The Kammok Parties unquestionably filed the company's copyright infringement claim, without a legal or factual basis for doing so, with the specific and improper purpose of continuing the improper takedown of Defendant's Kickstarter crowdfunding campaign so that Kammok could apparently get Defendant's "attention" and bring it to "the negotiating table . . . ." (Bayramoglu Decl. Ex. D.) Moreover, Kammok's counsel, Travis Banta, confirmed that Kammok "did not have any copyright . . . registrations or applications pending." (*Id.* ¶ 10, Ex. C at 2.) Mr. Banta was further advised that Kammok could not assert a copyright infringement claim without having first secured a federal copyright registration for the asserted work. (Id.) Filing a copyright infringement action

without having secured necessary rights to do so is subject to sanctions under Rule 11. *See Lloyd v. Schlag*, 884 F.2d 409, 412–13 (9th Cir. 1989).

Despite this knowledge, the Kammok Parties proceeded to file a copyright infringement claim. (Dkt. No. 1 at 6-7.) The Kammok Parties took this action for the improper purpose of using the Complaint as a basis to further delay the reinstatement of Defendant's Kickstarter crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA. These are hallmark examples of using statutory remedies for a clearly improper and anticompetitive purpose. To conclude otherwise would sanction a direct competitor's use of the DMCA to force negotiations without required statutory justification. Accordingly, the Court should conclude that the Kammok Parties have asserted the copyright infringement claim in this action for an improper purpose in violation of Rule 11(b)(1).

### b. The Kammok Parties Knew, Or Should Have Known, That the Company Lacked a Federal Copyright Registration to File its Copyright Infringement Claim in Violation of Rule 11(b)(2)-(3).

In addition to asserting the company's copyright infringement claim for an improper purpose, which entailed the continued and improper takedown of Defendant's Kickstarter crowdfunding campaign, the Kammok Parties filed and maintained legal claims for which they unquestionably lacked a legal or factual basis to maintain. Specifically, the Kammok Parties knew, or should have known, that Kammok was legally required to have obtained a federal copyright registration from the USCO to jurisdictionally assert its copyright infringement claim in this action and that the company factually lacked having obtained this required registration. *See Fourth Estate Public Benefit Corp.,* 139 S.Ct. at 887.

Here, the conduct complained of is even more egregious than the Kammok Parties failing to know that a federal copyright registration was required to assert a copyright infringement claim or ignorance that Kammok has not secured such a registration for the asserted work. Rather, Kammok's counsel, Travis Banta, admitted that Kammok "did not have any copyright . . . registrations or applications pending." (Bayramoglu Decl. ¶ 10,

Ex. C at 2.) Additionally, Mr. Banta was also advised that Kammok could not assert a copyright infringement claim without having first secured a federal copyright registration for the asserted work. (Id.)

Despite this knowledge, the Kammok Parties proceeded to file a claim for copyright infringement against Defendant without having obtained a federal copyright registration over the asserted work. (Dkt. No. 1 at 6-7.) As mentioned above, Kammok asserted this baseless copyright infringement claim for the express purpose of further delaying the reinstatement of Defendant's Kickstarter crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA. Once again, filing a copyright infringement action without having secured necessary rights to do so is subject to sanctions under Rule 11. *See Lloyd v. Schlag*, 884 F.2d at 412–13. Given these circumstances, the Court should conclude that the Kammok Parties have asserted a copyright infringement claim without having a legal or factual basis to do so in violation of Rule 11(b)(2)-(3).

## IV.    CONCLUSION

For the foregoing reasons, the Court should award Defendant its reasonable attorneys' fees and costs incurred in connection with this case, require Kammok to dismiss its copyright infringement claim, and grant such other relief as is just and proper.

DATED: January 2, 2024

Respectfully submitted,

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO, ESQ.
(Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404

## CERTIFICATE OF SERVICE

I, hereby certify that on January 2, 2024, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered the foregoing by electronic means to all counsel of record.

I, hereby also certify that on December 11, 2023, I served the foregoing Kammok Parties by electronic mail and U.S. mail pursuant to the requirements of Rule 11:

Reid J. Allred
Douglas N. Marsh
Cambridge Law, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson
Dominic W. Shaw
Marshall Olson & Hull, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
eolson@mohtrial.com
dshaw@mohtrial.com

Travis Banta
Loyal Intellectual Property Law
2350 E. Arbor Lane, P.O. Box 17395
Holiday, Utah 84117
travis@loyaliplaw.com

By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Bayramoglu Law Offices LLC