**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

    Defendants.

---

**DECLARATION OF NIHAT DENIZ BAYRAMOGLU IN SUPPORT OF DFENDANT EASTHILLS, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

---

I, Nihat Deniz Bayramoglu, of the City of Henderson, in the State of Nevada, declare as follows:

1. I am an attorney at law, duly admitted to practice before, among other courts, all federal and state courts within the State of California, the State of Nevada, and the United States District Court for the District of Colorado. I am one of the attorneys for Defendant EASTHILLS, INC. ("Defendant") in this action. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify thereto.

2. This declaration is submitted in support of Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (the "Motion"), which requests sanctions against Plaintiff Kammok Holdings, LLC ("Kammok"), Kammok's counsel Travis Banta, Reid J. Allred, Douglas N. Marsh, Erik A. Olson, Dominic W. Shaw and, Kammok's counsels' law firms Loyal Intellectual Property Law, Cambridge Law, and Marshall Olson & Hull, P.C.

(Kammok's counsel and law firm are collectively referred to herein as "Kammok's Counsel" and collectively referred to herein with Kammok as the "Kammok Parties").

3. Defendant's Motion is based on the Kammok Parties' misrepresentation of its asserted copyright rights to Kickstarter, PBC ("Kickstarter") so that it could intentionally derail Defendant's crowdfunding campaign by improperly asserting a copyright infringement claim without having secured a federal copyright registration through the United States Copyright Office (the "USCO") by invoking and maintaining its Digital Millennium Copyright Act ("DMCA") takedown rights through the filing of the Complaint in this action. (Dkt. No. 1 at 6-7.) Specifically, controlling United States Supreme Court precedent requires that a party asserting a copyright infringement claim must have obtained federal registration of the asserted work unless one or more very limited exceptions applies – all of which do not apply to this action.

4. By improperly asserting rights limited to registered copyright holders, despite Kammok and the Kammok Parties knowing they could not assert such rights, Kammok managed to secure the continued takedown of Defendant's crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA.

5. I advised counsel for Kammok on multiple occasions that the company was required to have secured a federal copyright registration to assert a viable copyright infringement claim based on legal precedent.

6. Kammok, through one or more of the Kammok Parties, filed suit in this action on September 14, 2023 seeking, among other things, relief for copyright infringement despite my prior warnings that such a claim required the company to have first secured a federal copyright registration for the asserted work.

7. After filing the Complaint, neither Kammok nor its counsel took any efforts to serve Defendant in this action. Rather, Defendant learned of the pendency of the action and unilaterally elected to answer the Complaint. (Dkt. No. 9.)

8. Kammok's counsel, Travis Banta or Loyal Intellectual Property Law had submitted his client's DMCA takedown notice on July 31, 2023 (the "DMCA Takedown Notice"), Defendant's counsel filed a counter-notice (the "Counter-Notice") on August 22, 2023, describing in detail how Kammok's copyright infringement had no legal basis and that the company did not own a registered copyright. A true and correct copy of the DCMA Takedown Notice is attached hereto as Exhibit "A". A true and correct copy of Defendant's Counter-Notice is attached hereto as Exhibit "B".

9. After submission of the Counter-Notice, the only way for Kammok to extend the takedown of Defendant's Kickstarter campaign would be to file a copyright infringement claim within 10-days of receipt of the Counter-Notice as set forth in 17 U.S.C. § 512(g)(2)(c) of the DMCA.

10. Prior to filing its Counter-Notice, I engaged in multiple communications with Kammok's counsel, Travis Banta, detailing that there was no basis to maintain the company's DMCA takedown request or to pursue formal litigation on its copyright infringement claim. For instance, an August 23, 2023 correspondence I sent to Travis Banta summarized an earlier telephone conversation between us, wherein Mr. Banta confirmed that Kammok "did not have any copyright . . . registrations or applications pending." The correspondence continued by advising Mr. Banta that securing a federal copyright registration was jurisdictionally required to file a copyright infringement claim. A

true and correct copy of my August 23, 2023 correspondence, which was emailed to Travis Banta, is attached hereto as Exhibit "C".

11. On August 25, 2023, Travis Banta sent undersigned counsel an email stating Kammok's reasons for filing the DMCA notice.

> My client would like to be able to have a professional relationship going forward with your client. I hope that can happen. Part of getting your client's attention was hoping they would come to the negotiating table and we still want that to happen. At the same time, my client's feel that to protect their interests until a deal can be made, that they need to maintain the copyright takedown. If there is some other show of our good faith I can offer short of rescinding the takedown, I would be happy to consult my clients about it.

A true and correct copy of Travis Banta's August 25, 2023 email correspondence is attached hereto as Exhibit "D". Kammok thereafter filed its Complaint against Defendant on September 14, 2023. (Dkt No. 1).

12. On September 15, 2023, Kickstarter notified Defendant that it would not be reinstating its crowdfunding campaign because it had received notice from the Kammok Parties that a lawsuit had been filed.

13. After further communication between Defendant and Kickstarter, which pointed out that Kammok had filed its Complaint in an untimely manner under the DMCA and that it had no basis to maintain a copyright infringement action under federal law because it did not have a federal copyright registration for the asserted work, Kickstarter reinstated the company's crowdfunding campaign.

14. As a result of the Kammok Parties' bad faith DMCA conduct and improper filing of this case in furtherance of the company's scheme to derail Defendant's Kickstarter campaign, Defendant is believed to have lost at least $600,000 in pledged crowdfunding funds.

15. On December 11, 2023, and pursuant to the requirements of Fed. R. Civ. P. 11, Defendant's Motion for Sanctions and supporting documents were served on all Kammok Parties, including Travis Banta. Defendant's Motion for Sanctions and supporting documents were served on all Kammok Parties via e-mail and First-Class U.S. Mail. No e-mails were returned undeliverable. Attached as Exhibit "E" is a true and correct copy of the service e-mail with proof of delivery and/or read receipts.

16. Attached as Exhibit "F" are receipts for the First-Class U.S. Mail postage reflecting the Motion for Sanctions was served by mail on the Kammok Parties on December 11, 2023.

17. On December 28, 2023, attorney Dominic Shaw e-mailed a request to Defendant's counsel to stipulate to an amended complaint. On January 2, 2024, counsel for Defendant responded to this request. A true and correct copy of this email exchange is attached as Exhibit "G".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: January 2, 2024

By: */s/ Nihat Deniz Bayramoglu*
Nihat Deniz Bayramoglu

## CERTIFICATE OF SERVICE

I, hereby certify that on January 2, 2024, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered the foregoing by electronic means to all counsel of record.

By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Bayramoglu Law Offices LLC