# EXHIBIT D

## Nandish Wijetilleke

| | |
|---|---|
| **From:** | Deniz Bayramoglu |
| **Sent:** | Friday, August 25, 2023 5:40 PM |
| **To:** | travis@loyaliplaw.com |
| **Cc:** | 'Mindyn Gundersen'; Litigation; amanda@bayramoglu-legal.com |
| **Subject:** | Re: Following up to our call |

Travis,

It seems there isn't much to discuss absent the withdrawal of the DMCA takedown request.

I don't pretend to know the ins and outs of Kickstarter's internal systems, but I do know that my client is being harmed in the interim both reputationally and monetarily. Bad faith DMCA takedowns subject your client to liability for these ongoing harms under 512(f) of the DMCA. The threshold for bad faith is a low bar as courts have found that a holder of a copyright registration acts in bad faith by issuing a takedown notice without proper consideration of defenses such as the fair use doctrine. *See Lenz v. Universal Music Corp.,* 572 F. Supp. 2d 1150, 1155 (N.D. Cal. 2008). Unlike in *Lenz* your client doesn't even have a copyright registration, and further, has completely failed to consider the plethora of defenses available to Anymaka.

The takedown, even as you describe it, is temporary. I'm not sure what copyright interests the takedown protects, as I've yet to see anything that has even the slightest chance of being a valid copyright. To the contrary, the takedown opens your client up to further damages every day that the takedown is in place. If your client wants to assert patent infringement claims, fine, let them, but a DMCA takedown notice isn't the proper vehicle to do so.

Accordingly, my client can only see the takedown and the refusal to withdraw the takedown as a hostile and legally improper way of trying to obtain a short-term negotiation advantage. I will take your request to the client, but you and I likely won't have anything to discuss until your client reverses course on the DMCA takedown.

Best Regards,
Deniz

---

**From:** travis@loyaliplaw.com <travis@loyaliplaw.com>
**Date:** Friday, August 25, 2023 at 13:20
**To:** Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** 'Mindyn Gundersen' <mindyn@loyaliplaw.com>
**Subject:** Following up to our call

Hi Deniz,

I'm following up to our call. I did a little research about what Kickstarter does in situations where they have a copyright takedown. It appears that your client's campaign is "paused" as they call it, which means that if it is restarted, it would begin with the same amount of time left that it had when the takedown occurred. You may want to verify that for yourself, but that is my understanding from Kickstarter.

I'm hoping that can give us some additional time to negotiate an arrangement between our clients as your client's campaign could resume as if the takedown never happened given its "paused" status, at least from Kickstarter's perspective.

With that said, I want to reiterate that my clients are businessmen and have no ill intent toward your client.  My client would like to be able to have a professional relationship going forward with your client.  I hope that can happen.  Part of getting your client's attention was hoping they would come to the negotiating table and we still want that to happen.  At the same time, my client's feel that to protect their interests until a deal can be made, that they need to maintain the copyright takedown.  If there is some other show of our good faith I can offer short of rescinding the takedown, I would be happy to consult my clients about it.

Have a good weekend.

Thanks,
Travis

## Travis Banta – Attorney



Phone: 801-706-5636
Address: 2350 E. Arbor Lane, P.O. Box 17395, Holladay, Utah, 84117