IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff and counterclaim defendant Kammok Holdings, LLC ("Kammok") hereby moves the Court for leave to amend its complaint.

## INTRODUCTION

The Court should grant Kammok leave to amend its complaint. Kammok's proposed amended complaint (the "Amended Complaint") (attached as **Exhibit 1**) removes Kammok's copyright infringement claim against defendant Easthills, Inc. ("Easthills"). No other changes have been made to the original complaint. Kammok proposed this amended complaint based on a Rule 11 motion for sanctions that Easthills served on Kammok. Nevertheless, and notwithstanding the safe harbor of Rule 11, Easthills has refused to consent to Kammok filing the Amended Complaint. The Court should grant leave to file the Amended Complaint because (1) it is timely, (2) it will not prejudice Easthills, (3) the amendment is not made for bad faith or dilatory motives, and (4) the amendment would not be futile.

## ARGUMENT

**I.   THE COURT SHOULD GRANT LEAVE TO KAMMOK TO AMEND ITS COMPLAINT.**

The Court should allow Kammok to file the Amended Complaint because all factors relevant to amending pleadings favor amendment.  A party may "amend its pleading [] with the opposing party's written consent or the Court's leave."  Fed. R. Civ. P. 14(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  The "most important" factor "in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."  *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"  *Id.* at 1208 (citation omitted).

Here, the Court should freely grant leave to Kammok to amend its complaint.  On December 11, 2023, Easthills served a Rule 11 motion for sanctions on counsel for Kammok (the "Motion for Sanctions").  The Motion for Sanctions requests that the Court require Kammok to dismiss its copyright infringement claim.  On December 28, 2023, seventeen days after service of the Motion for Sanctions, Kammok sent the Amended Complaint to Easthills, requesting written consent to file the amended pleading.  The Amended Complaint voluntarily removes Kammok's copyright infringement claim.  Thus, the Amended Complaint "appropriately correct[s]" the challenged claim.  Fed. R. Civ. P. 11(c)(2).  Nevertheless, Easthills refused to

2

consent to Kammok filing the Amended Complaint. Kammok now seeks leave from the Court to amend its pleading. Pursuant to D.C.COLO.LCivR 15.1(b), a redlined version of the Amended Complaint is attached hereto as **Exhibit 1**.

Each of the factors that courts consider when determining whether to grant a motion for leave to amend favor Kammok. First, Kammok has not unduly delayed the filing of the Amended Complaint. This case is in its infancy. Discovery has not yet begun. And Kammok proposed the amendment only seventeen days after Easthills served its motion for sanctions. The Amended Complaint is timely.

Second, and most importantly, the amended complaint will not prejudice Easthills. By removing a claim for relief, Kammok has made it easier for Easthills to prepare a defense. There is one less claim to prepare for. Moreover, Easthills specifically requested that this claim be dismissed. The Amended Complaint is not prejudicial.

Third, Kammok is not amending its complaint for a bad faith or dilatory reason. Instead, Easthills threatened the Motion for Sanctions, and Kammok weighed its options. Instead of fighting that motion, Kammok sought to comply with Easthills' request. Complying with a Rule 11 motion is not a bad faith or dilatory reason for amending a pleading.

The fourth element does not apply here because Kammok has not previously amended its pleadings.

Finally, the amendment is not futile. The Amended Complaint fully removes Kammok's copyright infringement claim. This amendment will have the immediate effect of reducing both parties' burdens to either prove or disprove the copyright infringement claim. Kammok's dismissal of its own claim is not futile.

Because all of the factors that courts generally consider favor amendment, the Court should grant leave to Kammok to file the Amended Complaint

## **CONCLUSION**

Based on the foregoing, the Court should grant Kammok's motion for leave to amend its complaint.

DATED this 2nd day of January, 2024.

                                        BY:   /s/ Reid J. Allred
                                                   Reid J. Allred
                                                   Douglas N. Marsh

                                                   CAMBRIDGE LAW, LLC
                                                 4610 South Ulster Street, Suite 150
                                                 Denver, Colorado 80237
                                                 303.488.3338
                                                 reid@cambridgelawcolorado.com
                                                 doug@cambridgelawcolorado.com

                                                 Erik A. Olson
                                                 eolson@mohtrial.com
                                                 Dominic W. Shaw (*pro hac application pending*)
                                                 dshaw@mohtrial.com
                                                 MARSHALL OLSON & HULL, P.C.
                                                 Newhouse Building
                                                 Ten Exchange Place, Suite 350
                                                 Salt Lake City, Utah 84111
                                                 801.456.7655

                                                 *Attorneys for Plaintiff*