IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC.,

    Defendants.

---

STIPULATED PROTECTIVE ORDER
CONCERNING DISCOVERY INFORMATION

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

    1.    **Discovery Material.** This Order governs the use of all produced documents (including electronically stored information), responses to interrogatories and requests for admissions, deposition transcripts, deposition exhibits, and any other information, testimony, documents, objects or things that have been or will be produced or received by any party or non-party in connection with this Action, as well as any and all copies, abstracts, digests, summaries, and by-products thereof (collectively, "Discovery Material").

    2.    If, in the course of this Action, any party or non-party undertakes to produce or is caused to disclose what they in good faith believe to be confidential Discovery Material, the procedures set forth herein shall be employed and the disclosure shall be subject to this Order.

1

3. **Designation as CONFIDENTIAL.** Counsel to the parties and non-parties may designate any documents or other information taken, given, or exchanged in the course of this Action as "CONFIDENTIAL" when such counsel in good faith believes that such material contains or discloses information that is proprietary or non-public information of a commercially, financially, or personally sensitive nature or a trade secret, or otherwise contains information that is protected by a right to privacy under federal or state law, or other applicable privilege or right.

4. **Designation as CONFIDENTIAL-ATTORNEY'S EYES ONLY.** In the event that counsel for a party or non-party has a good faith belief that documents and information would not be adequately protected by the designation "CONFIDENTIAL" under the terms of this Order, it may designate such material as "CONFIDENTIAL - ATTORNEY'S EYES ONLY." The designation CONFIDENTIAL - ATTORNEY'S EYES ONLY may be used for the following types of past, current, or future Discovery Material: (1) sensitive technical information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors, and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other Discovery Material the disclosure of which to non-qualified people subject to this Stipulated Protective Order the producing party reasonably and in good faith believes would likely cause harm, including a competitive or business advantage.

5. **Confidential Discovery Material.** All documents designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," and all information contained therein, shall be deemed "Confidential Discovery Material" pursuant to this Order.

6. **Publicly Available Information.** Confidential Discovery Material shall not include information which has been produced, disclosed or made available to the public or is available for public access, other than as a result of disclosure by a non-designating party, its counsel, advisors, or other representatives; provided, however, that confidential compilations of information shall not be deemed to have been so produced or so disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation.

7. **Manner For Designating Confidential Discovery Material.** Counsel for any party or non-party to this Action can designate documents or information as Confidential Discovery Material by placing the notation "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" on every page of each document so designated or, in the case of Confidential Discovery Material disclosed in a non-paper medium (e.g., video tape, audio tape, computer discs, etc.), the notation "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" can be affixed to the outside of the medium or its container or in a notation from counsel when producing such information. Any discovery material produced in a native electronic form can be designated as Confidential Discovery Material by (1) including such designation in the body or file name of the electronic document; (2) affixing a stamp with such designation on the medium on which the electronic data is stored when copies are delivered to a receiving party or on the slip sheet image in the production that corresponds to the document; or (3) identifying

such designated electronic format as Confidential Discovery Material in writing at the time of production.

8. **Procedure for Designating Deposition Testimony.** Any party or non-party may designate all or part of the transcript of a deposition, and all information contained therein, as Confidential Discovery Material by so indicating on the record at the deposition or following the procedures outlined in this paragraph. Such transcript or portion thereof shall be treated as provided by this Order for documents designated as Confidential Discovery Material. Documents that are used as exhibits and already designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or designated under Paragraph 9 shall be treated in accordance with this Order. Any deposition that has any portion of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or under Paragraph 9 shall indicate that it contains confidential information. All deposition transcripts shall be treated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" until at least thirty (30) days after the deponent or his or her counsel has received a final written deposition transcript. Within such thirty (30) day period, counsel for any party may notify other counsel in writing of a designation (subject to the terms herein) of all or part of the transcript as Confidential Discovery Material. A party that objects to the designations described in this paragraph shall have the rights and objections as set forth in paragraph 14. Nothing in this paragraph precludes a deponent from reviewing the entirety of his or her transcript and exhibits thereto at any time.

