# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

    Defendants.

---

## DEFENDANT EASTHILLS, INC.'S OPPOSITION TO PLAINTIFF KAMMOK HOLDING, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT

---

Defendant Easthills, Inc. ("Defendant"), by and through the Bayramoglu Law Offices LLC, hereby opposes Plaintiff Kammok Holding, LLC's ("Plaintiff") Motion for Leave to Amend Complaint (Dkt. No. 21). Defendant's opposition is made and based on the arguments submitted herein, the pleadings and papers on file in this matter, and any oral argument entertained by the Court.

### I.    INTRODUCTION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") a party can file an amended pleading without leave of the court if the amended pleading is filed within 21 days of service or within 21 days after a responsive pleading is required and has been filed. *See* Fed.R.Civ.P. 15(a)(1)(A)-(B). Otherwise, a party may only file an amended pleading with either the written consent of the opposing party or by leave of the court. *See id.* 15(a)(2).

In the matter at hand, Defendant has refused to consent to Plaintiff filing an amended Complaint in this matter to effectuate the summary dismissal of its copyright infringement claim for relief that was, according to Plaintiff's own allegations, initiated

without having first secured issuance of a copyright registration for the purported protected "work" at issue in this case. (*See* Dkt. No. 1, ¶ 13, which alleges "[i]n or about September 13, 2023, Kammok filed an application for copyright registration related to the Swiftlet and is awaiting a response to that application."). Without question, Plaintiff's filing of its copyright infringement claim was, as dictated by United States Supreme Court precedent, jurisdictionally improper. Moreover, Plaintiff's improper filing of its copyright infringement claim, was specifically done in a blatant attempt to extend the suspension of Defendant's crowdfunding campaign with Kickstarter, PBC ("Kickstarter").

From inception of this dispute, Defendant has advised its counsel that it lacked a legal and factual basis to maintain its copyright infringement claim against it. These communications have also been provided to Plaintiff through the Digital Millennium Copyright Act (the "DMCA") counter-notice provisions. Despite these crystal-clear warnings, Plaintiff has continued to maintain its jurisdictionally unviable copyright infringement claim. Much to Defendant's dismay, it was forced to serve a motion pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") (Dkt. No. 19), when Plaintiff failed to take any corrective action despite Defendant's repeated warnings that Plaintiff's copyright infringement claim lacked a required legal and factual basis to be maintained.

In the face of these circumstances, Plaintiff moved for leave to file an amended Complaint on the precipice of facing liability under Rule 11. In Plaintiff's jaundiced view of the proceedings, it is fully entitled to do so at the eleventh hour by seeking relief under Rule 15(a)(2). Defendant does not dispute this fact. What Defendant does dispute is Plaintiff's ability to summarily sweep its assertion of a copyright claim made without a sufficient factual or legal basis to do so under the proverbial judicial rug, despite Defendant's assertions of claims for relief that are predicated on Plaintiff's improper conduct directly related to this very same claim for relief. It is with this background in mind

that Defendant respectfully asks this Court to condition Plaintiff's amended Complaint, which accomplishes dismissal of its improperly asserted copyright infringement claim, with the entry of an order finding: (1) Plaintiff's copyright infringement claim was made without a basis in law or fact; (2) that Plaintiff has waived all copyright claims for relief as alleged in the Complaint; and (3) the Complaint to be admissible as an admission against Plaintiff.

## II.   FACTUAL BACKGROUND

The parties are competitors in the personal hammock industry. Defendant initiated a crowdfunding campaign through Kickstarter for the launch of certain personal hammock products that would inevitably compete with Plaintiff's products.  Defendant generated significant crowdfunding interest for its campaign and was on target to satisfy its campaign fundraising goal, which would result in the raised funds being released to the company by Kickstarter. Once Plaintiff became aware of Defendant's Kickstarter campaign, Plaintiff sought to interfere with the campaign's success.  Plaintiff accomplished this goal by sending Kickstarter a DMCA takedown notice (the "Takedown Notice") claiming that Defendant's products infringed upon its copyrighted work.

