IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

    Plaintiff Kammok Holdings, LLC ("Kammok") hereby opposes the January 2, 2024 motion for sanctions (the "Motion") filed by defendant Easthills, Inc. ("Easthills").

## INTRODUCTION

    The Court should deny the Motion because Kammok took steps to withdraw the challenged claim within the twenty-one-day safe harbor provided by Rule 11.  The only reason Kammok has not withdrawn this claim on its own already is because Easthills refused to consent the Kammok's request for leave to strike the claim. Easthills's Motion is not made in good faith and should be denied.

    On December 11, 2023, Easthills sent a copy of the Motion to Kammok as required by Rule 11.  Kammok reviewed the Motion and disagreed with Easthills's assertion that its copyright infringement claim was without a basis in law or fact.  Kammok's copyright infringement claim was supported by fact, because, as alleged in the complaint, Kammok had

filed for copyright registration prior to filing the complaint and had a good faith basis for the belief that it would have a registered copyright in time to litigate its claim. Nothing in Kammok's complaint was inaccurate. Kammok's copyright infringement claim was also supported by law, because, while a copyright infringement claim generally cannot be litigated on an unregistered copyright, a DMCA claim can be.[1] Thus, Kammok possessed a good faith belief that it could raise a copyright infringement claim in support of its DMCA claim, even with an unregistered copyright.

Nevertheless, given the apparent ambiguity in the law, Kammok opted not to spend the time and resources to litigate its copyright infringement claim, and Kammok offered to file an amended complaint that removed the copyright infringement claim entirely. Yet Easthills refused to consent to Kammok dismissing its copyright infringement claim and instead filed the Motion, criticizing the very claim it refused to allow Kammok to voluntarily withdraw. This action is in plain contravention of Rule 11, which provides that a motion for sanctions must not be filed if the non-moving party withdraws or appropriately corrects the challenged claim. Kammok attempted to do so and would have withdrawn its claim but for Easthills withholding its consent (and still intends to do so once the Court grants the opposed motion for leave to amend). Easthills may not maintain a Rule 11 motion while simultaneously refusing to allow Kammok to comply with the provisions of Rule 11.

---

[1] *I.M.S. Inquiry Mgmt. Sys., Ltd. V. Berkshire Info Sys., Inc.*, 307 F. Supp. 2d 521, 530 n.9 (S.D.N.Y. 2004) ("An owner's copyrighted work can be unregistered. Unlike its effect on its infringement claim, plaintiff's failure to register its copyrighted work is not a bar to a DMCA action."); *Medical Broadcasting co. v. Flaiz*, 2003 WL 22838094 *3 (E.D. Penn. 2003) ("Nothing in § 1202 of the DMCA suggests that registration is a precondition to a lawsuit. While a copyright registration is a prerequisite under 17 U.S.C. § 411(a) for an action for copyright infringement, claims under the DMCA, however, are simply not copyright infringement claims and are separate and distinct from the latter.").

Additionally, Easthills is using the Motion to litigate the unrelated issue of its own DMCA counterclaim.  This is not permitted and is another basis upon which this Court may deny the Motion.

Because Kammok has ignored the plain language of Rule 11 and is using the Motion to litigate unrelated satellite claims, the Court should deny the Motion, and should grant to Kammok its reasonable attorney fees incurred in responding to the Motion.

## ARGUMENT

I. **EASTHILLS DID NOT COMPLY WITH THE 21-DAY SAFE HARBOR PROVISION OF RULE 11.**

The Court should deny the Motion because Kammok attempted to withdraw the challenged claim, as allowed under Rule 11(c)(2) of the Federal Rules of Civil Procedure.  Rule 11 requires that any motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."  Fed. R. Civ. P. 11(c)(2).  *See also Mellott v. MSN Comms., Inc.*, 492 Fed. Appx. 887, 888 (10th Cir. 2012) ("[T]he 'safe-harbor' provision of Rule 11(c)(2) requires a party to serve a copy of its Rule 11 motion on the other party and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court.") (unpublished).  The safe harbor provision, "is strictly enforced in this circuit."  *Wolf v. Petrock*, 2010 WL 2232353 *2 (D. Colo. 2010) (unpublished).  Thus, when a party does not "compl[y] with Rule 11(c)(2),

3

the Court will not sanction" the non-moving party. *Id.*[2] This is because Rule 11 is intended to provide to the non-moving party "a safe harbor during which time [it] could have dismissed [its] case without fear of sanctions under Rule 11." *Hanover Ins. Group v. iCarpets, Inc.*, 2017 WL 6524657, *7 (D. Colo. 2017) (unpublished).

