| | |
|---|---|
| **From:** | Shawn Mangano |
| **To:** | Dominic Shaw; reid@cambridgelawcolorado.com; doug@cambridgelawcolorado.com; Erik Olson; travis@loyaliplaw.com; Deniz Bayramoglu |
| **Cc:** | Litigation; Elizabeth Cummings |
| **Subject:** | Re: Case No. 1:23-cv-02405-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and DOES 1-10 Defendant"s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 |
| **Date:** | Wednesday, January 3, 2024 8:20:17 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | Outlook-pzjulkh2.png |

Dominic:

That's fine. Please advise if you have a different opinion following a review of the discovery that was just served.

Thanks,

S



**From:** Dominic Shaw <dshaw@mohtrial.com>
**Sent:** Wednesday, January 3, 2024 7:18 PM
**To:** Shawn Mangano <Shawnmangano@bayramoglu-legal.com>; reid@cambridgelawcolorado.com <reid@cambridgelawcolorado.com>; doug@cambridgelawcolorado.com <doug@cambridgelawcolorado.com>; Erik Olson <eolson@mohtrial.com>; travis@loyaliplaw.com <travis@loyaliplaw.com>; Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** Litigation <litigation@bayramoglu-legal.com>; Elizabeth Cummings <elizabeth@bayramoglu-legal.com>
**Subject:** RE: Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Shawn,

Kammok disagrees with your assertion that Rule 11 requires it to include a statement in its proposed stipulation to amend to the effect that it had no basis in fact or law to have asserted the copyright infringement claim for relief.

It sounds like we will likely have to proceed with briefing under Rule 11.

Best,

**Dominic Shaw**

Attorney at Law



Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
Telephone:  (801) 456-7655
Facsimile:  (801) 456-7656
dshaw@mohtrial.com
www.mohtrial.com

This e-mail message is for the sole use of the intended recipient(s) and may contain privileged or confidential information.  Unauthorized use, distribution, review or disclosure is prohibited. If you are not the intended recipient, please contact dshaw@mohtrial.com by reply email and destroy all copies of the original message.

**From:** Shawn Mangano <Shawnmangano@bayramoglu-legal.com>
**Sent:** Wednesday, January 3, 2024 2:32 PM
**To:** Dominic Shaw <dshaw@mohtrial.com>; reid@cambridgelawcolorado.com; doug@cambridgelawcolorado.com; Erik Olson <eolson@mohtrial.com>; travis@loyaliplaw.com; Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** Litigation <litigation@bayramoglu-legal.com>; Elizabeth Cummings <elizabeth@bayramoglu-legal.com>
**Subject:** Re: Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Dominic:

Thanks for your response. The offer to withdraw is not deemed corrective action under FRCP 11. That said, the copyright infringement claim should have never been filed as your client was repeatedly advised. Moreover, the copyright infringement claim should not have been maintained for weeks after receipt of the Rule 11 Motion. If your client is willing to include a statement in its proposed stipulation to amend to the effect that it had no basis in fact or law to have asserted the copyright infringement claim for relief, then we may be able to resolve this issue without Court intervention.

Let me know how you want to proceed.

Regards,

S

 

Attorney-at-Law

Admissions: Nevada & California

1540 West Warm Springs Road, Suite 100,
Henderson, NV 89014
(702) 462-5973
www.bayramoglu-legal.com

EVERY PERSON WHO
WALKS THROUGH
OUR DOOR IS
IMPORTANT TO US

**From:** Dominic Shaw <dshaw@mohtrial.com>
**Sent:** Wednesday, January 3, 2024 1:27 PM
**To:** Shawn Mangano <Shawnmangano@bayramoglu-legal.com>; reid@cambridgelawcolorado.com <reid@cambridgelawcolorado.com>; doug@cambridgelawcolorado.com <doug@cambridgelawcolorado.com>; Erik Olson <eolson@mohtrial.com>; travis@loyaliplaw.com <travis@loyaliplaw.com>; Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** Litigation <litigation@bayramoglu-legal.com>; Elizabeth Cummings <elizabeth@bayramoglu-legal.com>
**Subject:** RE: Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Shawn,

FRCP 11(c)(2) states that a motion under Rule 11 "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Easthills' Rule 11 motion asked the Court to "require[] that Kammok withdraw its copyright infringement claim asserted in this action." Motion at 4. Kammok offered to withdraw its claim, but Easthills withheld consent for Kammok to do so. Kammok attempted to withdraw and appropriately correct the challenged claim and would have but for Easthills' refusal to consent to Kammok filing its amended complaint. Thus, the Rule 11 motion should not have been filed.

