IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

### REPLY MEMORANDUM SUPPORTING MOTION FOR LEAVE TO AMEND

Plaintiff Kammok Holdings, LLC ("Kammok") submits this reply memorandum supporting its January 2, 2024 motion for leave to amend its complaint (ECF No. 21) (the "Motion to Amend").

### INTRODUCTION

The Court should grant leave to Kammok to amend its complaint, and reject the unavailing request of defendant Easthills, Inc. ("Easthills") to impose conditions on the amendment. As shown in the briefing of Easthills's motion for Rule 11 sanctions, Easthills is attempting to deprive Kammok of its safe harbor under Rule 11. Had Easthills complied with Rule 11, the Motion to Amend would not have been necessary. Easthills has no basis to request findings adverse to Kammok or otherwise to condition leave to amend. All of the requirements of Rule 15 are met and leave should be freely granted.

## RESPONSE TO EASTHILLS'S FACTUAL BACKGROUND

The opposition memorandum filed by Easthills contains a three-page factual background that is unsupported by any evidence.  It includes unsubstantiated allegations of bad faith, from which Easthills requests various findings and sanctions.  But as shown in the briefing of Easthills's motion for Rule 11 sanctions, Rule 11 proceedings cannot be used to litigate Easthills's DMCA counterclaim.  *See* Opposition to Defendant's Motion for Sanctions at 6–8 (ECF No. 34).  The same principle applies here.  Easthills cannot seek findings in support of its counterclaim through its opposition to the Motion to Amend.

Aside from the procedural and evidentiary failings of Easthills's opposition, the narrative included in the "factual background" also fails on the merits.  The thrust of the narrative presented by Easthills is that Kammok filed its original complaint in bad faith because Kammok "did not, and knew it did not have, a protectable copyright interest" in the sculptural designs included on a freestanding hammock that Kammok designed and sells.  Easthills does not cite any caselaw or evidence to support this position.  Instead, its argument seems to be based on Kammok's admission that it did not have a registered copyright for those sculptural designs.  However, a registered copyright is not necessary for a party to hold a protectible copyright interest. *See Otter Products, LLC v. Stage Two Nine, LLC*, 2019 WL 570642, *6 (D. Colo. 2019) ("Copyright registration is encouraged but it is not required.  An unregistered copyright is still subject to copyright protection." (citation omitted)); *see also Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 887 (2019) ("Under the Copyright Act of 1976, as amended, copyright protection attaches to 'original works of authorship' . . . 'fixed in any tangible medium of expression.'  An author gains 'exclusive rights' in her work immediately

upon the work's creation." (citation omitted)).  Easthills may believe that Kammok does not have a protectible copyright interest, but Kammok refutes those allegations.

In any event, none of this is germane to the Motion to Amend. All parties agree that Kammok should be allowed to amend its pleadings; it should be allowed to do so without the extraneous conditions Easthills seeks to impose in hopes of leveraging support for satellite litigation. Ultimately, Easthills's counterclaims will need to be litigated in due course, and not in connection with the Motion to Amend. The Motion to Amend should therefore be granted.

## ARGUMENT

### I. EASTHILLS AGREES THAT KAMMOK SHOULD BE ALLOWED TO WITHDRAW ITS COPYRIGHT INFRINGMENT CLAIM.

Easthills has failed to challenge the merits of the Motion to Amend, agreeing that Kammok should be allowed to amend its complaint.  Opposition to Plaintiff's Motion for Leave to Amend at 5 (ECF No. 33) ("Defendant asks this Court not to deny Plaintiff's amendment to withdraw the entirely the copyright infringement claim….") (*sic*).  Based on this concession, the Court should grant leave to Kammok to file the proposed amended complaint.

### II. EASTHILLS'S RULE 11 MOTION CANNOT BE USED TO IMPOSE CONDITIONS ON KAMMOK AMENDING ITS COMPLAINT.

Though Easthills agrees that Kammok should be permitted to amend its Complaint, it asks that the Court impose conditions on the Amendment. The Court should reject this request.

