# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

    Defendants.

---

**DEFENDANT EASTHILLS, INC.'S REPLY TO PLAINTIFF KAMMOK HOLDINGS, LLC'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

---

Defendant Easthills, Inc. ("Defendant"), by and through the Bayramoglu Law Offices LLC, hereby files this reply in support of Defendant's Motion for Sanctions.

## I.    INTRODUCTION

On January 2, 2024, Defendant filed its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (the "Motion") (Dkt. No. 19.) against Kammok Holdings, LLC's counsel Travis Banta, Reid J. Allred, Douglas N. Marsh, Erik A. Olson, Dominic W. Shaw and, Kammok's counsels' law firms Loyal Intellectual Property Law, Cambridge Law, and Marshall Olson & Hull, P.C. (Kammok's counsel and law firm are collectively referred to herein as "Kammok's Counsel" and collectively referred to herein with Kammok as the "Kammok Parties"). Defendant's Motion is based on the Kammok Parties' misrepresentation of its asserted copyright rights to Kickstarter, PBC ("Kickstarter") so that it could intentionally derail Defendant's crowdfunding campaign by improperly invoking and maintaining its

Digital Millennium Copyright Act (the "DMCA") takedown rights through the filing of a copyright infringement claim in this action. (Dkt. No. 1 at 6-7.)

The Kammok Parties filed the Complaint in this case with the underlying motive to use this action for the improper purpose of extending the DMCA takedown period for Defendant's Kickstarter crowdfunding campaign. The communication between counsel unquestionably establishes this fact. Specifically, after Kammok's counsel, Travis Banta or Loyal Intellectual Property Law submitted Kammok's DMCA takedown notice (the "DMCA Takedown Notice"), Defendant initiated communications with Kammok to advise it of the blatant deficiencies in its copyright infringement allegations and Kammock admitted that it initiated the DMCA takedown process to force Defendant to the negotiating table and coerce Defendant into entering an exclusive manufacturing and/or licensing agreement with Kammock.

By improperly asserting rights limited to registered copyright holders, despite Kammok and the Kammok Parties knowing they could not assert such rights, Kammok managed to secure the continued takedown of Defendant's crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA. While this conduct is certainly improper, the Kammok Parties' actions are even more contemptable because its counsel was repeatedly advised prior to filing the copyright infringement claim in this action that Kammok lacked a viable legal basis to commence suit because it had not secured a federal registration from the United States Copyright Office (the "USCO") to do so. (Dkt. No. 19-1 ¶¶ 5, 10, Exs. B-C.)

Even more atrocious, the Kammock Parties filed the Complaint on the same day they received refusal for copyright registration for the Kammock Cradle from the USCO.

(Declaration of Emily Heim ("Heim Decl.") Ex. H.) Moreover, Kickstarter also informed the Kammock Parties they could not pursue a copyright infringement lawsuit without first obtaining a copyright registration from the USCO and that a pending registration was insufficient to do so. (Heim Decl. Ex. I.) In sum, the Kammok Parties filed the copyright infringement claim in this action in bad faith and for the improper purpose of seeking to extend the DMCA takedown of Defendant's Kickstarter campaign, which resulted in the loss of at least $600,000 in pledged crowdfunding funds. (Dkt. No. 19-1 ¶ 14.)

In response to Defendant's Motion, Kammock has moved for leave to file an amended Complaint on the precipice of facing liability under Rule 11. (Dkt. No. 21.) Defendant has opposed Kammok's request for leave on the grounds that Kammok cannot summarily sweep its assertion of a copyright claim made without a sufficient factual or legal basis to do so under the proverbial judicial rug given Defendant's counterclaims for relief that are predicated on Kammok's improper assertion of this exact same claim for relief. (Dkt. No.33 at 2-3.)  The facts are crystal clear:

- Kammok has admitted in its responses to Defendant's first set of requests for admission that it had not secured a copyright registration prior to asserting its copyright infringement claim in this action (Heim Decl. Ex. J.);
- Kammok was advised by both Kickstarter and Defendant's counsel that it could not maintain a copyright infringement claim without having first secured a registration from the USCO (*Id.* Ex. I; Dkt. No. 19-1 Exs. I-J.);
- On the same day that Kammok filed its improper copyright infringement claim, the USCO denied its copyright application (Heim Decl. Ex. H.); and

3

- Despite knowing its copyright application had been denied by the USCO, Kammok relied on this claim in providing a copy of the Complaint to Kickstarter and it continued to maintain this unviable claim until Defendant's moved for sanctions under Rule 11.

