IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

    Defendants.

**DECLARATION OF EMILY HEIM IN SUPPORT OF DFENDANT EASTHILLS, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS**

    I, Emily Heim, of the City of Tampa, in the State of Florida, declare as follows:

    1.    I am an attorney at law, duly admitted to practice before, among other courts, all federal and state courts within the State of Florida and the United States District Court for the District of Colorado. I am one of the attorneys for Defendant EASTHILLS, INC. ("Defendant") in this action. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify thereto.

    2.    This declaration is submitted in support of Defendant's Reply in Support of Defendant's Motion for Sanctions (the "Reply"), which supports imposing sanctions against Plaintiff Kammok Holdings, LLC ("Kammok"), Kammok's counsel Travis Banta, Reid J. Allred, Douglas N. Marsh, Erik A. Olson, Dominic W. Shaw and, Kammok's counsels' law firms Loyal Intellectual Property Law, Cambridge Law, and Marshall Olson & Hull, P.C. (Kammok's counsel and law firm are collectively referred to herein as

"Kammok's Counsel" and collectively referred to herein with Kammok as the "Kammok Parties").

3. Defendant filed its Motion for Sanctions Pursuant to Fed. R. Civ. P 11 based on the Kammok Parties' misrepresentation of its asserted copyright rights to Kickstarter, PBC ("Kickstarter") so that it could intentionally derail Defendant's crowdfunding campaign by improperly asserting a copyright infringement claim without having secured a federal copyright registration through the United States Copyright Office (the "USCO") by invoking and maintaining its Digital Millennium Copyright Act ("DMCA") takedown rights through the filing of the Complaint in this action. (Dkt. No. 1 at 6-7.) After submission of Defendant's Counter-Notice, the only way for Kammok to extend the takedown of Defendant's Kickstarter campaign would be to file a copyright infringement claim within 10-days of receipt of the Counter-Notice as set forth in 17 U.S.C. § 512(g)(2)(c) of the DMCA.

4. Kammok, through one or more of the Kammok Parties, initiated this lawsuit on September 14, 2023 seeking, among other things, relief for copyright infringement. Kammok filed the Complaint on the same day it received refusal of its copyright registration application for the Kammok Cradle from the USCO. Attached hereto as Exhibit H is a true and correct copy of the September 14, 2023 correspondence from the USCO denying Kickstart's copyright application, which was produced by Kammok in response to Defendant's First Set of Request for Production of Documents.

5. Kammok maintained its lawsuit even after Kickstarter also informed the Kammock Parties they could not pursue a copyright infringement action without having first obtained a copyright registration from the USCO and that a pending registration was insufficient to do so. Attached hereto as Exhibit I is a true and correct copy of the

September 28, 2023 correspondence from Kickstarter, which was produced by Kammok in response to Defendant's First Set of Request for Production of Documents.

6.      Controlling United States Supreme Court precedent requires that a party asserting a copyright infringement claim must have obtained federal registration of the asserted work unless one or more very limited exceptions applies – all of which do not apply to this action.  However, Kammok has admitted in its responses to Defendant's First Set of Requests for Admissions that it had not secured a copyright registration prior to asserting its copyright infringement claim in this action.  Attached hereto as Exhibit J is a true and correct copy of Plaintiff's Answers to Defendant's First Set of Requests for Admissions, which was produced by Kammock in response to Defendant's First Set of Request for Admissions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: February 6, 2024

By: */s/ Emily Heim*
Emily Heim, Attorney
BAYRAMOGLU LAW OFFICES LLC