# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION

Plaintiff Kammok Holdings LLC ("Kammok") respectfully submits the following responses and objections to the first set of requests and first set of requests for admission directed to Kammok by defendant Easthills, Inc. ("Easthills"). Kammok generally objects to all of the requests on the ground that they call for privileged information and documents protected by the work product doctrine and the attorney-client privilege.

### REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Admit that You received a copy of the Counter-Notice.

**Response:** Admit.

**Request for Admission No. 2:** Admit that a true and correct copy of the Counter-Notice is attached hereto as Exhibit "2".

**Response:** Deny. The Counter-Notice was not attached to any written discovery request issued by Easthills.

**Request for Admission No. 3:** Admit that when You caused the Complaint to be filed in this Action You had not secured issuance of a federal copyright certificate of registration from the USCO for any alleged protectable original expression reflected in the Swiftlet.

**Response:** Kammok admits that it did not secure issuance of a federal copyright certificate of registration prior to filing the Complaint. Kammok denies any allegation that it did not have a protectable interest in original expressions reflected in the Swiftlet.

**Request for Admission No. 4:** Admit that when You caused the Complaint to be filed in this Action You had not filed an application for issuance of a federal copyright certificate of registration from the USCO for any alleged protectable original expression reflected in the Swiftlet.

**Response:** Deny.

**Request for Admission No. 5:** Admit that as of September 12, 2023, You had not filed an application for issuance of a federal copyright certificate of registration from the USCO for any alleged protectable original expression reflected in the Swiftlet.

**Response**: Deny.

**Request for Admission No. 6:** Admit that Your allegation asserted in Paragraph 39 of the Complaint was factually untrue at the time this Action was commenced on September 14, 2023.

**Response:** Deny.

**Request for Admission No. 7:** Admit that You did not have a reasonable expectation that the USCO would issue a federal copyright certificate of registration for any alleged protectable original expression reflected in the Swiftlet as of September 14, 2023.

**Response:** Deny.

**Request for Admission No. 8:** Admit that Your application for a federal certificate of registration from the USCO for any alleged protectable original expression reflected in the Swiftlet that related to the allegations asserted in Paragraph 39 of the Complaint was denied.

**Response:** Deny.

**Request for Admission No. 9:** Admit You were aware that Kickstarter notified Defendant through electronic correspondence on September 15, 2023 that it would not be reinstating the Campaign because it had received notice from You that the Complaint that had been filed in this Action.

**Response:** Admit.

**Request for Admission No. 10:** Admit that You were advised that You lacked a federal copyright certificate of registration from the USCO to viably assert a copyright infringement claim for relief against Defendant prior to September 14, 2023.

**Response:** Admit that defendant's counsel argued that plaintiff lacked a federal copyright certificate of registration from the USCO to viably assert a copyright infringement claim for relief against defendant prior to September 14, 2023. However, the validity of the advice of Easthills' counsel is a conclusion of law and Kammok denies that the conclusion of law of Easthills' counsel was correct.

To the extent that Easthills is requesting that Kammok admit the accuracy of counsel's argument, such a request is improper. *See Cunningham v. Standard Fire Ins. Co.*, 2008 WL 2247860 *2 (D. Colo. 2008) ("[R]equests for admission relating to the truth of a legal conclusion are properly objectionable.").

3

Kammok denies any remaining allegations in request for admission no. 10.

**Request for Admission No. 11:** Admit that Defendant is Your direct Competitor.

**Response:** Admit that Easthills is attempting to compete with Kammok by selling personal hammocks that violate Kammok's intellectual property. Kammok denies the remainder of the allegations in request for admission no. 11 because Kammok does not have sufficient information regarding where and how Easthills does business.

**Request for Admission No. 12:** Admit that You have not secured any federal trade dress registration rights from the USPTO for Swiftlet.

**Response:** Admit.

**Request for Admission No. 13:** Admit that the Swiftlet clamshell hammock holder anchor point serves at least one functional purpose.

**Response:** Deny. Kammok objects to the language "clamshell hammock holder anchor point," which is vague and ambiguous.

**Request for Admission No. 14:** Admit that the Swiftlet anchor point sculptural designs serve at least one functional purpose.

**Response:** Deny.

**Request for Admission No. 15:** Admit that You asserted the copyright infringement claim for relief in this Action to delay reinstatement of Defendant's Kickstarter Campaign pursuant to 17 U.S.C. § 512(g)(2)(c) of the DMCA.

**Response:** Deny.

4

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Produce all applications for issuance of a federal copyright certificate of registration from the USCO for any alleged protectable original expression reflected in the Swiftlet.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 2:** Produce all Communications with the USCO that Relate to the Swiftlet.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 3:** Produce all Communications with Kickstarter that Relate to Defendant.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 4:** Produce all Communications with Kickstarter that Relate to the Campaign.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 5:** Produce all communications with any third-party that relate to Defendant.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 6:** Produce all Documents that Relate to Your claim for damages in this Action.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 7:** Produce all Documents that Relate to Your claim for damages for copyright infringement in this Action.

**Response:** As reflected in Kammok's January 2, 2024 motion for leave to amend complaint, Kammok intends to voluntarily dismiss its copyright infringement claim. Thus, Kammok does not currently intend to pursue any claim for damages related to copyright infringement. Thus, Kammok has no documents to produce in response to request for production no. 7.

Kammok reserves the right to supplement this answer if it is unable to dismiss its claim, or if through the course of discovery, it learns facts that would support the reinstatement of its copyright infringement claim.

**Request for Production No. 8:** Produce all Documents that Relate to Your claim for damages for trade dress infringement in this Action.

6

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 9:** Produce all federal copyright certificate of registration issued by the USCO that Relate to the Swiftlet anchor point sculptural designs.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 10:** Produce all federal copyright certificate of registration issued by the USCO that Relate to the Swiftlet clamshell hammock holder.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 11:** Produce all Documents Identified in Your Initial Disclosures submitted pursuant to Federal Rule of Civil Procedure 26 in this Action.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 12:** Produce all Documents Identified in Your responses to any interrogatory propounded in this Action.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 13:** Produce all design and development Documents that Relate to the functionality of the Swiftlet anchor point sculptural designs.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 14:** Produce all design and development Documents that Relate to the functionality of the Swiftlet clamshell hammock holder.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 15:** Produce all Documents that Relate to Your allegation that "copyright registration was expected to be issued" for the Swiftlet as asserted in Paragraph 40 of the Complaint as of September 14, 2023.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 16:** Produce all Documents that Relate to Your allegation that "copyright registration was expected to be issued" for the Swiftlet anchor point sculptural designs as asserted in Paragraph 40 of the Complaint as of September 14, 2023.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 17:** Produce all Communications that Relate to Your allegation that "copyright registration was expected to be issued" for the Swiftlet clamshell hammock holder as asserted in Paragraph 40 of the Complaint as of September 14, 2023.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 18:** Produce all communications that Relate to the DMCA Takedown Notice.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 19:** Produce all Documents that Relate to Your decision to assert the copyright infringement claim for relief in this Action without having a federally issued certificate of registration to do so from the USCO.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Request for Production No. 20:** Produce all Documents that Relate to any attempts to delay reinstatement of Defendant's Kickstarter Campaign pursuant to 17 U.S.C. § 512(g)(2)(c) of the DMCA.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

DATED this 2nd day of February, 2024.

        BY: /s/ Reid J. Allred
            Reid J. Allred

Douglas N. Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*