IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## MOTION TO STRIKE DEFENDANT'S AMENDED COUNTERCLAIM

Pursuant to Rules 7 and 12(f) of the Federal Rules of Civil Procedure, Plaintiff Kammok Holdings, LLC ("Kammok") moves the Court for an order striking the Amended Counterclaims of Defendant Easthills, Inc. ("Easthills").

## INTRODUCTION

On February 7, 2024, Kammok filed its Amended Complaint, which removed a claim for copyright infringement that had been asserted in the initial complaint and made no other changes or additions to the claims or allegations previously raised. *See* ECF No. 38.

On February 29, 2024, Easthills filed an Answer to Kammok's Amended Complaint. *See* ECF No. 41. In this Answer, Easthills impermissibly added new counterclaims and joined three additional parties: all three of the law firms that have represented Kammok in the course of this dispute with Easthills.

Absent leave of the Court, a defendant may amend its counterclaim in response to an amended complaint only if the amended complaint changes the scope or theory of the case. Kammok's amended complaint did neither; thus, Easthills was required to file a motion for leave to amend before amending its counterclaim to add new claims for relief and new defendants. Easthills failed to do so, and for that reason, its amended counterclaim must be stricken.

## ARGUMENT

### I. EASTHILLS AMENDED ITS COUNTERCLAIMS WITHOUT THE WRITTEN CONSENT OF KAMMOK AND WITHOUT LEAVE OF THE COURT.

The Court should strike Easthills's amended counterclaim because it filed that pleading without the consent of Kammok and without leave of the Court. Rule 15 states that a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Neither the Supreme Court nor the Tenth Circuit has addressed whether a defendant may file amended counterclaims . . . as of right in response to an amended complaint or whether and to what extent they must seek leave to file an amended pleading pursuant to Rule 15(a)(2)." *Menapace v. Alaska Nat'l Ins. Co.*, No. 20-cv-00053-REB-STV, 2021 WL 2012324 *6 (D. Colo. May 20, 2021). However, "[c]ourts in this District that have considered the issue have consistently . . . permit[ted] a defendant to plead new counterclaims and affirmative defenses without leave of the Court when a plaintiff files an amended complaint ***that changes the theory or scope of the case***. . . ." *Id.* at *7 (emphasis added). "The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-cv-01511-WYD-BNB, 2016 WL 1258552 *3 (D. Colo. Mar. 31, 2016) (internal quotations removed) (alteration in original). *See also*

*Woods v. Nationbuilders Ins. Services, Inc.*, No. 11–cv–02151-CMA-KMT, 2014 WL 1213381 *2 (D. Colo. Mar. 24, 2014) (striking defendants' answer because they failed to seek leave to amend their answer in response to plaintiff's amended complaint).

Removing allegations typically will not change the scope or theory of a case. In *Port-A-Pour*, for example, a plaintiff amended its complaint by removing its patent infringement claim. *Id.* at *3. The amendment "did not add any new facts, and deleted the facts regarding the patents." *Id.* The court ruled that removing a claim "did not expand the scope of the litigation" but that it instead "narrowed the issues in the case." *Id.* Thus, the court ruled that "Defendants were required to seek leave of court pursuant to Rule 15 to file new affirmative defenses and counterclaims." *Id.* Because the defendants had not sought such leave, their entire pleading was stricken. *Id.* at *4.

In *Menapace*, moreover, the plaintiff amended its complaint by adding 177 new allegations to the complaint. 2021 WL 2012324 at *7. Yet even these new allegations merely supported a claim of bad faith that already existed within the complaint. *Id.* at 7–8. Thus, the Court reasoned, the defendant was "'not forced to respond to an entirely new cause of action or theory of recovery' as a result of the Second Amended Complaint and, accordingly, was not entitled to assert new affirmative defenses or counterclaims in response to the Second Amended Complaint without obtaining leave of the Court." *Id.* at 8.

Here, the circumstances are such that Easthills was required to move for leave prior to amending its counterclaims to add new claims and new parties. On February 6, 2024, the Court granted, in part, Kammok's motion for leave to amend its complaint. *See* ECF No. 36. Kammok's Amended Complaint "remove[d] Kammok's copyright infringement claim against

3

defendant Easthills, Inc." *See* Motion for Leave to Amend Complaint (ECF No. 21) at 1. The Amended Complaint made no other changes to the original complaint. *Id.* The removal of a single cause of action, without the addition of any new claims or allegations, does not change the scope or theory of the case, and Easthills was therefore required to follow Rule 15(a)(2) in order to amend its counterclaims.

Easthills did not comply with either provision permitting amendment under Rule 15(a)(2). Easthills did not ask Kammok for written consent to amend its Counterclaims, nor did Easthills seek leave from the Court to do so. Yet, when Easthills answered the Amended Complaint, Easthills made major revisions to its Counterclaims. Easthills's original Counterclaims included five claims for relief. *See* Answer and Counterclaim (ECF No. 9) at 16–24. In its original Counterclaims, Easthills sought relief from Kammok only. *Id.* In Easthills's Answer to the Amended Complaint, by contrast, Easthills brought six claims for relief and adds three new defendants—the three law firms that have represented Kammok in its dispute with Easthills. *See* Answer to Amended Complaint (ECF No. 41) at 19–30. Because Easthills amended its counterclaims without first filing a motion for leave to amend or obtaining Kammok's consent, the Court should strike the Amended Counterclaims in their entirety.

## CONCLUSION

Based on the foregoing, the Court should strike the Amended Counterclaims.

DATED this 21st day of March, 2024.

        BY:    /s/ Erik A. Olson
              ERIK A. OLSON

Reid J. Allred
Douglas N. Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelaw.com
doug@cambridgelaw.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*