IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

### MOTION TO EXTEND TIME TO FILE A RESPONSIVE PLEADING

Pursuant to Rules 6 and 7 of the Federal Rules of Civil Procedure and D.C.Colo.LCivR 6.1, Plaintiff Kammok Holdings, LLC ("Kammok") moves the Court for an order extending the time for Kammok and its law firms—whom Easthills improperly joined as Counterclaim Defendants without leave of court—to file a responsive pleading to the Amended Counterclaims of Defendant Easthills, Inc. ("Easthills").

### ARGUMENT

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). Under Rule 6, good cause "generally means a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." *Minner v. Office Depot, Inc.*, 336 F.R.D. 213, 217 (D. Colo. 2020). "[S]howing good cause is not a particularly demanding requirement." *Id.*

Here, Kammok's Answer to the Amended Counterclaims is due on March 21, 2024, twenty-one days after it was served with the Amended Counterclaims. *See* Fed. R. Civ. P. 12(a)(1)(A). Additionally, Easthills has caused its improperly Amended Counterclaims to be served on three new Counterclaim Defendants—the three law firms who have represented Kammok in the course of its dispute with Easthills. Kammok filed a motion to strike Easthills' Amended Counterclaims because the Amended Counterclaims were filed in contravention of Rule 15 of the Federal Rules of Civil Procedure. The motion to strike will not be resolved prior to March 21, 2024. If Easthills' Amended Counterclaims are stricken, then it would be a waste of the Court's time and resources if Kammok and the three improperly joined Counterclaim Defendants are made to answer the Amended Counterclaims. Thus, the Court should extend all deadlines for answering the Amended Counterclaims until three weeks after Kammok's motion to strike is resolved.

Pursuant to D.C.Colo.LCivR 6.1, Kammok states that the Court has previously granted only one other extension, resetting the Scheduling Conference in this matter. *See* ECF No. 13. Counsel further certifies that a copy of this Motion is being served contemporaneously by counsel upon Plaintiff.

**CONCLUSION**

Based on the foregoing, the Court should grant to all Counterclaim Defendants three weeks following the resolution of Kammok's motion to strike in which to answer the Amended Counterclaims.

DATED this 20th day of March, 2024.

        BY:   /s/ Erik A. Olson
              ERIK A. OLSON

Reid J. Allred
Douglas N. Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelaw.com
doug@cambridgelaw.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*