## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

     Plaintiff,

v.

EASTHILLS, INC.; and DOES 1-10,

     Defendants.

---

## DEFENDANT EASTHILLS, INC.'S MOTION FOR LEAVE
## TO AMEND COUNTERCLAIMS

---

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendant Easthills, Inc. ("Easthills") through its counsel Bayramoglu Law Offices LLC, moves for leave to amend its Counterclaims to add Loyal IP Law, P.C. ("Loyal IP") as a counterclaim defendant.

The Court should grant Easthills leave to amend its Counterclaims. Easthills' proposed Answer, Affirmative Defenses and Amended Counterclaims to First Amended Complaint ("Amended Counterclaims") is attached hereto as Exhibit "A". After receiving discovery responses from Plaintiff Kammok Holdings, LLC ("Kammok") Easthills has now determined that Loyal IP acted in concert with Kammok to intentionally interfere with Easthills' crowdfunding campaign through Kickstarter, PBC ("Kickstarter"). Thus, Easthills seeks to amend its original Counterclaims to add Loyal IP as a counterclaim defendant.

---

DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON TRADE DRESS INFRINGEMENT
CLAIM FOR RELIEF

CASE NO. 2: 23-cv-02405-SKC-MEH

Pursuant to D.C. COLO. LCivR 7.1(a) and Fed. R. Civ. P. 15(a)(2), counsel for Easthills has sought consent from and conferred with Kammok's counsel to file its Amended Counterclaims. Counsel for the parties had a lengthy telephone conference on Wednesday, March 27, 2024 and they have engaged in additional email communications discussing whether an agreement could be reached concerning the proposed Amended Counterclaims; however, Kammok has refused to consent to Easthills' filing of the Amended Counterclaims. Therefore, Easthills seeks leave from the Court to file its Amended Counterclaims. The Court should grant Easthills' Motion for Leave in order to file its Amended Counterclaims because it is timely, Kammok will not be prejudiced, the Amended Counterclaims are made in good faith and not for dilatory motives, and such amendments would not be futile.

## I. **INTRODUCTION**

From the inception of this dispute, Easthills has advised Kammok and its counsel, Loyal IP that Kammock lacked a legal and factual basis to maintain its copyright infringement claim against Easthills. These communications have also been provided to Kammok through the Digital Millennium Copyright Act (the "DMCA") counter-notice provisions. Despite these crystal-clear warnings, Kammok continued to maintain its jurisdictionally unviable copyright infringement claim. Much to Easthills' dismay, it was forced to serve a motion pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") [Dkt. No. 19], when Kammock failed to take any corrective action despite Easthills' repeated warnings that Kammok's copyright

1

infringement claim lacked a required legal and factual basis to be maintained.

In the face of these circumstances, Kammok moved for leave to file an amended Complaint to remove its copyright infringement claim on the precipice of facing liability under Rule 11. Easthills opposed Kammok's motion in order to bring Kammok's intentional misrepresentation of its copyrights under the DMCA to the Court's attention and not permit Kammok to summarily sweep its assertion of a copyright claim made without a sufficient factual or legal basis to do so under the proverbial judicial rug, despite Easthills' assertions of claims for relief that are predicated on Kammok's improper conduct directly related to Easthills' very same claim for relief. As a result, the parties entered into a Joint Stipulation [Dkt. No. 40] where Kammok has admitted that: (1) it failed to apply for preregistration with the USCO before filing suit; (2) that it had failed to secure registration of the copyrighted work before filing suit; (3) that having filed its copyright application two days before commencing suit, accompanied by the statement in the Complaint that "a copyright registration is expected to be issued[]" [Dkt. No. 1 ¶ 40], it had not availed itself of, and did not avail itself of, the procedures available for maintaining a copyright infringement suit upon issuance of denial of its application by the USCO; and (4) that, at the time it filed its copyright infringement action, it had not complied with the requirements of 17 U.S.C. § 411(a) or with the United States Supreme Court precedent cited by Easthills in its Motion for Sanctions [Dkt. No. 19] and did not satisfy those requirements thereafter (the "Joint Stipulation).

DEFENDANT'S MOTION FOR LEAVE TO AMEND         CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS

## II.  FACTUAL BACKGROUND

The parties are competitors in the personal hammock industry. Easthills initiated a crowdfunding campaign through Kickstarter for the launch of certain personal hammock products that would inevitably compete with Kammok's products.  Easthills generated significant crowdfunding interest for its campaign and was on target to satisfy its campaign fundraising goal, which would result in the raised funds being released to the company by Kickstarter. Once Kammok became aware of Easthills' Kickstarter campaign, Kammok sought to interfere with the campaign's success.  Kammok accomplished this goal by sending Kickstarter a DMCA takedown notice (the "Takedown Notice") claiming that Easthills' products infringed upon its copyrighted work.

