IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants.

## OPPOSITION TO DEFENDANT'S MOTION
## FOR LEAVE TO AMEND COUNTERCLAIMS

Plaintiff Kammok Holdings, LLC ("Kammok") hereby opposes the April 5, 2024 Motion for Leave to Amend (the "Motion") (ECF No. 57) filed by defendant Easthills, Inc. ("Easthills").

### INTRODUCTION

Most of the Motion's ten pages are a factually unsupported and highly biased recital of prior history having little or nothing to do with the relief requested in the Motion itself. Once one reaches the Argument section of the Motion, seven pages in, there is effectively no analysis to be found on which the Court can grant the requested relief; only vague averments that the factors that the Court should consider somehow support Easthills. These vague averments are not enough; Easthills fails to carry its burden of showing that it is entitled to the relief it seeks.

Though Easthills's arguments are not entirely clear, Easthills appears to argue that it should be able to sue one of the law firms that has represented Kammok during this dispute—Loyal Intellectual Property, P.L.L.C. ("Loyal IP")—despite the fact that there is no evidence that the law

firm was ever doing anything aside from zealously representing its client. The Court should deny these arguments for at least two reasons: (1) the Motion was presented with undue delay; and (2) the proposed claims against Loyal IP are futile.

First, Easthills has been aware that Loyal IP was representing Kammok through several prelitigation matters since before Kammok filed its original complaint. Counsel for Easthills and Loyal IP went back and forth on several matters before this suit was filed. And yet Easthills's original counterclaims failed to allege that Loyal IP was somehow liable for its role in representing Kammok. Instead, that claim was first raised several months into the litigation when Easthills filed an unpermitted amended complaint, since stricken, that tried to bring in every law firm that has represented Kammok through this dispute. Because Easthills could have brought these claims against Loyal IP earlier but simply chose not to, the Motion should be denied.

Second, Easthills seeks to bring a Digital Millenium Copyright Act ("DMCA") claim and an intentional interference with a prospective business relationship claim against Loyal IP. Both claims are futile. The DMCA claim is futile because Easthills has failed to allege a material misrepresentation made by Loyal IP. The intentional interference claim is futile because Easthills has failed to identify a particular third party with which Loyal IP supposedly intended to interfere.

## ARGUMENT

"The Court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment." *Midcities Metro. Dist. No. 1 v. U.S. Bank National Ass'n*, 44 F.Supp.3d 1062, 1065 (D. Colo. 2014).

Easthills's motion was unduly delayed and is futile. For these reasons, the Court should deny the Motion.

I. **EASTHILLS FAILS TO PROVIDE THE COURT WITH ANY EXPLANATION AS TO WHY IT COULD NOT HAVE RAISED CLAIMS AGAINST LOYAL IP IN ITS ORIGINAL COUNTERCLAIMS.**

The Court should deny the Motion because Easthills knew that Loyal IP was advising Kammok well before Easthills filed its counterclaims. The 10th Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Thus, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 415 (10th Cir. 1984)); *see also Eckert v. Dougherty*, 658 Fed.Appx. 401, 410 (10th Cir. 2016) (same); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.) (same); *Valles v. Gen-X Echo B, Inc.*, No. 13-cv-00201-RM-KLM, 2013 WL 5832782 *4 (D. Colo. Sep. 27, 2013) (unreported) (same).

In its Motion, Easthills provides just a single sentence to explain why its claims against Loyal IP were not raised sooner[1]: Easthills "avers that facts supporting its Amended Counterclaims were acquired after the parties began exchanging discovery." Motion at 8 (ECF No. 57). Tellingly,

---

[1] In the very next sentence in the Motion, Easthills claims that it "has not been dilatory in seeking leave to amend because its present Motion for Leave has been filed within the deadline to file its response to Kammok's Amended Complaint." Motion at 8 (ECF No. 57). That is false. Kammok's First Amended Complaint (ECF No. 38) was filed on February 7, 2024. Under Rule 12, Easthills's response would have been due on February 28, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, Kammok consented to a ten-day extension to file an answer, which effectively pushed the response date to March 11, 2024. Thus, by the time Easthills filed its Motion on April 5, 2024, the time for Easthills to respond to the amended complaint had long passed.

