## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

      Plaintiff/Counter-Defendant,

v.

EASTHILLS, INC.; and DOES 1-10,

      Defendant/Counterclaimant.

---

### DEFENDANT EASTHILLS, INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S TRADE DRESS INFRINGEMENT CLAIM FOR RELIEF

---

Pursuant to Fed. R. Civ. P. 56, Defendant Easthills, Inc. ("Easthills") through its counsel Bayramoglu Law Offices LLC, submits this Reply in Support of Motion for Partial Summary Judgment (the "Reply") in seeking dismissal of Plaintiff Kammok Holdings, LLC's ("Kammok") trade dress infringement claim for relief under § 43(a) of the Lanham Act as alleged in the First Amended Complaint. [Dkt. No. 38.]

This Reply is made and based upon the materials previously submitted in support of Easthills' Motion for Partial Summary Judgment [Dkt. No. 56], the Supplemental Declaration of Shawn A. Mangano ("Supp. Mangano Decl."), the arguments contained herein, and any argument of counsel entertained by the Court.

## I.    INTRODUCTION

Kammok alleges that Easthills' Anymaka hammock stand (the "Anymaka") infringes Kammok's common law trade dress rights in its Swiftlet portable hammock

stand. [Dkt. No. 38 ¶¶ 49-52.] Specifically, Kammok's trade dress infringement claim seeks to enforce certain common law rights in the Swiftlet's product configuration of a hammock stand consisting of "textured anchor points" [*Id.* ¶ 10], "a clamshell-shaped hammock holder" [*Id.* ¶ 20], and "a carry bag that is black with gray webbing highlights" [*Id.* ¶ 16] (collectively referred to herein as the "Swiftlet Trade Dress".)

Kammok's trade dress infringement claim fails for several reasons. Initially, there cannot be a protectable trade dress interest where the alleged trade dress serves a functional or useful purpose. *See General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1227 (10th Cir. 2007). Kammok's arguments are not sufficient to demonstrate that its purported trade dress lacks functionality. The textured anchor secures the side clip to the cantilever arm.  The clamshell holder keeps the hammock in place during movement and provides support. And lastly, the black carry bag is black so that it does not show dirt and stains as easily since the hammocks are used outside.

The functionality of the alleged trade dress rights in the textured anchor points and clamshell hammock holder is further exemplified by Kammok's own U.S. Patent No. 11,330,893 (the "'893 Patent"), of which the Swiftlet is a commercial embodiment. (Movant's Appx. p. 38-55 – Ex. E.) These arguments have been set out in detail in Easthills' opening brief. [Dkt. No. 56.] A utility patent claiming the design features at issue is strong evidence that those features are functional. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.,* 532 U.S. 23, 29-30 (2001). Here, not only does the '893 Patent claim the design features it also describes their usefulness.  The '893 Patent describes

the functionality of the anchor points as follows: "wherein the first anchor engages the first cantilever arm and slides distally and proximally along the first cantilever arm." (Movant's Appx. p. 38-55 - Ex. E at cols. 14:2-4.) Similarly, the '893 Patent describes the functionality of the clamshell hammock holder as cradles that "comprise guides disposed at the distal ends of the first and second cantilever arms to support and spread the tensile members of a suspension seat … enhancing the comfort and ease of entry to the hammock." (Movant's Appx. p. 38-55 - Ex. E. at cols. 6:2-7.)

Further, Kammok's self-serving statements in its Opposition [Dkt. No. 59] and the Declaration of Greg McEvilly [Dkt. No. 59-1] do not prove that the Swiftlet's clamshell design, textured anchor points and carry bag have acquired secondary meaning, which is necessary for trade dress protection. Kammok claims that its trade dress is not used by others in the portable hammock industry, including those referenced as examples in Easthills' Motion for Partial Summary Judgment. [Dkt. No. 56.] However, the "clamshell design" claimed by Kammok is used in the Parkway Adjustable Hammock Stand. Moreover, the black carry bag with gray webbing is a commonly used color combination for sporting equipment bags. Then lastly, the "textured anchor" is really just a hexagon nut, which is a common fastener, not a source identifier. None of Kammok's purported trade dress is distinctive or has acquired secondary meaning, and are therefore, not protectable.

