Civil Action No. 23-cv-02405-SKC-MEH Kammok Holdings, LLC v. Easthills Inc.

# Statement of Undisputed Material Facts

## Movant's Statement

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1. Kammok manufactures, sells, and distributes a portable and adjustable hammock stand called the Swiftlet. <br> Mangano Decl. ¶ 3, Ex. A. | Undisputed. | |
| 2. Kammok is the alleged assignee of the '893 Patent, which Kammok purports covers the utilitarian aspects of the Swiftlet. <br> Mangano Decl. ¶ 8, Ex. E. | Undisputed. | |
| 3. Claim 1, the only independent claim of '893 Patent (Claim 1), claims an adjustable-footprint suspension seat comprising: <br> a. three or more feet; <br> b. a first cantilever arm comprising a first cradle disposed on a distal end of the first cantilever arm and a side clip including a first anchor for a suspension seat oriented on a backside of the first cantilever | Undisputed. | |

Civil Action No. 23-cv-02405-SKC-MEH Kammok Holdings, LLC v. Easthills Inc.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| arm, wherein the first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm;<br>c. a second cantilever arm comprising a second cradle disposed on a distal end of the second cantilever arm and a second anchor for the suspension seat oriented on a backside of the second cantilever arm; and<br>d. a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm.<br>Mangano Decl. Ex. E at col. 12:29-44. | | |
| 4. Kammok alleges the texture on the anchor points of the Swiftlet are sculptural features that can be identified separately from the utilitarian purpose of the product design. | Undisputed. | |

2

Civil Action No. 23-cv-02405-SKC-MEH Kammok Holdings, LLC v. Easthills Inc.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| Dkt. No. 38 ¶ 11 | | |
| 5. Kammok also alleges the hammock holders of the Swiftlet have a clamshell design that is sculptural in nature and separate from the utilitarian purpose of the product design. Dkt. No. 38 ¶ 12 | Undisputed. | |
| 6. Kammock alleges that it is entitled to legal protection of its Swiftlet Trade Dress, which includes its textured anchor points and a clamshell hammock holder. Dkt. No. 38 ¶¶ 49-52. | Undisputed. | |
| 7. Kammok does not possess a federally registered trade dress for the Swiftlet Trade Dress. Mangano Decl. ¶ 6, Ex. B at 12. | Undisputed. | |
| 8. Moreover, the USCO has refused to grant Kammok a copyright for the same elements Kammok is alleging is its trade dress because they are functional. Mangano Decl. ¶ 7, Ex. C. | Disputed. First, the documents cited by Easthills—Exhibit C to the Motion—do not describe the items for which Kammok sought copyright registration. Easthills bears the initial burden of proving the "the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." Thom v. Bristol-Myers Squibb | Exhibit C to the Motion are correspondence with the USCO that stated in the subject line what the copyright was sought for – the Swiftlet Cradle and the Swiftlet Anchor. These elements are the same ones that Kammok alleges are its trade dress. Dkt. No. 38 ¶¶ 49-52. |

3

Civil Action No. 23-cv-02405-SKC-MEH Kammok Holdings, LLC v. Easthills Inc.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| | Co., 353 F.3d 848, 851 (10th Cir. 2003). By failing to provide evidence that demonstrates the sameness of the copyright and trade dress elements, Easthills has failed to meet its burden. Moreover, even if the Court were to simply assume that the elements in the copyright application were the same as the trade dress elements on which Easthills now seeks summary judgment, this statement would still be disputed because Kammok seeks trade dress protections for its carry bag, which is not addressed in the Motion. First Am. Compl. ¶ 16; see also Movant's Appendix, Exhibit C. | Easthills has addressed the Swiftlet carry bag in its Reply. |
| | 1. Kammok has invested time, resources, and money into creating a distinct hammock holder at the end of cantilever arms in a clamshell design for the Swiftlet to make it known to consumers. Declaration of Greg McEvilly ¶ 4 (April 23, 2024) ("**McEvilly Decl.**") (attached as Ex. 1). | Undisputed. |

4

Civil Action No. 23-cv-02405-SKC-MEH Kammok Holdings, LLC v. Easthills Inc.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| | 2. Kammok has invested time, resources, and money into creating distinct textured anchor points ("textured anchor points") on which a hammock may be attached for the Swiftlet to make it known to consumers. *Id.* ¶ 5. | Undisputed. |
| | 3. Kammok has invested time, resources, and money into creating a distinct carry bag in which the Swiftlet can be stored to make it known to consumers. *Id.* ¶ | Undisputed. |
| | 4. Kammok's clamshell design is sculptural in nature and separate from the utilitarian purpose of the design. Id. ¶ 7; ECF No. 38 ¶ 12. | Disputed. Kammok's "facts" are merely self-serving and conclusory statements that have no evidentiary basis for support. |
| | 5. Kammok's textured anchor points include sculptural features separate from the utilitarian purpose of the design. McEvilly Decl. ¶ 8; ECF No. 38 ¶ 11. | Disputed. Kammok's "facts" are merely self-serving and conclusory statements that have no evidentiary basis for support. |
| | 6. Consumers have commented publicly on the uniqueness of the Swiftlet, particularly its | Disputed. Kammok's "facts" are merely self-serving and conclusory statements that have no |

5

Civil Action No. 23-cv-02405-SKC-MEH Kammok Holdings, LLC v. Easthills Inc.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
|  | clamshell design and textured anchor points. McEvilly Decl. ¶ 9. | evidentiary basis for support. |

6