# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendants.

---

## DEFENDANT EASTHILLS, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIMS

---

Defendant Easthills, Inc. ("Easthills") through its counsel Bayramoglu Law Offices LLC, submits its Reply in Support of Motion for Leave to Amend its Counterclaims to add Loyal IP Law, P.C. ("Loyal IP") as a counterclaim defendant.

## I. INTRODUCTION

After exchanging discovery, Easthills discovered that Loyal IP acted in concert with Kammok to intentionally interfere with Easthills' crowdfunding campaign through Kickstarter, PBC ("Kickstarter"). Based on this information, Easthills sought to amend its original Counterclaims to add Loyal IP as a counterclaim defendant. However, Plaintiff Kammok Holdings, LLC ("Kammok") has refused to consent to Easthills amending its counterclaims.

After the expiration of the 21 days or after a response has been filed, "a party

may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (*quoting Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

In its Motion for Leave to Amend Counterclaims (the "Motion"), Easthills explains that the Court should grant Easthills' Motion and permit it to file its Amended Counterclaims because it is timely, Kammok will not be prejudiced, the Amended Counterclaims are made in good faith and not for dilatory purpose, and such amendments would not be futile. In response, Kammok's Opposition to Defendant's Motion for Leave to Amend Counterclaims (the "Opposition"), raises its position that the proposed amended counterclaims against Loyal IP are futile. Easthills replies accordingly and addresses each of Kammok's arguments below.

## II. ARGUMENT

First, Kammok argues that the Court should deny Easthills' Motion because Easthills knew that Loyal IP was advising Kammok well before Easthills filed its

counterclaims and should have known to include Loyal IP in its counterclaims at the onset. Kammok's arguments miss the mark and are incorrect. Easthills has never claimed it was unaware of Loyal IP's involvement from the outset. What Easthills was previously unaware of at the time it filed its original counterclaims was that Travis Banta of Loyal IP actively participated in and encouraged the bad acts taken against Easthills.

As Easthills previously explained in its Motion for Leave, after the parties began exchanging discovery, documents were produced by Kammok that showed Mr. Banta orchestrated the filing of the Complaint for the sole purpose of maintaining a DMCA Takedown of Easthills' Kickstarter campaign. In response to Easthills' First Request for Production, Kammok produced several communications from the United States Copyright Office ("USCO") and Kickstarter, PBC ("Kickstarter") to Mr. Banta. One communication, dated September 1, 2023, indicated that the USCO was refusing copyright registration for the "Swiftlet Anchor" (the "Anchor Refusal"). A true and correct copy of the Anchor Refusal is attached hereto as Exhibit "**A**". Another communication, also dated September 1, 2023, indicated that the USCO was refusing copyright registration for the "Kammock Swiftlet Cradle" (the "Cradle Refusal"). A true and correct copy of the Anchor Refusal is attached hereto as Exhibit "**B**". Kammok also produced an email from the USCO to Mr. Banta indicating the USCO had decided against granting registration of U.S. Copyright Application No. 1-12982408225 for the "Kammok Cradle" (the "USCO E-mail"). A true and correct copy of the

3

USCO E-mail is attached hereto as Exhibit "**C**". The USCO e-mail was sent on September 14, 2023, at 6:08 am. The USCO e-mail included an attachment named "usco refusal 1-12982408225 9_14_2023" (the "USCO Refusal"). A true and correct copy of the USCO Refusal is attached hereto as Exhibit "**D**". The USCO Refusal informed Kammok and Mr. Banta that the USCO was refusing registration for the Kammok Cradle. Kammok has only filed three copyright registration applications as to the Swiftlet as indicated by Kammok's response to Easthills' First Set of Interrogatories, specifically Interrogatory No. 3. A true and correct copy of Kammok's Responses to Easthills' First Set of Interrogatories is attached hereto as Exhibit "**E**".

In summary, as of September 14, 2023, at 12:08 pm the USCO had refused registration for all three of the Swiftlet copyright applications and Kammok no longer had any pending copyright right applications as to the Swiftlet. Yet, on September 14, 2023, at 8:47 pm, Kammok filed its Complaint alleging copyright infringement. Therefore, both Kammok and Mr. Banta knew at the time of filing that Kammok did not have a pending copyright application as alleged in the Complaint.

Kammok also produced a letter from Mr. Banta to Kickstarter dated September 29, 2023 (the "Kickstarter Letter"). A true and correct copy of the Kickstarter Letter is attached hereto as Exhibit "**F**". The Kickstarter Letter shows that both Mr. Banta and Kammok knew it did not have a legal basis in which to file Kammok's copyright infringement claim, and that Kammok's Complaint was only filed in order maintain the DMCA Takedown of Easthills' Kickstarter campaign.

