# EXHIBIT E

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

---

## PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSION AND FIRST SET OF INTERROGATORIES

Plaintiff Kammok Holdings LLC ("Kammok") respectfully submits the following responses and objections to the second set of requests for admission and the first set of interrogatories directed to Kammok by defendant Easthills, Inc. ("Easthills"). Kammok generally objects to all of the requests on the ground that they call for privileged information and documents protected by the work product doctrine and the attorney-client privilege.

### REQUESTS FOR ADMISSION

**Request for Admission No. 16:** Admit that You have not filed a federal trade dress application with the USPTO for your purported trade dress rights for the Swiftlet.

**Response:** Admit.

**Request for Admission No. 17:** Admit that as of the date of these Requests that You have received rejections from the USCO for all of Your copyright applications related to the Swiftlet.

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

**Response:** Admit.

**Request for Admission No. 18:** Admit that as of the date of these Requests that the USCO has refused registration for all Your copyright applications related to the Swiftlet because the works have been found by the USCO to be a useful article.

**Response:** Admit.

**Request for Admission No. 19:** Admit that the terms "hammock holder" and "anchor" are referenced in the '893 Patent.

**Response:** Plaintiff objects to this request on the basis that it is vague and ambiguous regarding the meaning of "referenced in the '893 Patent." The term "anchor" is used in the '893 Patent, but it is unclear if use of a term implies that the term was "referenced."

On the basis of the foregoing objection, plaintiff admits that the term "anchor" is used in the '893 Patent. Plaintiff denies that the term "hammock holder" is either used or referenced in the '893 Patent. Plaintiff denies all remaining allegations contained in this request.

**Request for Admission No. 20:** Admit that the term "anchor" is an element used in the claims of the '893 Patent.

**Response:** Plaintiff objects to this request on the basis that it is vague and ambiguous regarding the meaning of "the term 'anchor' is an element used in the claims of the '893 Patent." Plaintiff also objects to this request on the basis that it asks plaintiff to admit a legal conclusion—namely whether a term is an "element" of "claims." *See Cunningham v. Standard Fire Ins. Co.*, 2008 WL 2247860 *2 (D. Colo. 2008) ("[R]equests for admission relating to the truth of a legal conclusion are properly objectionable.").

2

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

On the basis of these objections, plaintiff admits that the word "anchor" is used in the claims section of the '893 Patent. However, plaintiff affirmatively states that any reference to an "anchor" in the '893 patent refers to either a first or second anchor. Pursuant to *Cunningham*, plaintiff expresses no opinion regarding the truth of the legal conclusion included in this request. Plaintiff denies all allegations contained in this request that are not specifically admitted.

## INTERROGATORIES

**Interrogatory No. 1:** Explain Your reasoning for filing the Complaint on September 13, 2023 but then not serving the Complaint on Easthills.

**Response:** Plaintiff objects to this interrogatory on the ground that it calls for privileged information protected by the work product doctrine and the attorney-client privilege. By providing the answer below, which has been drafted without reference to work product or attorney-client communications, plaintiff does not intend to waive any privilege. Subject to and without waiving its objections, plaintiff responds as follows:

Plaintiff did not file its complaint on September 13, 2021. It filed the complaint on September 14, 2023, for the reasons detailed in the pleading, namely to protect the intellectual property of plaintiff in light of defendants' wrongful conduct.

Plaintiff opted not to immediately serve its complaint on Easthills. To maintain its copyright claim, plaintiff either needed final registration of its copyright or it needed to serve a copy of the complaint on the Register of Copyrights after confirmation that its registration had been rejected.

Plaintiff's copyright application was ultimately rejected the same day that it filed the complaint, but plaintiff was not aware that the copyright application was rejected at the time of

3

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

filing. After being notified that its copyright application was rejected, plaintiff opted to file a request for reconsideration in order to maintain its copyright infringement claim pursuant to a registered copyright, rather than having to serve its complaint on the Register of Copyrights. Having filed a proper request for reconsideration, which could and likely would be granted prior to any deadline to serve the complaint, and which would have permitted plaintiff to maintain its copyright infringement claim, plaintiff continued to delay service of process. However, Easthills filed its answer to the complaint prior to plaintiff receiving a response to its request for reconsideration.

**Interrogatory No. 2:** Explain in detail what You meant in your September 29, 2023 correspondence to Kickstarter that "there is and was *no* requirement that our lawsuit must be *instituted* within 14 days. The only requirement Kickstarter provided was provided was that our lawsuit be *filed* within 14 days." Specifically, explain Your understanding of how "instituted" is different from "filed" in this instance and how it is relevant to the DMCA Takedown Notice.

