# **<u>Exhibit 2</u>**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 05/17/2022 | 11330893 | KHL-0007.NP | 2396 |

128650          7590          04/27/2022

Loyal Intellectual Property Law
2350 E. Arbor Lane
P.O. Box 17395
Holladay, UT 84117

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD) at (571)-272-4200.

INVENTOR(s) (Please see PAIR WEB site http://pair.uspto.gov for additional inventors):

Daniel Goodwin, Austin, TX;
James Booth, Austin, TX;

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Kammok Holdings, LLC, Austin, TX;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

| | Notice of References Cited | Application/Control No.<br>16/430,027 | Applicant(s)/Patent Under Reexamination<br>Goodwin et al. | | |
|---|---|---|---|---|---|
| | | Examiner<br>SYED A ISLAM | Art Unit<br>3636 | Page 1 of 1 | |

### U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5876011-A | 03-1999 | Blasing; William J. | F16M11/16 | 248/411 |
| * | B | US-0290921-A | 12-1883 | ~~Name not available~~ Pluche | A45F3/24 | 5/129 |
| * | C | US-7082629-B2 | 08-2006 | Clark; Walter George | A45F3/24 | 5/127 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | Change(s) applied to document, /J.T./ 1/21/2022 |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)              **Notice of References Cited**              Part of Paper No. 20210409

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to:   Mail Stop ISSUE FEE
                    Commissioner for Patents
                    P.O. Box 1450
                    Alexandria, Virginia 22313-1450

By fax, send to:    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

128650          7590        01/20/2022
Loyal Intellectual Property Law
2350 E. Arbor Lane
P.O. Box 17395
Holladay, UT 84117

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

TITLE OF INVENTION: ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 04/20/2022 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ISLAM, SYED A | 3636 | 297-273000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Loyal IP Law, PLLC

2  Travis Banta

3  _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

KAMMOK HOLDINGS, LLC                          Austin, Texas

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. Fees submitted:  ☒ Issue Fee   ☐ Publication Fee (if required)   ☐ Advance Order - # of Copies _____

4b. Method of Payment: (Please first reapply any previously paid fee shown above)

☒ Electronic Payment via EFS-Web   ☐ Enclosed check   ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature  /Travis Banta/                    Date  April 20, 2022

Typed or printed name  Travis Banta                     Registration No.  60498

PTOL-85 Part B (08-18) Approved for use through 01/31/2020      OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 16430027 |
| **Filing Date:** | 03-Jun-2019 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel Goodwin |
| **Filer:** | Travis Robert Banta/Mindyn Gundersen |
| **Attorney Docket Number:** | KHL-0007.NP |

Filed as Small Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 2501 | 1 | 600 | 600 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | **600** | |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 45516075 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 128650 |
| **Filer:** | Travis Robert Banta/Mindyn Gundersen |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | KHL-0007.NP |
| **Receipt Date:** | 20-APR-2022 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 12:14:11 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $600 |
| RAM confirmation Number | E20224JC14374835 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | NOAFINALCUTE.pdf | 198421 052d424493bc4a3ab118649fefe53460f1305c01 | no | 1 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 37939 940106acff47ad2384bf49a9a537fb06296110e | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 236360 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

__New Applications Under 35 U.S.C. 111__
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
__National Stage of an International Application under 35 U.S.C. 371__
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
__New International Application Filed with the USPTO as a Receiving Office__
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

128650        7590        01/20/2022
Loyal Intellectual Property Law
2350 E. Arbor Lane
P.O. Box 17395
Holladay, UT 84117

| EXAMINER |
| --- |
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 3636 | |

DATE MAILED: 01/20/2022

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

TITLE OF INVENTION: ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 04/20/2022 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

PTOL-85 (Rev. 02/11)

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to:    Mail Stop ISSUE FEE
                  Commissioner for Patents
                  P.O. Box 1450
                  Alexandria, Virginia 22313-1450         By fax, send to:    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

128650       7590       01/20/2022

**Loyal Intellectual Property Law**
**2350 E. Arbor Lane**
**P.O. Box 17395**
**Holladay, UT 84117**

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

TITLE OF INVENTION: ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 04/20/2022 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ISLAM, SYED A | 3636 | 297-273000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2.** For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE             (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☐ Issue Fee ☐ Publication Fee (if required) ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web ☐ Enclosed check ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

PTOL-85 Part B (08-18) Approved for use through 01/31/2020    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

128650        7590        01/20/2022
Loyal Intellectual Property Law
2350 E. Arbor Lane
P.O. Box 17395
Holladay, UT 84117

| EXAMINER |
|---|
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

DATE MAILED: 01/20/2022

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b) (2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | **Application No.**<br>16/430,027 | **Applicant(s)**<br>Goodwin et al. | |
|---|---|---|---|
| | **Examiner**<br>SYED A ISLAM | **Art Unit**<br>3636 | **AIA (FITF) Status**<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to 11/15/2021.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are 1-6,11 and 16-27 . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information , please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

    a) ☐All    b) ☐ Some*    c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

    Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
    Paper No./Mail No. _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08),
    Paper No./Mail Date _____ .
3. ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material _____ .
4. ☐ Interview Summary (PTO-413),
    Paper No./Mail Date. _____ .

5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/SYED A ISLAM/
Primary Examiner, Art Unit 3636

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/430,027 | Goodwin et al. |
| | **Examiner** | **Art Unit** |
| | SYED A ISLAM | 3636 |

**CPC**

| Symbol | | | | | Type | Version |
|---|---|---|---|---|---|---|
| A45F | / | 3 | / | 26 | F | 2013-01-01 |
| A45F | / | 3 | / | 24 | I | 2013-01-01 |
| A47C | / | 7 | / | 002 | I | 2013-01-01 |
| A45F | / | 3 | / | 22 | A | 2013-01-01 |
| A47C | / | 3 | / | 0255 | A | 2013-01-01 |

**CPC Combination Sets**

| Symbol | | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner)                                (Date) | | 19 | |
| /SYED A ISLAM/                          30 December 2021 | | O.G. Print Claim(s) | O.G. Print Figure |
| Primary Examiner, Art Unit 3636 | | | |
| (Primary Examiner)                              (Date) | | 1 | 1 |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/430,027 | Goodwin et al. |
| | **Examiner** | **Art Unit** |
| | SYED A ISLAM | 3636 |

**INTERNATIONAL CLASSIFICATION**

**CLAIMED**

| A47C | | 3 | | 22 |
|---|---|---|---|---|

**NON-CLAIMED**

| | | | |
|---|---|---|---|

**US ORIGINAL CLASSIFICATION**

| CLASS | SUBCLASS |
|---|---|
| | |

**CROSS REFERENCES(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner)                (Date) | | 19 | |
| /SYED A ISLAM/                        30 December 2021 | | O.G. Print Claim(s) | O.G. Print Figure |
| Primary Examiner, Art Unit 3636 | | | |
| (Primary Examiner)                    (Date) | | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No.: 20211230

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/430,027 | Goodwin et al. |
| | **Examiner** | **Art Unit** |
| | SYED A ISLAM | 3636 |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☐ T.D.   ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | | 10 | 11 | 19 | | 28 | | | | | | | | |
| 2 | 2 | 7 | 11 | 12 | 20 | | | | | | | | | | |
| 3 | 3 | | 12 | 13 | 21 | | | | | | | | | | |
| 4 | 4 | | 13 | 14 | 22 | | | | | | | | | | |
| 5 | 5 | | 14 | 15 | 23 | | | | | | | | | | |
| 6 | 6 | | 15 | 16 | 24 | | | | | | | | | | |
| | 7 | 8 | 16 | 17 | 25 | | | | | | | | | | |
| | 8 | 9 | 17 | 18 | 26 | | | | | | | | | | |
| | 9 | 10 | 18 | 19 | 27 | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner)                     (Date) | | 19 | |
| /SYED A ISLAM/                   30 December 2021<br>Primary Examiner, Art Unit 3636 | | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner)                     (Date) | | 1 | 1 |

U.S. Patent and Trademark Office                                    Part of Paper No.: 20211230

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/430,027 | Goodwin et al. |
| | **Examiner** | **Art Unit** |
| | SYED A ISLAM | 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| A45F3/26,24,22 | 10/29/2020 | SI |
| A47C3/0255 | 06/25/2021 | SI |
| A47C7/002 | 08/10/2021 | SI |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| EAST (US-PGPUB;USPAT;USOCR;EPO;JPO;DERWENT;FPRS) | 10/29/2020 | SI |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | SEE ATTACHED | 12/30/2021 | SI |

| /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 | /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 |
|---|---|

## PE2E SEARCH – Search History (Prior Art)

There are no Prior Art searches to show.

## PE2E SEARCH – Search History (Interference)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|-------|------|--------------|-----|------------------|---------|---------------------|------------|
| N49 | 196 | suspension and seat and frame and foot and clip and arm and anchor and slide | (US-PGPUB;  USPAT) | OR | ON | ON | 2021/08/10 03:47 PM |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 44286404 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel Goodwin |
| **Customer Number:** | 128650 |
| **Filer:** | Travis Robert Banta/Mindyn Gundersen |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | KHL-0007.NP |
| **Receipt Date:** | 15-NOV-2021 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 20:24:27 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | NFOAResponse.pdf | 43133 <br> e6eb4fedce3ec3b94b3a3170919e5f9d91f9 0201 | no | 9 |

**Warnings:**

| Information: | |
|---|---|
| **Total Files Size (in bytes):** | 43133 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Application No. 16/430,027

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

_____

In re Patent Application of:
Daniel Goodwin

Application No.: 16/430,027                    Confirmation No.: 2396

Filed: June 3, 2019                            Art Unit: 3636

For:   ADJUSTABLE FOOTPRINT SUSPENSION          Examiner: ISLAM, Syed A.
       SEAT FRAME SYSTEM

_____

## <u>RESPONSE TO NON-FINAL OFFICE ACTION</u>

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Commissioner:

      In response to the Office Action dated August 13, 2021, ("Office Action"), the period

for response extending to November 15, 2021, November 13, 2021 being a Saturday and

November 14, 2021 being a Sunday, please consider the following:

Application No. 16/430,027

## COMPLETE LISTING OF CLAIMS
## IN ASCENDING ORDER WITH STATUS INDICATORS

This listing of claims will replace all prior listings, and versions, of claims in the application.

1.      (Previously Presented) An adjustable-footprint suspension seat frame comprising:

three or more feet;

a first cantilever arm comprising a first cradle disposed on a distal end of the first cantilever arm and a side clip including a first anchor for a suspension seat oriented on a backside of the first cantilever arm, wherein the first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm;

a second cantilever arm comprising a second cradle disposed on a distal end of the second cantilever arm and a second anchor for the suspension seat oriented on a backside of the second cantilever arm; and

a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm.

2.      (Previously Presented) The adjustable-footprint suspension seat frame of claim 1, further comprising:

a first coupling on the first cantilever arm detachably attaching the first cantilever arm to the first footprint adjustment bar;

LOYAL IP LAW, PLLC
2350 E. Arbor Lane, PO Box 17395
Holladay, Utah 84117
(801) 706-5636

Application No. 16/430,027

a second coupling on the second cantilever arm detachably attaching the second

cantilever arm to the first footprint adjustment bar; and

wherein the first footprint adjustment bar has a first length and comprises one of a

plurality of footprint adjustment bars, each bar of the plurality of footprint adjustment

bars having a length and configured to detachably attach to the first cantilever arm at a

first end and detachably attach to the second cantilever arm at a second end.

3.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first coupling comprises a compressible bushing.

4.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first footprint adjustment bar comprises a compressible bushing, the compressible bushing

having a cross section of substantially similar size and shape to a cross section of the first

coupling.

5.      (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1,

wherein:

the first footprint adjustment bar comprises a first section and a second section;

wherein the first section is substantially concentric to the second section and

configured to move telescopically within the second section, and

wherein the first section is configured to operably engage with the second section

LOYAL IP LAW, PLLC
2350 E. Arbor Lane, PO Box 17395
Holladay, Utah 84117
(801) 706-5636

− 3 −

Application No. 16/430,027

to define two or more working lengths of the first footprint adjustment bar.


6.      (Original) The adjustable-footprint suspension seat frame of claim 5, wherein:

the second section comprises at least one locking pin hole; and

the first section comprises at least one locking pin configures to pass through the

at least one locking pin hole and substantially maintain a working length of the first

footprint adjustment bar.


7.      (Canceled)

8.      (Canceled)

9.      (Canceled)

10.     (Canceled)


11.     (Original)  The adjustable-footprint suspension seat frame of claim 1, wherein:

the first cantilever arm comprises a folding joint for adjusting an angle of the first

cantilever arm relative to the first footprint adjustment bar.


12.     (Canceled)

13.     (Canceled)

14.     (Canceled)

15.     (Canceled)

Application No. 16/430,027

16.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 1, wherein the first cantilever arm and the second cantilever arm
each include a plurality of pin holes.

17.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 16, wherein the plurality of pin holes are disposed along a length of
the first cantilever arm and a length of the second cantilever arm.

18.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 16, wherein the first anchor interlocks with the first cantilever arm at
one of the plurality of pin holes on the first cantilever arm.

19.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 16, wherein the second anchor interlocks with the second cantilever
arm at one of the plurality of pin holes on the second cantilever arm.

20.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 16, wherein the first anchor engages the first cantilever arm and

LOYAL IP LAW, PLLC
2350 E. Arbor Lane, PO Box 17395
Holladay, Utah 84117
(801) 706-5636

Application No. 16/430,027

slides distally and proximally along the first cantilever arm as the side clip
slides proximally and distally along the first cantilever arm.

21.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 20, wherein the second anchor engages the second cantilever arm and
slides distally and proximally along the second cantilever arm.

22.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 1, wherein the first cradle and the second cradle each include line
guides.

23.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 1, wherein the first cantilever arm and the second cantilever arm are
disposed opposite each other and facing each other on inside surfaces of
each cantilever arm.

24.    (Previously Presented)  The adjustable-footprint suspension seat frame of
claim 23, wherein the backside of the first cantilever arm and the backside
of the second cantilever arm include surfaces that are on a side of the first
cantilever arm and second cantilever arm that are opposite the inside
surfaces of each cantilever arm.

LOYAL IP LAW, PLLC
2350 E. Arbor Lane, PO Box 17395
Holladay, Utah 84117
(801) 706-5636

Application No. 16/430,027

25.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1, wherein at least a portion the first cantilever arm and at least a portion of the second cantilever arm are disposed at an angle relative to the first footprint adjustment bar.

26.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 25, wherein the angle is 45 degrees.

27.    (Previously Presented) The adjustable-footprint suspension seat frame of claim 25, further comprising transitions which each transition a first portion of the first cantilever arm and a first portion of the second cantilever arm from being parallel to the first footprint adjustment bar to being disposed at an angle at a second portion of the first cantilever arm and at a second portion of the second cantilever arm.

28.    (Canceled)

LOYAL IP LAW, PLLC
2350 E. Arbor Lane, PO Box 17395
Holladay, Utah 84117
(801) 706-5636

Application No. 16/430,027

## REMARKS

This is a full and timely response to the Office Action dated August 13, 2021.

In the Office Action, the Office: 1) rejected claims 28 under 35 U.S.C. § 103 as allegedly unpatentable over U.S. Patent No. 7,089,610 ("Zhong") in view of U.S. Patent No. 4,975,994 ("Bermettler") and 2) allowed claims 1-6, 11, and 16-27.

In response, claim 28 has been canceled. Claims 1-6, 11, and 16-27 are pending.

### Allowed Claims:

Applicant gratefully acknowledges the allowance of claim 1-6, 11, and 16-27 and requests a formal Notice of Allowance.

### Rejections under 35 U.S.C. § 103:

Claim 28 has been canceled. Thus, the rejection of claim 28 is moot. Applicant respectfully requests that, as no other issues remain outstanding, a formal Notice of Allowance.

Application No. 16/430,027

## **CONCLUSION**

All requirements have been addressed.  In view of the above, the presently pending claims are believed to be in condition for allowance.  Accordingly, reconsideration and allowance are respectfully requested and the Office is respectfully requested to pass this application to issue.

Dated: November 15, 2021          Respectfully submitted,

Electronic signature:  /Travis R. Banta, Reg.# 60498/
                                       Travis R. Banta
                                       LOYAL IP LAW PLLC
                                       2350 E. Arbor Ln.
                                       P.O. Box 17395
                                       Holladay, Utah
                                       84117
                                       Phone: (801) 706-5636
                                       Customer No. 128650
                                       Attorney for Applicant

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 16/430,027 | Filing Date 06/03/2019 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE  ☑ SMALL  ☐ MICRO

### APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $230 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| AMENDMENT | 11/15/2021 | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus | *** 3 | = 0 | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /DANTE SMITH/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

128650          7590          08/13/2021
Loyal Intellectual Property Law
2350 E. Arbor Lane
P.O. Box 17395
Holladay, UT 84117

| EXAMINER |
|---|
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/13/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

david@loyaliplaw.com
docket@loyaliplaw.com
travis@loyaliplaw.com

| *Office Action Summary* | Application No. 16/430,027 | Applicant(s) Goodwin et al. |
|---|---|---|
| | Examiner SYED A ISLAM | Art Unit 3636 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>07/15/2021</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.      2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-6,11 and 16-28</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☑ Claim(s) <u>1-6,11 and 16-27</u> is/are allowed.
7) ☑ Claim(s) <u>28</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or  b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**   c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

### *Claim Rejections - 35 USC § 103*

2.      In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and

the rationale supporting the rejection, would be the same under either status.

3.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections

set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is
> not identically disclosed as set forth in section 102, if the differences between the claimed invention
> and the prior art are such that the claimed invention as a whole would have been obvious before the
> effective filing date of the claimed invention to a person having ordinary skill in the art to which the
> claimed invention pertains. Patentability shall not be negated by the manner in which the invention
> was made.

4.      Claim 28 is/are rejected under 35 U.S.C. 103 as being unpatentable over Zhong (7,089,610) in

view of Bermettler (4,975,994).

5.      Regarding claim 28, Zhong discloses A kit, comprising: a plurality of feet **3, 19, 20**; a first

cantilever arm **2** comprising a first cradle **1** disposed on a distal end of the first cantilever arm and a side

clip including a first anchor **15**, wherein the first cantilever arm extends through the side clip and the

side clip slides proximally and distally around an outside of the first cantilever arm; a second cantilever

arm **2** comprising a second cradle **1** disposed on a distal end of the second cantilever arm and a second

anchor **15.**

6.      However, Zhong fails to disclose a first footprint adjustment bar; and a second footprint

adjustment bar, the second footprint adjustment bar being shorter than the first footprint adjustment

bar.

Application/Control Number: 16/430,027                                              Page 3
Art Unit: 3636

7.      Bermettler discloses a first footprint adjustment bar 4.4; and a second footprint adjustment bar

4.3, the second footprint adjustment bar being shorter than the first footprint adjustment bar.

8.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Bertmettler and use a shorter second bar than first bar in the invention of Zhong

for the purpose of allowing the invention to be fit in compact space when not in use.

### *Allowable Subject Matter*

9.      Claims 1-6, 11, 16-27 are allowed.

10.     The following is an examiner's statement of reasons for allowance: No other prior art references

in the record whether taken alone or in combination can disclose a first cantilever arm comprising a first

cradle disposed on a distal end of the first cantilever arm and a side clip including a first anchor for a

suspension seat oriented on a backside of the first cantilever arm, wherein the first cantilever arm

extends through the side clip and the side clip slides proximally and distally around an outside of the

first cantilever arm.

        Any comments considered necessary by applicant must be submitted no later than the payment

of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such

submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

11.

12.     Any inquiry concerning this communication or earlier communications from the examiner

should be directed to SYED A ISLAM whose telephone number is (571)272-7768.  The examiner can

normally be reached on 10am-10pm.

        Examiner interviews are available via telephone, in-person, and video conferencing using a

USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use

the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

Application/Control Number: 16/430,027                                     Page 4
Art Unit: 3636

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

David Dunn can be reached on 5712726670. The fax phone number for the organization where this

application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system. Status information for published applications may be obtained

from either Private PAIR or Public PAIR. Status information for unpublished applications is available

through Private PAIR only. For more information about the PAIR system, see https://ppair-

my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact

the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information system, call 800-786-

9199 (IN USA OR CANADA) or 571-272-1000.

/SYED A ISLAM/
Primary Examiner, Art Unit 3636

| *Notice of References Cited* | Application/Control No. 16/430,027 | | Applicant(s)/Patent Under Reexamination Goodwin et al. | |
|---|---|---|---|---|
| | Examiner SYED A ISLAM | | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-7089610-B2 | 08-2006 | Zhong; Jianwei | A45F3/24 | 5/122 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20210810

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/430,027 | Goodwin et al. |
| | Examiner | Art Unit |
| | SYED A ISLAM | 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | ☐ CPA | ☐ T.D. | ☐ R.1.47 | | | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/15/2020 | 10/29/2020 | 04/10/2021 | 08/10/2021 | | | | |
| | 1 | ÷ | ✓ | ✓ | = | | | | |
| | 2 | ÷ | ✓ | ✓ | = | | | | |
| | 3 | ÷ | ✓ | ✓ | = | | | | |
| | 4 | ÷ | ✓ | ✓ | = | | | | |
| | 5 | ÷ | ✓ | ✓ | = | | | | |
| | 6 | ÷ | ✓ | ✓ | = | | | | |
| | 7 | ÷ | N | - | - | | | | |
| | 8 | ÷ | N | - | - | | | | |
| | 9 | ÷ | N | - | - | | | | |
| | 10 | ÷ | N | - | - | | | | |
| | 11 | ÷ | ✓ | ✓ | = | | | | |
| | 12 | ÷ | N | - | - | | | | |
| | 13 | ÷ | N | - | - | | | | |
| | 14 | ÷ | - | - | - | | | | |
| | 15 | ÷ | - | - | - | | | | |
| | 16 | | | ✓ | = | | | | |
| | 17 | | | ✓ | = | | | | |
| | 18 | | | ✓ | = | | | | |
| | 19 | | | ✓ | = | | | | |
| | 20 | | | ✓ | = | | | | |
| | 21 | | | ✓ | = | | | | |
| | 22 | | | ✓ | = | | | | |
| | 23 | | | ✓ | = | | | | |
| | 24 | | | ✓ | = | | | | |
| | 25 | | | ✓ | = | | | | |
| | 26 | | | ✓ | = | | | | |
| | 27 | | | ✓ | = | | | | |
| | 28 | | | ✓ | ✓ | | | | |

U.S. Patent and Trademark Office

Part of Paper No.: 20210810

| *Search Notes* | Application/Control No.<br><br>16/430,027 | Applicant(s)/Patent Under Reexamination<br><br>Goodwin et al. |
|---|---|---|
| | Examiner<br><br>SYED A ISLAM | Art Unit<br><br>3636 |

### CPC - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| A45F3/26,24,22 | 10/29/2020 | SI |
| A47C3/0255 | 06/25/2021 | SI |
| A47C7/002 | 08/10/2021 | SI |

### CPC Combination Sets - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US Classification - Searched*

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

### Search Notes

| Search Notes | Date | Examiner |
|---|---|---|
| EAST (US-PGPUB;USPAT;USOCR;EPO;JPO;DERWENT;FPRS) | 10/29/2020 | SI |

### Interference Search

| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 | /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 |
|---|---|

# EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 878 | A45F3/26,24.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:01 |
| S2 | 10 | A45F3/26,24.CPC. and bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:20 |
| S3 | 4 | A45F$.CPC. and compressible with bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:29 |
| S4 | 24 | A47C$.CPC. and compressible with bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:30 |
| S5 | 18 | ("0944661" \| "3632273" \| "4473605" \| "4975997" \| "5297302" \| "5414873" \| "5729845" \| "6209556" \| "6383588" \| "D426968" \| "D465669" \| "D471650").PN. OR ("6711764").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:57 |
| S6 | 17 | ("0781609" \| "1229537").PN. OR ("6276008").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:58 |
| S7 | 16 | ("2104917" \| "4958391").PN. OR ("5297302").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:58 |
| S8 | 1 | "23230425".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2020/10/29 17:28 |
| S9 | 1 | "23230425".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2020/10/29 17:28 |
| S10 | 90 | A45F3/26,24.CPC. and telescop$3 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 17:35 |
| S11 | 5 | ("2571037").URPN. | USPAT | OR | OFF | 2020/10/29 17:40 |
| S12 | 40 | ("0970877" \| "1369216" \| "2546726" \| "2571037" \| "3044797" \| "3532356" \| "D213370").PN. OR ("3992023").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 17:41 |
| S13 | 24 | A45F3/22.CPC. and telescop$3 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 17:42 |

| | | | | | | |
|---|---|---|---|---|---|---|
| S14 | 32 | ("0531727" \| "0781609" \| "0986375" \| "1217963" \| "1320381" \| "3593352").PN. OR ("5003652").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:25 |
| S15 | 39 | ("0223588" \| "0781609" \| "0950070" \| "2534019" \| "2566996" \| "2663032").PN. OR ("3593352").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:26 |
| S16 | 23 | ("0118918" \| "0781609" \| "2450689" \| "2469950" \| "2569569" \| "2581623" \| "3593352" \| "3837019" \| "4229845" \| "4691394").PN. OR ("4797961").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:28 |
| S17 | 1,645 | A45F3/26,24,22.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2021/03/31 18:18 |
| S18 | 71 | ("0118918" \| "0406715" \| "0781609" \| "20040205893" \| "20060070180" \| "20060282948" \| "20070017026" \| "20070209113" \| "20080256703" \| "20100287700" \| "2450689" \| "2469950" \| "2569569" \| "2581623" \| "3593352" \| "3837019" \| "4229845" \| "4691394" \| "4977631" \| "5113537" \| "5392476" \| "5983422" \| "6467109" \| "6954950" \| "7089610" \| "7395561" \| "7406726" \| "7441287" \| "7571499").PN. OR ("1030483" \| "1032211" \| "202814" \| "209275" \| "2469950" \| "290921" \| "292204" \| "4797961" \| "7089610" \| "757428" \| "7996935" \| "950070").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/01 12:18 |
| S19 | 1,045 | A45F3/26,24,22.CPC. | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2021/04/01 15:47 |
| S20 | 1 | "44786032".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2021/04/01 15:50 |
| S21 | 0 | ("69122744").PN. | USPAT; USOCR | OR | OFF | 2021/04/01 17:32 |
| S22 | 1 | ("6912744").PN. | USPAT; USOCR | OR | OFF | 2021/04/01 17:33 |
| S23 | 23 | ("0142327" \| "0201074" \| "0210037" \| "0292204" \| "0498542" \| "0816340" \| "0856315" \| "3321780" \| "4925138" \| "5659906" \| "5729845").PN. OR ("6912744").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/01 17:33 |
| S24 | 19 | ("0944661" \| "3632273" \| "4473605" \| "4975997" \| "5297302" \| "5414873" \| "5729845" \| "6209556" \| "6383588" \| | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:17 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | "D426968" \| "D465669" \| "D471650").PN. OR ("6711764").URPN. | | | | |
| S25 | 24 | ("0944661" \| "0950070" \| "0972783" \| "20020166171" \| "20050262631" \| "2469950" \| "4925138" \| "4951332" \| "5113538" \| "5297302" \| "5392476" \| "5636392" \| "5729845" \| "6360383" \| "6470518" \| "6711764" \| "6851138" \| "6931679").PN. OR ("7082629").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:18 |
| S26 | 18 | ("2104917" \| "4958391").PN. OR ("5297302").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:20 |
| S27 | 18 | ("2353220").URPN. | USPAT | OR | OFF | 2021/04/09 17:20 |
| S28 | 4 | ("1400049").URPN. | USPAT | OR | OFF | 2021/04/09 17:21 |
| S29 | 26 | ("1646974" \| "1880909" \| "20050262631" \| "2338090" \| "2432224" \| "2468209" \| "2532595" \| "2538859" \| "2560713" \| "4197028" \| "6851138" \| "7051917" \| "7082629").PN. OR ("8656532" \| "944661").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:22 |
| S30 | 5 | ("2469950").URPN. | USPAT | OR | OFF | 2021/04/09 17:28 |
| S31 | 1 | "44786032".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2021/04/09 17:38 |
| S32 | 33 | ("0531727" \| "0781609" \| "0986375" \| "1217963" \| "1320381" \| "3593352").PN. OR ("5003652").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:40 |
| S33 | 69 | ("0320174" \| "0337792" \| "0381025" \| "0506776" \| "0531727" \| "0593583" \| "0711579" \| "0933921" \| "1229537" \| "3593352" \| "4925138" \| "5003652" \| "D295242").PN. OR ("5392476").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:45 |
| S34 | 1 | "5927706".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2021/04/09 17:47 |
| S35 | 15 | ("0406715" \| "5113537" \| "5983422").PN. OR ("7089610").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:48 |
| S36 | 35 | ("0381025" \| "0531727" \| "0935445" \| "1229537" \| "2563156" \| "4797961" \| "5003652" \| "5392476" \| "5659907").PN. OR ("5983422").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:49 |

| S37 | 163 | A45F3/26,24,22.CPC. and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 11:54 |
| S38 | 764 | hammock and leg and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:13 |
| S39 | 225 | hammock and leg and pin and anchor and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:13 |
| S40 | 512 | hammock and leg and pin and lock$4 and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:27 |
| S41 | 0 | F16M/$.CPC. and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:34 |
| S42 | 7,787 | F16M11/$.CPC. and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:35 |
| S43 | 0 | F16M11/$.CPC. and (leg or stand) and telescopoing and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:35 |
| S44 | 841 | F16M11/$.CPC. and (leg or stand) and telescoping and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:35 |
| S45 | 2 | ("20160213130" \| "5265293").PN. | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 17:35 |
| S46 | 122 | A45F3/26,24,22.CPC. and clip | US-PGPUB; USPAT; USOCR | OR | ON | 2021/06/25 11:20 |
| S47 | 1,778 | A47C3/0255.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2021/06/25 11:49 |
| S48 | 977 | A47C7/002.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2021/08/10 15:26 |

## EAST Search History (Interference)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
| --- | --- | --- | --- | --- | --- | --- |
| S49 | 196 | suspension and seat and frame and foot and clip and arm and anchor and slide | US-PGPUB; USPAT | OR | ON | 2021/08/10 15:47 |

8/10/2021 5:11:37 PM
C:\Users\sislam\Documents\EAST\Workspaces\16430027.wsp

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 16/430,027 | Filing Date 06/03/2019 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE  ☑ SMALL  ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $230 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | 07/15/2021 | | | | | | |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /VENICE M WILLIAMS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (02-18)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 16/430,027 | Filing Date | 2019-06-03 | Docket Number (if applicable) | KHL-0007.NP | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | DANIEL GOODWIN | | | Examiner Name | SYED A. ISLAM | | |

This is a **Request for Continued Examination (RCE)** under 37 CFR 1.114 of the above-identified application.
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

## SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

    ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

    ☐ Other _____

☒ Enclosed

    ☒ Amendment/Reply

    ☐ Information Disclosure Statement (IDS)

    ☐ Affidavit(s)/ Declaration(s)

    ☐ Other

## MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months _____
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other _____

## FEES

☐ **The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No _____

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

| ☒ Patent Practitioner Signature |
| Applicant Signature |

Doc code: RCEX

Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (02-18)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Travis Banta/ | Date (YYYY-MM-DD) | 2021-07-15 |
| Name | Travis Banta | Registration Number | 60498 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.    The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.    A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.    A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.    A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.    A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.    A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.    A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.    A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.    A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 16430027 |
| **Filing Date:** | 03-Jun-2019 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel Goodwin |
| **Filer:** | Travis Robert Banta/Mindyn Gundersen |
| **Attorney Docket Number:** | KHL-0007.NP |

Filed as Small Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| RCE- 1ST REQUEST | 2801 | 1 | 680 | 680 |
| **Total in USD ($)** | | | | **680** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 43263999 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 128650 |
| **Filer:** | Travis Robert Banta/Mindyn Gundersen |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | KHL-0007.NP |
| **Receipt Date:** | 15-JUL-2021 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 17:20:12 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $680 |
| RAM confirmation Number | E20217EH22131643 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment Submitted/Entered with Filing of CPA/RCE | ResponseAdvisoryActionFINAL.pdf | 123477 / 2123d15a45065df9fd42e894c50c5c61fda6d158 | no | 13 |

| Warnings: |
|---|
| Information: |

| 2 | Request for Continued Examination (RCE) | RCEFORM.pdf | 1349892 / 8071ee19a8e9bff7cdc37dbaa2cbb7b0dabeabab | no | 3 |

| Warnings: |
|---|
| Information: |

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 30740 / 23a9dbfd377e1639ab385f45e8577445c414566c | no | 2 |

| Warnings: |
|---|
| Information: |

| | | **Total Files Size (in bytes):** | 1504109 | | |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

Application No. 16/430,027

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

---

In re Patent Application of:
Daniel Goodwin

Application No.: 16/430,027                    Confirmation No.: 2396

Filed: June 3, 2019                            Art Unit: 3636

For:  ADJUSTABLE FOOTPRINT SUSPENSION          Examiner: ISLAM, Syed A.
      SEAT FRAME SYSTEM

---

## <u>RESPONSE TO OFFICE ACTION</u>

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Commissioner:

In response to the Office Action dated April 15, 2021 ("Office Action") and the

Advisory Action dated June 30, 2021, please consider the following:

Application No. 16/430,027

## COMPLETE LISTING OF CLAIMS
## IN ASCENDING ORDER WITH STATUS INDICATORS

This listing of claims will replace all prior listings, and versions, of claims in the application.

1.      (Currently Amended) An adjustable-footprint suspension seat frame comprising:

three or more feet;

a first cantilever arm comprising a first cradle disposed on a distal end of the first cantilever arm and a side clip including a first anchor for a suspension seat oriented on a backside of the first cantilever arm, wherein the first cantilever arm extends through the side clip and the side clip slides proximally and distally around an outside of the first cantilever arm;

a second cantilever arm comprising a second anchor for the suspension seat; and

a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm

2.      (Previously Presented) The adjustable-footprint suspension seat frame of claim 1, further comprising:

a first coupling on the first cantilever arm detachably attaching the first cantilever arm to the first footprint adjustment bar;

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

Application No. 16/430,027

a second coupling on the second cantilever arm detachably attaching the second

cantilever arm to the first footprint adjustment bar; and

wherein the first footprint adjustment bar has a first length and comprises one of a

plurality of footprint adjustment bars, each bar ~~of the~~ of the plurality of footprint

adjustment bars having a length and configured to detachably attach to the first cantilever

arm at a first end and detachably attach to the second cantilever arm at a second end.


3.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first coupling comprises a compressible bushing.


4.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first footprint adjustment bar comprises a compressible bushing, the compressible

bushing having a cross section of substantially similar size and shape to a cross

section of the first coupling.


5.      (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1,

wherein:

the first footprint adjustment bar comprises a first section and a second section;

wherein the first section is substantially concentric to the second section and

configured to move telescopically within the second section, and

wherein the first section is configured to operably engage with the second section

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

Application No. 16/430,027

to define two or more working lengths of the first footprint adjustment bar.

6.      (Original) The adjustable-footprint suspension seat frame of claim 5, wherein:

the second section comprises at least one locking pin hole; and

the first section comprises at least one locking pin configures to pass through the

at least one locking pin hole and substantially maintain a working length of the first

footprint adjustment bar.

7.      (Canceled)

8.      (Canceled)

9.      (Canceled)

10.     (Canceled)

11.     (Original)  The adjustable-footprint suspension seat frame of claim 1, wherein:

the first cantilever arm comprises a folding joint for adjusting an angle of the first

cantilever arm relative to the first footprint adjustment bar.

12.     (Canceled)

13.     (Canceled)

14.     (Canceled)

15.     (Canceled)

16.     (Previously Presented)  The adjustable-footprint suspension seat frame of

claim 1, wherein the first cantilever arm and the second cantilever arm each

include a plurality of pin holes.

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

– 4 –

Application No. 16/430,027

17.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 16, wherein the plurality of pin holes are disposed along a length of the first cantilever arm and a length of the second cantilever arm.

18.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 16, wherein the first and interlocks with the first cantilever arm at one of the plurality of pin holes on the first cantilever arm.

19.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 16, wherein the second anchor interlocks with the second cantilever arm at one of the plurality of pin holes on the second cantilever arm.

20.    (Currently Amended)  The adjustable-footprint suspension seat frame of claim 16, wherein the first anchor engages the first cantilever arm and slides distally and proximally along the first cantilever arm as the side clip slides proximally and distally along the first cantilever arm.

21.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 20, wherein the second anchor engages the second cantilever arm and slides distally and proximally along the second cantilever arm.

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

Application No. 16/430,027

22.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1, wherein the first cradle and the second cradle each include line guides

23.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1, wherein the first cantilever arm and the second cantilever arm are disposed opposite each other and facing each other on inside surfaces of each cantilever arm.

24.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 23, wherein the backside of the first cantilever arm and the backside of the second cantilever arm includes surfaces that are on a side of the first cantilever arm and second cantilever arm that are opposite the inside surfaces of each cantilever arm.

25.    (Currently Amended)  The adjustable-footprint suspension seat frame of claim 1, wherein at least a portion of the first cantilever arm and at least a portion of the second cantilever arm are disposed at an angle relative to the first footprint adjustment bar.

26.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 25, wherein the angle is 45 degrees.

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

Application No. 16/430,027

27.    (Previously Presented)  The adjustable-footprint suspension seat frame of

claim 25, further comprising transitions which each transition a first portion

of the first cantilever arm and a first portion of the second cantilever arm

from being parallel to the first footprint adjustment bar to being disposed at

an angle at a second portion of the first cantilever arm and at a second

portion of the second cantilever arm.

28.    (Currently Amended) A kit, comprising:

           a plurality of feet;

           a first cantilever arm comprising a first cradle disposed on a

distal end of

     the first cantilever arm and a side clip including a first anchor, wherein

the first cantilever arm extends through the side clip and the side clip slides

proximally and distally around an outside of the first cantilever arm;

           a second cantilever arm comprising a second cradle disposed on a

distal end of the second cantilever arm and a second anchor;

           a first footprint adjustment bar; and

           a second footprint adjustment bar, the second footprint adjustment

bar being shorter than the first footprint adjustment bar.

Application No. 16/430,027

## REMARKS

This is a full and timely response to the Office Action dated April 15, 2021 and the Advisory Action dated June 30, 2021.

In the Office Action, the Office 1) rejected claims 1 and 22-27 under U.S.C. § 102 as allegedly anticipated by U.S. Patent No. 290,921 ("Pluche"); 2) rejected claims 1 and 2 under 35 U.S.C. § 103 as allegedly unpatentable over U.S. Patent No. 7,082629 ("Clark") in view of Pluche; 3) rejected claims 3 and 4 under 35 U.S.C. § 103 as allegedly unpatentable over Clark and Pluche in view of U.S. Patent Publication No. 2007/0216121 ("Potappel"); 4) rejected claim 5 under 35 U.S.C. § 103 as allegedly unpatentable over Clark and Pluche in view of U.S. Patent No. 4,975994 ("Barmettler"); 5) rejected claim 6 under 35 U.S.C. § 103 as allegedly unpatentable over Clark, Pluche, and Barmettler in view of U.S. Patent No. 6,415,464 ("Hsieh"); 6) rejected claim 11 as allegedly unpatentable under 35 U.S.C. § 103 over Clark and Pluche in view of U.S. Patent No. 950,070 ("Funke"); 7) rejected claims 16-21 under 35 U.S.C. § 103 as allegedly unpatentable over Clark and Pluche in view of U.S. Patent No. 5,876,011 ("Blasing"); and 8) rejected claim 28 under 35 U.S.C. § 103 as allegedly unpatentable over Clark, Pluche, and Barmettler.

In response, Applicant has amended various claims. Claims 1-6, 11, and 16-28 are pending.

**Advisory Action**

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

– 8 –

Application No. 16/430,027

On page 2 of the advisory action the Patent Office indicated its belief that U.S. Patent No. 1028186 ("Bulge") "discloses a side clip 10 with an anchor 9 which slides up and down the arm." However, side clip 10 in Bulge is inset within the inside of upright 3 and therefore Bulge does not teach or suggest a "first *cantilever arm extends through the side clip* and the side clip slides proximally and distally around *an outside of the first cantilever* arm," as recited in claims (emphasis added).

**Rejections under 35 U.S.C. § 102:**

"A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." Verdegaal Bros. v. Union oil Co. of California, 2 U.S.P.Q.2d 1051, 1053 (Fed. Cir. 1987). See M.P.E.P. § 2131. Applicant respectfully submits, however that Pluche does not disclose or suggest the elements of claim 1.

Pluche discloses a "folding hammock support" which includes a "long bar or bed-piece which forms the base of the frame. At each end of this bar cross-pieces are fastened at their centers by detachable hinge-joints, and from the ends of each cross-piece project uprights or braces having pivoted between their upper ends which come together long arms or stretchers to which the ends of the hammock rope are attached." Pluche, Title and Column 1, lines 21-29. As shown in Figure 1, a hammock is connected to stirrups E on the folding hammock support of Pluche.

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

Application No. 16/430,027

Pluche, however, fails to disclose or suggest a "side clip including a first anchor" and that a "first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm," according to the recitations of claim 1. There is nothing in Pluche that discloses or suggests that "stirrup E" slides "proximally and distally" to the uprights of Pluche, according to the recitations of claim 1.

Thus, Pluche fails to expressly or inherently describe each and every element of claim 1. Applicant respectfully request that the rejection of claim 1 be reconsidered and withdrawn.

Claim 22-27 depend directly or indirectly from claim 1 and are allowable not only for the subject matter recited therein, but also at least due to their respective dependencies on claim 1.

**Rejections under 35 U.S.C. § 103:**

To establish prima facie obviousness of a claimed invention, all the claim limitations must be taught or suggested by the prior art. See, e.g., In re Royka, 490 F.2d 981, 180 USPQ 580 (CCPA 1974). Applicant respectfully submits that neither Clark nor Pluche, whether taken individually or in combination, disclose or suggest the elements of claim1.

Clark teaches a "knock-down hammock stand" which is "assembled from a plurality of tubular members." Clark, Title and Abstract. To that end, Clark, in column 2, lines 13-17 teaches "[o]n the upper ends of members 12a, and 12b, are end caps 13a and 13b which fit tightly over the upper ends of members 12a and 12b. Both end caps 13a and 13b, have support hooks 14a and 14b, to receive and support the terminal clew ring of a hammock extended between them."

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

– 10 –

Application No. 16/430,027

There is nothing Clark, however, that discloses or suggests a "side clip including a first anchor" and that a "first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm," according to the recitations of claim 1. Clark does not disclose or suggest, for example that "support hooks 14a and 14b" of Clark slide "proximally and distally," as recited in claim 1.

As previously discussed, Pluche fails to remedy the deficiencies of Clark as Pluche also fails to disclose or suggest "side clip including a first anchor" and that a "first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm," according to the recitations of claim 1.

Accordingly, Clark and Pluche, whether taken individually or in combination fail to disclose or suggest the elements of claim 1. Thus, Applicant respectfully requests reconsideration of the rejection of claim 1.

Claim 2 depends from claim 1 and is allowable not only for the subject matter recited therein, but also due to its dependency on claim 1.

Claims 3-6, 11, and 16-21 stand rejected over Clark and Pluche in view of one or more of Potappel, Barmettler, Hsieh, Funke, and Blassing. However, None of Potappel, Barmettler, Hsieh, Funke, and Blassing remedy the deficiencies of Clark and Pluche. Accordingly, claims 3-6, 11, and 16-21 are not only allowable for the subject matter recited therein, but also at least due to their respective dependencies on claim 1. Accordingly Applicant respectfully request ath the rejections of claims 3-6, 11, and 16-21 be reconsidered and withdrawn.

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

Application No. 16/430,027

Claim 28:

As previously discussed both Clark and Pluche fail to disclose the elements of claim 1. While of a scope different from that of claim 1, Claim 28 recites elements that are similar to the elements of claim 1. Accordingly, for reasons similar to those discussed above with respect to claim 1, Clark and Pluche fail to disclose or suggest the elements of claim 28. Barmettler fails to remedy the deficiencies of Clark and Pluche.

Barmettler teaches a "hammock with frame" which "has a keel like shaped flexible beam formed by telescopically joined elements and sticklike supporting beam legs." Barmettler, Title and Abstract. To that end, in column 2, lines 43-46, Barmettler teaches "[t]he hammock 2 has a caplike end joint 5 attached to the frame 4 at each of the top ends 4.1 of the flexible frame 4. These caplike joints 6 are of weather proof high tensile fiber awning type material."

Applicant respectfully submits, however, that Barmettler fails to remedy the deficiencies of Clark and Pluche. For example, Barmettler also fails to disclose or suggest a "side clip including a first anchor" and that a "first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm," according to the recitations of claim 28. In other words, Barmettler fails to disclose or suggest that the "caplike end joint" :slides proximally and distally along the first cantilever arm," according to the recitation of claim 28.

Accordingly, Applicant respectfully submits that none of Clark, Pluche, nor Barmettler teach or suggest the elements of claim 1. Thus, Applicant respectfully request that the rejection of claim 28 be reconsidered and withdrawn.

LOYAL I.P. LAW, PLLC
2350 Arbor Ln.
P.O. Box 17395
Holladay, Utah 84117
(801) 705-5636

Application No. 16/430,027

## **CONCLUSION**

All requirements have been addressed.  In view of the above, the presently pending

claims are believed to be in condition for allowance.  Accordingly, reconsideration and

allowance are respectfully requested and the Office is respectfully requested to pass this

application to issue.


Dated: July 15, 2021             Respectfully submitted,

                                 Electronic signature:  /Travis R. Banta, Reg.# 60498/
                                   Travis R. Banta
                                   LOYAL I.P. LAW, PLLC
                                   2350 Arbor Ln.
                                   P.O. Box 17359
                                   Holladay, Utah, 84117
                                   Phone: (801) 706-5636
                                   Customer No. 128650
                                   Attorney for Applicant

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address:  COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

128650         7590         06/30/2021
TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043

| EXAMINER |
|---|
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 06/30/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@techlawventures.com
tbanta@techlawventures.com

PTOL-90A (Rev. 04/07)

| ***Advisory Action*** *Before the Filing of an Appeal Brief* | **Application No.** 16/430,027 | **Applicant(s)** Goodwin et al. |
| | **Examiner** SYED A ISLAM | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

---

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 15 June 2021 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

<u>NO NOTICE OF APPEAL FILED</u>

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

    a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.

    b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

    c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

       *Examiner Note:* If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANTS <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

    a) ☑ They raise new issues that would require further consideration and/or search (see NOTE below);

    b) ☐ They raise the issue of new matter (see NOTE below);

    c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

    d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

       NOTE: See <u>Continuation Sheet</u> (See 37CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicants reply has overcome the following rejection(s): _____

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☑ For purposes of appeal, the proposed amendment(s):(a) ☑ will not be entered, or (b) ☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____

9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

14. ☑ Other: <u>PTO-2323</u>
    .

<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:

    Claim(s) allowed: _____

    Claim(s) objected to: _____

    Claim(s) rejected: 1,6,11 and 16-28.

    Claim(s) withdrawn from consideration: _____

/SYED A ISLAM/
Primary Examiner, Art Unit 3636

**Continuation Sheet (PTOL-303)**

**Application No.** 16/430,027

Continuation of 3. NOTE: Newly found reference Bulge (1028186) dislcoses a side clip 10 with an anchor 9 which slides up and down the arm

| *Search Notes* | Application/Control No.<br><br>16/430,027 | Applicant(s)/Patent Under Reexamination<br><br>Goodwin et al. |
|---|---|---|
| | Examiner<br><br>SYED A ISLAM | Art Unit<br><br>3636 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| A45F3/26,24,22 | 10/29/2020 | SI |
| A47C3/0255 | 06/25/2021 | SI |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| EAST (US-PGPUB;USPAT;USOCR;EPO;JPO;DERWENT;FPRS) | 10/29/2020 | SI |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 | /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 |
|---|---|

| **AFCP 2.0 Decision** | **Application No.** | **Applicant(s)** | |
|---|---|---|---|
| | 16/430,027 | Goodwin et al. | |
| | **Examiner** | **Art Unit** | **AIA (FITF) Status** |
| | SYED A ISLAM | 3636 | Yes |

This is in response to the After Final Consideration Pilot request filed <u>15 June 2021</u>.

1. **Improper Request** – The AFCP 2.0 request is improper for the following reason(s) and the after final amendment submitted with the request will be treated under pre-pilot procedure.

   ☐ An AFCP 2.0 request form PTO/SB/434 (or equivalent document) was not submitted.

   ☐ A non-broadening amendment to at least one independent claim was not submitted.

   ☐ The request is not the first proper AFCP 2.0 request submitted in response to the most recent final rejection.

   ☐ Other: _____

2. **Proper Request**

   **A.** After final amendment submitted with the request will not be treated under AFCP 2.0.
   The after final amendment cannot be reviewed and a search conducted within the guidelines of the pilot program.

   ☐ The after final amendment will be treated under pre-pilot procedure.

   **B.** Updated search and/or completed additional consideration.
   The examiner performed an updated search and/or completed additional consideration of the after final amendment within the time authorized for the pilot program. The result(s) of the updated search and/or completed additional consideration are:

   ☐ 1. All of the rejections in the most recent final Office action are overcome and a Notice of Allowance is issued herewith.

   ☐ 2. The after final amendment would not overcome all of the rejections in the most recent final Office action. See attached interview summary for further details.

   ☐ 3. The after final amendment was reviewed, and it raises a new issue(s). See attached interview summary for further details.

   ☐ 4. The after final amendment raises new issues, but would overcome all of the rejections in the most recent final Office action. A decision on determining allowability could not be made within the guidelines of the pilot. See attached interview summary for further details, including any newly discovered prior art.