9. When depositions or portions of depositions are designated as Confidential Discovery Material, counsel shall use such materials only as provided for in this Order.

4

10. **Restrictions on Use and Disclosure of Confidential Discovery Material.**

Except as set forth herein or in any subsequent order of the Court, Confidential Discovery Material, and any part of the information contained therein, shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than the qualified persons described below subject to Paragraph 11:

    a. The Court and persons employed by it in connection with the Action, as well as any mediator or settlement judge that may be retained by the parties;

    b. Court reporters, videographers, stenographers, or other qualified persons taking testimony in connection with the Action;

    c. Current representatives, officers and employees of each of the parties as necessary to assist outside counsel with this litigation, except that material designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be disclosed, to a non-producing party or non-party, including to any of its former or current officers, representatives, subsidiaries, parents, affiliates, current or former employees and in-house counsel;

    d. Outside counsel of record for a party to the Action, and the paralegal and clerical staff employed by such counsel;

    e. Service vendors retained by the parties or their counsel and engaged in one or more aspects of copying, organizing, filing, coding, converting, translating, storing or retrieving data or designing programs for handling data connected with the Action, to the extent reasonably necessary to render such services;

  f. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  g. Outside consultants and outside experts and their staff who are directly employed or retained in connection with this Action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

  h. A witness at a deposition, court hearing, and/or trial in this Action provided the witness is the author or addressee of the document comprising the Confidential Discovery Material and only to the extent necessary to give their testimony; except that material designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be disclosed to a non-producing party or non-party, including to any of its former or current officers, representatives, subsidiaries, parents, affiliates, current or former employees and in-house counsel. Witnesses shown other Confidential Discovery Material shall not be allowed to retain copies, nor shall the witnesses' counsel, unless otherwise authorized by this Order; and

  i. Such other persons as the parties or non-parties as applicable may agree in writing in advance of providing Confidential Discovery Materials.

11. **<u>Acknowledgment and Consent to Review Confidential Discovery Material.</u>**

  a. In addition to the limitations in Paragraph 10, Confidential Discovery Material may only be disclosed to the persons described in Paragraph 10 only to the extent necessary for purposes of this Action, and each person described in subparagraphs 10(b), 10(e), 10(g), 10(h), and 10(i) shall, prior to disclosure, first have signed the Acknowledgment and Consent attached hereto as Exhibit A. Each such executed

counterpart of Exhibit A shall be maintained by counsel making the disclosure to such person and shall be made available to any party requesting access thereto until the expiration of one year following final termination of this Action.

      b.      Before any Confidential Discovery Material is disclosed to a person under subparagraph 10(g) (outside expert or outside consultant), the following information must be provided in writing to the producing party and received no less than fourteen (14) days before the intended date of disclosure to that person(s): the outside expert or outside consultant's identity, business address and/or affiliation and a current curriculum vitae, the lists required for retained expert disclosures under Fed. R. Civ. P. 26(a)(2)(B)(v) and (vi) of all publications in the past 10 years and all other cases in which the expert testified in the previous 4 years, and, if not contained in the curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the person. If the producing party objects to disclosure of Confidential Discovery Material to the subparagraph 10(g) person, the producing party shall within fourteen (14) days of receipt serve written objections identifying the specific basis for the objection, the additional information needed concerning the expert/consultant's expertise or past or current work, and particularly identifying all information to which disclosure is objected. Failure to object within fourteen (14) days shall authorize the disclosure of Confidential Discovery Material to the identified person. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking disclosure of the Confidential Discovery Material to the outside expert or outside consultant shall within fourteen (14) days, submit a request for a