At the time the Takedown Notice was submitted to Kickstarter, Plaintiff did not have, and knew it did not have, a protectable copyright interest in nor a registered copyright issued by the United States Copyright Office (the "USCO") for the particular model of personal hammock being asserted as the copyright protected work. Kickstarter suspended Defendant's crowdfunding campaign in direct response to Plaintiff's Takedown Notice.  As a result, Defendant's crowdfunding campaign decreased to the sum of $1,200,00 from $1,800,000 prior to the suspension due to investor withdrawals.

Upon receiving the Takedown Notice from Kickstarter, Defendant initiated communications with Plaintiff to advise it of the blatant deficiencies in its copyright

infringement allegations. During these communications Plaintiff admitted that it initiated the DMCA takedown process to force Defendant to the negotiating table and then coerce Defendant into entering an exclusive manufacturing and/or licensing agreement with Plaintiff. However, even after being advised that Plaintiff had no copyright interest in nor a federally registered copyright for the particular model of personal hammock being asserted as the protected work, Plaintiff refused to take corrective action by withdrawing their DMCA claim.

After unsuccessfully convincing Plaintiff to withdraw its improper DMCA claim, Defendant submitted a timely DMCA Counter-Notice (the "Counter-Notice") to Kickstarter explaining why Plaintiff did not have a legitimate or viable copyright interest in and to the particular model of personal hammock being asserted as the protected copyright work nor had Plaintiff secured a federal registration for the work. Defendant also notified Kickstarter that Plaintiff had instituted the takedown request for an improper purpose and requested that Kickstarter immediately reinstate its crowdfunding campaign. Despite Defendant's efforts, Kickstarter refused to reinstate Defendant's crowdfunding campaign.

Understanding that Kickstarter was statutorily required to reinstate Defendant's campaign if it did not receive notice of a commencement of a lawsuit in not less than 10-days and not more than 14-day after notification of the counter notice, Plaintiff filed the underlying Complaint in this action. Plaintiff intentionally filed its Complaint alleging copyright infringement knowing it had not secured a federal copyright registration for the allegedly infringed work despite the clear jurisdictional requirement that such a registration is necessary to maintain such a claim. *See Fourth Estate Public Benefit Corp. v. Wall-Street.com,* 139 S.Ct.881, 887 (2019). In further bad faith, Plaintiff forwarded a copy of the Complaint to Kickstarter to further delay and prevent reinstatement of Defendant's campaign. Plaintiff, however, made no effort to actually serve Defendant with

the Complaint it filed on September 14, 2023. Defendant ultimately chose to unilaterally answer the Complaint, without service, on November 10, 2023. As a result of Plaintiff's bad faith DMCA conduct and improper filing of this action in furtherance of the company's scheme to derail Defendant's Kickstarter campaign, Defendant has lost at least $600,000 in pledged crowdfunding funds.

Now, Plaintiff seeks to amend its Complaint in response to Defendant's Rule 11 Motion (Dkt. No. 19). Plaintiff's Motion is characterized as one required to take corrective and responsive action based on the Rule 11 Motion. However, simply permitting Plaintiff to do so, without any factual, legal, or evidentiary implications, serves to sanction the company's improper assertion of copyright rights to Kickstarter so that it could intentionally derail Defendant's crowdfunding campaign by improperly invoking and maintaining its DMCA takedown rights through the filing of an improper copyright infringement claim in this action. Accordingly, Defendant asks this Court not to deny Plaintiff's amendment to withdraw the entirely the copyright infringement claim, but to do so under the conditions that include entry of an order finding the following: (1) that Plaintiff's copyright infringement claim was made without a basis in law or fact; (2) that Plaintiff has waived all copyright claims for relief as alleged in the Complaint; and (3) the Complaint to be admissible as an admission against Plaintiff.

### III.  **APPLICABLE LEGAL STANDARDS**

Under the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a); *Albuquerque Bernalillo Cnty. Water Util. Auth. v. CalMat Co.*, No. 06-CV-00754-BB, 2008 WL 11322218, at *1 (D.N.M. Apr. 10, 2008). Generally, granting leave to amend is encouraged unless there is some apparent or declared reason not to grant leave to amend such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[t]he decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion." *Woolsey v. Marion Lab'ys, Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991). Courts have routinely balanced "the interests of the party seeking the amendment and those of the party objecting to it by imposing conditions on the applicants leave to amend. *Hayden v. Feldman*, 159 F.R.D. 452, 454–55 (S.D.N.Y. 1995). Thus, "rather than deny leave to amend, it is within the Court's power to issue a conditional order which would transfer any burden" from the defendant to the plaintiff. *Albuquerque Bernalillo Cnty. Water Util. Auth. v. CalMat Co.*, No. 06-CV-00754-BB, 2008 WL 11322218, at *2 (D.N.M. Apr. 10, 2008).