A moving party has not complied with Rule 11(c)(2) if it files its motion after the non-moving has withdrawn the challenged claim. *See HNA Sweden Hospitality Mgmt. AB v. Equities First Holdings, LLC*, 2020 WL 4720029, *2 (S.D. Ind. 2020) (explaining that under the 1993 revision of Rule 11, "the timely withdrawal of a contention will protect a party against a motion for sanctions"). The same is true when a plaintiff "seek[s] leave to cease prosecuting the challenged claims." *Id.* In such circumstances, "reach[ing] the merits of the motion for sanctions would undermine the safe harbor's purpose—streamlining the administration and procedure of the federal courts—by requiring the Court to analyze the reasonableness of claims Plaintiffs are no longer pursuing." *Id.*

The Court should deny the Motion because Easthills filed it in contravention of Rule 11. Easthills served the Motion on Kammok on December 11, 2023. *See* Email Correspondence at 8 (attached as Ex. 1). The Motion challenges only a single cause of action raised by Kammok—the copyright infringement claim—and asks the Court to dismiss that claim, while opposing Kammok's efforts to voluntarily withdraw it without further Court action. *See* Motion at 4

---

[2] *See also Mellott*, 492 Fed. Appx. At 888 ("This court has held that it is an abuse of discretion to grant Rule 11 sanctions if the defendant did not comply with the safe-harbor provision."); *Crowell v. Alford*, 2023 WL 8602781 *2 (D. Colo. 2023) ("Absent compliance with this requirement [Rule 11(c)(2)], a motion for Rule 11 sanctions must be denied.") (unpublished); *Kenno v. Colorado's Governor's Office of Information Tech.*, 2021 WL 6061936, *1 (D. Colo. 2021) (failing to comply with Rule 11(c)(2) by filing a motion for sanctions before the 21-day safe harbor period results in the denial of a motion for sanctions) (unpublished).

("Defendant seeks an Order . . . with a requirement that Kammok withdraw its copyright infringement claim."), 9 ("[T]he Court should . . . require Kammok to dismiss its copyright infringement claim.") (Dkt. 19).

Kammok disagrees with Easthills that its copyright infringement claim was meritless, but recognizes the difficulty and cost of proceeding with that claim. Thus, relying on the safe harbor provision of Rule 11, Kammok drafted a proposed amended complaint that removed any reference to the copyright infringement claim. *See* Email Correspondence at 7 (Ex. 1); Proposed Amended Complaint (Dkt. 21-1). Because Easthills filed its answer to the original complaint prior to serving the Motion, Rule 15(a)(2) of the Federal Rules of Civil Procedure prevented Kammok from simply filing the amended complaint. Kammok sent the amended complaint to Easthills on December 28, 2023, only seventeen days after service of the Motion, and requested Easthills's written consent to file the amended complaint. Email Correspondence at 7 (Ex. 1). After the twenty-one-day safe harbor period closed, Kammok followed up with Easthills, again seeking permission to file the amended complaint. Second Email Correspondence at 1 (attached as Ex. 2). Easthills responded that it "was unwilling to agree" to Kammok filing the amended complaint and that it would proceed with filing the Motion. Email Correspondence at 6 (Ex. 1). Easthills then filed the Motion.

Within the 21-day safe harbor period, Kammok sought leave to withdraw the challenged claim. This act was an attempt to withdraw or appropriately correct the challenged claim, which Kammok should have been allowed to do "without fear of sanctions." *Hanover Ins. Group*, 2017 WL 6524657 at *7. Nevertheless, Easthills prevented Kammok from withdrawing the challenged claim and proceeded to file the Motion. Easthills cannot prevent the withdrawal of a

5

claim and simultaneously seek sanctions for failure to withdraw that claim. Such behavior "undermine[s] the safe harbor's purpose . . . by requiring the Court to analyze the reasonableness of claims [Kammok is] no longer pursuing." *HNA Sweden*, 2020 WL 4720029 at *2. Because Easthills has failed to comply with Rule 11(c)(2), the Court should deny the Motion and allow Kammok to withdraw its copyright infringement claim.

## II. EASTHILLS MAY NOT USE THE MOTION TO CONDUCT SATELLITE LITIGATION OF ITS COUNTERCLAIMS.

The Court should also deny the Motion because Easthills appears to be maintaining the Motion for the sole purpose of litigating satellite claims. The advisory committee instituted the safe harbor provision because "[u]nder the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11." *HNA Sweden*, 2020 WL 4720029 at *2 (quoting Fed. R. Civ. P. 11 advisory committee note to 1993 amendment.). "The safe harbor is a procedural mechanism intended to reduce satellite litigation by providing an incentive to refrain from prosecuting challenged claims. It is not a rite of confession and absolution." *Id.* Thus, a party moving for sanctions may not use a Rule 11 motion to seek a confession or damages. *See id.* ("Withdrawal without retraction may not cure the reputational harm that Defendants bemoan, but '[t]he main objective of [Rule 11] is not to reward parties who are victimized by litigation,' and Rule 11 sanctions are not 'substitutes for tort damages.'" (quoting *Bus. Guides, Inc. v. Chromatic Comms. Enters., Inc.*, 498 U.S. 533, 554 (1991)) (alterations in original)).