"If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." FRCP 11(c)(2). Because the Rule 11 motion should not have been filed, we believe we will prevail, and the Court will have discretion to award us our fees.

Best,

**Dominic Shaw**
Attorney at Law



Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
Telephone: (801) 456-7655
Facsimile: (801) 456-7656
dshaw@mohtrial.com
www.mohtrial.com

This e-mail message is for the sole use of the intended recipient(s) and may contain privileged or confidential information. Unauthorized use, distribution, review or disclosure is prohibited. If you are not the intended recipient, please contact dshaw@mohtrial.com by reply email and destroy all copies of the original message.

**From:** Shawn Mangano <Shawnmangano@bayramoglu-legal.com>
**Sent:** Wednesday, January 3, 2024 2:17 PM
**To:** Dominic Shaw <dshaw@mohtrial.com>; reid@cambridgelawcolorado.com; doug@cambridgelawcolorado.com; Erik Olson <eolson@mohtrial.com>; travis@loyaliplaw.com; Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** Litigation <litigation@bayramoglu-legal.com>; Elizabeth Cummings <elizabeth@bayramoglu-legal.com>
**Subject:** Re: Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Dominic:

Just so I am clear, on what basis do you believe Kammok can seek fees for responding to the Rule 11 Motion?

S



**From:** Dominic Shaw <dshaw@mohtrial.com>
**Sent:** Wednesday, January 3, 2024 1:08 PM
**To:** Shawn Mangano <Shawnmangano@bayramoglu-legal.com>; reid@cambridgelawcolorado.com <reid@cambridgelawcolorado.com>; doug@cambridgelawcolorado.com

<doug@cambridgelawcolorado.com>; Erik Olson <eolson@mohtrial.com>; travis@loyaliplaw.com
<travis@loyaliplaw.com>; Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** Litigation <litigation@bayramoglu-legal.com>; Elizabeth Cummings <elizabeth@bayramoglu-legal.com>
**Subject:** RE: Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and
DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Shawn,

Thank you for your response.  I see that your firm has filed the motion as you indicated that it
would, below.

Your motion asks us to withdraw our copyright infringement.  We agreed to do so.  Your firm
then refused to consent to us doing so.  Based on your email, it sounds like you wanted us to
take the additional step of volunteering to pay your fees.  Fees are discretionary and are to be
awarded to the party that prevails on the Rule 11 motion.  We are under no obligation to pay
your fees unless a Court so orders.  Given our willingness to withdraw the claim that you asked
to be withdrawn within the 21-day safe harbor, I believe we have complied with the rule.  If you
do not withdraw your motion, we will seek our fees for having to respond.

Your email also raises claims about related to the DMCA.  Because that is the subject of one of
your claims for relief in your counterclaim, I will forego addressing that for now, and we can
delve into it more when that issue is ripe.

Best,

**Dominic Shaw**
Attorney at Law



Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
Telephone:  (801) 456-7655
Facsimile:  (801) 456-7656
dshaw@mohtrial.com
www.mohtrial.com

This e-mail message is for the sole use of the intended recipient(s) and may contain privileged or confidential information.  Unauthorized
use, distribution, review or disclosure is prohibited. If you are not the intended recipient, please contact dshaw@mohtrial.com by reply
email and destroy all copies of the original message.

**From:** Shawn Mangano <Shawnmangano@bayramoglu-legal.com>
**Sent:** Tuesday, January 2, 2024 12:03 PM

**To:** Dominic Shaw <dshaw@mohtrial.com>; reid@cambridgelawcolorado.com;
doug@cambridgelawcolorado.com; Erik Olson <eolson@mohtrial.com>; travis@loyaliplaw.com;
Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** Litigation <litigation@bayramoglu-legal.com>; Elizabeth Cummings <elizabeth@bayramoglu-legal.com>
**Subject:** Re: Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and
DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Counsel:

We have considered Kammok Holdings, LLC's ("Kammok")  proposed to agree to a
stipulated, amended complaint under FRCP 15(a)(2). For several reasons, Easthills, Inc.
('Easthills") is unwilling to agree to such a request.