"In determining whether to impose conditions, the factors that are relevant to determining whether to grant leave initially may be considered." *Intl. Ass'n of Machinists and Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985).  *See also Graff v. Aberdeen Enters. II, Inc.*, 2018 WL 4517468, *6 (N.D. Okla. 2018) ("[T]he same factors that weigh in

3

favor of granting the Motion to Amend also weigh against [imposing the requested condition].”). The four factors relevant to a motion for leave to amend are: (1) undue delay, (2) undue prejudice, (3) bad faith or dilatory motive, and (4) failure to cure deficiencies in previous pleadings.  *See Frank v. U.S. West*, *Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Easthills fails to argue any of these factors as to the Motion for Leave to Amend itself. Its arguments and assertions of bad faith are not only wrong, but ultimately irrelevant, as they exclusively focus on the initial filing—not the request to Amend to withdraw the challenged claim. Easthills thus provides no basis for the conditions it proposes.

Indeed, the Court should not condition the approval of the Motion to Amend on any of the findings proposed by Easthills because such findings would breed the precise type of satellite litigation that Rule 11 is intended to prevent.  Rule 11 "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Tahfs v. Proctor*, 316 F.3d 584, 594–95 (6th Cir. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Satellite litigation occurs when a "Rule 11 inquiry would require the court . . . to assess the evidentiary support for the allegations made." *Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759, 768 (E.D. Wis. 2000).  This inquiry becomes cumbersome when "the evidentiary record has not been well-developed," and "the court would need to conduct a 'mini-trial' in order to decide the issue." *Id.*  This difficulty arises "when there is nothing before the court except the challenged complaint." *Tahfs*, 316 F.3d 584 at 594.  For this reason, Rule 11 was amended in 1993 to include a safe harbor period that "is designed to 'protect[] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects….'" *Kazazian v.*

4

*Emergency Service Physicians, P.C.*, 300 F.R.D. 672, 677 (D. Colo. 2014) (quoting *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006)).

  Easthills lacks a proper objection to Kammok amending its complaint. Instead, Easthills requests that the court ignore the safe harbor provision of Rule 11 and instead make findings adverse to Kammok. *See* Opposition to Plaintiff's Motion for Leave to Amend at 3 (ECF No. 33) (requesting a finding that "Plaintiff's copyright infringement claim was made without a basis in law or fact"). Easthills seeks this finding in support of its DMCA counterclaim, in which Easthills asserts that Kammok misrepresented its copyright rights to Kickstarter. *See id.* at 5 ("[S]imply permitting Plaintiff to [withdraw its claim], without any factual, legal, or evidentiary implications, serves to sanction the company's improper assertion of copyright rights to Kickstarter."). This is the precise type of satellite litigation that the 1993 amendment to Rule 11 was designed to avoid. As established above in Kammok's response to plaintiff's factual background, there is nothing before the court except the challenged complaint. This is not enough. Instead, Kammok is entitled to make use of Rule 11's safe harbor period and to withdraw its claim without reservation.

  Easthills argues that allowing Kammok to withdraw its claim would "serve[] to sanction the company's improper assertion of copyright rights to Kickstarter." *Id.* 5. This is not true. Easthills can still pursue its DMCA counterclaim after the parties have had the opportunity to develop evidence and arguments. The Court should not short circuit the litigation process by making a finding against Kammok at this early stage of the litigation.

5

## CONCLUSION

Based on the foregoing, the Court should grant the Motion to Amend, and reject Easthills request to impose conditions on the amendment.

DATED this 5th day of February, 2024.

BY:  /s/ Douglas N. Marsh
Reid J. Allred
Douglas N. Marsh

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelaw.com
doug@cambridgelaw.com

*Attorneys for Plaintiff*