In fact, it was not until the eleventh hour prior to expiration of the 21-day Rule 11 safe harbor that Kammok took any corrective action in response to Defendant's repeated cries that its copyright infringement claim was improper. While it appears that Defendant initiated its Rule 11 Motion a few hours prior to expiration of the 21-day safe harbor period, Defendant is not seeking monetary sanctions through its submission. Rather, Defendant is seeking a ruling from the Court that Kammok asserted its copyright infringement claim without a legal or factual basis to do so. Such a ruling is well within the Court's authority to do so – even on a *sua sponte* basis. Accordingly, Defendant requests the Court issue an Order concluding that the Kammock Parties asserted the company's copyright infringement claim without having a legal or factual basis to do so and did so for an improper purpose in violation of Rule 11(b)(2)-(3).

II. **APPLICABLE LEGAL STANDARDS**

The duties created by Rule 11 are relatively few and boil down to two basic categories. When presenting a pleading to the court, the presenter certifies that (1) the paper is not presented for an improper purpose; and (2) reasonable inquiry was made into the factual and legal contentions made. Defendant seeks sanctions against the Kammok Parties under Rule 11(b)(1)-(3). Specifically, Rule 11(b) states that an attorney certifies by submitting and filing a pleading that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:

4

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Fed. R. Civ. P. 11(b)(1)-(3).

The purpose of Rule 11 is "to deter baseless filings in district court and streamline the administration and procedure of the federal courts." *O'Rourke v. Dominion Voting Systems Inc.*, 552 F.Supp.3d 1168, 1185–1187 (D. Colo. 2021) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). Although sanctions are discretionary, courts "have a duty to apply sanctions in appropriate cases" to deter future frivolous filings. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

A Rule 11 motion directed toward a complaint involves a two-prong inquiry: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id*. The reasonableness of an attorney's inquiry is an objective standard which asks, "whether a reasonable attorney admitted to practice before the district court would file such a document." *Id. (citing Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015) (quoting *Adamson v. Bowen*, 855 F. 2d 668, 673 (10th Cir.

1988)). Rule 11 sanctions do not require a finding of subjective bad faith on the part of the offending counsel. *Greeley Pub. Co. v. Hergert,* 233 F.R.D. 607, 610–612 (D. Colo. 2006) (see *Scott v. Boeing Co.,* 204 F.R.D. 698, 700 (D.Kan.2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness)). Plaintiff's counsel has a "personal, nondelegable responsibility" to comply with the requirements of Rule 11 before signing a complaint." *See O'Rourke*, 552 F.Supp.3d at 1186 (citing *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 127 (1989)).

### III. ARGUMENT

As argued below, the Kammok Parties have clearly and indisputably violated the requirements of Rule 11 by filing Kammok's copyright infringement claim without having first obtained a federal copyright registration as required by Supreme Court precedent. *See Fourth Estate Public Benefit Corp.,* 139 S.Ct. at 887. Moreover, the Kammok Parties improperly asserted Kammok's copyright infringement claim, without having first secured the required federal copyright registration, for the improper purpose of using the Complaint as a basis to further delay the reinstatement of Defendant's Kickstarter crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c). In doing so, the Kammok Parties have filed the company's copyright infringement claim in this case for an improper purpose, without a legal basis, and without evidentiary support. *See* Fed. R. Civ. P. 11(b)(1)-(3). Accordingly, the Kammok Parties should be sanctioned, and an Order entered finding that Kammok's copyright infringement claim was brought without a factual or legal basis and in violation of Federal Rule of Civil Procedure 11.

### a. The Kammok Parties Asserted the Copyright Infringement Claim for an Improper Purpose in Violation of Rule 11(b)(1).