At the time the Takedown Notice was submitted to Kickstarter, Kammok did not have, and the company knew it did not have, a protectable copyright interest in the particular model of personal hammock being asserted as the copyright protected work. Kammok has admitted these facts as set forth in the Joint Stipulation [Dkt. No. 40.] At the time the Takedown Notice was submitted to Kickstarter, Kammok did not have, and the company knew it did not have, a registered copyright issued by the USCO for the particular model of personal hammock being asserted as the copyright protected work. Kammok has admitted these facts as set forth in the Joint Stipulation [Dkt. No. 40.] The Takedown Notice was submitted by Travis Banta, Esq., of Loyal IP on behalf of Kammok.

DEFENDANT'S MOTION FOR LEAVE TO AMEND          CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS

Kammok's Takedown Notice additionally contained claims that Easthills' products violated its trade dress and patent rights, both of which are not subject to DMCA protection. Immediately prior to Kammok's submission of the Takedown Notice to Kickstarter, Easthills' crowdfunding campaign had raised the sum of $1,800,000. After Kickstarter suspended Easthills' crowdfunding campaign in response to Kammok's Takedown Notice, Easthills' crowdfunding campaign decreased to the sum of $1,200,000 due to investor withdrawals.

Upon receiving the Takedown Notice from Kickstarter, Easthills counsel contacted Kammok's counsel and engaged in telephone conversations and written correspondence that advised Kammok of the blatant deficiencies in its copyright infringement allegations. Travis Banta of Loyal IP participated in these telephone conversations on behalf of Kammok. During one initial communication between the parties, Mr. Banta indicated that the company had initiated the DMCA takedown process as a means for bringing Eashills to the negotiating table so that an exclusive manufacturing and/or licensing agreement could be entered into between the parties. These statements were made by Mr. Banta of Loyal IP and made on behalf of Kammok. Kammok took no corrective action in response to being advised of the blatant deficiencies in its copyright infringement allegations, nor in its trade dress and patent infringement allegations.

Eashills submitted a timely DMCA counter notice (the "Counter Notice") to Kickstarter explaining why Kammok did not have a legitimate and viable copyright

4

protectable interest in and to the particular model of personal hammock being asserted as the copyright protected work and that it had not secured a federal registration for the work from the USCO. Easthills' Counter Notice further advised Kickstarter that Kammok had intentionally instituted the takedown request for an improper purpose and requested immediate reinstatement of its crowdfunding campaign. Kammok, understanding that Kickstarter was statutorily compelled to reinstate Easthills' campaign if it had not received notice of commencement of a lawsuit in not less than 10-days and not more than 14-days after notification of the Counter Notice, filed the underlying Complaint in this action.

Kammok filed the Complaint in this action intentionally and with knowledge that it had not secured a federal copyright registration from the USCO for the alleged infringed work despite the clear jurisdictional requirement that such a registration be obtained in order to assert a claim for copyright infringement. On information and belief, Loyal IP additionally participated in the decision to file the Complaint on behalf of Kammok. In this regard, Travis Banta of Loyal IP continued to pressure Kickstarter to continue the suspension of Easthills' crowdfunding campaign.

Kammok's own allegations in its Complaint expressly admit that it had not obtained a federal copyright registration for the alleged infringed work at the time this action was filed. Kammok has also admitted these facts as set forth in the Joint Stipulation [Dkt. No. 40.] In addition to its meritless copyright infringement claim,

5

Kammok's Complaint additionally contained a meritless trade dress claim for relief – both of which are not subject to the DMCA. However, Mr. Banta of Loyal IP forwarded the Complaint to Kickstarter seeking to further hinder the reinstatement of Easthills' campaign despite knowing that it did not meet the jurisdictional requirements to maintain a copyright infringement action. Mr. Banta of Loyal IP repeatedly pressured Kickstarter to continue to suspend Easthills' crowdfunding campaign despite knowing the Complaint lacked the jurisdictional requirements to maintain a copyright infringement claim for relief.

In sum, Kammok's Complaint was filed in this action in bad faith and with knowledge that multiple claims lacked a sufficient legal and/or factual basis to be filed. In fact, it was filed for the ulterior purpose of interfering with Easthills' crowdfunding campaign. Kammok and Mr. Banta of Loyal IP acted in concert to file and maintain the patently jurisdictionally flawed copyright infringement claim in blatant disregard for Easthills' rights, including its rights under the DMCA. In response, Easthills has responded to Kammok's First Amended Complaint and propounded its own counterclaims against Kammok and the Kammok Attorneys for violation of 17 U.S.C. § 512, intentional interference with prospective business relations, and civil conspiracy.

### III.  LEGAL STANDARDS

After the expiration of the 21 days or after a response has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's

DEFENDANT'S MOTION FOR LEAVE TO AMEND          CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS

leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (*quoting Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

The Court should grant Easthills' Motion upon proper application of the foregoing standards.

## IV.  ARGUMENT

The Court should freely grant Easthills leave to amend its Counterclaims because all of the factors weigh in favor of amendment. First, Easthills has not unduly delayed filing its Amended Counterclaims. Kammok was granted leave to file an Amended Complaint which requires Easthills to file an answer within 21 days.  In response to Kammoks' Amended Complaint and Kammok's discovery responses to Easthills' various discovery requests Easthills seeks to amend its

DEFENDANT'S MOTION FOR LEAVE TO AMEND          CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS

Counterclaims. Easthills avers that facts supporting its Amended Counterclaims were acquired after the parties began exchanging discovery. Easthills has not been dilatory in seeking leave to amend because its present Motion for Leave has been filed within the deadline to file its response to Kammok's Amended Complaint. *See Sinker v. Travelers Home & Marine Ins. Co*., No. 20-CV-03040-PAB-KMT, 2021 WL 10865234, at *2 (D. Colo. May 24, 2021).