3

Easthills does not identify what facts it learned as a result of discovery, what documents it recently acquired, or upon which it is relying for these supposedly new facts. That is because its averment is false: Easthills knew from before the time that Kammok filed suit that Loyal IP was representing Kammok through the early days of this dispute.

For that reason, Easthills cannot point to any fact in its proposed amended counterclaims it could not have included in its original counterclaims. Indeed, the only new factual allegations in Easthills's proposed counterclaims allege that Loyal IP was involved with Kammok's decision to file the complaint that initiated this matter (*see* Proposed Amended Counterclaims ¶¶ 42–43, 51–52, 58, 88, 94) or they fail to mention Loyal IP at all (*see id.* ¶¶ 44, 49, 59[2]). Yet, Easthills knew that Loyal IP represented Kammok and was involved in these decisions from the beginning of this dispute. In fact, Easthills argues in the Motion that "Travis Banta, Esq., of Loyal IP" submitted a DMCA takedown notice that "Easthills['] counsel" responded to by "contact[ing] Kammok's counsel," Travis Banta of Loyal IP. Motion at 3–4 (ECF No. 57). In other words, the Motion acknowledges that Easthills dealt with Loyal IP throughout this dispute. This contradicts the suggestion that Easthills was not aware of Loyal IP's involvement from the outset, such that Easthills could have included Loyal IP in their initial counterclaims. Easthills knew that Loyal IP was involved in an advisory capacity, and Easthills chose not to include Loyal IP in their original counterclaims.

The claims against Loyal IP could have been made in the original counterclaims, but they were not. Easthills has failed to provide any explanation for this failure, and indeed, confirms that

---

[2] The new allegations in these paragraphs either (1) reference the content of plaintiff's original complaint or (2) reference Easthills' losses. Easthills should have had knowledge of these two categories of allegations prior to filings its original counterclaims.

4

it could have but did not bring the claims against Loyal IP when it filed its initial counterclaims. The Motion can be denied for this reason alone.

## II. THE CLAIMS THAT EASTHILLS SEEKS TO RAISE AGAINST LOYAL IP ARE FUTILE.

The Court should also deny the Motion because the claims Easthills seeks to raise against Loyal IP would be subject to dismissal if allowed to proceed. *See Extraction Oil & Gas, Inc. v. City and County of Broomfield*, No. 20-cv-02779-RM-NYW, 2022 WL 703910 *3 (D. Colo. 2022) ("A proposed amendment is futile if the amended complaint would be subject to dismissal for any reason."). Easthills seeks to raise two claims against Loyal IP: (1) a violation of the DMCA, 17 U.S.C. § 512; and (2) intentional interference. *See* Proposed Amended Complaint §§ V, VIII. The DMCA claim is futile because the DMCA takedown notice contains no misrepresentations. The intentional interference claim is futile because Easthills fails to identify any particular third parties with which it had existing or prospective business relationships.

### A. Loyal IP cannot be liable under the DMCA because it made no misrepresentations.

Easthills's first claim raised against Loyal IP is futile because the DMCA takedown notice does not contain any misrepresentations. Easthills's DMCA claim is based on 17 U.S.C. § 512(f), which states that "[a]ny person who knowingly misrepresents under this section (1) that material or activity is infringing . . . shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer." Thus, for liability to attach, a material misrepresentation must have been made. Easthills explains that Kammok and Loyal IP knowingly misrepresented that Easthills's "products infringed [Kammok's] copyright" because "at a minimum, [Kammok and Loyal IP] knew the company did not have a protectable copyright interest in the asserted work and

5

[Kammok] did not hold a federal copyright registration for the asserted work." Proposed Amended Counterclaims ¶ 55.

In Easthills's view, the reason that Kammok and Loyal IP should have known it did not have a protectable copyright interest is because Easthills's counsel told them it wasn't valid. *Id.* ¶ 31. But a lawyer telling opposing counsel that it has a different view of the merits should not deprive counsel and their client from trying cases they believe to be valid. And Easthills alleges that Kammok and Loyal IP were so convinced of Kammok's copyright claim that they filed an application with the United States Copyright Office to register Kammok's copyright. *Id.* ¶ 7. Thus, by the terms of the amended counterclaims, Kammok and Easthills believed that their copyright claim was valid. It was not a knowing material misrepresentation for Kammok to assert that it had a protectible copyright interest.