Kammok's arguments in its Opposition are weak attempts to persuade this Court there are genuine issues of fact. However, there are no genuine issues of material fact as to Kammok's trade dress that cannot be decided on summary

judgment.  The alleged elements of the Swiftlet Trade Dress are clearly functional, which is demonstrated not only by their useful, operational purposes, but also by their functionality claimed in the '893 Patent. Furthermore, the Swiftlet Trade Dress is not distinctive, nor has it attained secondary meaning because the elements are commonly used. Easthills is entitled to an entry of partial summary judgment in its favor against Kammok's trade dress infringement claim.

## II.    ARGUMENT

The Swiftlet Trade Dress is not a source or brand identifier and therefore, has not acquired secondary meaning. Kammok's assertions that consumers recognize the Swiftlet by its unique clamshell design, textured anchor points, and black carry bag with gray webbing are simply baseless.  Kammok has not provided any proof that consumers recognize the Swiftlet Trade Dress except for the self-serving declaration of Kammok's CEO and part owner, Greg McEvilly, and nor can it. Nothing about the Swiftlet Trade Dress is unique.

### A. *Swiftlet Trade Dress: The "Clamshell Design"*

In its Opposition, Kammok for the first time explains that its purportedly protected clamshell design "consists of a U-shaped holder with arms at the top of the U reaching inward." [Dkt. No. 59, pg. 6] Despite Kammok's insistence otherwise, the Parkway Adjustable Hammock Stand (the "Parkway") includes the same design Kammok claims represents its unique trade dress. As shown below, the Parkway comprises a clamshell hammock holder that is U-shaped with arms at the top of the U that reach inward. (Supp. Mangano Decl. ¶¶ 7, 17-19.)

DEFENDANT'S REPLY ISO MOTION FOR          CASE NO. 23-cv-02405-SKC-MEH
PARTIAL SUMMARY JUDGMENT

| Parkway Portable Hammock Stand | Swiftlet Portable Hammock Stand |



The fact that Kammok's alleged protectable clamshell design is being used in the product design of other direct competitors clearly shows that its use is neither exclusive nor a distinctive indicator of product source, which is required to prove distinctiveness. A reasonable factfinder reviewing the figures below could and likely would find that both holders are "clamshell-shaped" as defined by Kammok. Thus, the issue of secondary meaning is ripe for summary judgment and should be decided in favor of Easthills.

Even if the clamshell design is determined to be distinct, which it is clearly

not, the design is also functional and thereby, ineligible for trade dress protection. On its face, the clamshell design is undoubtedly functional – the "U-shaped holder with arms at the top of the U reaching inward" holds and provides support for the hammock and prevents the hammock from slipping off when it is in motion. The '893 Patent also provides strong evidence that the clamshell hammock holder is functional. The '893 Patent describes the functionality of the "clamshell hammock holder" as cradles comprising guides disposed at the ends of the arms to "support and spread the tensile members of a suspension" … "enhancing the comfort and ease of entry to the hammock." (Movant's Appx. p. 38-55 - Ex. E. at col. 6:1-7.) The clamshell design is a functional element both on its face and described in a patent and therefore unprotectable as trade dress.

If the Court somehow finds the clamshell design distinctive and not functional, the Court should still grant Easthills' Motion because the Anymaka does not even contain the clamshell design. As referenced previously, Kammok describes the clamshell design as a "U-shaped" hammock holder. As shown below, the Anymaka's hammock holder is clearly V-shaped, but not only that, it does not contain any of the textural ridges the Swiftlet possesses giving it the "clamshell" design. (Supp. Mangano Decl. ¶¶ 8-9, 13-14.)

| Anymaka | Swiftlet |
|---|---|
| | |

 

### B. *Swiftlet Trade Dress: The "Textured Anchors"*

Next, as illustrated in the table below, the "textured anchor" element of the Swiftlet Trade Dress is simply a hexagon nut and a bolt. (Supp. Mangano Decl. ¶¶ 10 & 21.) Hexagon nuts are six-sided general purpose nuts with internal screw threads, that are typically used to create a bolted joint. Although, Kammok is certainly creative with its description that the anchor is "textured", there is simply nothing distinct about a hexagon nut. Hexagon nuts are the most commonly used hardware nut and are used in a widespread number of products and industries. It is therefore unfathomable how something so common could serve as a brand identifier.