Until the parties had exchanged discovery, Easthills was not aware of all the bad acts surrounding the DMCA Takedown nor the extent of Mr. Banta's

involvement. Only from the documents Easthills received during discovery did it become clear to Easthills that Kammok and Mr. Banta orchestrated the filing of the Complaint for the sole purpose of improperly maintaining the DMCA Takedown of Easthills' Kickstarter campaign. Further, without this discovery, Easthills did not have proof nor a factual basis for which to add Loyal IP to its original counterclaims. Therefore, Easthills' request to amend its Counterclaims is not untimely and should be granted by the Court.

As previously suspected, Kammok also argues that Easthills' DMCA claim against Loyal IP would be futile. Specifically, Kammok insists that Loyal IP cannot be liable under the DMCA because it made no misrepresentations. For support of its argument, Kammok focuses its attention on a single assertion in Easthills' proposed Amended Counterclaims, that "Kammok knowingly materially misrepresented to Kickstarter in its Takedown Notice that EASTHILLS' personal hammock products infringe its copyright held in its own personal hammock products because, at a minimum, it knew the company did not have a protectable interest in the asserted work and it did not hold a federal copyright registration for the asserted work." [Dkt. No. 57-1, ¶ 55] However, this assertion is directed only to Kammok and does not reference Loyal IP all. Thus, Kammok's arguments that pre-registration of a copyright is not required for a DMCA takedown notice is irrelevant and the case law cited in support, which is from the Southern District of New York and Eastern District of Pennsylvania, is also non-binding on this Court.

5

Moreover, Easthills' proposed DMCA counterclaim against Loyal IP does in fact identify a misrepresentation made by Loyal IP. Easthills alleges that in response to Easthills' Counter Notice, Kammok and Loyal IP knowingly materially represented to Kickstarter, in order to maintain the DMCA Takedown, that Kammok had commenced a viable copyright infringement action when they both knew Kammok did not have a federal copyright registration which is a pre-requisite for filing a federal copyright infringement claim. [Dkt. No. 57-1, ¶ 60] Easthills has satisfied the requirements to maintain a claim under 17 U.S.C. § 512, and therefore its claim is not futile.

Kammok also argues that Easthills' claim for intentional interference with prospective business relationship against Loyal IP is futile because Easthills must specifically identify a lost potential crowdfunding campaign sponsor or customer in order to maintain such a claim. However, this is incorrect. To sufficiently plead a claim for intentional interference with prospective business relationship, Easthills is only required to include facts in its Amended Counterclaims that establish that: (i) Loyal IP induced a third-party to refuse to enter into or refuse to continue a contractual relationship with Easthills; (ii) Loyal IP did so intentionally; and (iii) Loyal IP used improper means to do so. *Cunningham Lindsey U.S. Inc. v. Crawford & Co.*, No. 17-CV-03041-CMA-KLM, 2018 WL 6307865, at *5 (D. Colo. Dec. 3, 2018). Easthills has sufficiently alleged specific conduct by Loyal IP that caused Easthills to lose investors, distributors and customers that Easthills' Amended Counterclaims

are not futile.

As Easthills has shown in its Motion and Reply, the five factors the courts generally consider when deciding to grant leave to amend favor Easthills. Thus, this Court should grant Easthills leave to file its Amended Counterclaims.

## CONCLUSION

Based on the foregoing, the Court should grant Easthills' Motion for Leave to Amend Counterclaims.

DATED this 9th day of May 2024.

        **BAYRAMOGLU LAW OFFICES LLC.**
        Respectfully submitted,

        */s/ Shawn A. Mangano*
        SHAWN A. MANGANO (NV Bar No. 6730)
        shawnmangano@bayramoglu-legal.com
        NIHAT DENIZ BAYRAMOGLU (NV Bar No. 14030)
        deniz@bayramoglu-legal.com
        Emily M. Heim (FL Bar No. 1015867)
        emily@bayramoglu-legal.com
        **BAYRAMOGLU LAW OFFICES LLC**
        1540 West Warm Springs Road Ste 100
        Henderson Nevada 89014
        Telephone: 702.462.5973
        Facsimile: 702.553.3404

## CERTIFICATE OF SERVICE

I hereby certified that a true correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** was served upon Kammok by ECF on this day of May 9, 2024.

*/s/Shawn A. Mangano*
Shawn A. Mangano
**BAYRAMOGLU LAW OFFICES LLC**

## Certification Re: Use of Artificial Intelligence (AI) for Drafting

The undersigned, counsel of record for Defendant Easthills, Inc., certifies that (a) no portion of the filing was drafted by AI, or that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

*/s/Shawn A. Mangano*
Name: Shawn A. Mangano
**Bayramoglu Law Offices LLC**