**Response:** Plaintiff objects to this interrogatory on the ground that it calls for privileged information protected by the work product doctrine and the attorney-client privilege. By providing the answer below, plaintiff does not intend to waive any privilege. Subject to and without waiving its objections, plaintiff responds as follows:

Plaintiff did not make the statement that Easthills has quoted in its second interrogatory. Instead, upon information and belief, the statement quoted by Easthills comes from a letter sent by Travis Banta to Kickstarter, PBC ("Kickstarter"). Plaintiff cannot explain what it meant because it did not make the statement.

4

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

Upon information and belief, Mr. Banta's statement was based on the following distinction:

Easthills created a project on www.kickstarter.com, wherein Easthills sought crowdfunding to manufacture and distribute the Anymaka, a hammock product that infringes on plaintiff's intellectual property rights. Plaintiff, through Banta, sent a DMCA take-down notice to Kickstarter, PBC ("Kickstarter"). In the take-down notice, plaintiff sought the suspension of Easthills' Anymaka project from www.kickstarter.com. After reviewing the DMCA take-down request, Kickstarter chose to suspend the Anymaka project after reviewing the DMCA take-down request. After Kickstarter suspended the Anymaka project, on August 23, 2023, Kickstarter sent a letter to Banta, stating, "If you do not notify us within 10 business days that you have filed legal action relating to the allegedly infringing material, we may permit the [Anymaka] project to move forward."

On September 14, 2023, plaintiff filed suit against Easthills. Nevertheless, on September 28, 2023, Kickstarter sent a letter to Banta in which it indicated that it would reinstate the Anymaka project because Kammok had not "instituted" a lawsuit against Easthills. Because plaintiff had filed suit against Easthills regarding the infringing material, it appears that Kickstarter was using the term "instituted" in a different sense than it had formerly used the term "filed," with the former referring to engaging in substantive litigation (i.e., answering the complaint, discovery, motion practice) and the latter referring solely to filing the complaint. There is not a statutory requirement that the parties engage in substantive litigation for a DMCA service provider to keep infringing material off of its website.

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

**Interrogatory No. 3:** Identify all copyright applications that have been filed with the USCO relating to the Swiftlet that are relevant to copyright infringement claim asserted in the original Complaint in this Litigation.

**Response:** Copyright Application 1-12937905451, Copyright Application 1-12942543961, Copyright Application 1-2982408225.

**Interrogatory No. 4:** For all the copyright applications identified in Interrogatory 3, please provide the following information:

    a) The filing date;

    b) Application number;

    c) Current status, i.e., whether it has been granted, denied or is still currently pending before the USCO, and if it has been denied whether a request for reconsideration has been filed, or if a request for reconsideration is anticipated to be filed (please include dates where applicable; and

    d) The disposition.

**Response:**

Copyright Application 1-12937905451, Filed August 31, 2023 – Pending; Refused on September 1; 2023; Request for Reconsideration September 6, 2023; Registration refused January 17, 2024; Not yet determined and privileged.

Copyright Application 1-12942543961 – Expired.

Copyright Application 1-2982408225 – Expired.

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

**Interrogatory No. 5:** Describe in detail each aspect of what You are claiming as Your protectable trade dress rights for the Swiftlet as alleged in the Complaint, including all non-functional aspects of the "clamshell holder".

**Response:** Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous regarding the meaning of the phrase "all non-functional aspects of the 'clamshell holder.'" Subject to and without waiving its objections, plaintiff responds as follows:

All distinctive elements of the Swiftlet and carry bag which are associated with Kammok are protectable trade dress rights. Plaintiff is still investigating its claims but believes that the protectable trade dress includes the clamshell design of the cradle, which includes sculptural elements that are not utilitarian in nature, the color scheme used on the Swiftlet, and the Swiftlet carry bag. Plaintiff reserves the right to supplement this request as needed.

DATED this 21st day of March, 2024.

> BY: /s/ Reid J. Allred
> Reid J. Allred
>
> Douglas N. Marsh
> CAMBRIDGE LAW, LLC
> 4610 South Ulster Street, Suite 150
> Denver, Colorado 80237
> 303.488.3338
> reid@cambridgelawcolorado.com
> doug@cambridgelawcolorado.com
>
> Erik A. Olson
> eolson@mohtrial.com
> Dominic W. Shaw
> dshaw@mohtrial.com
> MARSHALL OLSON & HULL, P.C.
> Newhouse Building
> Ten Exchange Place, Suite 350
> Salt Lake City, Utah 84111
> 801.456.7655

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

*Attorneys for Plaintiff*

8

DocuSign Envelope ID: F2200BA4-4FF3-4499-820B-98ED7B866847

## VERIFICATION PAGE

I, Greg McEvilly, the [ROLE] of Kammok, declare under penalty of perjury that the foregoing responses to interrogatories and true to the best of my knowledge, information, and belief.

DATED this 21st day of March, 2024.

/s/ *[DocuSigned by: signature, C2DE8C1AFD0A43B]*
NAME
ROLE