   ☑ 5. Other: <u>See Continuation Sheet</u>

   Examiner Note: Please attach an interview summary when necessary as described above.

**Continuation Sheet (PTOL-2323)**

**Application No.** 16/430,027

Continuation of Proper Request- B. 5. Other: Continuation of Proper Request- B. 5. Other: Newly found reference Bulge (1028186) dislcoses a side clip 10 with an anchor 9 which slides up and down the arm/ SYED A ISLAM/
Primary Examiner, Art Unit 3636

Application No. 16/430,027

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

_____

In re Patent Application of:
Daniel Goodwin

Application No.: 16/430,027                     Confirmation No.: 2396

Filed: June 3, 2019                             Art Unit: 3636

For:  ADJUSTABLE FOOTPRINT SUSPENSION           Examiner: ISLAM, Syed A.
      SEAT FRAME SYSTEM

_____

## RESPONSE TO FINAL OFFICE ACTION

Commissioner for Patents
P.O. Box 1450                    DO NOT ENTER: /S.A.I/
Alexandria, VA  22313-1450
                                    06/25/2021

Dear Commissioner:

In response to the Office Action dated April 15, 2021, ("Office Action"), the period

for response extending to July 15, 2021, please consider the following:

Doc Code: A.NE.AFCP
Document Description: After Final Consideration Pilot Program Request

PTO/SB/434 (05-13)

| CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 | | |
|---|---|---|
| Practitioner Docket No.:<br>**KHL-0007.NP** | Application No.:<br>**16/430,027** | Filing Date:<br>**June 3, 2019** |
| First Named Inventor:<br>**Daniel Goodwin** | Title:<br>**ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM** | |

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).

2. The above-identified application contains an outstanding final rejection.

3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.

4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.

5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.

6. This certification and request is being filed electronically using the Office's electronic filing system (EFS-Web).

7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]

8. By filing this certification and request, applicant acknowledges the following:

- Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
- The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
  - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
  - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
    - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
    - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature<br>**/Travis R. Banta/** | Date<br>**June 15, 2021** |
|---|---|
| Name<br>(Print/Typed)    **Travis R. Banta** | Practitioner<br>Registration No.    **60498** |

**Note:** *This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below\*.*

☐ \* Total of _____ forms are submitted.

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent.  Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent.  If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a).  Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record in this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906.  Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive.  Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151.  Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 42994742 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 128650 |
| **Filer:** | Travis Robert Banta/Bailee Longhurst |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | KHL-0007.NP |
| **Receipt Date:** | 15-JUN-2021 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 17:19:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | After Final Consideration Program Request | AFCP_KHL0007NP.pdf | 226146 <br> 52c3b202acf0055eafc4590806b6b97633bc65e2 | no | 2 |

**Warnings:**

**Information:**

| 2 | Response After Final Action | FOA_Response.pdf | 173003 | no | 15 |
| | | | ae1b4075c6c4800cef651233a3078a7e366de39a | | |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| | **Total Files Size (in bytes):** | 399149 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Application No. 16/430,027

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

_____

In re Patent Application of:
Daniel Goodwin

Application No.: 16/430,027            Confirmation No.: 2396

Filed: June 3, 2019                   Art Unit: 3636

For:  ADJUSTABLE FOOTPRINT SUSPENSION      Examiner: ISLAM, Syed A.
       SEAT FRAME SYSTEM

_____

## RESPONSE TO FINAL OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Commissioner:

        In response to the Office Action dated April 15, 2021, ("Office Action"), the period

for response extending to July 15, 2021, please consider the following:

Application No. 16/430,027

## COMPLETE LISTING OF CLAIMS
## IN ASCENDING ORDER WITH STATUS INDICATORS

This listing of claims will replace all prior listings, and versions, of claims in the application.

1.    (Currently Amended) An adjustable-footprint suspension seat frame comprising:

three or more feet;

a first cantilever arm comprising a first cradle disposed on a distal end of the first cantilever arm and a side clip including a first anchor for a suspension seat oriented on a backside of the first cantilever arm, wherein the first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm;

a second cantilever arm comprising a second cradle disposed on a distal end of the second cantilever arm and a second anchor for the suspension seat oriented on a backside of the second cantilever arm; and

a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm.

2.    (Previously Presented) The adjustable-footprint suspension seat frame of claim 1, further comprising:

a first coupling on the first cantilever arm detachably attaching the first cantilever arm to the first footprint adjustment bar;

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

a second coupling on the second cantilever arm detachably attaching the second

cantilever arm to the first footprint adjustment bar; and

wherein the first footprint adjustment bar has a first length and comprises one of a

plurality of footprint adjustment bars, each bar of the plurality of footprint adjustment

bars having a length and configured to detachably attach to the first cantilever arm at a

first end and detachably attach to the second cantilever arm at a second end.


3.    (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first coupling comprises a compressible bushing.


4.    (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first footprint adjustment bar comprises a compressible bushing, the compressible bushing

having a cross section of substantially similar size and shape to a cross section of the first

coupling.


5.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1,

wherein:

the first footprint adjustment bar comprises a first section and a second section;

wherein the first section is substantially concentric to the second section and

configured to move telescopically within the second section, and

wherein the first section is configured to operably engage with the second section

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

to define two or more working lengths of the first footprint adjustment bar.

6.      (Original) The adjustable-footprint suspension seat frame of claim 5, wherein:

the second section comprises at least one locking pin hole; and

the first section comprises at least one locking pin configures to pass through the

at least one locking pin hole and substantially maintain a working length of the first

footprint adjustment bar.

7.      (Canceled)

8.      (Canceled)

9.      (Canceled)

10.     (Canceled)

11.     (Original)  The adjustable-footprint suspension seat frame of claim 1, wherein:

the first cantilever arm comprises a folding joint for adjusting an angle of the first

cantilever arm relative to the first footprint adjustment bar.

12.     (Canceled)

13.     (Canceled)

14.     (Canceled)

15.     (Canceled)

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

16.    (Previously Presented)  The adjustable-footprint suspension seat frame of

claim 1, wherein the first cantilever arm and the second cantilever arm

each include a plurality of pin holes.


17.    (Previously Presented)  The adjustable-footprint suspension seat frame of

claim 16, wherein the plurality of pin holes are disposed along a length of

the first cantilever arm and a length of the second cantilever arm.


18.    (Previously Presented)  The adjustable-footprint suspension seat frame of

claim 16, wherein the first anchor interlocks with the first cantilever arm at

one of the plurality of pin holes on the first cantilever arm.


19.    (Previously Presented)  The adjustable-footprint suspension seat frame of

claim 16, wherein the second anchor interlocks with the second cantilever

arm at one of the plurality of pin holes on the second cantilever arm.


20.    (Currently Amended)  The adjustable-footprint suspension seat frame of

claim 16, wherein the first anchor engages the first cantilever arm and

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

slides distally and proximally along the first cantilever arm <u>as the side clip slides proximally and distally along the first cantilever arm</u>.

21.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 20, wherein the second anchor engages the second cantilever arm and slides distally and proximally along the second cantilever arm.

22.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1, wherein the first cradle and the second cradle each include line guides.

23.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1, wherein the first cantilever arm and the second cantilever arm are disposed opposite each other and facing each other on inside surfaces of each cantilever arm.

24.    (Previously Presented)  The adjustable-footprint suspension seat frame of claim 23, wherein the backside of the first cantilever arm and the backside of the second cantilever arm include surfaces that are on a side of the first cantilever arm and second cantilever arm that are opposite the inside surfaces of each cantilever arm.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

25.     (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1, wherein at least a portion the first cantilever arm and at least a portion of the second cantilever arm are disposed at an angle relative to the first footprint adjustment bar.

26.     (Previously Presented)  The adjustable-footprint suspension seat frame of claim 25, wherein the angle is 45 degrees.

27.     (Previously Presented) The adjustable-footprint suspension seat frame of claim 25, further comprising transitions which each transition a first portion of the first cantilever arm and a first portion of the second cantilever arm from being parallel to the first footprint adjustment bar to being disposed at an angle at a second portion of the first cantilever arm and at a second portion of the second cantilever arm.

28.     (Currently Amended)  A kit, comprising:

a plurality of feet;

a first cantilever arm comprising a first cradle disposed on a distal end of the first cantilever arm and a side clip including a first anchor, wherein the first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm;

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

a second cantilever arm comprising a second cradle disposed on a distal end

of the second cantilever arm and a second anchor;

a first footprint adjustment bar; and

a second footprint adjustment bar, the second footprint adjustment bar

being shorter than the first footprint adjustment bar.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

## REMARKS

This is a full and timely response to the Office Action dated April 15, 2021.

In the Office Action, the Office: 1) rejected claims 1 and 22-27 under 35 U.S.C. § 102 as allegedly anticipated by U.S. Patent No. 290,921 ("Pluche"); 2) rejected claims 1 and 2 under 35 U.S.C. § 103 as allegedly unpatentable over U.S. Patent No. 7,082,629 ("Clark") in view of Pluche; 3) rejected claims 3 and 4 under 35 U.S.C. § 103 as allegedly unpatentable over Clark and Pluche in view of U.S. Patent Publication No. 2007/0216131 ("Potappel"); 4) rejected claim 5 under 35 U.S.C. § 103 as allegedly unpatentable over Clark and Pluche in view of U.S. Patent No. 4,975,994 ("Barmettler"); 6) rejected claim 6 under 35 U.S.C. § 103 as allegedly unpatentable over Clark, Pluche, and Barmettler in view of U.S. Patent No. 6,415,464 ("Hsieh"); 7) rejected claim 11 as allegedly unpatentable under 35 U.S.C. § 103 over Clark and Pluche in view of U.S. Patent No. 950,070 ("Funke"); 8) rejected claims 16-21 under 35 U.S.C. § 103 as allegedly unpatentable over Clark and Pluche in view of U.S. Patent No. 5,876,011 ("Blasing"); and 9) rejected claim 28 under 35 U.S.C. § 103 as allegedly unpatentable over Clark, Pluche, and Barmettler.

In response, Applicant has various claims have been amended. Claims 1-6, 11, and 16-28 are pending.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

**AFCP 2.0 Interview Request:**

Applicant respectfully requests entry into the AFCP 2.0 Pilot Program to conduct an after

final interview.  Formal documents requesting entry into the AFCP 2.0 Pilot Program are

submitted herewith.


**Rejections under 35 U.S.C. § 102:**

"A claim is anticipated only if each and every element as set forth in the claim is found,

either expressly or inherently described, in a single prior art reference." Verdegaal Bros. v.

Union Oil Co. of California, 2 U.S.P.Q.2d 1051, 1053 (Fed. Cir. 1987). See M.P.E.P. § 2131.

Applicant respectfully submits, however, that Pluche does not disclose or suggest the elements of

claim 1.

Pluche discloses a "folding hammock support" which includes a "long bar or bed-piece

which forms the base of the frame.  At each end of this bar cross-pieces are fastened at their

centers by detachable hinge-joints, and from the ends of each cross-piece project uprights or

braces having pivoted between their upper ends, which come together long arms or stretchers to

which the ends of the hammock rope are attached."  Pluche, Title and Column 1, lines 21-29.  As

shown in Figure 1, a hammock is connected to stirrups E on the folding hammock support of

Pluche.

Pluche, however, fails to disclose or suggest a "side clip including a first anchor" and that

a "first cantilever arm extends through the side clip and the side clip slides proximally and

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

distally along the first cantilever arm," according to the recitations of claim 1. There is nothing in Pluche that discloses or suggests that "stirrup E" slides "proximally and distally" to the uprights of Pluche, according to the recitations of claim 1.

Thus, Pluche fails to disclose or suggest each and every element of claim 1. Applicant respectfully requests that the rejection of claim 1 be reconsidered and withdrawn.

Claims 22-27 depend directly or indirectly from claim 1 and are allowable not only for the subject matter recited therein, but also at least due to their respective dependencies on claim 1.

## Rejections under 35 U.S.C. § 103:

To establish prima facie obviousness of a claimed invention, all the claim limitations must be taught or suggested by the prior art. See, e.g., In re Royka, 490 F.2d 981, 180 USPQ 580 (CCPA 1974). Applicant respectfully submits that neither Clark nor Pluche, whether taken individually or in combination, disclose or suggest the elements of claim 1.

Clark teaches a "knock-down hammock stand" which is "assembled from a plurality of tubular members." Clark, Title and Abstract. To that end, Clark, in column 2, lines 13-17 teaches "[o]n the upper ends of members 12a, and 12b, are end caps 13a and 13b which fit tightly over the upper ends of member 12a and 12b. Both end caps 13a and 13b, have support hooks 14a and 14b, to receive and support the terminal clew ring of a hammock extended between them."

Application No. 16/430,027

There is nothing in Clark, however, that discloses or suggests a "side clip including a first anchor" and that a "first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm," according to the recitations of claim 1. Clark does not disclose or suggest, for example, that "support hooks 14a and 14b" of Clark slide "proximally and distally," as recited in claim 1.

As previously discussed, Pluche fails to remedy the deficiencies of Clark as Pluche also fails to disclose or suggest "side clip including a first anchor" and that a "first cantilever arm extends through the side clip and the side clip slides proximally and distally along the first cantilever arm," according to the recitations of claim 1.

Accordingly, Clark and Pluche, whether taken individually or in combination, fail to disclose or suggest the elements of claim 1. Thus, Applicant respectfully requests reconsideration of the rejection of claim 1.

Claim 2 depends from claim 1 and is allowable not only for the subject matter recited therein, but also due to its dependency on claim 1.

Claims 3-6, 11, and 16-21 stand rejected over Clark and Pluche in view of one or more of Potappel, Barmettler, Hsieh, Funke, and Blasing. Howsever, None of Potappel, Barmettler, Hsieh, Funke, and Blasing remedy the deficiencies of Clark and Pluche. Accordingly, claims 3-6, 11, and 16-21 are not only allowable for the subject matter recited therein, but also at least due to their respective dependencies of claims 3-6, 11, and 16-21. Accordingly, Applicant

Application No. 16/430,027

respectfully requests that the rejection of claims 3-6, 11, and 16-21 be reconsidered and

withdrawn.

Claim 28:

As previously discussed, both Clark and Pluche fail to disclose the elements of claim 1.

While of a scope different from that of claim 1, claim 28 recites elements that are similar to the

elements of claim 1. Accordingly, for reasons similar to those discussed above with respect to

claim 1, Clark and Pluche fail to disclose or suggest the elements of claim 28. Barmettler fails to

remedy the deficiencies of Clark and Pluche.

Barmettler teaches a "hammock with frame" which "has a keel like shaped flexible beam

formed by telescopically joined elements and sticklike supporting beam legs." Barmettler, Title

and Abstract. To that end, in column 2, lines 43-46, Barmettler teaches "[t]he hammock 2 has a

caplike end joint 5 attached to the frame 4 at each of the top ends 4.1 of the flexible frame 4.

These caplike joints 6 are of weather proof high tensile fiber awning type material."

Applicant respectfully submits, however, that Barmettler fails to remedy the deficiencies

of Clark and Pluche. For example, Barmettler also fails to disclose or suggest a "side clip

including a first anchor" and that a "first cantilever arm extends through the side clip and the side

clip slides proximally and distally along the first cantilever arm," according to the recitations of

claim 28. In other words, Barmettler fails to disclose or suggest that the "caplike end joint"

"slides proximally and distally along the first cantilever arm," according to the recitations of

claim 28.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

– 13 –

Application No. 16/430,027

Accordingly, Applicant respectfully submits that none of Clark, Pluche, nor Barmettler disclose or suggest the elements of claim 1. Thus, Applicant respectfully requests that the rejection of claim 28 be reconsidered and withdrawn.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

## **CONCLUSION**

All requirements have been addressed.  In view of the above, the presently pending

claims are believed to be in condition for allowance.  Accordingly, reconsideration and

allowance are respectfully requested and the Office is respectfully requested to pass this

application to issue.

Dated: June 15, 2021                Respectfully submitted,

                                    Electronic signature:   /Travis R. Banta, Reg.# 60498/
                                                            Travis R. Banta
                                                            TECHLAW VENTURES, PLLC
                                                            3290 W. Mayflower Ave.
                                                            Lehi, Utah
                                                            84043
                                                            Phone: (801) 854-7677
                                                            Facsimile: (801) 852-8203
                                                            Customer No. 128650
                                                            Attorney for Applicant

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>16/430,027 | Filing Date<br>06/03/2019 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE   ☑ SMALL   ☐ MICRO

### APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $230 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| | 06/15/2021 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | Total<br>(37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 2 | Minus | *** 5 | = 0 | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /SHARAIN E MORELAND/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

128650        7590        04/15/2021

TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043

| EXAMINER |
|---|
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/15/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@techlawventures.com
tbanta@techlawventures.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | **Application No.** 16/430,027 | **Applicant(s)** Goodwin et al. |
|---|---|---|
| | **Examiner** SYED A ISLAM | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on 02/03/2021.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☑ This action is **FINAL.**      2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 1-6,11 and 16-28 is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 1-6,11 and 16-28 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All   b)☐ Some**   c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Application/Control Number: 16/430,027                                                    Page 2
Art Unit: 3636

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

### *Response to Arguments*

2.      Applicant's arguments with respect to claim(s) 1-6, 11, 16-28 have been considered but are

moot because the new ground of rejection does not rely on any reference applied in the prior rejection

of record for any teaching or matter specifically challenged in the argument.

### *Claim Rejections - 35 USC § 102*

3.      In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and

the rationale supporting the rejection, would be the same under either status.

4.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis

for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale,
> or otherwise available to the public before the effective filing date of the claimed invention.
>
> (a)(2) the claimed invention was described in a patent issued under section 151, or in an application
> for patent published or deemed published under section 122(b), in which the patent or application, as
> the case may be, names another inventor and was effectively filed before the effective filing date of
> the claimed invention.

5.      **Claim(s) 1, 22-27 is/are rejected under 35 U.S.C. 102(a)(1)/(a)(2) as being anticipated by**

**Pluche (290,921).**

6.      Regarding claims 1, 22-27, Pluche discloses an adjustable-footprint suspension seat frame

comprising: three or more feet **A, G**; a first cantilever arm **D** comprising a first cradle **d'** disposed on a

distal end of the first cantilever arm and a first anchor **F** for a suspension seat oriented on a backside of

the first cantilever arm; a second cantilever arm **D** comprising a second cradle **d'** disposed on a distal

end of the second cantilever arm and a second anchor **F** for the suspension seat oriented on a backside

of the second cantilever arm; and a first footprint adjustment bar **A** connecting the first cantilever arm

to the second cantilever arm, wherein the first cradle and the second cradle each include line guides,

wherein the first cantilever arm and the second cantilever arm are disposed opposite each other and

facing each other on inside surfaces of each cantilever arm, wherein the backside of the first cantilever

arm and the backside of the second cantilever arm include surfaces that are on a side of the first

cantilever arm and second cantilever arm that are opposite the inside surfaces of each cantilever arm,

wherein at least a portion the first cantilever arm and at least a portion of the second cantilever arm are

disposed at an angle relative to the first footprint adjustment bar, wherein the angle is 45 degrees

**(figure show the angle to be at 45 degrees)**, further comprising transitions which each transition a first

portion of the first cantilever arm and a first portion of the second cantilever arm from being parallel to

the first footprint adjustment bar **(figure 3)** to being disposed at an angle at a second portion of the first

cantilever arm and at a second portion of the second cantilever arm.

### *Claim Rejections - 35 USC § 103*

7.     In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and

the rationale supporting the rejection, would be the same under either status.

8.     The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections

set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is
> not identically disclosed as set forth in section 102, if the differences between the claimed invention
> and the prior art are such that the claimed invention as a whole would have been obvious before the
> effective filing date of the claimed invention to a person having ordinary skill in the art to which the
> claimed invention pertains. Patentability shall not be negated by the manner in which the invention
> was made.

Application/Control Number: 16/430,027                                         Page 4
Art Unit: 3636

9.      **Claims 1, 2 is/are rejected under 35 U.S.C. 103 as being unpatentable over Clark (7,082,629) in view of Pluche.**

10.      Regarding claim 1, Clark discloses an adjustable-footprint suspension seat frame comprising: three or more feet **11, 17a, 17b**; a first cantilever arm **12a, 12b**; a second cantilever arm **12a, 12b**; and a first footprint adjustment bar **11 (1, 2)** connecting the first cantilever arm to the second cantilever arm.

11.      However, Clark fails to disclose a first cantilever arm comprising a first cradle disposed on a distal end of the first cantilever arm and a first anchor for a suspension seat oriented on a backside of the first cantilever arm, a second cantilever arm comprising a second cradle disposed on a distal end of the second cantilever arm and a second anchor for the suspension seat oriented on a backside of the second cantilever arm.

12.      Pluche discloses a first cantilever arm **D** comprising a first cradle **d'** disposed on a distal end of the first cantilever arm and a first anchor **F** for a suspension seat oriented on a backside of the first cantilever arm; a second cantilever arm **D** comprising a second cradle **d'** disposed on a distal end of the second cantilever arm and a second anchor **F** for the suspension seat oriented on a backside of the second cantilever arm.

13.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention to use the teaching of Pluche and use the cradle and anchor in the arms of Clark because it is allows a more secure attachment that prevents accidental disengagement.

14.      Regarding claim 2, Clarke discloses a first coupling **5, 10** on the first cantilever arm detachably attaching the first cantilever arm to the first footprint adjustment bar; a second coupling **5, 10** on the second cantilever arm detachably attaching the second cantilever arm to the first footprint adjustment bar; and wherein the first footprint adjustment bar has a first length and comprises one of a plurality of footprint adjustment bars **1, 2**, each bar of the plurality of footprint adjustment bars having a length and

configured to detachably attach to the first cantilever arm at a first end and detachably attach to the

second cantilever arm at a second end.

**15.      Claims 3 and 4 is/are rejected under 35 U.S.C. 103 as being unpatentable over Clarke in view**

**of Pluche as applied to claim 2 above, and further in view of Potappel (US 2007/0216131).**

16.      Regarding claim 3, Potappel discloses the first coupling **182** comprises a compressible bushing

**(para 0070)**.

17.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Potappel and make the bushing of Clarke compressible because it prevents the

frame from being damaged.

18.      Regarding claim 4, Clarke discloses the first footprint adjustment bar comprises a bushing **22**,

the bushing having a cross section of substantially similar size and shape to a cross section of the first

coupling.

19.      Potappel discloses a compressible bushing **182 (para 0070)**.

20.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Potappel and make the bushing of Clarke compressible because it prevents the

frame from being damaged.

**21.      Claim 5 is/are rejected under 35 U.S.C. 103 as being unpatentable over Clarke in view of**

**Pluche as applied to claim 1 above, and further in view of Bermettler (4,975,994).**

22.      Regarding claim 5, Bermettler discloses the first footprint adjustment bar comprises a first

section **4.4** and a second section **4.3**; and wherein the first section is substantially concentric to the

second section and configured to move telescopically within the second section, and wherein the first

section is configured to operably engage with the second section to define two or more working lengths

of the first footprint adjustment bar.

23.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Bertmettler and use a plurality of telescoping frame or stand in the invention of

Clarke because it is simple, efficient and inexpensive way to adjust the length of the stand.

**24.      Claim 6 is/are rejected under 35 U.S.C. 103 as being unpatentable over Clarke in view of**

**Pluche and Bermettler as applied to claim 5 above, and further in view of Hsieh (6,415,464).**

25.      Regarding claim 6, Hsieh discloses the second section comprises at least one locking pin hole

**213**; and the first section comprises at least one locking pin **224** configured to pass through the at least

one locking pin hole and substantially maintain a working length of the first footprint adjustment bar.

26.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Hsieh and use pin and hole locking mechanism because it is simple, efficient and

inexpensive.

**27.      Claim 11 is/are rejected under 35 U.S.C. 103 as being unpatentable over Clarke in view of**

**Pluche as applied to claim 1 above, and further in view of Funke (950,070).**

28.      Regarding claim 11, Funke discloses the first cantilever arm **1** comprises a folding joint **3, 4, 7** for

adjusting an angle of the first cantilever arm relative to the first footprint adjustment bar.

29.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Funke and use a folding joint between the arm and foot in the invention of Clarke

because it is simple, efficient and inexpensive way to adjust the seat to accommodate user of all shape

and size.

**30.      Claims 16-21 is/are rejected under 35 U.S.C. 103 as being unpatentable over Clarke in view of**

**Pluche as applied to claim 1 above, and further in view of Blasing (5,876,011).**

31.      Regarding claim 16, Clarke as modified fails to disclose the first cantilever arm and the second

cantilever arm each include a plurality of pin holes.

32.      However, Basing discloses an arm **12** including plurality of pin holes **20**.

Application/Control Number: 16/430,027                                              Page 7
Art Unit: 3636

33.     Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention to use the teaching of Blasing and use a plurality of arms with pin holes in the invention of Clarke so that the arms can be adjusted according to the user's size and shape thus making it more efficient.

34.     Regarding claim 17, Clarke as modified with Blasing further discloses the plurality of pin holes are disposed along a length of the first cantilever arm and a length of the second cantilever arm.