conference with the Court in accordance with Judge Hegarty's Practice Standards III(A)(3). Before filing a motion for an order relating to a discovery dispute between parties, the movant must request a conference with the Court by submitting an email, copying all parties, to hegarty_chambers@uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion. Non-parties seeking relief regarding a subpoena should file the appropriate motion and not request a discovery conference. Should the movant be granted leave to file a motion, the movant will seek permitting the outside expert or outside consultant to receive Confidential Discovery Material relating to this Action. The producing party opposing the disclosure of Confidential Discovery Material to a particular outside expert or outside consultant will bear the burden of demonstrating such expert or consultant should be disqualified from receiving Confidential Discovery Material for this Action. Criteria for prohibiting an outside expert or outside consultant from receiving Confidential Discovery Material in this Action include, without limitation, a reasonable belief the expert or consultant will use or share in some way, directly or indirectly, Confidential Discovery Material received in this Action for some purpose unrelated to this Action. If no such motion is made within fourteen (14) days of leave for motion being granted, disclosure shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of Confidential Discovery Material to the subparagraph 10(g) person shall not be made except by Order of the Court.

12.  **Excluding Persons From Depositions.** Counsel for any party shall have the right to exclude from attending any oral depositions any person who is not authorized by this Order to

receive documents or information designated as Confidential Discovery Material. Such right of exclusion shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising of Confidential Discovery Material.

13. **Inadvertent Failure To Designate/Supplemental Designations.** The inadvertent failure by a party or non-party to designate Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" in accordance with the terms of this Order does not constitute a waiver of such right and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be deemed Confidential Discovery Material from the time it is designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Upon receipt of such a supplemental designation, any receiving party that disclosed the Discovery Material prior to its designation as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" must endeavor in good faith to (i) ensure that such Confidential Discovery Material, and any information derived therefrom, is used only for the purposes described in this Order, and (ii) ensure that such Confidential Discovery Material that has been disclosed is returned and is not further disclosed except in accordance with the terms of this Order. If the receiving party, after good faith efforts, does not obtain the return of such documents or information, it shall inform the designating party of those to whom Confidential Discovery Material has been disclosed and the designating party may undertake to obtain the return of the Confidential Discovery Material.

14. **Challenge to Designation of Confidential Discovery Material.** At any time after the designation of material as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEY'S EYES ONLY," counsel for any party may challenge such designation by providing written notice to

counsel for the designating party or non-party of the designation being challenged and the basis for the challenge. If the designating party does not agree that the documents or information should no longer be considered Confidential Discovery Material under this Order, the parties shall confer in good faith to try to resolve the dispute. If the parties are unable to resolve the dispute, the parties must begin the process to file a motion consistent with Judge Hegarty's Practice Standards III(A)(3). Before filing a motion for an order relating to a discovery dispute between parties, the movant must request a conference with the Court by submitting an email, copying all parties, to hegarty_chambers@uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion. Non-parties seeking relief regarding a subpoena should file the appropriate motion and not request a discovery conference. It shall be the obligation of the party designating the information as Confidential Discovery Material to be the movant requesting a conference with the Court, within fourteen (14) days of the final meet and confer, and then, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order should filing a motion be granted. If such a request is timely submitted, the disputed information shall be treated as Confidential Discovery Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a request with the Court, the disputed information shall lose its designation as Confidential Discovery Material and shall not thereafter be treated as Confidential Discovery Material in accordance with this Protective Order. In connection with a request with the Court made under this Paragraph, the party designating the information as Confidential Discovery Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Discovery Material.

15     **Filing Confidential Discovery Material With The Court.** All Confidential Discovery Material, and all portions of pleadings, motions, or other papers that disclose such Confidential Discovery Material, to be filed with the Court shall be filed as a restricted access document pursuant to this Order, in accordance with the Federal Rules of Civil Procedure, D.C.COLO.LCivR and ECF procedures. Upon the e-filing of any Confidential Discovery Material or papers that disclose it, the parties are ordered to file the documents in accordance with D.C.COLO.LCivR. 7.2 and the District of Colorado ECF Civil Procedures § V. The parties will file a Motion to Restrict Access referencing this Order as required by D.C.COLO.LCivR. 7.2, and then, file the Confidential Discovery Material or papers using the docket entry "Restricted Document Level 1," which will limit access of the documents to the case participants and the Court. Confidential Information shall not be filed with the Court except when required in connection with matters pending before the Court. If a document is filed as a "Restricted Document" under the procedures set out in this Paragraph, a party may file a public copy of the filing only if any Confidential Discovery Material or reference thereto is redacted.