## IV.   ARGUMENT

Plaintiff unquestionably filed the company's copyright infringement claim, without a legal or factual basis for doing so, for the specific purpose of continuing the improper takedown of Defendant's Kickstarter crowdfunding campaign. During the parties' conversations that followed the Takedown Notice, Plaintiff admitted it did not have any copyright registrations or applications pending. Defendant thereafter advised Plaintiff that it could not assert a copyright infringement claim without having first secured a federal copyright registration for the asserted work. *See Fourth Estate Public Benefit Corp.,* 139 S.Ct. at 887. Yet, Plaintiff doubled down on its efforts by refusing to withdraw the improper DMCA claim and filing a copyright infringement action without having secured necessary rights to do so.

Interesting enough, however, the Complaint asserts that "on or about September 2023, [Plaintiff] filed for copyright registration related to the Swiftlet and is awaiting a

response to that application." (Dkt. No. 1 at ¶13.) Thus, it is abundantly clear that at the time Plaintiff filed its Takedown Notice it did not have did not have a legitimate or viable copyright interest in the copyrights asserted at the time. Plaintiff instead took this action solely for the improper purpose of using the Complaint as a basis to further delay the reinstatement of Defendant's Kickstarter crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA.

Now Plaintiff seeks to amend the Complaint to completely remove its claim for copyright infringement. Based on Plaintiff's proposed Amended Complaint, which dismisses the copyright infringement claim, Plaintiff either never filed an application for copyright registration or, alternatively, Plaintiff continued to maintain its copyright infringement claim after having the application denied by the USCO. Given these alternative scenarios, the Court should conclude that Plaintiff asserted its copyright infringement claim without having a legal or factual basis to do so in violation of Rule 11(b)(2)-(3). Further, by dismissing its copyright infringement claim through its requested amendment, it should be found that Plaintiff has waived all copyright claims for relief related to those alleged in the Complaint.

Lastly, as part of its response and defense against Plaintiff's Complaint, Defendant filed counterclaims. Specifically, Defendant alleged Plaintiff violated 17 U.S.C. § 512 by misrepresenting to Kickstarter in its Takedown Notice that Plaintiff's personal hammock products infringed its copyright held in its own personal hammock products because, at minimum, it knew the company did not have a protectable copyright interest in or hold a federal copyright registration for the asserted work. As proof supporting Defendant's claims, Plaintiff's original Complaint should be admissible as an admission against Plaintiff. *See Andrews v. Metro North Commuter R.R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989 (the amendment of a pleading does not make it any less of an admission of the

party); *see also White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 fn. 5 (5th Cir. 1983); *Williams v. County of Alameda,* 26 F.Supp.3d 925, 936 (N.D. Cal. 2014) (prior pleadings may be admissible in evidence against the pleader).

As discussed above, a court has the discretion to impose conditions on a party's leave to amend to balance the interests of the party seeking the amendment and those of the party objecting to it. *See Hayden* 159 F.R.D. at 454–55. The facts of this case warrant such action from the Court. As such, Defendant respectfully requests this Court issue an order granting Plaintiff leave on the condition that it make certain findings of fact concerning the lack of factual and legal viability of the company's copyright infringement claim that it now seeks to summarily withdraw through filing of the amended Complaint.

## V.    CONCLUSION

For the foregoing reasons, the Court should enter an Order granting Plaintiff's Motion to Leave to Amend Complaint on the following conditions: (1) finding Plaintiff's copyright infringement claim was made without basis in law or fact; (2) finding Plaintiff has waived all copyright claims for relief as alleged in the Complaint; and (3) the finding the Complaint to be admissible as an admission against Plaintiff.

DATED: January 23, 2024            Respectfully submitted,

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO, ESQ.
(Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404

## CERTIFICATE OF SERVICE

      I, hereby certify that on January 23, 2024, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered the foregoing by electronic means to all counsel of record.

      By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Bayramoglu Law Offices LLC