As shown above, in Point I, Easthills has demanded that Kammok withdraw its copyright claim, while simultaneously preventing Kammok from doing so. This is because Easthills is

6

attempting to use the Motion to litigate its DMCA counterclaim.  *See* Answer and Counterclaim at ¶¶ 45–51 (Dkt. 9). First, the introduction of the Motion reads:

> Defendant's Motion is based on the Kammok Parties' misrepresentation of its asserted copyright rights to Kickstarter, PBC ("Kickstarter") so that it could intentionally derail Defendant's crowdfunding campaign by improperly invoking and maintaining its Digital Millennium Copyright Act (the "DMCA") takedown rights through the filing of a copyright infringement claim in this action.

Motion at 2 (Dkt. 19).  By the company's own admission, Easthills hopes to address the DMCA takedown of its crowdfunding campaign through the Motion.  This is the exact subject of Easthills's first cause of action.  Easthills should not be allowed to litigate the merits of its own counterclaim through a Rule 11 motion.

Second, counsel for Easthills has proffered two reasons for why it will not consent to Kammok withdrawing the challenged claim, both of which are improper grounds for Rule 11 relief:  (1) Kammok did not volunteer to pay Easthills's attorney fees as part of its offer to withdraw the challenged claim, *see* Email Correspondence at 6 (Ex. 1), and (2) Kammok did not "include a statement in its proposed stipulation to amend to the effect that it had no basis in fact or law to have asserted the copyright infringement claim for relief," *Id.* at 2.  The first reason implies that Easthills is entitled to its fees even when Kammok has offered to withdraw its claim within the safe-harbor period.  This cannot be true because fees are discretionary under Rule 11 and may only be awarded to the prevailing party.  Fed. R. Civ. P. 11(c) (1), (4) ("[T]he court <u>may</u> impose an appropriate sanction." (emphasis supplied)).  The insistence on fees incurred in attempting to secure the voluntary withdrawal of Kammok's claim appears to be more akin to a request for all past damages than a request for fees incurred solely under Rule 11.  This is not allowed.

7

The second reason given by Easthills is also unsupported by the law. Easthills seeks a confession that Kammok's copyright infringement claim was without a basis in fact or law. Such a confession would support Easthills's claim that Kammok misrepresented its copyright claim to Kickstarter, which again supports Easthills's DMCA claim. *See* Answer and Counterclaim at ¶ 47 (Dkt. 9). Easthills may not demand such a concession, nor may it use Rule 11 to try to litigate or strengthen satellite claims. Yet, it continues to demand such a concession, even through its opposition to Kammok's motion to amend. *See generally* Opposition to Motion for Leave to File Amended Complaint (Dkt. 33). In that opposition, Easthills admits that Kammok is "fully entitled to" dismiss its copyright infringement claim, *id.* at 2, but that it "refused to consent" to the dismissal because Kammok has not stipulated to a finding that "Plaintiff's copyright infringment claim was made without a basis in law or fact," *id.* at 1, 3. The Court should deny the Motion and refuse to address the satellite issues that Easthills seeks to address until such claims are properly before the Court.

### III. THE COURT SHOULD AWARD TO KAMMOK ITS ATTORNEY FEES INCURRED IN RESPONDING TO THE MOTION.

After denying Easthills's Motion, the Court should also award to Kammok all attorney fees it incurred in responding to the Motion. Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

Easthills should not have filed the Motion after Kammok asked Easthills to consent to Kammok's motion for leave to withdraw the challenged claim. Prior to incurring the time required to draft this opposition, counsel for Kammok identified the provision of Rule 11 that prohibits Easthills from filing the Motion. *See* Email Correspondence at 3, 5 (Ex. 1). Easthills

8

maintained the Motion anyway. *Id.* at 1–2. Easthills's willful refusal to comply with Rule 11(c)(2) and its attempt to litigate satellite claims warrant an award of Kammok's reasonable attorney fees incurred in responding to the Motion, which amount can be determined after briefing and argument for the Motion has concluded.

Moreover, Easthills caused Kammok to incur the attorney fees associated with drafting the motion to amend. Kammok would not have incurred those fees but for Easthills demanding that Kammok dismiss its copyright infringement claim and then refusing to consent to the dismissal of that claim. The motion to amend was a direct result of Easthills's improper use of Rule 11. Thus, the Court should also grant to Kammok an award of fees related to the motion to amend.

## **CONCLUSION**

Based on the foregoing, the Court should deny the Motion, grant to Kammok its reasonable attorney fees incurred in responding to the Motion, and allow Kammok to withdraw its copyright infringement claim.

DATED this 23rd day of January, 2024.

> BY: /s/ Douglas N. Marsh
> Reid J. Allred
> Douglas N. Marsh
>
> CAMBRIDGE LAW, LLC
> 4610 South Ulster Street, Suite 150
> Denver, Colorado 80237
> 303.488.3338
> reid@cambridgelaw.com
> doug@cambridgelaw.com
>
> Erik A. Olson
> eolson@mohtrial.com
> Dominic W. Shaw
> dshaw@mohtrial.com
> MARSHALL OLSON & HULL, P.C.
> Newhouse Building
> Ten Exchange Place, Suite 350
> Salt Lake City, Utah 84111
> 801.456.7655
>
> *Attorneys for Plaintiff*