First, the copyright infringement claim was filed for a clearly improper purpose under the
DMCA, which Easthills believes needs to be redressed beyond simply amending the
Complaint without any associated repercussions. As alleged in Easthills' counterclaim,
significant financial harm was inflicted its Kickstarter crowdfunding campaign as a
result. Second, Kammok not only filed its unviable copyright infringement complaint in
this action, but it has maintained this claim for relief for months despite being advised it
is untenable and despite having been served with a the FRCP 11 Motion (the "Rule 11
Motion"). As you are aware, the Rule 11 Motion provided Kammok with 21 days to take
corrective action following receipt. Kammok, however, essentially took 20 days to even
propose any corrective action whatsoever in response. Finally, Easthills has incurred
significant attorneys' fees in attempting to secure the voluntary, or after service of the
Rule 11 Motion, the compelled withdrawal of Kammok's baseless copyright infringement
claim for relief. Recovery of Easthiils' attorneys' fees are not addressed in your proposed
stipulated amended Complaint. Accordingly,  Easthills will be proceeding with filing the
Rule 11 Motion.

Regards,

S

 

SHAWN
MANGANO
Attorney-at-Law

Admissions: Nevada & California

1540 West Warm Springs Road, Suite 100,
Henderson, NV 89014
(702) 462-5973
www.bayramoglu-legal.com

EVERY PERSON WHO
WALKS THROUGH
OUR DOOR IS
IMPORTANT TO US

**From:** Dominic Shaw <dshaw@mohtrial.com>
**Sent:** Thursday, December 28, 2023 3:51 PM
**To:** Shawn Mangano <Shawnmangano@bayramoglu-legal.com>; reid@cambridgelawcolorado.com
<reid@cambridgelawcolorado.com>; doug@cambridgelawcolorado.com
<doug@cambridgelawcolorado.com>; Erik Olson <eolson@mohtrial.com>; travis@loyaliplaw.com
<travis@loyaliplaw.com>; Deniz Bayramoglu <deniz@bayramoglu-legal.com>
**Cc:** Litigation <litigation@bayramoglu-legal.com>; Elizabeth Cummings <elizabeth@bayramoglu-
legal.com>
**Subject:** RE: Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and
DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Counsel,

Based on the below correspondence, we would like to file the attached proposed amended
complaint.  This amended complaint removes all allegations related to plaintiff's copyright claim.
The remainder of the amended complaint is identical to what was originally filed.

I believe this amended complaint should moot your request that plaintiff be "require[d] to dismiss its
copyright infringement claim."  Under FRCP 15(a)(2), we need your written consent before we may
file an amended complaint.  Please let us know if we have such consent.

Best,

**Dominic Shaw**
Attorney at Law



Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111r
Telephone:  (801) 456-7655
Facsimile:  (801) 456-7656
dshaw@mohtrial.com
www.mohtrial.com

This e-mail message is for the sole use of the intended recipient(s) and may contain privileged or confidential information. Unauthorized use, distribution, review or disclosure is prohibited. If you are not the intended recipient, please contact dshaw@mohtrial.com by reply email and destroy all copies of the original message.

**From:** Elizabeth Cummings <elizabeth@bayramoglu-legal.com>
**Sent:** Monday, December 11, 2023 10:44 AM
**To:** reid@cambridgelawcolorado.com; doug@cambridgelawcolorado.com; Erik Olson <eolson@mohtrial.com>; Dominic Shaw <dshaw@mohtrial.com>; travis@loyaliplaw.com
**Cc:** Litigation <litigation@bayramoglu-legal.com>
**Subject:** Case No. 1:23-cv-02405-CNS-MEH KAMMOK HOLDINGS, LLC v. EASTHILLS, INC., and DOES 1-10 Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Dear Counsel:

With regards to the above-referenced matter and in accordance with Fed. R. Civ. P. 5, attached for service please find Defendant Easthills, Inc.'s Motion for Sanctions pursuant to Fed. R. Civ. P. 11(b)(1)-(3) with supporting documents. Defendant Easthills, Inc. intends to file this motion with the Court within 21 days after service of the motion, as provided in Rule 11(c)(2). A copy of this motion and supporting documents was also sent to your offices via First Class Mail.


Thank you,
Elizabeth