The Kammock Parties unquestionably filed the copyright infringement claim, without a legal or factual basis for doing so, and for the specific improper purpose of continuing the takedown of Defendant's Kickstarter crowdfunding campaign. The Kammock Parties began their crusade with its improper DMCA Takedown Notice Kammok so it could apparently get Defendant's "attention" and bring it to "the negotiating table . . . ." (Dkt. No. 19-1, Ex. D.) Moreover, Kammok's counsel, Travis Banta, confirmed that Kammok "did not have any copyright . . . registrations or applications pending." (*Id.* ¶ 10, Ex. C at 2.) Mr. Banta was further advised that Kammok could not assert a copyright infringement claim without having first secured a federal copyright registration for the asserted work. (*Id*.) Yet, the Kammock Parties doubled down on their efforts by refusing to withdraw the improper DMCA claim and filing a copyright infringement action without having secured necessary rights to do so. Kammock has even admitted then when it filed its Complaint it had not secured the issuance of a federal copyright certificate of registration from the USCO. (Heim Decl. Ex. H.) Filing a copyright infringement action without having secured necessary rights to do so is subject to sanctions under Rule 11. *See Lloyd v. Schlag*, 884 F.2d 409, 412–13 (9th Cir. 1989).

The Kammok Parties brought this action for the improper purpose of using the Complaint as a basis to further delay the reinstatement of Defendant's Kickstarter crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA. This is a hallmark example of using statutory remedies for a clearly improper and anticompetitive purpose. To conclude otherwise would sanction a direct competitor's use of the DMCA to force

negotiations without required statutory justification. Accordingly, the Court should conclude that the Kammok Parties have asserted the copyright infringement claim in this action for an improper purpose in violation of Rule 11(b)(1).

### b. Withdrawing a Claim Does Not Expunge a Rule 11 Violation.

The Kammok Parties argue in the Opposition to Defendant's Motion for Sanctions that since they have agreed to withdraw the infringement claim within the 21-day notice period they are no longer susceptible to Rule 11 sanctions. (Dkt. No. 34 at 3-6.) However, "the 'violation of Rule 11 is complete when the paper is filed,' a voluntary dismissal does not expunge the Rule 11 violation." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (citing *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (CA7 1987)). Nothing in the language of "Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after" a claim is withdrawn. *Id.* Therefore, this Court has "the authority to consider whether there has been a violation of the signing requirement [of Rule 11] regardless of the dismissal of the underlying action." *Id.*

As explained above, the filing of "complaints, papers, or motions without taking the necessary care in their preparation is" an abuse the judicial system, subject to separate sanction. *Cooter & Gell*, 496 U.S. at 398. Baseless filing, like Kammok's copyright infringement claim, puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. *Id.* However, "[e]ven if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred." *Id.* Therefore, the Kammock Parties' improper conduct and violation of Rule 11 merits sanctions even after voluntarily withdrawing its infringement claim.

Not only would Rule 11 sanctions on the Kammock Parties be legally proper, "the imposition of such sanctions on abusive litigants is useful to deter such misconduct." *Cooter & Gell*, 496 U.S. at 398. "If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.'" *Cooter & Gell*, 496 U.S. at 398 (citing Amendments to Federal Rules of Civil Procedure, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules) (Mar. 9, 1982)). Simply permitting Plaintiff to withdraw its claim, without any factual, legal, or evidentiary implications, simply enables Kammok's improper assertion of copyright rights to Kickstarter so that it could intentionally derail Defendant's crowdfunding campaign by improperly invoking and maintaining its DMCA takedown rights through the filing of an improper copyright infringement claim in this action. Sanctions against the Kammock Parties would deter Kammock in the future from using statutory remedies for clearly improper and anticompetitive purposes.

"[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *See Cooter & Gell*, 496 U.S. at 396. The Kammock Parties have abused the judicial process and should be sanctioned under Rule 11. In this regard, Defendant is not seeking an award of attorney's fees and costs in conjunction with this Motion. Rather, Defendant asks this Court to enter an Order finding the Kammock Parties asserted Kammok's copyright infringement claim without having a legal or factual basis to do so and did so for an improper purpose in violation of Rule 11(b)(2)-(3).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court enter an Order finding Kammok and the Kammok Parties violated Rule 11(b)(2)-(3) by asserting a copyright infringement claim without having a legal or factual basis to do so and did so for an improper purpose.

DATED: February 6, 2024

Respectfully submitted,

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO, ESQ.
(Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404

## CERTIFICATE OF SERVICE

I, hereby certify that on February 6, 2024, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered the foregoing by electronic means to all counsel of record.

By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Bayramoglu Law Offices LLC