Further, Kammok will not be prejudiced by Easthills' Amended Counterclaims. Easthills' Amended Counterclaims add no additional claims against Kammok than those previously brought in Easthills' Answer to Kammok's Complaint, Affirmative Defenses, and Counterclaims. [Dkt. No. 9.]  Easthills only seeks to add Loyal IP as a counterclaim defendant.  Therefore, the Amended Counterclaims are not prejudicial.

Easthills is also not amending its Counterclaims in bad faith or for dilatory reasons. In response to Easthills' production of document requests, Kammok has produced responsive documents that show that Mr. Banta of Loyal IP orchestrated the filing of the Complaint for the sole purpose of maintaining the DMCA Takedown of Easthills' Kickstarter campaign, even though he knew Kammok did not have a viable copyright infringement claim. Now that Easthills has documents to support claims against Loyal IP it wishes to pursue those claims.

The fourth factor does not apply here because Easthills has not previously amended its Counterclaims before.

Lastly, Easthills' Amended Counterclaims are not futile. "A proposed

DEFENDANT'S MOTION FOR LEAVE TO AMEND          CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS

amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)). In considering whether an amendment is futile, courts apply the same standard used to evaluate a claim under Rule 12(b)(6), accepting well-pleaded facts as true and reviewing solely to determine if the pleading states a plausible claim for relief as amended. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020) (citation omitted).

During the parties' meet and confer, Kammok argued and is likely to continue to argue that the claim for intentional interference with prospective business relationship it wishes to bring against Loyal IP is futile because Easthills must allege it lost potential crowdfunding campaign sponsors or customers in order to maintain such a claim. However, this is incorrect. To sufficiently plead a claim for intentional interference with prospective business relationship, Easthills is only required to include facts in its Amended Counterclaims that establish that: (i) Loyal IP induced a third-party to refuse to enter into or refuse to continue a contractual relationship with Easthills; (ii) Loyal IP did so intentionally; and (iii) Loyal IP used improper means to do so. *Cunningham Lindsey U.S. Inc. v. Crawford & Co.*, No. 17-CV-03041-CMA-KLM, 2018 WL 6307865, at *5 (D. Colo. Dec. 3, 2018). Easthills has sufficiently alleged specific conduct by Loyal IP that caused Easthills to lose investors, distributors and customers that Easthills' Amended Counterclaims are

DEFENDANT'S MOTION FOR LEAVE TO AMEND                    CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS

not futile.

Kammok is also likely to argue that Loyal IP's statements are protected by a litigation privilege because they are related to the pending litigation. However, "for a litigation privilege to apply to an attorney's prelitigation statement, not only must that statement be related to prospective litigation, but the litigation must be contemplated in good faith." *Begley v. Ireson*, 399 P.3d 777, 781 (2017 COA 3). This litigation was not initiated in good faith. Loyal IP brought the DMCA Takedown and this lawsuit for the improper purpose of forcing Easthills to the negotiating table by interfering with its Kickstarter campaign by alleging a claim of copyright infringement when it knew Kammok did not have a viable copyright claim. Therefore, Loyal IP will not be able to stand behind the litigation privilege which further shows the viability of Easthills' Amended Counterclaims.

As Easthills has shown, the five factors the courts generally consider when deciding to grant leave to amend favor Easthills. Thus, this Court should grant Easthills leave to file its Amended Counterclaims.

**CONCLUSION**

Based on the foregoing, the Court should grant Easthills' Motion for Leave to Amend Counterclaims.

DATED this 5th day of April 2024.

> **BAYRAMOGLU LAW OFFICES LLC.**
> Respectfully submitted,
>
> */s/Shawn A. Mangano*

10

SHAWN A. MANGANO (NV Bar No. 6730)
shawnmangano@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU (NV Bar No. 14030)
deniz@bayramoglu-legal.com
Emily M. Heim (FL Bar No. 1015867)
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste 100
Henderson Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404

11

DEFENDANT'S MOTION FOR LEAVE TO AMEND          CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I hereby certified that a true correct copy of the foregoing **DEFENDANT EASTHILLS, INC'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** was served upon Kammok by ECF on this day of April 5, 2024.

/s/ *Shawn A. Mangano*
Shawn A. Mangano
**BAYRAMOGLU LAW OFFICES LLC**

## Certification Re: Use of Artificial Intelligence (AI) for Drafting

The undersigned, counsel of record for Defendant Easthills, Inc., certifies that (a) no portion of the filing was drafted by AI, or that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

/s/ *Shawn A. Mangano*
Name: Shawn A. Mangano
**Bayramoglu Law Offices LLC**

DEFENDANT'S MOTION FOR LEAVE TO AMEND     CASE NO. 2: 23-cv-02405-SKC-MEH
COUNTERCLAIMS