That the copyright had not yet been registered, or even that it was not subsequently registered, is immaterial. A DMCA takedown notice does not require pre-registration of the copyright. "An owner's copyrighted work can be unregistered. Unlike its effect on its infringement claim, plaintiff's failure to register its copyrighted work is not a bar to a DMCA action." *I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info Sys., Inc.*, 307 F.Supp.2d 521, 530 n.9 (S.D.N.Y. 2004). "While a copyright registration is a prerequisite under 17 U.S.C. § 411(a) for an action for copyright infringement, claims under the DMCA, however are simply not copyright infringement claims and are separate and distinct from the latter." *Medical Broadcasting Co. v. Flaiz*, No. Civ.A. 02-8554, 2003 WL 22838094 (E.D. Penn. Nov. 25, 2003) (unreported). Nothing about the fact that the DMCA claim was made prior to registration is improper—much less suggests a misrepresentation as required to sustain Easthills's claim.

Easthills's claim is futile because it requires Easthills to identify a misrepresentation, which it fails to do. Easthills's proposed DMCA counterclaim therefore fails to state a claim on which relief can be granted and should be rejected as futile.

### B.  Easthills has failed to identify a third party with which Loyal IP intended to interfere.

Easthills has also failed to plead sufficient facts to support its intentional interference claim against Loyal IP. In *Cunningham Lindsey U.S. Inc. v. Crawford & Co.*, No. 17-cv-03041-CMA-KLM, 2018 WL 6307865 (D. Colo. Dec. 3, 2018) (unreported), this Court granted a motion to dismiss an intentional interference claim because the plaintiff failed to "identif[y] any particular third parties with which it had existing or prospective business relationships." *Id.* at *6. Instead, the plaintiff merely described the business relationships that it claimed were being interfered with as "'contracts' or 'clients.'" The *Cunningham* court ruled that the plaintiff had "not alleged sufficient facts that are more than speculative to meet the requirements of element one of an intentional interference with prospective economic advantage claim." *Id; see also Crocs, Inc. v. Effervescent, Inc.*, 248 F.Supp.3d 1040, 1060 (D. Colo. 2017) (dismissing a claim of intentional interference because the counterclaimant failed to "plead facts plausibly suggesting a reasonable likelihood of contracting with a *particular* third party" (emphasis supplied)); *D'Andrea v. Rafla-Demetrious*, 3 F.Supp.2d. 239, 250 (E.D.N.Y. 1996) ("At a minimum, therefore, it seems that this cause of action requires an allegation that defendant's conduct interfered with a particular prospective business relationship with a specific third party."); *Pureshield, Inc. v. Allied Bioscience, Inc.*, No. 4:20-CV-734-SDJ, 2021 WL 4492861 *5 (E.D. Tex. Sep. 30, 2021) (unreported) ("Without identifying with sufficient particularity what third party it would have formed a business relationship with but for [defendant's] alleged interference, [plaintiff's]

7

allegations that [defendant] willfully, intentionally interfered with Plaintiff's prospective business relations with customers is conclusory at best" (cleaned up)).

Here, Easthills fails to allege that Loyal IP interfered with a *particular* third party. Instead, Easthills baldly asserts that it had "numerous prospective contractual and business relationships with individuals that had pledged investment into the company." Proposed Amended Complaint ¶ 77 (ECF No. 57-1). This generic allegation is no different that if they had alleged that Loyal IP had interfered with Easthills's "contracts or clients." It simply does not allege facts that are more than speculative to meet the requirements of element one of an intentional interference with prospective economic advantage claim. The claim would thus be subject to dismissal and should likewise be rejected as futile.

Because both claims Easthills seeks to add fail to state plausible claims for relief, the proposed counterclaims should not be permitted.

## **CONCLUSION**

Based on the foregoing, the Court should deny the Motion.

DATED this 26th day of April, 2024.

                BY:    /s/ Dominic W. Shaw

Reid Allred
Douglas Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelaw.com
doug@cambridgelaw.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*