**Standard hexagon nut**



**Swiftlet's "textured anchor"**

DEFENDANT'S REPLY ISO MOTION FOR                CASE NO. 23-cv-02405-SKC-MEH
PARTIAL SUMMARY JUDGMENT

Not only is the "textured anchor" incapable of secondary meaning, it is also functional. The textured anchor is the combination of a hexagon nut and a bolt. A hexagon nut is used in combination with a bolt to secure two or more objects together. The "textured anchor" secures the side clip to the cantilever arm. The '893 Patent provides the function of the textured anchor: "each of adjustable side clips comprises a [anchor] capable for maintaining engagement of the adjustable side clip at a substantially fixed location relative to the cantilever arm." (Movant's Appx. p. 38-55 - Ex. E. at col. 5:58-61.) Kammok claims that while the anchors may themselves be functional, the textural design on them is not. However, this is incorrect because the hexagonal shape (or the "textural" design per Kammok) provides a surface for a wrench to grip, allowing the nut to be tightened or loosened. Since the textured anchor is functional it cannot serve as a protectable trade dress.

Again, if the Court is persuaded by Kammok's arguments that the textured anchors are distinct and non-functional, the Court must still rule in Easthills' favor because the Anymaka does not contain the alleged textured anchor. The Swiftlet's textured anchor connects the side clip to the cantilever arm. As shown below, the Anymaka also has an anchor, but it is not "textured". (Supp. Mangano Decl. ¶¶ 11 & 15.) While the Swiftlet anchor is textured with a hexagonal shape, the Anymaka anchor is smooth and not textured.

| Anymaka | | Swiftlet |
|---|---|---|
| | | |

8

**C. *Swiftlet Trade Dress: The "Black Carry Bag"***

Lastly, Kammok alleges that its "black carry bag with gray webbing" is recognized by consumers as a source identifier. If Kammok truly believes this, it has an extensive list of infringers it needs to pursue because a black and gray color combination is frequently used in other carry bags, especially in the sports equipment industry. However, a black carry back with gray webbing can also found amongst its competitors, specifically the Parkway. (Supp. Mangano Decl. ¶¶ 16 & 20.) Thus, Kammok's argument that the Swiftlet Trade Dress has acquired secondary meaning is unconvincing.


Kammok's Carry Case

Parkway's Carry Case

Further, the black coloring of the Swiftlet carry bag also serves a functional purpose. The Swiftlet, and other portable hammocks, is intended for outdoor use where the case is exposed to various elements. By making the carry case black, it conceals many stains and dirt marks it may sustain while it is being transported outside. Thus, not only does the Swiftlet's carry case not possess secondary meaning it is also functional and not entitled to trade dress protection.

Even though the Anymaka carry case is also black with gray, its design is completely different from the Swiftlet carry case. The Swiftlet carry case is similar to a duffle bag in shape, with only one long adjustable gray strap. The Anymaka carry case has more structure and has multiple shorter gray handles and a zippered pouch on the front of the case. (Supp. Mangano Decl. ¶¶ 12 & 16.)



Kammok's Swiftlet Carry Case

Easthills' Anymaka Carry Case

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Easthills respectfully requests the Court enter partial summary judgment in its favor and against Kammok on its trade dress infringement claim for relief along with granting any other relief deemed necessary and proper.

DEFENDANT'S REPLY ISO MOTION FOR   CASE NO. 23-cv-02405-SKC-MEH
PARTIAL SUMMARY JUDGMENT

DATED May 7, 2024.          Respectfully submitted,

**BAYRAMOGLU LAW OFFICES LLC**


*/s/Shawn A. Mangano*
SHAWN A. MANGANO (NV Bar No. 6730)
shawnmangano@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU (NV Bar No. 14030)
deniz@bayramoglu-legal.com
EMILY M. HEIM (FL Bar No. 1015867)
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste 100
Henderson Nevada 89014
Telephone:  702.462.5973 | Fax:   702.553.3404
*Counsel for Defendant/Counterclaimant EASTHILLS, INC*

## CERTIFICATE OF SERVICE

I hereby certified that a true correct copy of the foregoing **DEFENDANT EASTHILLS, INC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** was served upon Kammok by ECF on May 7, 2024.

DATED: May 7, 2024            _/s/ Shawn A. Mangano_____
                             Shawn A. Mangano
                             **BAYRAMOGLU LAW OFFICES LLC**

## Certification Re: Use of Artificial Intelligence (AI) for Drafting

The undersigned, counsel of record for Defendant Easthills, Inc., certifies that (a) no portion of the filing was drafted by AI, or that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

                             _/s/ Shawn A. Mangano_____
                             Shawn A. Mangano
                             **Bayramoglu Law Offices LLC**