35.     Regarding claims 18 and 19, Clarke as modified fails to disclose the first anchor interlocks with the first cantilever arm at one of the plurality of pin holes on the first cantilever arm, wherein the second anchor interlocks with the second cantilever arm at one of the plurality of pin holes on the second cantilever arm.

36.     However, Blasing discloses an anchor **20A** interlocks with an arm at one of the plurality of pin holes **20** on the arm.

37.     Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention to use the teaching of Blasing and allow the anchor of Clarke as modified to be mounted on different pin holes so that the unit can be adjusted according to the user's size and shape thus making it more efficient.

38.     Regarding claims 20 and 21, Clarke as modified with Blasing further disclose the first anchor **20A (Blasing)** engages the first cantilever arm and slides distally and proximally along the first cantilever arm, wherein the second anchor **20A (blasing's anchor engages and capable of sliding sideways and rotating as well)** engages the second cantilever arm and slides distally and proximally along the second cantilever arm.

39.     **Claim 28 is/are rejected under 35 U.S.C. 103 as being unpatentable over Clarke in view of Pluche and Bermettler.**

Application/Control Number: 16/430,027                                        Page 8
Art Unit: 3636

40.      Regarding claim 28, Clark discloses an adjustable-footprint suspension seat frame comprising:

three or more feet **11, 17a, 17b**; a first cantilever arm **12a, 12b**; a second cantilever arm **12a, 12b**; and a

first footprint adjustment bar **11 (1, 2)** connecting the first cantilever arm to the second cantilever arm.

41.      However, Clark fails to disclose a first cantilever arm comprising a first cradle disposed on a

distal end of the first cantilever arm and a first anchor for a suspension seat oriented on a backside of

the first cantilever arm, a second cantilever arm comprising a second cradle disposed on a distal end of

the second cantilever arm and a second anchor for the suspension seat oriented on a backside of the

second cantilever arm.

42.      Pluche discloses a first cantilever arm **D** comprising a first cradle **d'** disposed on a distal end of

the first cantilever arm and a first anchor **F**; a second cantilever arm **D** comprising a second cradle **d'**

disposed on a distal end of the second cantilever arm and a second anchor **F**.

43.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Pluche and use the cradle and anchor in the arms of Clark because it is allows a

more secure attachment that prevents accidental disengagement.

44.      Furthermore, Clarke also fails to disclose a first footprint adjustment bar; and a second footprint

adjustment bar, the second footprint adjustment bar being shorter than the first footprint adjustment

bar.

45.      Bermettler discloses a first footprint adjustment bar **4.4**; and a second footprint adjustment bar

**4.3**, the second footprint adjustment bar being shorter than the first footprint adjustment bar.

46.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Bertmettler and use a shorter second bar than first bar in the invention of Clarke

for the purpose of allowing the invention to be fit in compact space when not in use.

Application/Control Number: 16/430,027                                                              Page 9
Art Unit: 3636

*Conclusion*

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office

action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the

extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from

the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date

of this final action and the advisory action is not mailed until after the end of the THREE-MONTH

shortened statutory period, then the shortened statutory period will expire on the date the advisory

action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing

date of the advisory action. In no event, however, will the statutory period for reply expire later than

SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to SYED A ISLAM whose telephone number is (571)272-7768. The examiner can

normally be reached on 10am-10pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a

USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use

the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

David Dunn can be reached on 5712726670. The fax phone number for the organization where this

application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system. Status information for published applications may be obtained

from either Private PAIR or Public PAIR. Status information for unpublished applications is available

through Private PAIR only. For more information about the PAIR system, see https://ppair-

Application/Control Number: 16/430,027                                      Page 10
Art Unit: 3636

my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact

the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information system, call 800-786-

9199 (IN USA OR CANADA) or 571-272-1000.

/SYED A ISLAM/
Primary Examiner, Art Unit 3636

| | | Application/Control No.<br>16/430,027 | Applicant(s)/Patent Under Reexamination<br>Goodwin et al. | |
|---|---|---|---|---|
| ***Notice of References Cited*** | | Examiner<br>SYED A ISLAM | Art Unit<br>3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5876011-A | 03-1999 | Blasing; William J. | F16M11/16 | 248/411 |
| * | B | US-0290921-A | 12-1883 | Name not available | A45F3/24 | 5/129 |
| * | C | US-7082629-B2 | 08-2006 | Clark; Walter George | A45F3/24 | 5/127 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)          **Notice of References Cited**          Part of Paper No. 20210409

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/430,027 | Goodwin et al. |
| | Examiner | Art Unit |
| | SYED A ISLAM | 3636 |

| CPC – Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| A45F3/26,24,22 | 10/29/2020 | SI |

| CPC Combination Sets – Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification – Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| EAST (US-PGPUB;USPAT;USOCR;EPO;JPO;DERWENT;FPRS) | 10/29/2020 | SI |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| /SYED A ISLAM/ Primary Examiner, Art Unit 3636 | /SYED A ISLAM/ Primary Examiner, Art Unit 3636 |
|---|---|

| *Index of Claims* | Application/Control No. 16/430,027 | Applicant(s)/Patent Under Reexamination Goodwin et al. |
|---|---|---|
| | Examiner SYED A ISLAM | Art Unit 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

### CLAIMS

☐ Claims renumbered in the same order as presented by applicant      ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/15/2020 | 10/29/2020 | 04/10/2021 | | | | | |
| | 1 | ÷ | ✓ | ✓ | | | | | |
| | 2 | ÷ | ✓ | ✓ | | | | | |
| | 3 | ÷ | ✓ | ✓ | | | | | |
| | 4 | ÷ | ✓ | ✓ | | | | | |
| | 5 | ÷ | ✓ | ✓ | | | | | |
| | 6 | ÷ | ✓ | ✓ | | | | | |
| | 7 | ÷ | N | - | | | | | |
| | 8 | ÷ | N | - | | | | | |
| | 9 | ÷ | N | - | | | | | |
| | 10 | ÷ | N | - | | | | | |
| | 11 | ÷ | ✓ | ✓ | | | | | |
| | 12 | ÷ | N | - | | | | | |
| | 13 | ÷ | N | - | | | | | |
| | 14 | ÷ | - | - | | | | | |
| | 15 | ÷ | - | - | | | | | |
| | 16 | | | ✓ | | | | | |
| | 17 | | | ✓ | | | | | |
| | 18 | | | ✓ | | | | | |
| | 19 | | | ✓ | | | | | |
| | 20 | | | ✓ | | | | | |
| | 21 | | | ✓ | | | | | |
| | 22 | | | ✓ | | | | | |
| | 23 | | | ✓ | | | | | |
| | 24 | | | ✓ | | | | | |
| | 25 | | | ✓ | | | | | |
| | 26 | | | ✓ | | | | | |
| | 27 | | | ✓ | | | | | |
| | 28 | | | ✓ | | | | | |

## EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L6 | 2 | ("20160213130" \| "5265293").PN. | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 17:35 |
| S1 | 878 | A45F3/26,24.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:01 |
| S2 | 10 | A45F3/26,24.CPC. and bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:20 |
| S3 | 4 | A45F$.CPC. and compressible with bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:29 |
| S4 | 24 | A47C$.CPC. and compressible with bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:30 |
| S5 | 18 | ("0944661" \| "3632273" \| "4473605" \| "4975997" \| "5297302" \| "5414873" \| "5729845" \| "6209556" \| "6383588" \| "D426968" \| "D465669" \| "D471650").PN. OR ("6711764").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:57 |
| S6 | 17 | ("0781609" \| "1229537").PN. OR ("6276008").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:58 |
| S7 | 16 | ("2104917" \| "4958391").PN. OR ("5297302").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:58 |
| S8 | 1 | "23230425".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2020/10/29 17:28 |
| S9 | 1 | "23230425".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2020/10/29 17:28 |
| S10 | 90 | A45F3/26,24.CPC. and telescop$3 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 17:35 |
| S11 | 5 | ("2571037").URPN. | USPAT | OR | OFF | 2020/10/29 17:40 |
| S12 | 40 | ("0970877" \| "1369216" \| "2546726" \| "2571037" \| "3044797" \| "3532356" \| "D213370").PN. OR ("3992023").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 17:41 |

| S13 | 24 | A45F3/22.CPC. and telescop$3 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 17:42 |
|---|---|---|---|---|---|---|
| S14 | 32 | ("0531727" \| "0781609" \| "0986375" \| "1217963" \| "1320381" \| "3593352").PN. OR ("5003652").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:25 |
| S15 | 39 | ("0223588" \| "0781609" \| "0950070" \| "2534019" \| "2566996" \| "2663032").PN. OR ("3593352").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:26 |
| S16 | 23 | ("0118918" \| "0781609" \| "2450689" \| "2469950" \| "2569569" \| "2581623" \| "3593352" \| "3837019" \| "4229845" \| "4691394").PN. OR ("4797961").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:28 |
| S17 | 1,645 | A45F3/26,24,22.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2021/03/31 18:18 |
| S18 | 71 | ("0118918" \| "0406715" \| "0781609" \| "20040205893" \| "20060070180" \| "20060282948" \| "20070017026" \| "20070209113" \| "20080256703" \| "20100287700" \| "2450689" \| "2469950" \| "2569569" \| "2581623" \| "3593352" \| "3837019" \| "4229845" \| "4691394" \| "4977631" \| "5113537" \| "5392476" \| "5983422" \| "6467109" \| "6954950" \| "7089610" \| "7395561" \| "7406726" \| "7441287" \| "7571499").PN. OR ("1030483" \| "1032211" \| "202814" \| "209275" \| "2469950" \| "290921" \| "292204" \| "4797961" \| "7089610" \| "757428" \| "7996935" \| "950070").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/01 12:18 |
| S19 | 1,045 | A45F3/26,24,22.CPC. | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2021/04/01 15:47 |
| S20 | 1 | "44786032".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2021/04/01 15:50 |
| S21 | 0 | ("69122744").PN. | USPAT; USOCR | OR | OFF | 2021/04/01 17:32 |
| S22 | 1 | ("6912744").PN. | USPAT; USOCR | OR | OFF | 2021/04/01 17:33 |
| S23 | 23 | ("0142327" \| "0201074" \| "0210037" \| "0292204" \| "0498542" \| "0816340" \| "0856315" \| "3321780" \| "4925138" \| "5659906" \| "5729845").PN. OR ("6912744").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/01 17:33 |

| S24 | 19 | ("0944661" \| "3632273" \| "4473605" \| "4975997" \| "5297302" \| "5414873" \| "5729845" \| "6209556" \| "6383588" \| "D426968" \| "D465669" \| "D471650").PN. OR ("6711764").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:17 |
|---|---|---|---|---|---|---|
| S25 | 24 | ("0944661" \| "0950070" \| "0972783" \| "20020166171" \| "20050262631" \| "2469950" \| "4925138" \| "4951332" \| "5113538" \| "5297302" \| "5392476" \| "5636392" \| "5729845" \| "6360383" \| "6470518" \| "6711764" \| "6851138" \| "6931679").PN. OR ("7082629").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:18 |
| S26 | 18 | ("2104917" \| "4958391").PN. OR ("5297302").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:20 |
| S27 | 18 | ("2353220").URPN. | USPAT | OR | OFF | 2021/04/09 17:20 |
| S28 | 4 | ("1400049").URPN. | USPAT | OR | OFF | 2021/04/09 17:21 |
| S29 | 26 | ("1646974" \| "1880909" \| "20050262631" \| "2338090" \| "2432224" \| "2468209" \| "2532595" \| "2538859" \| "2560713" \| "4197028" \| "6851138" \| "7051917" \| "7082629").PN. OR ("8656532" \| "944661").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:22 |
| S30 | 5 | ("2469950").URPN. | USPAT | OR | OFF | 2021/04/09 17:28 |
| S31 | 1 | "44786032".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2021/04/09 17:38 |
| S32 | 33 | ("0531727" \| "0781609" \| "0986375" \| "1217963" \| "1320381" \| "3593352").PN. OR ("5003652").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:40 |
| S33 | 69 | ("0320174" \| "0337792" \| "0381025" \| "0506776" \| "0531727" \| "0593583" \| "0711579" \| "0933921" \| "1229537" \| "3593352" \| "4925138" \| "5003652" \| "D295242").PN. OR ("5392476").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:45 |
| S34 | 1 | "5927706".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2021/04/09 17:47 |
| S35 | 15 | ("0406715" \| "5113537" \| "5983422").PN. OR ("7089610").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:48 |
| S36 | 35 | ("0381025" \| "0531727" \| "0935445" \| "1229537" \| "2563156" \| "4797961" \| | US-PGPUB; USPAT; USOCR | OR | OFF | 2021/04/09 17:49 |

| | | "5003652" | "5392476" | "5659907").PN. OR ("5983422").URPN. | | | | |
|---|---|---|---|---|---|---|
| S37 | 163 | A45F3/26,24,22.CPC. and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 11:54 |
| S38 | 764 | hammock and leg and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:13 |
| S39 | 225 | hammock and leg and pin and anchor and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:13 |
| S40 | 512 | hammock and leg and pin and lock$4 and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:27 |
| S41 | 0 | F16M/$.CPC. and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:34 |
| S42 | 7,787 | F16M11/$.CPC. and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:35 |
| S43 | 0 | F16M11/$.CPC. and (leg or stand) and telescopooing and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:35 |
| S44 | 841 | F16M11/$.CPC. and (leg or stand) and telescoping and pin and (slot or opening or hole or aperture) | US-PGPUB; USPAT; USOCR | OR | ON | 2021/04/10 12:35 |

## EAST Search History (Interference)

<This search history is empty>

4/10/2021 6:42:36 PM
C:\Users\sislam\Documents\EAST\Workspaces\16430027.wsp

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

128650          7590          02/05/2021
TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043

| EXAMINER |
|---|
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/05/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@techlawventures.com
tbanta@techlawventures.com

PTOL-90A (Rev. 04/07)

| ***Applicant-Initiated Interview Summary*** | Application No.<br>16/430,027 | | Applicant(s)<br>Goodwin et al. | |
|---|---|---|---|---|
| | Examiner<br>SYED A ISLAM | Art<br>Unit<br>3636 | AIA (First Inventor<br>to File) Status<br>Yes | Page<br>1 of 1 |

| All Participants (applicant, applicants representative, PTO personnel) | Title | Type |
|---|---|---|
| SYED A ISLAM | Primary Examiner | Telephonic |
| TRAVIS BANTA | Attorney | |

**Date of Interview:** 02 February 2021

**Issues Discussed:**

**35 U.S.C. 102**

The proposed amendment reads over the prior art and requires further searching

| /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 | |
|---|---|

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicants responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided. See MPEP 713.04**
Please further see:
MPEP 713.04
Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)
37 CFR § 1.2 Business to be transacted in writing

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

| **Applicant Initiated Interview Request Form** |
|---|

Application No.:  16/430,027                          Examiner:  ISLAM, Syed. A.
First Named Applicant:  Daniel Goodwin     Group Art Unit:   3636
Status of Application:  After a Non-Final Office Action

**Tentative Participants:**

(1)  Examiner Islam                           (2)  Travis Banta (Reg. No. 60,498)

(3)                                                    (4)

**Proposed Date of Interview:** <u>February 2, 2021</u>  **Proposed Time**: <u>11:30AM EST</u>

**Type of Interview Requested:**         ☒  Telephonic
                                                       ☐  Personal
                                                       ☐  Video Conference

**Exhibit to be Shown or Demonstrated?**   ☐  Yes
                                                       ☒  No

**If yes, provide brief description:**

| **Issues to be Discussed** |
|---|

| Issues (Rej., Obj. etc.) | Claims/Fig. #s | Prior Art | Discussed | Agreed | Not Agreed |
|---|---|---|---|---|---|
| § 102 Rej. | 1 | Charlop (U.S. 2,353,220) | | | |
| § 103 Rej. | 2, 5 | Bermettler (U.S. 4,975,994) | | | |
| § 103 Rej. | 3, 4 | Potappel (U.S. 2007/0216131) | | | |
| § 103 Rej. | 6 | Hsieh (U.S. 6,415,464) | | | |
| § 103 Rej. | 11 | Funke (U.S. 950,070) | | | |

☒  Continuation Sheet Attached

**Brief Description of Remarks to be Presented:**  Applicant proposes to amend claim 1, as shown in the attached.

**An interview was conducted on the above-identified application on:** _____.
**Note**:  This form should be completed by Applicant and submitted to the Examiner in advance of the interview (see MPEP § 713.01).  This application will not be delayed from issue because of applicant's failure to file a statement of the substance of this interview (37 C.F.R. § 1.133(b)) as soon as possible.

<u>/Travis Banta, Reg.#60498/</u>              _____
Travis R. Banta                                  Examiner/SPE Signature
(801) 990-3356

--Continuation Sheet—

Applicant proposes to amend claim 1 as follows:

1.    (Proposed Amended) An adjustable-footprint suspension seat frame

comprising:

three or more feet;

a first cantilever arm comprising <u>a first cradle disposed on a distal end of</u>

<u>the of the first cantilever arm and</u> a first anchor for a suspension seat <u>oriented on</u>

<u>a backside of the first cantilever arm</u>;

a second cantilever arm comprising <u>a second cradle disposed on a distal</u>

<u>end of the second cantilever arm and</u> a second anchor for the suspension seat

<u>oriented on a backside of the second cantilever arm</u>; and

a first footprint adjustment bar connecting the first cantilever arm to the

second cantilever arm<u>.</u>

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 16/430,027 | Filing Date 06/03/2019 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $460 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | 02/03/2021 | | | | | | |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 5 | = 0 | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | Team Leader |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /JASMINE C GLENN/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 41822950 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 128650 |
| **Filer:** | Travis Robert Banta/Bailee Longhurst |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | KHL-0007.NP |
| **Receipt Date:** | 03-FEB-2021 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 12:23:48 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | OA_Response_FINAL.pdf | 162728 <br> 5bbb1f4bde15f4fa0e30ba211c807d295820 2884c | no | 11 |

**Warnings:**

| Information: | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 162728 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Application No. 16/430,027

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

_____

In re Patent Application of:
Daniel Goodwin

| | |
|---|---|
| Application No.: 16/430,027 | Confirmation No.: 2396 |
| Filed: June 3, 2019 | Art Unit: 3636 |
| For:  ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM | Examiner: ISLAM, Syed A. |

_____

## RESPONSE TO OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Commissioner:

In response to the Office Action dated November 3, 2020, ("Office Action"), the

period for response extending to February 3, 2021, please consider the following:

Application No. 16/430,027

## COMPLETE LISTING OF CLAIMS
## IN ASCENDING ORDER WITH STATUS INDICATORS

This listing of claims will replace all prior listings, and versions, of claims in

the application.

1.      (Currently Amended) An adjustable-footprint suspension seat frame comprising:

three or more feet;

a first cantilever arm comprising <u>a first cradle disposed on a distal end of the first</u>

<u>cantilever arm and</u> a first anchor for a suspension seat <u>oriented on a backside of the first</u>

<u>cantilever arm</u>;

a second cantilever arm comprising <u>a second cradle disposed on a distal end of the</u>

<u>second cantilever arm and</u> a second anchor for the suspension seat <u>oriented on a backside</u>

<u>of the second cantilever arm</u>; and

a first footprint adjustment bar connecting the first cantilever arm to the second

cantilever arm<u>.</u>


2.      (Previously Presented) The adjustable-footprint suspension seat frame of claim 1,

further comprising:

a first coupling on the first cantilever arm detachably attaching the first cantilever

arm to the first footprint adjustment bar;

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

a second coupling on the second cantilever arm detachably attaching the second

cantilever arm to the first footprint adjustment bar; and

wherein the first footprint adjustment bar has a first length and comprises one of a

plurality of footprint adjustment bars, each bar of the plurality of footprint adjustment

bars having a length and configured to detachably attach to the first cantilever arm at a

first end and detachably attach to the second cantilever arm at a second end.

3.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first coupling comprises a compressible bushing.

4.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first footprint adjustment bar comprises a compressible bushing, the compressible bushing

having a cross section of substantially similar size and shape to a cross section of the first

coupling.

5.      (Previously Presented)  The adjustable-footprint suspension seat frame of claim 1,

wherein:

the first footprint adjustment bar comprises a first section and a second section;

wherein the first section is substantially concentric to the second section and

configured to move telescopically within the second section, and

wherein the first section is configured to operably engage with the second section

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

to define two or more working lengths of the first footprint adjustment bar.

6.    (Original) The adjustable-footprint suspension seat frame of claim 5, wherein:

the second section comprises at least one locking pin hole; and

the first section comprises at least one locking pin configures to pass through the

at least one locking pin hole and substantially maintain a working length of the first

footprint adjustment bar.

7.    (Canceled)

8.    (Canceled)

9.    (Canceled)

10.    (Canceled)

11.    (Original)  The adjustable-footprint suspension seat frame of claim 1, wherein:

the first cantilever arm comprises a folding joint for adjusting an angle of the first

cantilever arm relative to the first footprint adjustment bar.

12.    (Canceled)

13.    (Canceled)

14.    (Canceled)

15.    (Canceled)

Application No. 16/430,027

16.     (New)  The adjustable-footprint suspension seat frame of claim 1, wherein the first cantilever arm and the second cantilever arm each include a plurality of pin holes.

17.     (New)  The adjustable-footprint suspension seat frame of claim 16, wherein the plurality of pin holes are disposed along a length of the first cantilever arm and a length of the second cantilever arm.

18.     (New)  The adjustable-footprint suspension seat frame of claim 16, wherein the first anchor interlocks with the first cantilever arm at one of the plurality of pin holes on the first cantilever arm.

19.     (New)  The adjustable-footprint suspension seat frame of claim 16, wherein the second anchor interlocks with the second cantilever arm at one of the plurality of pin holes on the second cantilever arm.

20.     (New)  The adjustable-footprint suspension seat frame of claim 16, wherein the first anchor engages the first cantilever arm and slides distally and proximally along the first cantilever arm.

Application No. 16/430,027

21.    (New)  The adjustable-footprint suspension seat frame of claim 20, wherein the second anchor engages the second cantilever arm and slides distally and proximally along the second cantilever arm.

22.    (New)  The adjustable-footprint suspension seat frame of claim 1, wherein the first cradle and the second cradle each include line guides.

23.    (New)  The adjustable-footprint suspension seat frame of claim 1, wherein the first cantilever arm and the second cantilever arm are disposed opposite each other and facing each other on inside surfaces of each cantilever arm.

24.    (New)  The adjustable-footprint suspension seat frame of claim 23, wherein the backside of the first cantilever arm and the backside of the second cantilever arm include surfaces that are on a side of the first cantilever arm and second cantilever arm that are opposite the inside surfaces of each cantilever arm.

25.    (New)  The adjustable-footprint suspension seat frame of claim 1, wherein at least a portion the first cantilever arm and at least a portion of the second cantilever arm are disposed at an angle relative to the first footprint adjustment bar.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

26.    (New)  The adjustable-footprint suspension seat frame of claim 25, wherein the angle is 45 degrees.

27.    (New) The adjustable-footprint suspension seat frame of claim 25, further comprising transitions which each transition a first portion of the first cantilever arm and a first portion of the second cantilever arm from being parallel to the first footprint adjustment bar to being disposed at an angle at a second portion of the first cantilever arm and at a second portion of the second cantilever arm.

28.    (New)  A kit, comprising:

a plurality of feet;

a first cantilever arm comprising a first cradle disposed on a distal end of the first cantilever arm and a first anchor;

a second cantilever arm comprising a second cradle disposed on a distal end of the second cantilever arm and a second anchor;

a first footprint adjustment bar; and

a second footprint adjustment bar, the second footprint adjustment bar being shorter than the first footprint adjustment bar.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

## REMARKS

This is a full and timely response to the Office Action dated November 3, 2020.

In the Office Action, the Office: 1) rejected claim 1 under 35 U.S.C. § 102 as allegedly anticipated by U.S. Patent No. 2, 353,220 ("Charlop"); 2) rejected claims 2 and 5 under 35 U.S.C. § 103 as allegedly unpatentable over Charlop in view of U.S. Patent No. 4,975,994 ("Bermettler"); 3) rejected claims 3 and 4 under 35 U.S.C. § 103 as allegedly unpatentable over Charlop and Bermettler in view of U.S. Patent Publication No. 2007/0216131 ("Potappel"); 4) rejected claim 6 under 35 U.S.C. § 103 as allegedly unpatentable over Charlop and Bermettler in view of U.S. Patent No. 6,415,464 ("Hsieh"); and 5) rejected claim 11 as allegedly unpatentable under 35 U.S.C. § 103 over Charlop in view of U.S. Patent No. 950,070 ("Funke").

In response, Applicant has amended claim 1, canceled claims 7-10 and 12-15, and added new claims 16-28. Claims 1-6, 11, and 16-28 are pending.


## Interview Summary:

On February 2, 2021, Examiner Islam graciously conducted an interview with Applicant's representative. While no agreement was reached with respect to the allowability of the claims, the parties agreed that the proposed amendments discussed during the interview overcame the cited references.