16.    **Use of Confidential Discovery Material At Court Hearings.** If any receiving party intends to offer Confidential Discovery Material in open court, for a purpose other than impeachment or rebuttal, such party will provide advanced notice of the Confidential Discovery Material to be so used no less than five (5) business days in advance, so that the designating party or non-party has the opportunity to request that the Court take steps to prevent public disclosure.

17.    The terms of this Order shall in no way affect the right of any party or non-party (a) to withhold information on grounds of immunity from disclosure such as, without limitation, attorney/client privilege, work product or privacy rights of third parties, or (b) to raise or assert

any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto.

18.  **Inadvertent Disclosure Of Privileged Information.** The parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege, other privilege or immunity or attorney work product protection. The parties agree to the following rules governing the inadvertent production of privileged documents to implement the provisions of Fed. R. Evid. 502(d) and (e):

a.  Under Fed. R. Evid. 502(d), the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection does not operate as a waiver of any such privilege or protection as to the disclosed or undisclosed communications or information concerning the same or similar subject matter.

b.  Federal Rule of Civil Procedure 26(b)(5)(B) governs claims of privilege and Federal Rule of Evidence 502(b) governs inadvertent production of privileged materials. The parties will abide by the following procedure in connection with any inadvertent production of privileged materials:

c.  If a producing party has a good faith belief that a privileged document has been inadvertently produced, it shall notify the receiving party of the producing party's claim of privilege within thirty (30) days after the producing party actually discovers that such inadvertent production was made.

d.  Upon receipt of any notice claiming privilege with respect to a produced document, all other parties (regardless of whether they agree with the producing party's

12

claim of privilege) shall promptly: (1) Use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in such parties' possession, custody, or control, and notify the disclosing party that they have done so; and (2) Notify the producing party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced documents or material from other persons, if any, to whom such documents or material have been provided, consistent with Rule 26(b)(5)(B).

      e.      To the extent a receiving party disputes the producing party's claim of privilege, the receiving party shall notify the producing party of its position within ten (10) business days of receiving the producing party's notice (the "Dispute Notification"). Within ten (10) business days of receiving the Dispute Notification, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination, submitting any document(s) in dispute under seal in compliance with Rule 26(b)(5)(B), and any relevant agreements or Court orders. See Fed. R. Evid. 502(d)-(e). The disputed documents will be treated as privileged pending resolution of the dispute.

      f.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information ("ESI") or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

      g.      This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502.

19. **Notification If Confidential Discovery Material Is Requested For Other Purpose.** If information designated Confidential Discovery Material in this Acton is called for in a subpoena, document demand, or other similar legal process in another proceeding, the party to whom the subpoena, document demand, or other process is directed shall, to the extent permitted by law, provide written notice by e-mail, hand or overnight delivery as promptly as practicable but in no event later than three (3) business days after receipt of such subpoena or document demand, to each person or entity that has designated the information as Confidential Discovery Material and shall object to the production of such information on the grounds of the existence of this Order. The designating party shall bear all responsibility for any objections to the production of such Confidential Discovery Material, except that the party receiving any subpoena or other process shall not voluntarily make any production of another party's Confidential Discovery Materials until resolution of any objections interposed by the designating party, unless compelled or otherwise required by law.

20. Nothing in this Order shall prevent a party from any disclosure or use of his, her, or its own Confidential Discovery Material for any purpose.

21. **No Use Of Confidential Discovery Material Except For This Action.** All Confidential Discovery Material and information derived therefrom shall be used by the party receiving them solely for the purpose of trial or preparation for trial and appeal of this Action, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or otherwise in connection with this Action, and for no other purpose. Without limiting the foregoing, no person receiving Confidential Discovery Material shall use such Confidential Discovery Material in any other proceeding or action; for any personal, business or competitive purpose; or for any form of

social media posting or marketing. If the party receiving Confidential Discovery Material learns of any disclosure of such material other than in the manner authorized in Paragraph IO of this Order, it must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to other rights and remedies of the designating party make every effort to prevent further disclosure by it and the person who received such Confidential Discovery Material. If Confidential Discovery Material is used in any way in contravention of this Stipulated Protective Order, the designating party may move the Court to enter sanctions at the Court's discretion, including monetary and non-monetary sanctions.