In view of such agreement, Applicant respectfully requests that the claims be reconsidered and allowed.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

– 8 –

Application No. 16/430,027

## Rejections under 35 U.S.C. § 102:

Claim 1 stands rejected under 35 U.S.C. § 102 as allegedly anticipated by Charlop. However, for at least the reasons discussed during the interview that took place on February 2, 2021, Applicant respectfully submits that Charlop does not disclose or suggest each and every element of claim 1. Applicant respectfully submits claim 1 is allowable and requests allowance of claim 1.

## Rejections under 35 U.S.C. § 103:

Claims 2-6, and 11 stand rejected over Charlop in view of one or more of Bermettler, Potappel, Hsieh, and Funke. However, Applicant respectfully submits that none of Bermettler, Potappel, Hsieh, and Funke remedy the deficiencies of Charlop discussed during the interview that took place on February 2, 2021. Accordingly, Applicant respectfully submits that a prima facie case of obviousness has not been established with respect to claims 2-6 and 11 as claims 2-6 and 11 depend from claim 1, and requests reconsideration and allowance of the claims..

## New Claims:

Claims 16-28 are newly added herewith. Applicant respectfully submits that claims 16-27 are allowable not only for the subject matter recited therein, but also at least due to their respective dependencies, whether direct or indirect, from claim 1.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

– 9 –

Application No. 16/430,027

     Claim 28, while of a scope different from that of claim 1, is allowable for reasons similar to those discussed during the Interview conducted on February 2, 2021. Accordingly, Applicant respectfully submits claim 28 is allowable and requests examination.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

## **CONCLUSION**

All requirements have been addressed.  In view of the above, the presently pending claims are believed to be in condition for allowance.  Accordingly, reconsideration and allowance are respectfully requested and the Office is respectfully requested to pass this application to issue.


Dated: February 3, 2021          Respectfully submitted,

                                 Electronic signature:  /Travis R. Banta, Reg.# 60498/
                                                        Travis R. Banta
                                                        TECHLAW VENTURES, PLLC
                                                        3290 W. Mayflower Ave.
                                                        Lehi, Utah
                                                        84043
                                                        Phone: (801) 854-7677
                                                        Facsimile: (801) 852-8203
                                                        Customer No. 128650
                                                        Attorney for Applicant

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

128650          7590          11/03/2020

TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043

| EXAMINER |
|---|
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/03/2020 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@techlawventures.com
tbanta@techlawventures.com

| *Office Action Summary* | **Application No.** 16/430,027 | **Applicant(s)** Goodwin et al. |
|---|---|---|
| | **Examiner** SYED A ISLAM | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING
DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) months from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>09/21/2020</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**        2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview
   on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
   closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-13</u> is/are pending in the application.
   5a) Of the above claim(s) <u>7-10 and 12-13</u> is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>1-6</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see
http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on <u>06/03/2019</u> is/are:  a) ☑  accepted or  b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All  b) ☐ Some**  c) ☐ None of the:
     1. ☐ Certified copies of the priority documents have been received.
     2. ☐ Certified copies of the priority documents have been received in Application No. _____.
     3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
        application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 16/430,027                                                        Page 2
Art Unit: 3636

### Notice of Pre-AIA or AIA Status

1.      The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

### Election/Restrictions

2.      Applicant's election without traverse of group I, claims 1-11, 14 and 15 in the reply filed on

09/21/2020 is acknowledged.

3.      Claims 12 and 13 are withdrawn from further consideration pursuant to 37 CFR 1.142(b) as

being drawn to a nonelected group, there being no allowable generic or linking claim. Election was made

**without** traverse in the reply filed on 09/21/2020.

4.      Applicant's election with traverse of species I, figure 1 in the reply filed on 09/21/2020 is

acknowledged.  The traversal is on the ground(s) that figures 1, 3 and 5 all can be applied in the same

embodiment. The argument is persuasive. However, figure 4 still requires threaded member which are

not included in the figures 1, 3 and 5.  Claim 7 requires a ring clamp which is a variant of the pin hole

mechanism. Therefore, claim 7 is also withdrawn as a separate embodiment since a ring clamp is a

different structure all together than a pin hole.

5.      The requirement is still deemed proper and is therefore made FINAL.

6.      Claims 7-10 are withdrawn from further consideration pursuant to 37 CFR 1.142(b), as being

drawn to a nonelected species, there being no allowable generic or linking claim. Applicant timely

traversed the restriction (election) requirement in the reply filed on 09/21/2020.

### Claim Rejections - 35 USC § 102

7.      In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and

the rationale supporting the rejection, would be the same under either status.

Application/Control Number: 16/430,027                                          Page 3
Art Unit: 3636

8.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis

for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless –

    (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale,
    or otherwise available to the public before the effective filing date of the claimed invention.

    (a)(2) the claimed invention was described in a patent issued under section 151, or in an application
    for patent published or deemed published under section 122(b), in which the patent or application, as
    the case may be, names another inventor and was effectively filed before the effective filing date of
    the claimed invention.

9.      **Claim(s) 1 is/are rejected under 35 U.S.C. 102(a)(2) as being anticipated by Charlop**

**(2,353,220).**

10.     Regarding claim 1, Charlop discloses an adjustable-footprint suspension seat frame **17**

comprising: three or more feet **68**; a first cantilever arm **20** comprising a first anchor **58** for a suspension

seat; a second cantilever arm **20** comprising a second anchor **58** for the suspension seat; and a first

footprint adjustment bar **21** connecting the first cantilever arm to the second cantilever arm.

                                ***Claim Rejections - 35 USC § 103***

11.     In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and

the rationale supporting the rejection, would be the same under either status.

12.     The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections

set forth in this Office action:

    A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is
    not identically disclosed as set forth in section 102, if the differences between the claimed invention
    and the prior art are such that the claimed invention as a whole would have been obvious before the
    effective filing date of the claimed invention to a person having ordinary skill in the art to which the
    claimed invention pertains. Patentability shall not be negated by the manner in which the invention
    was made.

Application/Control Number: 16/430,027                                    Page 4
Art Unit: 3636

13.      **Claims 2 and 5 is/are rejected under 35 U.S.C. 103 as being unpatentable over Charlop in view**

**of Bermettler (4,975,994).**

14.      Regarding claim 2, Charlop discloses further comprising: a first coupling **22** on the first cantilever

arm detachably attaching the first cantilever arm to the first footprint adjustment bar; and a second

coupling **22** on the second cantilever arm detachably attaching the second cantilever arm to the first

footprint adjustment bar.

15.      Bermettler discloses the first footprint adjustment bar has a first length **4.4** and comprises one

of a plurality of footprint adjustment bars **4.3**, each bar of the of the plurality of footprint adjustment

bars having a length and configured to detachably attach to the first cantilever arm **4.2** at a first end and

detachably attach to the second cantilever arm **4.2** at a second end.

16.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Bertmettler and use a plurality of telescoping frame or stand in the invention of

Charlop because it is simple, efficient and inexpensive way to adjust the length of the stand.

17.      Regarding claim 5, Bermettler discloses the first footprint adjustment bar comprises a first

section **4.4** and a second section **4.3**; and wherein the first section is substantially concentric to the

second section and configured to move telescopically within the second section, and wherein the first

section is configured to operably engage with the second section to define two or more working lengths

of the first footprint adjustment bar.

18.      Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Bertmettler and use a plurality of telescoping frame or stand in the invention of

Charlop because it is simple, efficient and inexpensive way to adjust the length of the stand.

19.      **Claims 3 and 4 is/are rejected under 35 U.S.C. 103 as being unpatentable over Charlop in view**

**of Bermettler (4,975,994) as applied to claim 2 above, and further in view of Potappel (US**

**2007/0216131).**

20.     Regarding claim 3, Potappel discloses the first coupling **182** comprises a compressible bushing

**(para 0070)**.

21.     Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Potappel and make the bushing of Charlop compressible because it prevents the

frame from being damaged.

22.     Regarding claim 4, Charlop discloses the first footprint adjustment bar comprises a bushing **22**,

the bushing having a cross section of substantially similar size and shape to a cross section of the first

coupling.

23.     Potappel discloses a compressible bushing **182 (para 0070)**.

24.     Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Potappel and make the bushing of Charlop compressible because it prevents the

frame from being damaged.

**25.     Claim 6 is/are rejected under 35 U.S.C. 103 as being unpatentable over Charlop in view of**

**Bermettler (4,975,994) as applied to claim 5 above, and further in view of Hsieh (6,415,464).**

26.     Regarding claim 6, Hsieh discloses the second section comprises at least one locking pin hole

**213**; and the first section comprises at least one locking pin **224** configured to pass through the at least

one locking pin hole and substantially maintain a working length of the first footprint adjustment bar.

27.     Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Hsieh and use pin and hole locking mechanism because it is simple, efficient and

inexpensive.

**28.     Claim 11 is/are rejected under 35 U.S.C. 103 as being unpatentable over Charlop in view of**

**Funke (950,070).**

29.     Regarding claim 11, Funke discloses the first cantilever arm **1** comprises a folding joint **3, 4, 7** for

adjusting an angle of the first cantilever arm relative to the first footprint adjustment bar.

Application/Control Number: 16/430,027                                         Page 6
Art Unit: 3636

30.     Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention

to use the teaching of Funke and use a folding joint between the arm and foot in the invention of

Charlop because it is simple, efficient and inexpensive way to adjust the seat to accommodate user of all

shape and size.

### *Conclusion*

31.     Any inquiry concerning this communication or earlier communications from the examiner

should be directed to SYED A ISLAM whose telephone number is (571)272-7768. The examiner can

normally be reached on 10am-10pm.

        Examiner interviews are available via telephone, in-person, and video conferencing using a

USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use

the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

David Dunn can be reached on 5712726670. The fax phone number for the organization where this

application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system. Status information for published applications may be obtained

from either Private PAIR or Public PAIR. Status information for unpublished applications is available

through Private PAIR only. For more information about the PAIR system, see https://ppair-

my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact

the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information system, call 800-786-

9199 (IN USA OR CANADA) or 571-272-1000.

32.     /SYED A ISLAM/
         Primary Examiner, Art Unit 3636

| | Application/Control No. | Applicant(s)/Patent Under |
| | 16/430,027 | Reexamination |
| ***Notice of References Cited*** | | Goodwin et al. |
| | Examiner | Art Unit | |
| | SYED A ISLAM | 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-0950070-A | 02-1910 | R. C. Funke | A47C3/0255 | 5/129 |
| * | B | US-2353220-A | 07-1944 | ELLIOTT CHARLOP | A45F3/24 | 5/128 |
| * | C | US-4975994-A | 12-1990 | Barmettler; Peter | A45F3/22 | 5/120 |
| * | D | US-20070216131-A1 | 09-2007 | Potappel; Willem Hendrik | A61G5/1054 | 280/250.1 |
| * | E | US-6415464-B1 | 07-2002 | Hsieh; Shun-Chang | A45F3/22 | 5/120 |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office

PTO-892 (Rev. 01-2001)          **Notice of References Cited**          Part of Paper No. 20201029

| *Search Notes* | Application/Control No.<br><br>16/430,027 | Applicant(s)/Patent Under Reexamination<br><br>Goodwin et al. |
|---|---|---|
| | Examiner<br><br>SYED A ISLAM | Art Unit<br><br>3636 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| A45F3/26,24,22 | 10/29/2020 | SI |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| EAST (US-PGPUB;USPAT;USOCR;EPO;JPO;DERWENT;FPRS) | 10/29/2020 | SI |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| /SYED A ISLAM/<br>Primary Examiner, Art Unit 3636 | |
|---|---|
| | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 16/430,027 | Goodwin et al. |
| | Examiner | Art Unit |
| | SYED A ISLAM | 3636 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | ☐ CPA | ☐ T.D. | ☐ R.1.47 | | | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/15/2020 | 10/29/2020 | | | | | | |
| | 1 | ÷ | ✓ | | | | | | |
| | 2 | ÷ | ✓ | | | | | | |
| | 3 | ÷ | ✓ | | | | | | |
| | 4 | ÷ | ✓ | | | | | | |
| | 5 | ÷ | ✓ | | | | | | |
| | 6 | ÷ | ✓ | | | | | | |
| | 7 | ÷ | N | | | | | | |
| | 8 | ÷ | N | | | | | | |
| | 9 | ÷ | N | | | | | | |
| | 10 | ÷ | N | | | | | | |
| | 11 | ÷ | ✓ | | | | | | |
| | 12 | ÷ | N | | | | | | |
| | 13 | ÷ | N | | | | | | |
| | 14 | ÷ | - | | | | | | |
| | 15 | ÷ | - | | | | | | |

# EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| L5 | 32 | ("0531727" \| "0781609" \| "0986375" \| "1217963" \| "1320381" \| "3593352").PN. OR ("5003652").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:25 |
| L6 | 39 | ("0223588" \| "0781609" \| "0950070" \| "2534019" \| "2566996" \| "2663032").PN. OR ("3593352").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:26 |
| L7 | 23 | ("0118918" \| "0781609" \| "2450689" \| "2469950" \| "2569569" \| "2581623" \| "3593352" \| "3837019" \| "4229845" \| "4691394").PN. OR ("4797961").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 21:28 |
| S1 | 878 | A45F3/26,24.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:01 |
| S2 | 10 | A45F3/26,24.CPC. and bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:20 |
| S3 | 4 | A45F$.CPC. and compressible with bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:29 |
| S4 | 24 | A47C$.CPC. and compressible with bushing | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 13:30 |
| S5 | 18 | ("0944661" \| "3632273" \| "4473605" \| "4975997" \| "5297302" \| "5414873" \| "5729845" \| "6209556" \| "6383588" \| "D426968" \| "D465669" \| "D471650").PN. OR ("6711764").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:57 |
| S6 | 17 | ("0781609" \| "1229537").PN. OR ("6276008").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:58 |
| S7 | 16 | ("2104917" \| "4958391").PN. OR ("5297302").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 16:58 |

| S8 | 1 | "23230425".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2020/10/29 17:28 |
| S9 | 1 | "23230425".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | OFF | 2020/10/29 17:28 |
| S10 | 90 | A45F3/26,24.CPC. and telescop$3 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 17:35 |
| S11 | 5 | ("2571037").URPN. | USPAT | OR | OFF | 2020/10/29 17:40 |
| S12 | 40 | ("0970877" \| "1369216" \| "2546726" \| "2571037" \| "3044797" \| "3532356" \| "D213370").PN. OR ("3992023").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/29 17:41 |
| S13 | 24 | A45F3/22.CPC. and telescop$3 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/29 17:42 |

## EAST Search History (Interference)

<This search history is empty>

10/29/2020 9:46:06 PM
C:\Users\sislam\Documents\EAST\Workspaces\16430027.wsp

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 40618736 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 128650 |
| **Filer:** | Travis Robert Banta/Bailee Longhurst |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | KHL-0007.NP |
| **Receipt Date:** | 21-SEP-2020 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 17:58:01 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Response to Election / Restriction Filed | Restriction_Response_FINAL.pdf | 46411<br>71dcef55f69b3fb8b8a1fcc29a975ff595fb21<br>00 | no | 10 |

**Warnings:**

| Information: | | |
|---|---|---|
| | **Total Files Size (in bytes):** | 46411 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Application No. 16/430,027

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Daniel Goodwin

Application No.: 16/430,027                          Confirmation No.: 2396

Filed: June 3, 2019                                 Art Unit: 3636

For:   ADJUSTABLE FOOTPRINT SUSPENSION             Examiner: ISLAM, Syed A.
       SEAT FRAME SYSTEM

## <u>RESPONSE TO OFFICE ACTION</u>

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Commissioner:

      In response to the Office Action dated July 20, 2020, ("Office Action"), the period for

response extending to September 21, 2020 as September 20, 2020 is a Sunday, please consider

the following:

Application No. 16/430,027

## COMPLETE LISTING OF CLAIMS
## IN ASCENDING ORDER WITH STATUS INDICATORS

This listing of claims will replace all prior listings, and versions, of claims in the application.

1.      (Original) An adjustable-footprint suspension seat frame comprising:

three or more feet;

a first cantilever arm comprising a first anchor for a suspension seat;

a second cantilever arm comprising a second anchor for the suspension seat; and

a first footprint adjustment bar connecting the first cantilever arm to the second

cantilever arm

2.      (Currently Amended) The adjustable-footprint suspension seat frame of claim 1,

further comprising:

a first coupling on the first cantilever arm detachably attaching the first cantilever

arm to the first footprint adjustment bar; ~~and~~

a second coupling on the second cantilever arm detachably attaching the second

cantilever arm to the first footprint adjustment bar; and

wherein the first footprint adjustment bar has a first length and comprises one of a

plurality of footprint adjustment bars, each bar ~~of the~~ of the plurality of footprint

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

adjustment bars having a length and configured to detachably attach to the first cantilever

arm at a first end and detachably attach to the second cantilever arm at a second end.

3.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first coupling comprises a compressible bushing.

4.      (Original)  The adjustable-footprint suspension seat frame of claim 2, wherein the

first footprint adjustment bar comprises a compressible bushing, the compressible bushing

having a cross section of substantially similar size and shape to a cross section of the first

coupling.

5.      (Currently Amended)  The adjustable-footprint suspension seat frame of claim 1,

wherein:

the first footprint adjustment bar comprises a first section and a second section;

~~and~~

wherein the first section is substantially concentric to the second section and

configured to move telescopically within the second section, and

wherein the first section is configured to operably engage with the second section

to define two or more working lengths of the first footprint adjustment bar.

6.      (Original) The adjustable-footprint suspension seat frame of claim 5, wherein:

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

the second section comprises at least one locking pin hole; and

the first section comprises at least one locking pin configures to pass through the

at least one locking pin hole and substantially maintain a working length of the first

footprint adjustment bar.

7.      (Original) The adjustable-footprint suspension seat frame of claim 5, wherein:

the second section comprises a ring clamp to hold an interior surface of the

second section against an exterior surface of the first section.

8.      (Original) The adjustable-footprint suspension seat frame of claim 1,

wherein the first footprint adjustment bar comprises:

a first threaded member having a centerline substantially parallel to a

longitudinal axis of the first footprint adjustment bar, the first threaded member

coupled to the first cantilever arm; and

a second threaded member having a centerline substantially parallel to the

longitudinal axis of the first footprint adjustment bar, the second threaded member

coupled to the second cantilever arm and the first threaded member,

wherein a distance between the first cantilever arm and the second

cantilever arm along the longitudinal axis of the first adjustment bar changes in

response to a rotation of at least one of the first threaded member or second

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

threaded member.

9.      (Original)  The adjustable-footprint suspension seat frame of claim 8, further

comprising an externally threaded rod connecting the first threaded member to the

second threaded member.

10.     (Original)  The adjustable-footprint suspension seat frame of claim 8, further

comprising an internally threaded tube connecting the first threaded member to

the second threaded member.

11.     (Original)  The adjustable-footprint suspension seat frame of claim 1, wherein:

the first cantilever arm comprises a folding joint for adjusting an angle of the first

cantilever arm relative to the first footprint adjustment bar.

12.     (Withdrawn) An adjustable side clip for a suspension seat, the adjustable

side clip comprising:

a hollow collar, the hollow collar having an internal cross section

corresponding to an exterior cross section of a cantilever arm of a suspension seat

frame;

a suspension seat mount on an exterior portion of the hollow collar, and

a lock, the lock configured to maintain engagement of the adjustable side

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

clip at a substantially fixed location relative to the cantilever arm of the

suspension seat frame.

13.    (Withdrawn)  The adjustable side clip of claim 12, wherein the lock comprises at

least one of a threaded member, one half of a pin-hole pair, a ring clamp, one half of a ratchet-

pawl pair, or a set screw.

14.    (Canceled)

15.    (Canceled)

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

# **REMARKS**

This is a full and timely response to the Office Action dated July 20, 2020.

In the Office Action, the Office issued a restriction requirement which requires 1) Applicant to elect a claim directed to Group I, Claims 1-11, 14, 15; or Group II, Claims 12 and 13; 2) Applicant to elect a figure directed to Species I, Figure 1; or Species II, Figure 3; or Species III, Figure 4; or Species IV, Figure 5.

In response, Applicant elects claims for prosecution as described below and claims 12 and 13 have been withdrawn.  Claims 14 and 15 have been canceled.  Claims 1-11 are pending.


**Elections:**

In the Office Action, the Patent Office alleges that the claims are directed to inventions that are "independent or distinct, each from the other."  Office Action, page 2.  Specifically, the Patent Office identified the allegedly different inventions as follows:

Group I: Claims 1-11, 14, 15 and

Group II: Claims 12, 13.

In response, Applicant elects Group I, Claims 1-11 **without traverse**.  Claims 14 and 15 have been canceled without prejudice or disclaimer.

As a result of this election, claims 12 and 13 have been withdrawn and claims 14 and 15 have been cancelled.  Claims 1-11 are pending.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

– 7 –

Application No. 16/430,027

In the Office Action the Patent Office alleges that the claims are directed to species that are "patentably distinct species." Office Action, page 3. Patent Office identified the allegedly distinct species as follows:

Species I, Figure 1

Species II, Figure 3

Species III, Figure 4

Species IV, Figure 5.

<u>In response, Applicant elects Species I, Figure 1, **with traverse**</u>.

Applicant respectfully submits that at least claim 1 is generic to all figures. Further, Figures 2 and 6-10 are not explicitly identified as being drawn to a particular species and at least some identified species are shown in more than the identified figures.

For example, Species 1, Figure 1 illustrates an "adjustable-footprint suspension seat frame 100" which includes a "first footprint adjustment bar 115a" and a "second footprint adjustment bar 115b." Specification, paragraph [0026]. Figure 5 illustrates a "footprint adjustment bar 500" which is similar to "first footprint adjustment bar 115a" and "second footprint adjustment bar 115b," shown in Figure 1. Footprint adjustment bar 500 further includes "compressible bushing 515" which is also shown in Figure 3.

Applicant respectfully submits that at least Figures 1, 3, and 5, as identified by the Patent Office and not including the non-identified Figures 2 and 6-10, are representative of a disclosed "adjustable-footprint suspension seat frame" with constituent elements that are disclosed in more

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

detail across multiple figures.  There is no reason why, for example, Figures 3 and 5 are different

species as the allegedly defining characteristic of Figure 3 is used and illustrated in Figure 5,

which is further used in connection with the "adjustable-footprint suspension seat frame" of

claim 1.  These elements should be able to be claimed together as they are constituent elements,

optional or not, of the disclosed "adjustable-footprint suspension seat frame."

Applicant respectfully submits that the species restriction is in error and requests that the

restriction be reconsidered and withdrawn for failing to clearly delineate separate species.

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

Application No. 16/430,027

## **CONCLUSION**

All requirements have been addressed.  In view of the above, the presently pending

claims are believed to be in condition for allowance.  Accordingly, reconsideration and

allowance are respectfully requested and the Office is respectfully requested to pass this

application to issue.

Dated: September 21, 2020          Respectfully submitted,

Electronic signature:  /Travis R. Banta, Reg.# 60498/
Travis R. Banta
TECHLAW VENTURES, PLLC
3290 W. Mayflower Ave.
Lehi, Utah
84043
Phone: (801) 854-7677
Facsimile: (801) 852-8203
Customer No. 128650
Attorney for Applicant

TECHLAW VENTURES, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
(801) 845-7675

– 10 –

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>16/430,027 | Filing Date<br>06/03/2019 | ☐ To be Mailed |
| --- | --- | --- | --- |

**ENTITY:** ☐ LARGE    ☑ SMALL    ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | | RATE ($) | FEE ($) |
| --- | --- | --- | --- | --- | --- |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | | x $50 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | | x $230 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **AMENDMENT** | 09/21/2020 | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * 13 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 2 | Minus | *** 5 | = 0 | x $230 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **AMENDMENT** | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| --- | --- |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /DANTE SMITH/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | KHL-0007.NP | 2396 |

128650          7590          07/20/2020
TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043

| EXAMINER |
|---|
| ISLAM, SYED A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/20/2020 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@techlawventures.com
tbanta@techlawventures.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
| | 16/430,027 | Goodwin et al. |
| | Examiner | Art Unit | AIA (FITF) Status |
| | SYED A ISLAM | 3636 | Yes |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>2</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>06/03/2019</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**     2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-15</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☐ Claim(s) _____ is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☑ Claim(s) <u>1-15</u> are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**   c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   ** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Application/Control Number: 16/430,027                                      Page 2
Art Unit: 3636

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

### DETAILED ACTION

### *Election/Restriction*

2.      Restriction to one of the following inventions is required under 35 U.S.C. 121:

        I. Claims 1-11, 14, 15 drawn to a seat frame, classified in A45F3/26.

        II. Claims 12, 13, drawn to adjustable side clip, classified in F16B5/0692. The inventions are

independent or distinct, each from the other because:

3.      Inventions I and II are related as combination and subcombination.  Inventions in this

relationship are distinct if it can be shown that (1) the combination as claimed does not require the

particulars of the subcombination as claimed for patentability, and (2) that the subcombination has

utility by itself or in other combinations (MPEP § 806.05(c)).  In the instant case, the combination as

claimed does not require the particulars of the subcombination as claimed because the anchor of the

combination does not require to have a hollow collar.  The subcombination has separate utility such as

joining items.