22. This Order shall be without prejudice to the right of any party to oppose production of any information on any ground allowed under Federal and/or Colorado law.

23. The designation of materials or information "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" in accordance with this Order is intended solely to facilitate the litigation. Any such designation shall not be construed as an admission or concession that the designated materials contain trade secrets or proprietary business information or is otherwise confidential, nor is it admissible before any trier of fact. Conversely, the failure to designate materials or information "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not constitute a waiver of any claim outside the Action that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

24. This Order may be modified by the Court at any time for good cause shown and following notice to all parties and an opportunity for them to be heard.

25. Upon final termination of this Action, whether by judgment, settlement, or otherwise, counsel for the receiving party shall destroy or return to counsel for the producing party

all Confidential Discovery Material in their possession or subject to their control (including but not limited to materials furnished to consultants and/or experts), and execute an affidavit or declaration affirming based on personal knowledge that all such Confidential Discovery Material, including copies upon which any notes have been made have been destroyed or returned.

26.     Counsel for the receiving party may retain their privileged communications, work product, and Acknowledgments pursuant to this Protective Order, materials required to be retained by applicable law and all Confidential Discovery Material filed with the Court even though they contain discovery materials produced by the producing party, but such retained, privileged communications and work product shall remain subject to the terms of the Protective Order Counsel for the receiving party shall also not be required to return or destroy any pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business, which includes: (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits, and other papers filed in this Action, and (ii) one set of transcripts of all testimony taken at any depositions, court hearings or trial with exhibits used therein. Any such materials that are not returned or destroyed shall remain subject to this Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

27.     Nothing in this Order shall bar or otherwise restrict any counsel herein from giving advice to the counsel's client with respect to this Action, and in the course thereof, relying upon an examination of Confidential Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client , the counsel shall not disclose the Confidential Discovery Material, nor the source of any Confidential Discovery Material, to anyone not authorized to receive such Confidential Discovery Material pursuant to the terms of this Order.

28. This Order may be signed in counterparts.

29. Any person not a party to this Action from whom discovery is sought may obtain the benefits of this Order by signing, or having a duly authorized counsel sign, a copy of this Order and giving notice thereof to counsel for the parties. Any documents, deposition testimony and other information produced by such non-party and designated as Confidential Discovery Material shall be treated accordingly.

DATED at Denver, Colorado this 23d day of January, 2024.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Respectfully submitted,

**Bayramoglu Law Offices LLC**
By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Nihat Deniz Bayramoglu
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973
Fax: (702)553-3404
shawnmangano@bayramoglu-legal.com
deniz@bayramoglu-legal.com
*Attorneys for Defendant*

**Marshall Olson & Hull, P.C.**
By: */s/Dominic W. Shaw*
Dominic W. Shaw
Erik A. Olson
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
dshaw@mohtrial.com
eolson@mohtrial.com
*Attorneys for Plaintiff*

**Cambridge Law, LLC**
Reid J. Allred
Douglas N. Marsh
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com
*Attorneys for Plaintiff*

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC.,

    Defendants.

---

EXHIBIT A TO STIPULATED PROTECTIVE ORDER
ACKNOWLEDGEMENT AND CONSENT

---

I,_____ , hereby acknowledge that:

1. I have read, and hereby agree to be bound by, the terms and conditions of the Stipulated Protective Order in connection with Civil Action No. 23-cv-02405-SKC-MEH entered by the Court on January 23, 2024 (the "Protective Order")

2. I hereby consent to the jurisdiction of the Court for purposes of enforcement of the terms of this Protective Order.

3. I agree not to disclose or use any Discovery Material or Confidential Discovery Material for purposes other than those permitted by the Protective Order.

Dated:

_____
Name
Title
Company