        The examiner has required restriction between combination and subcombination inventions.

Where applicant elects a subcombination, and claims thereto are subsequently found allowable, any

claim(s) depending from or otherwise requiring all the limitations of the allowable subcombination will

be examined for patentability in accordance with 37 CFR 1.104.  See MPEP § 821.04(a).  Applicant is

advised that if any claim presented in a continuation or divisional application is anticipated by, or

includes all the limitations of, a claim that is allowable in the present application, such claim may be

subject to provisional statutory and/or nonstatutory double patenting rejections over the claims of the

instant application.

4.      Restriction for examination purposes as indicated is proper because all the inventions listed in this action are independent or distinct for the reasons given above <u>and</u> there would be a serious search and/or examination burden if restriction were not required because one or more of the following reasons apply:

The collar of side clip will require searching in a different class/subclass.

**Applicant is advised that the reply to this requirement to be complete must include (i) an election of a invention to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected invention**.

The election of an invention may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable upon the elected invention.

Should applicant traverse on the ground that the inventions are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103 or pre-AIA 35 U.S.C. 103(a) of the other invention.

5.      This application contains claims directed to the following patentably distinct species

6.      Species I, figure 1

7.      Species II, figure 3

8.      Species III, figure 4

Application/Control Number: 16/430,027                                    Page 4
Art Unit: 3636

9.       Species IV, figure 5.

10.      The species are independent or distinct because a compressible bushing of species II is different

than the pin hole of species I, threaded member of species III and a locking hinge of species IV. In

addition, these species are not obvious variants of each other based on the current record.

        Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, or a single grouping

of patentably indistinct species, for prosecution on the merits to which the claims shall be restricted if

no generic claim is finally held to be allowable. Currently, no claims are generic.

        There is a search and/or examination burden for the patentably distinct species as set forth

above because at least the following reason(s) apply: the species or groupings of patentably indistinct

species require a different field of search (e.g., searching different classes/subclasses or electronic

resources, or employing different search strategies or search queries).

        **Applicant is advised that the reply to this requirement to be complete must include (i) an**

**election of a species to be examined** even though the requirement may be traversed (37 CFR 1.143)

**and (ii) identification of the claims encompassing the elected species or grouping of patentably**

**indistinct species**, including any claims subsequently added. An argument that a claim is allowable or

that all claims are generic is considered nonresponsive unless accompanied by an election.

        The election may be made with or without traverse. To preserve a right to petition, the election

must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in

the election of species requirement, the election shall be treated as an election without traverse.

Traversal must be presented at the time of election in order to be considered timely. Failure to timely

traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are

added after the election, applicant must indicate which of these claims are readable on the elected

species or grouping of patentably indistinct species.

Should applicant traverse on the ground that the species, or groupings of patentably indistinct species from which election is required, are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing them to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the species unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103 or pre-AIA 35 U.S.C. 103(a) of the other species.

Upon the allowance of a generic claim, applicant will be entitled to consideration of claims to additional species which depend from or otherwise require all the limitations of an allowable generic claim as provided by 37 CFR 1.141.

11.    Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be corrected in compliance with 37 CFR 1.48(a) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. A request to correct inventorship under 37 CFR 1.48(a) must be accompanied by an application data sheet in accordance with 37 CFR 1.76 that identifies each inventor by his or her legal name and by the processing fee required under 37 CFR 1.17(i).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to SYED A ISLAM whose telephone number is (571)272-7768.  The examiner can normally be reached on 10am-10pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 16/430,027                                          Page 6
Art Unit: 3636

　　　　Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system.  Status information for published applications may be obtained

from either Private PAIR or Public PAIR.  Status information for unpublished applications is available

through Private PAIR only.  For more information about the PAIR system, see https://ppair-

my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact

the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information system, call 800-786-

9199 (IN USA OR CANADA) or 571-272-1000.

　　　　/SYED A ISLAM/
　　　　 Primary Examiner, Art Unit 3636

| *Index of Claims* | Application/Control No.<br><br>16/430,027 | Applicant(s)/Patent Under Reexamination<br><br>Goodwin et al. |
|---|---|---|
| | Examiner<br><br>SYED A ISLAM | Art Unit<br><br>3636 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

| CLAIMS | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | | ☐ T.D. | | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/15/2020 | | | | | | | | |
| | 1 | ÷ | | | | | | | | |
| | 2 | ÷ | | | | | | | | |
| | 3 | ÷ | | | | | | | | |
| | 4 | ÷ | | | | | | | | |
| | 5 | ÷ | | | | | | | | |
| | 6 | ÷ | | | | | | | | |
| | 7 | ÷ | | | | | | | | |
| | 8 | ÷ | | | | | | | | |
| | 9 | ÷ | | | | | | | | |
| | 10 | ÷ | | | | | | | | |
| | 11 | ÷ | | | | | | | | |
| | 12 | ÷ | | | | | | | | |
| | 13 | ÷ | | | | | | | | |
| | 14 | ÷ | | | | | | | | |
| | 15 | ÷ | | | | | | | | |

# Bibliographic Data

Application No:    16/430,027

| | | |
|---|---|---|
| Foreign Priority claimed: | ◯ Yes   ⬤ No | |
| 35 USC 119 (a-d) conditions met: | ☐ Yes   ☐ No | ☐ Met After Allowance |
| Verified and Acknowledged: | /SYED A ISLAM/ | |
| | Examiner's Signature | Initials |

Title:    ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/03/2019 **RULE** | 297 | 3636 | KHL-0007.NP |

**APPLICANTS**

Kammok Holdings, LLC, Austin, TX,

**INVENTORS**

Daniel Goodwin, Austin, TX, UNITED STATES

James Booth, Austin, TX, UNITED STATES

**CONTINUING DATA**

This application has PRO of 62680378 06/04/2018

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED\*\***

06/10/2019

**\*\* SMALL ENTITY \*\***

**STATE OR COUNTRY**

UNITED STATES

**ADDRESS**

TechLaw Ventures, PLLC

3290 West Mayflower Way

Lehi, UT 84043

UNITED STATES

**FILING FEE RECEIVED**

$1,015

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | 3636 | 1015 | NIDO01-00002 | 15 | 4 |

**CONFIRMATION NO. 2396**

128650
TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043

**CORRECTED FILING RECEIPT**


CC000000114893129

Date Mailed: 02/24/2020

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**
　　　　Daniel Goodwin, Austin, TX;
　　　　James Booth, Austin, TX;
**Applicant(s)**
　　　　Kammok Holdings, LLC, Austin, TX;
**Power of Attorney:** The patent practitioners associated with Customer Number 128650
**Domestic Priority data as claimed by applicant**
　　　　This appln claims benefit of 62/680,378 06/04/2018

**Foreign Applications** for which priority is claimed  (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)  - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 06/10/2019

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 16/430,027**

**Projected Publication Date:** Not Applicable

**Non-Publication Request:** No

**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***
**Title**

      ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

**Preliminary Class**

      297

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | NIDO01-00002 |

**CONFIRMATION NO. 2396**

128650
TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043

**POA ACCEPTANCE LETTER**


*OC000000114893107*

Date Mailed: 02/24/2020

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 02/18/2020.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the requirements it sets forth should be directed to the Office of Data Management, Application Assistance Unit, at **(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/cnguyen/

_____

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | NIDO01-00002 |

**CONFIRMATION NO. 2396**

23990
DOCKET CLERK
P.O. DRAWER 800889
DALLAS, TX 75380

**POWER OF ATTORNEY NOTICE**


*OC000000114893075*

Date Mailed: 02/24/2020

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 02/18/2020.

• The Power of Attorney to you in this application has been revoked by the applicant. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/cnguyen/

_____

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 16/430,027 | June 3, 2019 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✓] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: | 128650 |

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✓] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number: | |

OR

| [ ] Firm or Individual Name | | | |
|---|---|---|---|
| Address | | | |
| City | State | | Zip |
| Country | | | |
| Telephone | Email | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

## Kammok Holdings, LLC

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✓] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 1/29/20 |
|---|---|---|---|
| Name | GREG MCEVILLY | | |
| Title | CEO | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: Daniel Goodwin

Application No./Patent No.: 16/430,027    Filed/Issue Date: June 3, 2019

Titled: ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

Kammok Holdings, LLC _____, a limited liability company

(Name of Assignee)    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [✔] The assignee of the entire right, title, and interest.

2. [ ] An assignee of less than the entire right, title, and interest (check applicable box):

    [ ] The extent (by percentage) of its ownership interest is _____%. Additional Statement(s) by the owners holding the balance of the interest <u>must be submitted</u> to account for 100% of the ownership interest.

    [ ] There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

    Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

3. [ ] The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

    Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

4. [ ] The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. [ ] An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy thereof is attached.

B. [✔] A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

    1. From: Inventors    To: Nido Structures, LLC

    The document was recorded in the United States Patent and Trademark Office at
    Reel 049352 , Frame 0558 , or for which a copy thereof is attached.

    2. From: Nido Structures, LLC    To: Kammok Gear, LLC

    The document was recorded in the United States Patent and Trademark Office at
    Reel 051645 , Frame 0106 , or for which a copy thereof is attached.

[Page 1 of 2]

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: Kammok Gear, LLC     To: Kammok Holdings, LLC

The document was recorded in the United States Patent and Trademark Office at

Reel 051687 , Frame 0706 , or for which a copy thereof is attached.

4. From: _____     To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

5. From: _____     To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

6. From: _____     To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

☐ Additional documents in the chain of title are listed on a supplemental sheet(s).

☑ As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

/Travis R. Banta/                     February 11, 2020
Signature                             Date

Travis R. Banta                       60498
Printed or Typed Name                 Title or Registration Number

[Page 2 of 2]

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 16430027 |
| **Filing Date:** | 03-Jun-2019 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel Goodwin |
| **Filer:** | Travis Robert Banta/Lisa Serassio |
| **Attorney Docket Number:** | NIDO01-00002 |

Filed as Small Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| PROCESSING FEE, EXCEPT PROV. APPLS. | 2830 | 1 | 70 | 70 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension-of-Time: | | | | |
| Miscellaneous: | | | | |
| **Total in USD ($)** | | | | 70 |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 38620619 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 23990 |
| **Filer:** | Travis Robert Banta/Lisa Serassio |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | NIDO01-00002 |
| **Receipt Date:** | 18-FEB-2020 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 18:42:11 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $70 |
| RAM confirmation Number | E20202HI42491748 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Application Data Sheet | Corrected_ADS_KHL0007NP.pdf | 295346<br><br>df7ad01f8d2d9b2fdef480279cea783b701c57679 | no | 8 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied ADS fillable form | | | | | |
| 2 | Power of Attorney | Signed_POA_KHL0007NP.pdf | 204771<br><br>4eece6a117e867f50df528b77101391e149b482c | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Assignee showing of ownership per 37 CFR 3.73 | Statement_of_Assignee_KHL0007NP.pdf | 121946<br><br>d6b5e21e45a54badc1ac292ac634e92755049a22 | no | 3 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 4 | Fee Worksheet (SB06) | fee-info.pdf | 30541<br><br>5489cfacef0e1da378e8e5ef3cedc0b57048bc9 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 652604 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | | Remove |
|---|---|---|---|---|
| Legal Name | | | | |

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Daniel | | Goodwin | |

| Residence Information (Select One) | ● US Residency | Non US Residency | Active US Military Service |
|---|---|---|---|

| City | Austin | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 411 Tillery Street |
|---|---|
| Address 2 | |
| City | Austin | State/Province | TX |
| Postal Code | 78702 | Country i | US |

| Inventor | 2 | | | Remove |
|---|---|---|---|---|
| Legal Name | | | | |

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | James | | Booth | |

| Residence Information (Select One) | ◉ US Residency | Non US Residency | Active US Military Service |
|---|---|---|---|

| City | Austin | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 411 Tillery Street |
|---|---|
| Address 2 | |
| City | Austin | State/Province | TX |
| Postal Code | 78702 | Country i | US |

| All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. | Add |
|---|---|

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

| ☐ **An Address is being provided for the correspondence Information of this application.** | | | |
|---|---|---|---|
| **Customer Number** | 23990 | | |
| **Email Address** | patents@munckwilson.com | Add Email | Remove Email |

## Application Information:

| Title of the Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM | |
|---|---|---|
| Attorney Docket Number | NIDO01-00002 | **Small Entity Status Claimed** ☒ |
| Application Type | Nonprovisional | |
| Subject Matter | Utility | |
| **Total Number of Drawing Sheets (if any)** | 10 | **Suggested Figure for Publication (if any)** | |

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

| ☐ | Request Early Publication (Fee required at time of Request 37 CFR 1.219) |
|---|---|
| ☐ | **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing. |

## Representative Information:

| Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing. |
|---|

| Please Select One: | ● Customer Number | US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 23990 | | |

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending ▾ | | Remove |
| --- | --- | --- | --- |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Claims benefit of provisional ▾ | 62/680378 | 2018-06-04 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.    | Add |

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application.  Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55.  When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2).  Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
| --- | --- | --- | --- |
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.    | Add |

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐  This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
| | Application Number | |
| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM | |

## Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**:  This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application.  After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s).  Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

### 1.  Authorization to Permit Access by a Foreign Intellectual Property Office(s)

**A.  Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2)  any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h) (1).

**B.  Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

### 2.  Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)

☐  A.  Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed.  If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐  B.  Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE**:  Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Applicant** | 1 | Remove |
|---|---|---|

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

| | ▼ |
|---|---|

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

| If the Applicant is an Organization check here. | ☒ |
|---|---|

| Organization Name | ~~Nido Structures, LLC~~   **Kammok Holdings, LLC** |
|---|---|

**Mailing Address Information For Applicant:**

| **Address 1** | ~~411 Tillery Street~~   **1401 East 7th Street** | | |
|---|---|---|---|
| Address 2 | | | |
| **City** | Austin | **State/Province** | |
| **Country** | TX | Postal Code | 78702 |
| Phone Number | | Fax Number | |
| Email Address | | | |

| Additional Applicant Data may be generated within this form by selecting the Add button. | Add |
|---|---|

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

**Assignee** 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

Remove

If the Assignee or Non-Applicant Assignee is an Organization check here. ☐

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| ▾ | | | | ▾ |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | |
|---|---|
| Address 2 | |
| City | | State/Province | |
| Country i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.    Add

## Signature:    Remove

NOTE: This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| Signature | /Michael G. Rodriguez, #60,236/ | | Date (YYYY-MM-DD) | 2019-06-03 |
|---|---|---|---|---|
| First Name | Michael G. | Last Name | Rodriguez | Registration Number | 60,236 |

Additional Signature may be generated within this form by selecting the Add button.    Add

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| --- | --- |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | NIDO01-00002 |

**CONFIRMATION NO. 2396**

23990
DOCKET CLERK
P.O. DRAWER 800889
DALLAS, TX 75380

**IMPROPER CFR REQUEST**


*OC000000114696678*

Date Mailed: 02/14/2020

## RESPONSE TO REQUEST FOR CORRECTED FILING RECEIPT

*Power of Attorney, Claims, Fees, System Limitations, and Miscellaneous*

In response to your request for a corrected Filing Receipt, the Office is unable to comply with your request because:

• Any request to correct or update the name of the applicant must include an application data sheet (ADS) in compliance with 37 CFR 1.76 specifying the correct or updated name of the applicant in the applicant information section. Any request to change the applicant after an original applicant has been specified under 37 CFR 1.46(b) must include a new ADS in compliance with 37 CFR 1.76 specifying the applicant in the applicant information section and comply with 37 CFR 3.71 and 3.73. See 37 CFR 1.46(c).

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/Itaba/

_____

page 1 of 1

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | NIDO01-00002 |

**CONFIRMATION NO. 2396**
**IMPROPER CPOA LETTER**

23990
DOCKET CLERK
P.O. DRAWER 800889
DALLAS, TX 75380


*OC000000114696611*

Date Mailed: 02/14/2020

# NOTICE REGARDING POWER OF ATTORNEY

This is in response to the power of attorney filed 02/11/2020. The power of attorney in this application is not accepted for the reason(s) listed below:

- The power of attorney has not been accepted because the party who is giving power has not been identified. Power of attorney may only be signed by the applicant for patent (37 CFR 1.42) or the patent owner. A party who is not the applicant must become the applicant in accordance with 37 CFR 1.46(c) and appoint any power of attorney in compliance with 37 CFR 3.71 and 3.73. For a reissue application, reexamination proceeding, or supplemental examination proceeding, a patent owner who was not the applicant under 37 CFR 1.46 must appoint any power of attorney in compliance with 37 CFR 3.71 and 3.73. See 37 CFR 1.32(b)(4).

/ltaba/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

128650
TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043
UNITED STATES

page 1 of 1

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 16/430,027 | June 3, 2019 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✓] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: **128650**

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✓] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:

OR

| [ ] Firm or Individual Name | | | | |
|---|---|---|---|---|
| Address | | | | |
| City | | State | | Zip |
| Country | | | | |
| Telephone | | Email | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

**Kammok Holdings, LLC**

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✓] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

## SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 1/29/20 |
|---|---|---|---|
| Name | GREG McEVILLY | | |
| Title | CEO | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: **Daniel Goodwin**

Application No./Patent No.: **16/430,027**       Filed/Issue Date: **June 3, 2019**

Titled: **ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM**

**Kammok Holdings, LLC** , a **limited liability company**

(Name of Assignee)                                     (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [✓]  The assignee of the entire right, title, and interest.

2. [ ]  An assignee of less than the entire right, title, and interest (check applicable box):

   [ ]  The extent (by percentage) of its ownership interest is _____%. Additional Statement(s) by the owners holding the balance of the interest <u>must be submitted</u> to account for 100% of the ownership interest.

   [ ]  There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

   |  |
   |--|
   |  |

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

3. [ ]  The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

   |  |
   |--|
   |  |

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

4. [ ]  The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. [ ]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy thereof is attached.

B. [✓]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

   1. From: **Inventors**                                    To: **Nido Structures, LLC**

      The document was recorded in the United States Patent and Trademark Office at
      Reel **049352** , Frame **0558** , or for which a copy thereof is attached.

   2. From: **Nido Structures, LLC**                         To: **Kammok Gear, LLC**

      The document was recorded in the United States Patent and Trademark Office at
      Reel **051645** , Frame **0106** , or for which a copy thereof is attached.

[Page 1 of 2]

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: Kammok Gear, LLC     To: Kammok Holdings, LLC

The document was recorded in the United States Patent and Trademark Office at

Reel 051687 , Frame 0706 , or for which a copy thereof is attached.

4. From: _____     To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

5. From: _____     To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

6. From: _____     To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

☐ Additional documents in the chain of title are listed on a supplemental sheet(s).

☑ As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

/Travis R. Banta/                                              February 11, 2020
Signature                                                     Date

Travis R. Banta                                              60498
Printed or Typed Name                                        Title or Registration Number

[Page 2 of 2]

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 38548721 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 23990 |
| **Filer:** | Travis Robert Banta/Julie Serassio |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | NIDO01-00002 |
| **Receipt Date:** | 11-FEB-2020 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 09:50:38 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| Submitted with Payment | no |
|---|---|

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Power of Attorney | Signed_POA_KHL0007NP.pdf | 204771<br>4eece6a117e867f50df528b77101391e149b482c | no | 1 |

**Warnings:**

**Information:**

| | | | 121946 | | |
|---|---|---|---|---|---|
| 2 | Assignee showing of ownership per 37 CFR 3.73 | Statement_of_Assignee_KHL00 07NP.pdf | d6b5e21e45a54badc1ac292ac634e927550 49a22 | no | 3 |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| | **Total Files Size (in bytes):** | 326717 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | NIDO01-00002 |

**CONFIRMATION NO. 2396**

23990
DOCKET CLERK
P.O. DRAWER 800889
DALLAS, TX 75380

**IMPROPER CPOA LETTER**

*OC000000114521328*

Date Mailed: 02/07/2020

## NOTICE REGARDING POWER OF ATTORNEY

This is in response to the power of attorney filed 02/04/2020. The power of attorney in this application is not accepted for the reason(s) listed below:

• The power of attorney has not been accepted because the party who is giving power has not been identified. Power of attorney may only be signed by the applicant for patent (37 CFR 1.42) or the patent owner. A party who is not the applicant must become the applicant in accordance with 37 CFR 1.46(c) and appoint any power of attorney in compliance with 37 CFR 3.71 and 3.73. For a reissue application, reexamination proceeding, or supplemental examination proceeding, a patent owner who was not the applicant under 37 CFR 1.46 must appoint any power of attorney in compliance with 37 CFR 3.71 and 3.73. See 37 CFR 1.32(b)(4).

The power of attorney filed 02/04/2020 has not been accepted because the power of attorney must be signed by the applicant for patent. See 37 CFR 1.32(b)(4).

• The person or entity attempting the change to power of attorney is not the applicant of record in the application. Any request to change the applicant once the applicant has been specified must include (1) an application data sheet (ADS) specifying the new applicant in the Applicant Information section, and (2) a statement under 37 CFR 3.73(c) (USPTO Form PTO/AIA/96 or an equivalent) to show chain of title to the new applicant. The ADS must contain markings to show the information that is being changed, with underlining for insertions and strike-through or brackets for text removed. See 37 CFR 1.76(c)(2).

Because the request to change or update the applicant cannot be accepted, the power of attorney is not properly signed by the applicant and cannot be accepted. The change to applicant must be acceptable before the new applicant can appoint power of attorney.

128650
TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, UT 84043
UNITED STATES



/dgela/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 16/430,027 | June 3, 2019 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✓] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: [128650]

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agents, and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✓] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number: [               ]

OR

| [ ] Firm or Individual Name | | | | |
|---|---|---|---|---|
| Address | | | | |
| City | | State | | Zip |
| Country | | | | |
| Telephone | | Email | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

## Kammok Holdings, LLC

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✓] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 1/29/20 |
|---|---|---|---|
| Name | GREG MCEVILLY | | |
| Title | CEO | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 38485968 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 23990 |
| **Filer:** | Travis Robert Banta/Lisa Serassio |
| **Filer Authorized By:** | Travis Robert Banta |
| **Attorney Docket Number:** | NIDO01-00002 |
| **Receipt Date:** | 04-FEB-2020 |
| **Filing Date:** | 03-JUN-2019 |
| **Time Stamp:** | 12:52:49 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Assignee showing of ownership per 37 CFR 3.73 | Statement_of_Assignee_KHL0007NP.pdf | 121736<br><br>d269b40c0d992ad3fe556658cfd7603a3867ed5f | no | 3 |

**Warnings:**

**Information:**

| 2 | Power of Attorney | Signed_POA_KHL0007NP.pdf | 204771 | no | 1 |
|---|---|---|---|---|---|
| | | | 4eece6a117e867f50df528b77101391e149b482c | | |

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 326507 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: Daniel Goodwin

Application No./Patent No.: 16/430,027        Filed/Issue Date: June 3, 2019

Titled: ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

Kammok Gear, LLC _____, a limited liability company

(Name of Assignee)                (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [✓]  The assignee of the entire right, title, and interest.

2. [ ]  An assignee of less than the entire right, title, and interest (check applicable box):

    [ ]  The extent (by percentage) of its ownership interest is _____%. Additional Statement(s) by the owners holding the balance of the interest <u>must be submitted</u> to account for 100% of the ownership interest.

    [ ]  There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

    Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

3. [ ]  The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

    Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

4. [ ]  The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. [ ]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy thereof is attached.

B. [✓]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

    1. From: Nido Structures, LLC        To: Kammok Gear, LLC

       The document was recorded in the United States Patent and Trademark Office at
       Reel 051645 , Frame 0106 , or for which a copy thereof is attached.

    2. From: Kammok Gear, LLC        To: Kammok Holdings, LLC

       The document was recorded in the United States Patent and Trademark Office at
       Reel 051687 , Frame 0706 , or for which a copy thereof is attached.

[Page 1 of 2]

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____ , Frame _____ , or for which a copy thereof is attached.

4. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____ , Frame _____ , or for which a copy thereof is attached.

5. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____ , Frame _____ , or for which a copy thereof is attached.

6. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____ , Frame _____ , or for which a copy thereof is attached.

☐ Additional documents in the chain of title are listed on a supplemental sheet(s).

☑ As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

      [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| | |
|---|---|
| /Travis R. Banta/ | February 4, 2020 |
| Signature | Date |
| Travis R. Banta | 60498 |
| Printed or Typed Name | Title or Registration Number |

[Page 2 of 2]

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.



## United States Patent and Trademark Office

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 16/430,027 | 06/03/2019 | Daniel Goodwin | NIDO01-00002 |

**CONFIRMATION NO. 2396**

23990
DOCKET CLERK
P.O. DRAWER 800889
DALLAS, TX 75380

**PUBLICATION NOTICE**

*OC000000113117370*

**Title:** ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

**Publication No.** US-2019-0365085-A1
**Publication Date:** 12/05/2019

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

| PATENT APPLICATION FEE DETERMINATION RECORD | Application or Docket Number |
|---|---|
| Substitute for Form PTO-875 | 16/430,027 |

### APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE($) | FEE($) | | RATE($) | FEE($) |
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 75 | | N/A | |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 330 | | N/A | |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 380 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 15 | minus 20 = * | | x 50 = | 0.00 | OR | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 4 | minus 3 = | 1 | x 230 = | 230 | | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 1015 | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| AMENDMENT A | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| AMENDMENT B | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 16/430,027 | 06/03/2019 | 3611 | 1015 | NIDO01-00002 | 15 | 4 |

**CONFIRMATION NO. 2396**

23990
DOCKET CLERK
P.O. DRAWER 800889
DALLAS, TX 75380

**FILING RECEIPT**



Date Mailed: 06/12/2019

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**
    Daniel Goodwin, Austin, TX;
    James Booth, Austin, TX;
**Applicant(s)**
    Nido Structures, LLC, Austin, TX;

**Power of Attorney:** The patent practitioners associated with Customer Number 23990

**Domestic Priority data as claimed by applicant**
    This appln claims benefit of 62/680,378 06/04/2018

**Foreign Applications** for which priority is claimed  (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)  - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*


**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 06/10/2019

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 16/430,027**

**Projected Publication Date:** 12/05/2019

**Non-Publication Request:** No

**Early Publication Request:** No
**** SMALL ENTITY ****
**Title**

       ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

**Preliminary Class**

       280

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| Application Number | Not yet assigned |
|---|---|
| Filing Date | Herewith |
| First Named Inventor | Daniel Goodwin |
| Title | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| Art Unit | Not yet assigned |
| Examiner Name | Not yet assigned |
| Attorney Docket Number | NIDO01-00002 |

### SIGNATURE of Applicant or Patent Practitioner

| Signature | /Michael G. Rodriguez, #60,236/ | Date (Optional) | |
|---|---|---|---|
| Name | Michael G. Rodriguez | Registration Number | 60,236 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✔] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

23990

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✔] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:

OR

| [ ] Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

Nido Structures, LLC

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✔] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

**SIGNATURE of Applicant for Patent**

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | *Daniel Goodwin* | Date (Optional) | 5-31-2019 |
|---|---|---|---|
| Name | Daniel Goodwin | | |
| Title | Founder, Nido Structures, LLC | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel Goodwin |
| **Filer:** | Michael George Rodriguez/Meridith Fischer |
| **Attorney Docket Number:** | NIDO01-00002 |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY FILING FEE (ELECTRONIC FILING) | 4011 | 1 | 75 | 75 |
| UTILITY SEARCH FEE | 2111 | 1 | 330 | 330 |
| UTILITY EXAMINATION FEE | 2311 | 1 | 380 | 380 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| INDEPENDENT CLAIMS IN EXCESS OF 3 | 2201 | 1 | 230 | 230 |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **1015** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 36184116 |
| **Application Number:** | 16430027 |
| **International Application Number:** | |
| **Confirmation Number:** | 2396 |
| **Title of Invention:** | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
| **First Named Inventor/Applicant Name:** | Daniel  Goodwin |
| **Customer Number:** | 23990 |
| **Filer:** | Michael George Rodriguez/Pamela Newton |
| **Filer Authorized By:** | Michael George Rodriguez |
| **Attorney Docket Number:** | NIDO01-00002 |
| **Receipt Date:** | 03-JUN-2019 |
| **Filing Date:** | |
| **Time Stamp:** | 17:28:05 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1015 |
| RAM confirmation Number | 060419INTEFSW17284100 |
| Deposit Account | 500208 |
| Authorized User | Pamela Newton |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
|     37 CFR 1.16 (National application filing, search, and examination fees) | |
|     37 CFR 1.17 (Patent application and reexamination processing fees) | |

37 CFR 1.19 (Document supply fees)

37 CFR 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | NIDO01-00002_Specification.pdf | 167773<br><br>8904e374742b02be3dd9c086a8c5525a340 6e299 | yes | 31 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | Start | | End |
| | Abstract | | 31 | | 31 |
| | Claims | | 25 | | 30 |
| | Specification | | 1 | | 24 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Drawings-only black and white line drawings | NIDO01-00002_Drawings.pdf | 846161<br><br>720f0901f7cbf9f50aa5b1c97cd20d51ff911 2c1 | no | 10 |

**Warnings:**

**Information:**

| 3 | Application Data Sheet | NIDO01-00002_ApplicationDataSheet.pdf | 1255933<br><br>048ee0d8194b00502391779b5d20f8f1bbd7 cf5c4 | no | 8 |

**Warnings:**

**Information:**

| 4 | Oath or Declaration filed | NIDO01-00002_CombinedDecAndAssignment.pdf | 538830<br><br>654f35a4fe396bfe06778eee80f3768063f5d bfc | no | 2 |

**Warnings:**

**Information:**

| 5 | Power of Attorney | NIDO01-00002_PowerOfAttorney.pdf | 421741<br><br>a6f458754500d582669fc3c823687eacba72 52c8 | no | 3 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 6 | Fee Worksheet (SB06) | fee-info.pdf | 36761<br><br>93d0b44d853c465f6f1f1a9b7b641ada29bf23c3 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |

| | Total Files Size (in bytes): | 3267199 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**DOCKET NO. NIDO01-00002**                                              **PATENT**

## ABSTRACT

An adjustable-footprint suspension seat frame includes three or more feet, a first cantilever arm with a first anchor for a suspension seat, a second cantilever arm with a second anchor for the suspension seat and a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm.

**DOCKET NO. NIDO01-00002**                                                      **PATENT**

**WHAT IS CLAIMED IS**:

    1.     An adjustable-footprint suspension seat frame comprising:

        three or more feet;

        a first cantilever arm comprising a first anchor for a suspension seat;

        a second cantilever arm comprising a second anchor for the suspension seat; and

        a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm.

    2.     The adjustable-footprint suspension seat frame of claim 1, further comprising:

        a first coupling on the first cantilever arm detachably attaching the first cantilever arm to the first footprint adjustment bar; and

        a second coupling on the second cantilever arm detachably attaching the second cantilever arm to the first footprint adjustment bar; and

        wherein the first footprint adjustment bar has a first length and comprises one of a plurality of footprint adjustment bars, each bar of the of the plurality of footprint adjustment bars having a length and configured to detachably attach to the first cantilever arm at a first end and detachably attach to the second cantilever arm at a second end.

    3.     The adjustable-footprint suspension seat frame of claim 2, wherein the first coupling comprises a compressible bushing.

    4.     The adjustable-footprint suspension seat frame of claim 2, wherein the first footprint adjustment bar comprises a compressible bushing, the compressible bushing having a

cross section of substantially similar size and shape to a cross section of the first coupling.

5.    The adjustable-footprint suspension seat frame of claim 1, wherein:

the first footprint adjustment bar comprises a first section and a second section; and

wherein the first section is substantially concentric to the second section and configured to move telescopically within the second section, and

wherein the first section is configured to operably engage with the second section to define two or more working lengths of the first footprint adjustment bar.

6.    The adjustable-footprint suspension seat frame of claim 5, wherein:

the second section comprises at least one locking pin hole; and

the first section comprises at least one locking pin configured to pass through the at least one locking pin hole and substantially maintain a working length of the first footprint adjustment bar.

7.    The adjustable-footprint suspension seat frame of claim 5, wherein:

the second section comprises a ring clamp to hold an interior surface of the second section against an exterior surface of the first section.

8.    The adjustable-footprint suspension seat frame of claim 1, wherein the first footprint adjustment bar comprises:

a first threaded member having a centerline substantially parallel to a longitudinal axis of the first footprint adjustment bar, the first threaded member coupled to the first cantilever arm;

**DOCKET NO. NIDO01-00002**                                      **PATENT**

and

a second threaded member having a centerline substantially parallel to the longitudinal axis of the first footprint adjustment bar, the second threaded member coupled to the second cantilever arm and the first threaded member,

wherein a distance between the first cantilever arm and the second cantilever arm along the longitudinal axis of the first adjustment bar changes in response to a rotation of at least one of the first threaded member or second threaded member.

9.    The adjustable-footprint suspension seat frame of claim 8, further comprising an externally threaded rod connecting the first threaded member to the second threaded member.

10.    The adjustable-footprint suspension seat frame of claim 8, further comprising an internally threaded tube connecting the first threaded member to the second threaded member.

11.    The adjustable-footprint suspension seat frame of claim 1, wherein:

the first cantilever arm comprises a folding joint for adjusting an angle of the first cantilever arm relative to the first footprint adjustment bar.

**DOCKET NO. NIDO01-00002**                                                    **PATENT**

12.     An adjustable side clip for a suspension seat, the adjustable side clip comprising:

a hollow collar, the hollow collar having an internal cross section corresponding to an exterior cross section of a cantilever arm of a suspension seat frame;

a suspension seat mount on an exterior portion of the hollow collar; and

a lock, the lock configured to maintain engagement of the adjustable side clip at a substantially fixed location relative to the cantilever arm of the suspension seat frame.


13.     The adjustable side clip of claim 12, wherein the lock comprises at least one of a threaded member, one half of a pin-hole pair, a ring clamp, one half of a ratchet-pawl pair, or a set screw.

**DOCKET NO. NIDO01-00002**                                              **PATENT**

14.    A suspension seat frame footprint adjustment bar comprising:

a length defining member;

at a first end of the length defining member, a first connection region comprising a first region of the length defining member having a surface of substantially similar cross section to a counterpart connection region of a first cantilever arm;

at a second end of the length defining member, a second connection region comprising a second region of the length defining member having a surface of substantially similar cross section to a counterpart connection region of a second cantilever arm;

a first lock to maintain engagement between the length defining member and the first cantilever arm; and

a second lock to maintain engagement between the length defining member and the second cantilever arm.

15.    A suspension seat frame footprint adjustment bar comprising:

a first length defining member, the first length defining member having a first end with a first lock and a second end with a second lock;

a second length defining member, the second length defining member having a first end and a second end, with a third lock disposed at the second end of the second length defining member; and

a locking hinge connecting the second end of the first length defining member with the first end of the second length defining member.

**DOCKET NO. NIDO01-00002**                                       **PATENT**

**ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM**

**Inventors:**

Daniel Goodwin
Austin, Texas
Citizen of the United States

James Booth
Austin, Texas
Citizen of the United States

**Assignee:**

Nido Structures, LLC
411 Tillery Street
Austin, TX 78702

**Attorneys:**

Munck Wilson Mandala, LLP
P.O. Drawer 800889
Dallas, Texas 75380
(972)628-3600

DOCKET NO. NIDO01-00002                                                    PATENT

## ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM

### CROSS REFERENCE TO RELATED APPLICATION AND CLAIM OF PRIORITY

[0001]     This application claims priority under 35 U.S.C. §119(e) to U.S. Provisional

Patent Application No. 62/680,378 filed on June 4, 2018. The above-identified provisional patent

application is hereby incorporated by reference in its entirety.

### TECHNICAL FIELD

[0002]     This disclosure relates generally to suspension seats, including, without limitation,

hammocks and hammock chairs. More specifically, this disclosure relates to an adjustable-

footprint suspension seat frame system.

### BACKGROUND

[0003]     Suspension seats, such as hammocks, hammock chairs and other seats which

provide support for lying or sitting down while allowing for swinging motion along one or more

degrees of freedom, come in a wide variety of sizes and shapes. Likewise, there is a similar

heterogeneity in the sizes and shapes of users of suspension seats as well as contexts where use

of a suspension seat is desired. Space permitting, suspension seats can provide a viable and

comfortable seating option indoors and outdoors. The broad range of users and use contexts for

suspension seats presents significant opportunities for improvement in the design of suspension

seat frames, both in terms of accommodating heterogeneous users and in terms of adjusting the

frames' footprints within a physical space.

**DOCKET NO. NIDO01-00002**                                                    **PATENT**

## SUMMARY

[0004]     This disclosure provides an adjustable footprint suspension seat system.

[0005]     In a first embodiment, an adjustable-footprint suspension seat frame includes three or more feet, a first cantilever arm with a first anchor for a suspension seat, a second cantilever arm with a second anchor for the suspension seat and a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm.

[0006]     In a second embodiment, an adjustable side clip for a suspension seat includes a hollow collar, the hollow collar having an internal cross section corresponding to an exterior cross section of a cantilever arm of a suspension seat, a suspension seat mount on an exterior portion of the hollow collar and a lock, the lock configured to maintain engagement of the adjustable side clip at a substantially fixed location relative to the cantilever arm of the suspension seat.

[0007]     In a third embodiment, a footprint adjustment bar includes a length defining member, at a first end of the length defining member, a first connection region of the length defining member having a surface of substantially similar cross section to a counterpart connection region of a first cantilever arm, at a second end of the length defining member, a second connection region of the length defining member having a surface of substantially similar cross section to a counterpart connection region of a second cantilever arm, a first lock to maintain engagement between the length defining member and the first cantilever arm, and a second lock to maintain engagement between the length defining member and the second cantilever arm.

[0008]     In a fourth embodiment, a footprint adjustment bar includes a first length defining member, the first length defining member having a first end with a first lock and a second end

2

with a second lock, a second length defining member, the second length defining member having

a first end and a second end, with a third lock disposed at the second end of the second length

defining member, and a locking hinge connecting the second end of the first length defining

member with the first end of the second length defining member.

[0009]    Other technical features may be readily apparent to one skilled in the art from the

following figures, descriptions, and claims.

[0010]    Before undertaking the DETAILED DESCRIPTION below, it may be

advantageous to set forth definitions of certain words and phrases used throughout this patent

document. The term "couple" and its derivatives refer to any direct or indirect communication

between two or more elements, whether or not those elements are in physical contact with one

another. The terms "include" and "comprise," as well as derivatives thereof, mean inclusion

without limitation. The term "or" is inclusive, meaning and/or. The phrase "associated with," as

well as derivatives thereof, means to include, be included within, interconnect with, contain, be

contained within, connect to or with, couple to or with, be communicable with, cooperate with,

interleave, juxtapose, be proximate to, be bound to or with, have, have a property of, have a

relationship to or with, or the like. The phrase "at least one of," when used with a list of items,

means that different combinations of one or more of the listed items may be used, and only one

item in the list may be needed. For example, "at least one of: A, B, and C" includes any of the

following combinations: A, B, C, A and B, A and C, B and C, and A and B and C.

[0011]    Definitions for other certain words and phrases are provided throughout this

patent document. Those of ordinary skill in the art should understand that in many if not most

instances, such definitions apply to prior as well as future uses of such defined words and

phrases.

**DOCKET NO. NIDO01-00002**                                                                    **PATENT**

## BRIEF DESCRIPTION OF THE DRAWINGS

[0012]    For a more complete understanding of this disclosure and its advantages, reference is now made to the following description, taken in conjunction with the accompanying drawings, in which:

[0013]    FIGURE 1 illustrates an example of an adjustable-footprint suspension seat frame according to certain embodiments of this disclosure;

[0014]    FIGURE 2 illustrates an isometric view of an example of an adjustable-footprint suspension seat frame according to various embodiments of this disclosure;

[0015]    FIGURE 3 illustrates an exploded view of an example of an adjustable-footprint suspension seat frame according to various embodiments of this disclosure;

[0016]    FIGURE 4 illustrates an example of an adjustable-footprint suspension seat frame according to some embodiments of this disclosure;

[0017]    FIGURE 5 illustrates an example of a footprint adjustment bar according to certain embodiments of this disclosure;

[0018]    FIGURE 6 illustrates an example of a side clip according to various embodiments of this disclosure;

[0019]    FIGURE 7 illustrates an example of a side clip according to some embodiments of this disclosure;

[0020]    FIGURE 8 illustrates an example of a side clip according to certain embodiments of this disclosure;

[0021]    FIGURE 9 illustrates an example of a suspension seat with an integrated blanket according to some embodiments of this disclosure; and

[0022]    FIGURE 10 illustrates an example of a suspension seat with an integrated blanket

**DOCKET NO. NIDO01-00002**                                    **PATENT**

according to at least one embodiment of this disclosure.

## DETAILED DESCRIPTION

[0023]    FIGURES 1 through 10, discussed below, and the various embodiments used to describe the principles of this disclosure in this patent document are by way of illustration only and should not be construed in any way to limit the scope of the disclosure.

[0024]    FIGURE 1 illustrates an example of an adjustable-footprint suspension seat frame 100 according to certain embodiments of this disclosure. As noted elsewhere in this disclosure, suspension seats for use with suspension seat frames come in a wide variety of shapes and sizes. Similar variety obtains amongst users of suspension seats and use contexts for suspension seats. Certain embodiments according to this disclosure help meet the varied needs of suspension seat users through structures which add the length of the frame's footprint (as used herein, the term "footprint" encompasses one or more dimensions between the frame's contact points on the ground) as a degree of adjustment for the frame, as well as structures for providing easy, granular adjustment of other structural parameters of the suspension seat frame.

[0025]    Embodiments according to this disclosure provide an effective solution to certain suspension seat fit problems, including, without limitation, fitting a suspension seat (for example, a hammock or hammock chair) frame in a confined space, such as a dormitory room, or configuring a long hammock to support a lightweight user at a safe or comfortable height above the ground.

[0026]    Referring to the non-limiting example of FIGURE 1, adjustable-footprint suspension seat frame 100 comprises first and second cantilever arms 105a-b, first and second pairs of feet 110a-b, first and second footprint adjustment bars 115a-b, first and second adjustable side clips 120a-b, and first and second cradles 125a-b. In this particular example, adjustable-footprint suspension seat frame 100 provides a free-standing platform to which the

DOCKET NO. NIDO01-00002                                                      PATENT

ends of a hammock or other suspension seat may be anchored to first and second adjustable side clips 120a-b, and the seat's tensile members (for example, a set of rope lines) passing over first and second cradles 125a-b to define a seating area substantially centered between first pair of feet 110a and second pair of feet 110b.

[0027]    According to certain embodiments, first and second cantilever arms 105a-b comprise sections of a substantially rigid material, including, without limitation, metal tubing (for example, aluminum or steel), carbon fiber, fiberglass, wood or bamboo comprising a connection region 130, a transition region 135 and an extension region 140.

[0028]    As shown in the non-limiting example of FIGURE 1, second cantilever arm 105b is constructed from a hollow section of metal tubing having a discorectangular, or obround, cross section. According to embodiments, second cantilever arm 105b connects to a footprint adjustment bar (for example, first footprint adjustment bar 115a) in a connection region 130 disposed at one end of second cantilever arm 105b. To create a strong joint and help second cantilever arm 105b resist bowing inwards towards first cantilever arm 105a in response to loads generated by a user seated in a suspension seat connected to adjustable side clips 120a-b, the centerline of connection region 130 is substantially coaxial with the centerline of the footprint adjustment bar, thereby enabling overlap of material between the footprint adjustment bar and the cantilever arm in connection region 130.

[0029]    According to embodiments, second cantilever arm 105b further comprises a transition region 135, wherein the centerline of the cantilever arm goes from being substantially parallel with first footprint adjustment bar 115a to being disposed at an angle (for example, 45 degrees) relative to the centerline of the cantilever arm. In the non-limiting example of FIGURE 1, transition region 135 comprises a region of pipe with a short radius (approximately 1 foot)

7

bend. In some embodiments, transition region 135 may be formed by mandrel bending the material comprising the cantilever arm. In some embodiments, to further resist flexion of suspension seat frame 100, one or more reinforcing gussets (for example, reinforcing gusset 150b) may be provided in transition region 135. According to other embodiments, transition region 135 may be an abrupt (*e.g.*, a zero radius turn) change in direction, such as may be formed by a welded scarf joint. According to still further embodiments, transition region 135 may have a very large (for example, 4-5 foot) radius, making transition region 135 coextensive with extension region 140.

[0030]    According to certain embodiments, extension region 140 comprises a portion of second cantilever arm 105b which extends upwards and away from connection region 130 to provide one or more points to which a side clip (for example, adjustable side clip 120b) can be attached to provide support for a suspension seat. In the non-limiting example of FIGURE 1, extension region 140 is shown as being substantially straight, with a single centerline. As noted elsewhere in this disclosure, other embodiments, wherein extension region 140 has a single or compound curve, are possible and within the contemplated scope of this disclosure. According to some embodiments, second cantilever arm 105 may comprise one or more telescoping pieces of material, thereby enabling adjustment of the length of extension region 140.

[0031]    In the non-limiting example of FIGURE 1, extension region 140 is shown as including cradle 125b and pin holes 145a-c. According to other embodiments, for example, embodiments configured to support short suspension seats which can be anchored on the inside of suspension seat frame 100, cradles 125a-b may be omitted. Numerous variations are possible and within the intended scope of this disclosure.

[0032]    In some embodiments, first and second pairs of feet 110a-110b comprise sections

of substantially rigid material (for example, materials suitable for first and second cantilever arms 105a-b) extending outward from anchor points to provide points of ground contact for suspension seat frame 100. In the non-limiting example of FIGURE 1, suspension seat frame 100 comprises four legs. Other embodiments, comprising three, five or more legs are possible and within the intended scope of this disclosure. Additionally, in the example of FIGURE 1, first and second pairs of feet 110a-110b are shown as being attached to reinforcing gussets 150a-b. According to other embodiments, first and second pairs of feet 110a-110b may connect to suspension seat frame 100 at different points, including, without limitation on a footprint adjustment bar (for example, first footprint adjustment bar 115a).

[0033]    According to various embodiments, first footprint adjustment bar 115a comprises one or more sections of substantially rigid material (for example, materials suitable for first and second cantilever arms) which are attached to first and second cantilever arms 105a-b, and maintain the separation between first and second cantilever arms 105a-b under loads generated by the user of an attached suspension seat. In the non-limiting example of FIGURE 1, first footprint adjustment bar 115a detachably attaches to first and second cantilever arms 105a-b at points near the connection regions of first and second cantilever arms 105a-b. In some embodiments, first footprint adjustment bar 115a attaches at one end to first cantilever arm 105a via first coupling 117a, and attaches at the other end to second cantilever arm 105b via second coupling 117b. As shown in the non-limiting example of FIGURE 1, first footprint adjustment bar 115a has a first length, which in conjunction with first and second pairs of feet 110a-b, define a first footprint.

[0034]    According to certain embodiments, at least one of couplings 117a-b comprises a pin-hole pair, wherein one half of the pin-hole pair is on first footprint adjustment bar 115a, and

the other half is on a cantilever arm. According to certain other embodiments, at least one of couplings 117a-b comprises a ring clamp disposed on the exterior of a region of overlap (for example, connection region 130) between the first footprint adjustment bar and a cantilever arm. According to still other embodiments, at least one of couplings 117a-b comprises a set screw in a region of overlap between the first footprint adjustment bar and a cantilever arm.

[0035]    As shown in the non-limiting example of FIGURE 1, second footprint adjustment bar 115b comprises a section of the same material as first footprint adjustment bar 115a, only having a different overall length. In this particular example, second footprint adjustment bar 115b is shown as having a length that is shorter than that of first footprint adjustment bar 115a, resulting in a reduction in the size of the footprint of suspension seat frame 100. As discussed elsewhere in this disclosure, by enabling adjustment of the footprint of the suspension seat frame 100, suspension seat frame 100 can be configured to support an expanded range of suspension seat designs and user profiles (for example, enabling very tall or very light people to use the same suspension seat design).

[0036]    According to various embodiments, first footprint adjustment bar 115a and second footprint adjustment bar 115b may comprise part of a set of footprint adjustment bars for use with a particular pair of cantilever arms. Alternatively, first footprint adjustment bar 115a may be cut to a length determined to meet the needs of a specific user application (for example, use indoors). According to certain embodiments, each of first and second footprint adjustment bars 115a-b comprises the same coupling hardware. Thus, in some embodiments, couplings 117a-b comprise pin-hole pairs, and first footprint adjustment bar 115a comprises the hole side of the pin-hole pairs, second footprint adjustment bar 115b likewise comprises the hole side of the pin-hole pairs. In this way, couplings 117a-b operate identically with first and second

footprint adjustment bars 115a-b.

[0037]    According to various embodiments, first and second adjustable side clips 120a-b

comprise first and second anchors for a suspension seat. In the non-limiting example of FIGURE

1, each of adjustable side clips 120a-b comprises a hollow collar having an interior cross section

of substantially similar size and shape as the exterior cross section of first and second cantilever

arms 105a-b. According to certain embodiments, each of adjustable side clips comprises a lock

capable for maintaining engagement of the adjustable side clip at a substantially fixed location

relative to the cantilever arm. According to certain embodiments, the lock comprises the pin half

of a pin-hole pair, with the hole half disposed on the cantilever arm (for example, pin holes 145a-

c). According to certain other embodiments, the lock comprises a ring clamp, a set screw or one

half of a ratchet-pawl pair, with the other half disposed on the cantilever arm.

[0038]    In at least one embodiment, first and second cradles 125a-b comprise guides

disposed at the distal ends of first and second cantilever arms 105a-b to support and spread the

tensile members of a suspension seat (for example, the ropes of a hammock which converge at

the points of attachment to adjustable side clips 120a-b, enhancing the comfort and ease of entry

to the hammock. Cradles 125a-b may be made of any suitable material(s) with the strength to

support the load created by the occupant of a suspension seat, and presenting low surface friction

(to avoid unnecessary friction and wear on the hammock). Suitable materials for cradles 125a-b

include, without limitation, DELRIN®, varnished wood and chrome-plated steel.

[0039]    Although FIGURE 1 illustrates one example of an adjustable-footprint suspension

seat frame, various changes may be made to FIGURE 1. For example, adjustable-footprint

suspension seat frame 100 may have more or fewer legs than shown in FIGURE 1. Additionally,

transition region 135 of second cantilever arm 105b may, in certain embodiments, comprise a

hinge for adjusting the rise angle of second cantilever arm 105b and facilitating breakdown and storage of suspension seat frame 100. Further, in some embodiments, first footprint adjustment bar may be of adjustable length.

[0040]    FIGURE 2 illustrates an isometric view of an example of an adjustable-footprint suspension seat frame 200 according to certain embodiments of this disclosure.

[0041]    Referring to the non-limiting example of FIGURE 2, adjustable-footprint suspension seat frame 200 comprises legs 205a-205d. According to embodiments, each of legs 205a-205d may be detachably attached to the rest of suspension seat frame 200 to facilitate breakdown or storage of the apparatus. Additionally, each of legs 205a-d comprises a foot 210. Foot 210 provides a point of contact, or interface, between suspension seat frame 200. According to certain embodiments, foot 210 may be removable and part of an interchangeable set of feet designed for different applications. According to some applications, foot 210 may have a large surface area (for use on soft surfaces, such as at an outdoor concert). According to other embodiments, foot 210 may have one or more felt-covered surfaces, to prevent damage to floors. Alternatively, foot 210 may be made of a low friction material (for example, a plastic suitable for use as a furniture "slider") to facilitate moving the suspension seat frame 200 within a room. Depending on embodiments, foot 210 may be cast, injection molded, carved (such as from wood) or 3-D printed.

[0042]    FIGURE 3 illustrates an exploded view of an example of an adjustable-footprint suspension seat frame 300 according to various embodiments of this disclosure.

[0043]    Referring to the non-limiting example of FIGURE 3, adjustable-footprint suspension seat frame 300 includes a compression bushing 305 as part of the coupling between a first cantilever arm and a footprint adjustment bar. According to certain embodiments,

compression bushing 305 acts as an interface between the metallic surfaces of the cantilever arm and the footprint adjustment bar, preventing loss of material from either component and preventing a metallic first cantilever arm from galling or otherwise becoming stuck to a metallic footprint adjustment bar. Additionally, compression bushing 305 may be made of a suitably compressible material, such as polyurethane, to ensure a tight fit between the footprint adjustment bar and first cantilever arm, eliminating "slop" between the components and contributing to the overall sturdiness of adjustable suspension seat frame 300.

[0044]    In some embodiments, compressible bushing 305 may be part of a first cantilever arm. According to other embodiments, compressible bushing 305 may be part of a footprint adjustment bar. According to still other embodiments, compressible bushing 305 may be part of a separate device for coupling a footprint adjustment bar to a first cantilever arm.

[0045]    According to certain other embodiments, adjustable footprint suspension seat frame 300 comprises one or more compressible bushings 310 at the point of union between the leg and the rest of adjustable footprint suspension seat frame 300.

[0046]    FIGURE 4 illustrates an example 400 of an adjustable-footprint suspension seat frame 400 according to various embodiments of this disclosure.

[0047]    Referring to the non-limiting example of FIGURE 4, adjustable-footprint suspension seat frame 400 comprises a first footprint adjustment bar 405, first and second cantilever arms 410a-b, first and second leg pairs 415a-b and transition hinges 420a-b.

[0048]    According to certain embodiments, first footprint adjustment bar 405 connects to cantilever arms 410a-b through transition hinges 420a-b. In this particular example, the footprint (as used in this disclosure, the term "footprint" is understood to encompass the dimensions between the points of contact between suspension seat frame 400 and a supporting surface, such

as a floor or the ground) of the suspension seat frame 400 is defined by, *inter alia*, the current length of first footprint adjustment bar 405.

[0049]    In this illustrative example, first footprint adjustment bar 405 comprises one or more structures which enable adjustment of the length of first footprint adjustment bar 405, such that adjustable-footprint suspension seat frame 400 may be operated at two or more footprint sizes with first footprint adjustment bar 405. As an example, first footprint adjustment bar 405 comprises two or more concentric members which can telescope relative to one another. According to such embodiments, first footprint adjustment bar 405 may comprise a first section and a second section, wherein the first section is substantially concentric to the second section and configured to move telescopically within the second section and configured to move telescopically (e.g., back and forth relative to each other) within the second section. Further, the first section is configured to operably engage with (to prevent movement of the first and second sections during use) to define two or more working lengths of the first footprint adjustment bar.

[0050]    Operable engagement between the first and second sections of first footprint adjustment bar 405 is, in some embodiments, achieved by providing the second section with one or more holes for a pin-hole pair, and by providing the first section with at least one locking pin configured to pass through the locking pin hole to inhibit telescopic movement and substantially maintain the working length of first footprint adjustment bar 405. In other embodiments, operable engagement between the first and second sections of first footprint adjustment bar 405 is achieved by providing the second section with a ring clamp (for example, a "quick release" style ring clamp, such as used to provide easy adjustment of bicycle seat posts) to hold an interior surface of the second section against an exterior surface of the first section.

[0051]    In some embodiments, adjustments in the length of first footprint adjustment bar

PATENT

405 can be achieved by providing a first threaded member having a centerline substantially parallel to a longitudinal (e.g., lengthwise) axis of first footprint adjustment bar 405. In one example, the first threaded member has, at one end, a coupling portion suitable for attachment to a cantilever arm, or a length of material which connects to a cantilever arm. In this example, the first threaded member has, at the opposite end, a threaded portion (for example, a threaded rod, a nut, or a region where the material of the first threaded member has been bent or formed to provide threads). In this non-limiting example, first footprint adjustment bar 405 further comprises a second threaded member having a substantially parallel to a longitudinal (e.g., lengthwise) axis of first footprint adjustment bar 405. The second threaded member has, at one end, a coupling portion suitable for attachment to a cantilever arm, or a length of material which connects to a cantilever arm. In this example, the second threaded member has, at the opposite end, a threaded portion (for example, a threaded rod, a nut, or a region where the material of the first threaded member has been bent or formed to provide threads). According to some embodiments, the threaded portion of the first section engages directly with the threaded portion of the second section. According to other embodiments, the threaded portion of the first section is connected indirectly (for example, by a rod having a region with threads in one direction and another region with threads in another direction) by a third threaded member.

[0052]    According to certain other embodiments, the length of first footprint adjustment bar 405 may be adjusted by other suitable length control mechanisms, including, without limitation, a first member having one half of a ratchet-pawl pair, and a second member having the other half of the ratchet-pawl pair.

[0053]    In various embodiments according to this disclosure, first and second cantilever arms 410a-b comprise lengths of material (for example, circular, rectangular, polygonal or

obround section metal tubing) of sufficient strength to provide cantilevered support to resist loads generated by the use of a suspension seat. In this non-limiting example, first and second cantilever arms 410a-b do not include holes for pin-hole pairs. In this particular example, first and second cantilever arms 410a-b are designed to pair with adjustable side clips which operably engage with first and second cantilever arms through friction (for example, friction provided by a set screw or a ring clamp).

[0054]     According to various embodiments of this disclosure, first and second cantilever arms 410a-b connect to transition hinges 420a-b, and are maintained at an operable angle by transition hinges 420a-b.

[0055]     In some embodiments, first and second leg pairs 415a-b comprise removable legs attached to transition hinges 420a-b. According to other embodiments, adjustable-footprint suspension seat frame 400 has only three legs, instead of the four legs shown in the non-limiting example of FIGURE 4. Alternatively, in other embodiments, one or more legs of first and second leg pairs 415a-b attaches to adjustable-footprint suspension seat frame 400 at points outside of transition hinges 420a-b. In some embodiments, first and second leg pairs 415a-b attach to first footprint adjustment bar 405. In other embodiments, first and second leg pairs 415a-b attach to first and second cantilever arms 410a-b.

[0056]     As shown in the non-limiting example of FIGURE 4, adjustable-footprint suspension seat frame 400 comprises first and second transition hinges 420a-b. According to certain embodiments, first and second transition hinges 420a-b connect connection regions to pivoting cantilever arms (for example cantilever arms 410a-b). In some embodiments, first and second transition hinges 420a-b comprise a pivot point and locks (for example, holes for pin-hole pairs) to hold a cantilever arm in position at a variety of operating angles.

**DOCKET NO. NIDO01-00002**                                    **PATENT**

[0057]    FIGURE 5 illustrates an example of a footprint adjustment bar 500 according to certain embodiments of this disclosure. According to certain embodiments, footprint adjustment bar 500 comprises one footprint adjustment bar of a set of footprint adjustment bars configured to interface with a set of common cantilever arms. According to other embodiments, footprint adjustment bar 500 is a retrofit component designed to interface with hardware of an existing suspension seat frame in order to provide a different sized footprint.

[0058]    According to certain embodiments, footprint adjustment bar 500 comprises a length-defining member 505. In the non-limiting example of FIGURE 5, length-defining member 505 comprises a single length of material (in this case, a section of metal tubing with an obround cross section) that defines the change in the footprint of an adjustable footprint suspension seat frame. For example, if the length of length-defining member 505 is increased by a foot, the length of the footprint of the adjustable footprint suspension seat frame in which it resides is similarly increased by a foot.

[0059]    In some embodiments, length-defining member 505 comprises a single section of material. In other embodiments, length-defining member 505 comprises two or more lengths of material with centerlines substantially parallel to a common longitudinal axis, which can move relative to one another to change the overall length of length-defining member 505. According to certain embodiments, the two sections of material may be concentric and move telescopically relative to one another. According to other embodiments, the two sections may be parallel to one another, and connected by one or more crossbars which attach to one section, and allow the other section to pass through.

[0060]    In the non-limiting example of FIGURE 5, footprint adjustment bar 500 includes a lock 510 coupling footprint adjustment bar 500 to other components of an adjustable-footprint

suspension seat frame. According to certain embodiments, lock 510 comprises one half of a pin-hole pair. Other embodiments are within the contemplated scope of this disclosure, such as embodiments, wherein lock 510 comprises a ring clamp or a set screw).

[0061]    In some embodiments, footprint adjustment bar 500 further comprises a compressible bushing 515. According to certain embodiments, compressible bushing 515 covers one or more surfaces of footprint adjustment bar 500 in a region where footprint adjustment bar 500 mates with another component of a suspension frame (for example, cantilever arms or a transition hinge). In certain embodiments, compressible bushing 515 is formed of a hard plastic which helps eliminate "slop" between suspension seat frame components under load, and eliminates galling or other sources of friction and sticking between metal components.

[0062]    Footprint adjustment bar 500 provides one example of a footprint adjustment bar according to this disclosure. Other embodiments are possible and within the intended scope of this disclosure. For example, according to certain embodiments, a footprint adjustment bar may be constructed from two lengths of material connected by a locking hinge. Further, the first length of material has locks at both ends, and the second length of material has, at a minimum, a lock at an end disposed away from the locking hinge. Accordingly, a footprint adjustment bar according to such embodiments supports at least two footprints. A first footprint may be defined when the locking hinge is fully opened, and the two lengths of material abut one another at their ends. A second footprint may be defined when the locking hinge is fully closed, and the cantilever arms of a suspension seat frame are connected to the locks at the ends of the first length of material.

[0063]    FIGURE 6 illustrates an adjustable side clip 600 for a suspension seat according to various embodiments of this disclosure.

DOCKET NO. NIDO01-00002                                          PATENT

[0064]      Referring to the non-limiting example of FIGURE 6, adjustable side clip 600

operates as an attachment for one end of a suspension seat at one or more positions 609a and

609b along a cantilever arm 607 of a suspension seat frame.

[0065]      According to certain embodiments, adjustable side clip 600 comprises a hollow

collar 605. Hollow collar 605 may be constructed of any material with sufficient strength to

support both the tensile load from the suspension seat provided through suspension seat mount

610, as well as the sheer load provided through lock 615. Suitable materials for hollow collar 605

include, without limitation, steel, aluminum, titanium, polyphthalamide, or high density

polyethylene (HDPE). According to various embodiments, hollow collar 615 has an interior

cross section of similar shape and profile to that of cantilever arm 607, thereby allowing

adjustable side clip 600 to slide between mounting positions and also maintain a tight, slop-free

fit during use. In some embodiments, the interior surface of hollow collar 605 may comprise one

or more internal rings, or areas of reduced cross section, to help ensure a slop-free fit between

adjustable side clip 600 and cantilever arm 607.

[0066]      In some embodiments, adjustable side clip 600 comprises a suspension seat mount

610 on an exterior portion of hollow collar 605. According to certain embodiments, suspension

seat mount 610 may be integral to hollow collar 605, with both components being cast, molded

or otherwise formed as one unit. According to certain embodiments, suspension seat mount 610

comprises a ring, hook, or horizontal bar having a cross section that is slender enough to allow

engagement with a corresponding hook, ring, carabiner or other mounting hardware on the

suspension seat, but also strong enough to withstand the tensile force generated by the

suspension seat under load. According to some embodiments, such as when mounted on a

suspension seat frame which includes a cradle (for example, cradle 125a in FIGURE 1),

suspension seat mount 610 is disposed on the outside (relative to the occupant of the suspension

seat) of the suspension seat frame. According to other embodiments, such as when mounted on a

suspension seat frame which does not use a cradle, suspension seat mount 610 is disposed on the

inside of the suspension seat frame. In some cases, hollow collar 605 has an internal cross

section that is symmetric about multiple axes, thereby permitting adjustable side clip 600 to

operate with suspension seat mount 610 facing inwards or outwards.

[0067]    As shown in the non-limiting example of FIGURE 6, adjustable side clip 600

comprises a lock 615. In the non-limiting example of FIGURE 6, lock 615 comprises one half of

a pin-hole pair, wherein the pin is included as part of adjustable side clip 600, and mates with

holes (for example, the hole at position 609a) provided on cantilever arm 607. According to

other embodiments, lock 615 is, without limitation, a ring clamp, a set, or grub screw, or one half

of a ratchet-pawl pair.

[0068]    FIGURE 7 provides multiple views of an example of an adjustable side clip 700

according to various embodiments of this disclosure.

[0069]    FIGURE 8 provides multiple views of an adjustable side clip 800 according to

various embodiments of this disclosure. As shown in the non-limiting example of FIGURE 8,

hollow collar 815 has an open cross section, the terminal portions of which engage with a

tensioning screw to form lock 815. Further, in the non-limiting example of FIGURE 8,

suspension seat mount 810 comprises a horizontal cylindrical section between two vertical

flanges.

[0070]    FIGURE 9 illustrates a suspension seat 900 with integrated blanket according to

certain embodiments of this disclosure.

[0071]    By their nature, suspension seats expand and contract during in response to a

**PATENT**

user's movements. Further, by their nature, suspension seats tend to have a narrow top width. As such, conventional blankets are generally unsuitable for use with suspension seats, in particular, hammocks. A conventional width blanket, such as a picnic blanket or bed blanket will likely be unduly wide, and drag on the ground at the edges, getting dirty and potentially providing passage for bugs, sticks and other unwanted material into the suspension seat. Conversely, a blanket sized to fit the width of a suspension seat will likely leave the user partially exposed, due to the inherent motion of the seat.

[0072]    Certain embodiments of a suspension seat 900 according to this disclosure address these problems by providing a suspension seat, for example, a hammock, with an integrated blanket. As shown in the non-limiting example of FIGURE 9, suspension seat 900 comprises a support portion 905 and an integrated blanket 910. In some embodiments, support portion 905 comprises a large (for example 7'x4') section of a flexible material having good tensile strength, such as canvas, cotton duck, rope mesh that converges at the ends for attachment to a suspension seat frame, a tree, or other supporting member. According to various embodiments, support portion 905 is formed by gathering the end portions of a substantially rectangular piece of material.

[0073]    As shown in the non-limiting example of FIGURE 9, integrated blanket 910 comprises a length of an insulating material, which in certain embodiments, has some elasticity. Suitable materials for integrated blanket 910 include, without limitation, fleece, wool, and quilting, such as a layer of down or polyfil retained between two sheets. According to certain embodiments, integrated blanket 910 is attached to support portion 905 along the edges of the seat. Suitable methods of attachment include, without limitation, zippers, Velcro, snaps and stitching.

DOCKET NO. NIDO01-00002                                          PATENT

[0074]    FIGURE 10 illustrates, via a cross sectional view, the construction of a suspension seat 1000 comprising an integrated blanket according to various embodiments of this disclosure. According to certain embodiments, suspension seat 1000 comprises a support member 1005, an integrated blanket 1010. As shown in the non-limiting example of FIGURE 10, support member 1005 and integrated blanket 1010 are joined, at minimum, along the longitudinal edges of the support seat via a pair of sew lines 1015a-b.

[0075]    This written description uses examples to disclose the embodiments, including the best mode, and also to enable those of ordinary skill in the art to make and use the invention. The patentable scope is defined by the claims, and may include other examples that occur to those skilled in the art. Such other examples are intended to be within the scope of the claims if they have structural elements that do not differ from the literal language of the claims, or if they include equivalent structural elements with insubstantial differences from the literal languages of the claims.

[0076]    Note that not all of the activities described above in the general description or the examples are required, that a portion of a specific activity may not be required, and that one or more further activities may be performed in addition to those described. Still further, the order in which activities are listed are not necessarily the order in which they are performed.

[0077]    In the foregoing specification, the concepts have been described with reference to specific embodiments. However, one of ordinary skill in the art appreciates that various modifications and changes can be made without departing from the scope of the invention as set forth in the claims below. Accordingly, the specification and figures are to be regarded in an illustrative rather than a restrictive sense, and all such modifications are intended to be included within the scope of invention.

[0078]    Also, the use of "a" or "an" are employed to describe elements and components described herein. This is done merely for convenience and to give a general sense of the scope of the invention. This description should be read to include one or at least one and the singular also includes the plural unless it is obvious that it is meant otherwise.

[0079]    Benefits, other advantages, and solutions to problems have been described above with regard to specific embodiments. However, the benefits, advantages, solutions to problems, and any feature(s) that may cause any benefit, advantage, or solution to occur or become more pronounced are not to be construed as a critical, required, or essential feature of any or all the claims.

[0080]    After reading the specification, skilled artisans will appreciate that certain features are, for clarity, described herein in the context of separate embodiments, may also be provided in combination in a single embodiment. Conversely, various features that are, for brevity, described in the context of a single embodiment, may also be provided separately or in any sub combination. Further, references to values stated in ranges include each and every value within that range.

# FIG. 1



FIRST FOOTPRINT



SECOND
FOOTPRINT

# FIG. 2





FIG. 3

SHEET 4 OF 10



FIG. 4



FIG. 5

# FIG. 6



# FIG. 7



# FIG. 8





FIG. 9



# FIG. 10



PTO/AIA/14 (02-18)
Approved for use through 11/30/2020.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2  (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | Remove |
|---|---|---|---|

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Daniel | | Goodwin | |

**Residence Information (Select One)** ● US Residency      Non US Residency      Active US Military Service

| City | Austin | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 411 Tillery Street |
|---|---|
| Address 2 | |
| City | Austin | State/Province | TX |
| Postal Code | 78702 | Country i | US |

| Inventor | 2 | | Remove |
|---|---|---|---|

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | James | | Booth | |

**Residence Information (Select One)** ◉ US Residency      Non US Residency      Active US Military Service

| City | Austin | State/Province | TX | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 411 Tillery Street |
|---|---|
| Address 2 | |
| City | Austin | State/Province | TX |
| Postal Code | 78702 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.    [ Add ]

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below.**
**For further information see 37 CFR 1.33(a).**

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |
| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM | |

| ☐ **An Address is being provided for the correspondence Information of this application.** | | |
|---|---|---|
| **Customer Number** | 23990 | |
| **Email Address** | patents@munckwilson.com | Add Email / Remove Email |

## Application Information:

| Title of the Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM | |
|---|---|---|
| Attorney Docket Number | NIDO01-00002 | **Small Entity Status Claimed** ☒ |
| Application Type | Nonprovisional | |
| Subject Matter | Utility | |
| **Total Number of Drawing Sheets (if any)** | 10 | **Suggested Figure for Publication (if any)** | |

### Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

| ☐ | Request Early Publication (Fee required at time of Request 37 CFR 1.219) |
|---|---|
| ☐ | **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing. |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ● Customer Number | US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 23990 | | |

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending ▾ | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Claims benefit of provisional ▾ | 62/680378 | 2018-06-04 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. | Add |

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application.  Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55.  When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2).  Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button. | Add |

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

## Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**:  This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application.  After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s).  Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

### 1.  Authorization to Permit Access by a Foreign Intellectual Property Office(s)

**A.  Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2)  any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B.  Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

### 2.  Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)

☐    A.  Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed.  If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐    B.  Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:**  Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Applicant** 1                                                                 [ Remove ]

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.                                                                 [ Clear ]

| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

| | ▼ |
|---|---|

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

If the Applicant is an Organization check here. ☒

| Organization Name | Nido Structures, LLC |
|---|---|

**Mailing Address Information For Applicant:**

| **Address 1** | 411 Tillery Street | | |
|---|---|---|---|
| Address 2 | | | |
| **City** | Austin | **State/Province** | |
| **Country** | TX | Postal Code | 78702 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.    [ Add ]

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |

| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM |
|---|---|

**Assignee** 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

| | Remove |
|---|---|

If the Assignee or Non-Applicant Assignee is an Organization check here. ☐

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | |
|---|---|
| Address 2 | |
| City | | State/Province | |
| Country ⁱ | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button. | Add |

## Signature:

| | Remove |
|---|---|

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| Signature | /Michael G. Rodriguez, #60,236/ | | Date (YYYY-MM-DD) | 2019-06-03 |
|---|---|---|---|---|
| First Name | Michael G. | Last Name | Rodriguez | Registration Number | 60,236 |

Additional Signature may be generated within this form by selecting the Add button. | Add |

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | NIDO01-00002 |
|---|---|---|
| | Application Number | |
| Title of Invention | ADJUSTABLE FOOTPRINT SUSPENSION SEAT FRAME SYSTEM | |

This collection of information is required by 37 CFR 1.76.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76) AND ASSIGNMENT

| Title of Invention | Adjustable Footprint Suspension Seat Frame System |
|---|---|

As the undersigned inventor, I hereby declare that:

This combined declaration and assignment is directed to:
☒ The attached application, or
☐ United States application or PCT International application number _____
filed on _____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I have reviewed and understand the contents of the application including the claims, for which this combined declaration and assignment is being submitted.

I am aware of the duty to disclose to the Office all information known to me to be material to patentability as defined in 37 CFR 1.56.

WHEREAS, Nido Structures, LLC., having a place of business at 411 Tillery Street, Austin, Texas 78702 (hereinafter referred to as "ASSIGNEE"), desires to acquire the entire right, title and interest in said invention and to any patent that may be granted thereon in the United States and foreign countries;

NOW, THEREFORE, for good and valuable consideration, the receipt whereof is hereby acknowledged, We, the below named inventors, hereby sell, assign and transfer to said ASSIGNEE, its successors and assigns, the entire right, title and interest in the above-identified application and the invention disclosed therein in all countries, including all divisional applications, continuation applications, and corresponding priority applications including those to which priority is claimed under the International Convention of Paris including under 35 U.S.C. 119, substitutions, and renewals thereof, and to all patents that may be granted thereon, and all reissues thereof.

We hereby authorize and request the Patent Office Officials in the United States and all foreign countries to issue patents, when granted, to said ASSIGNEE, its successors and assigns. Further, We agree that said ASSIGNEE, its successors and assigns, may apply for patents for the invention in foreign countries without further authorization from us. Also, We agree to execute all papers and generally to do everything possible to aid said ASSIGNEE, its successors and assigns, in obtaining and enforcing patents for the invention in all countries.

I hereby acknowledge that any willful false statement made in this combined declaration and assignment is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

LEGAL NAME OF FIRST INVENTOR (e.g., full first name, middle initial, last name)

Inventor: __Daniel Goodwin__    Date: 9-24-2018

Signature: _____

NIDO01-00002

1

LEGAL NAME OF SECOND INVENTOR (e.g., full first name, middle initial, last name)

Inventor: ___James  Booth_____  Date: _9/24/18_____

Signature: _____

2

NIDO01-00002

DocCode – SCORE

# SCORE Placeholder Sheet for IFW Content

Application Number: 16430027          Document Date: 06/03/2019

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above.  This content is stored in the SCORE database.

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist.  The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

- Drawing

At the time of document entry (noted above):
- USPTO employees may access SCORE content via DAV or via the SCORE web page.
- External customers may access SCORE content via PAIR using the Supplemental Content tab.

Form Revision Date:  March 1, 2019