UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff/Counter-Defendant,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendant/Counterclaimant.

**DEFENDANT EASTHILLS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S TRADE DRESS INFRINGEMENT CLAIM**

Defendant Easthills, Inc. ("Easthills") through its counsel Bayramoglu Law Offices LLC, respectfully moves this Court for the entry of an Order granting Easthills leave to file a Supplemental Memorandum (the "Supplemental Memorandum") in Support of Motion for Partial Summary Judgment [Dkt. No. 56]. Easthills' request for leave to file the Supplemental Memorandum (the "Motion for Leave") is made and based on the arguments set forth below, the pleadings and papers on file herein, the Second Supplemental Declaration of Shawn A. Mangano (the "2d Supp. Mangano Decl."), a copy of the proposed Supplemental Memorandum, which is attached hereto, and any argument entertained by the Court in connection with this submission.

## I. INTRODUCTION

Easthills' Motion for Leave is straightforward and designed to provide the Court with significant, additional evidence – in the form of an admission by Kammok Holdings, LLC ("Kammok") contained in a supplemental written discovery response served *after* Easthills had filed its reply in support of its motion for partial summary Judgment attacking the viability of Kammok's trade dress infringement claim [Dkt. No. 56, 61]. Kammok's post-reply admission definitively establishes that no triable issues of material fact exist concerning the allegations that Easthills' Anymaka portal hammock infringes the "textured anchor points" asserted to comprise at least a portion of the company's asserted trade dress rights [Dkt. No. 38 ¶ 10.] (2d. Supp. Mangano Decl. ¶ 9, Ex. A at 6.) Moreover, Easthills believes that Kammok's post-reply admission significantly reduces the issues presented to the Court for adjudication through Easthills' Motion for Partial Summary Judgment [Dkt. No. 56].

## II. ARGUMENT

Specifically, Easthills filed its Motion for Partial Summary Judgment on April 2, 2024. [*Id.*] On April 23, 2024, Kammok filed a timely opposition to Easthills' motion for partial summary judgment. [Dkt. No. 59.] Easthills subsequently filed a reply in support of its motion for summary judgment on May 7, 2024. [Dkt. No. 61.]

At the time Easthills filed its reply brief in support of its motion for partial summary judgment, it had identified numerous deficiencies contained in Kammok's responses to Easthills' third set of written discovery requests. (2d Supp. Mangano Decl. ¶ 8.) Following meet and confer efforts between the parties, Kammok served

1

supplemental responses to Easthills third set of written discovery requests on June 7, 2024. (*Id.* ¶ 9, Ex. A.) These supplemental discovery responses admit "the [Anymaka portable hammock] physical specimen produced by Easthills does not include any textured anchor points." (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) Easthills believes this admission is fatal to, at least, the "textured anchor points" element of Kammok's trade dress infringement claim. [*See* Dkt. No. 38 ¶ 10.] Accordingly, Easthills requests leave to present this evidence in support of its motion for partial summary judgment on Kammok's trade dress claim for relief [Dkt. No. 56] so that the Court is provided with significant, relevant, admissible evidence that could, and should, streamline its analysis of the issued presented for adjudication.

Granting Easthills' request for leave would likely include an opportunity for Kammok to file a supplemental responsive brief to address any issues raised in the Supplemental Memorandum, which Easthills does not oppose. Easthills simply seeks to provide the Court with all relevant evidence, and specifically evidence not previously available during the briefing schedule, necessary to fully adjudicate its Motion for Partial Summary Judgment. [Dkt. No. 56.]

### III. CONCLUSION

Based on the foregoing, Easthills respectfully requests the Court to enter an Order:

1. Granting Easthills' request for leave to file the attached Supplemental Memorandum;

2. Granting Kammok the right to file a response to the Supplemental Memorandum if Kammok deems a response necessary; and

3. Granting such other and further relief to which this Court believes Easthills is entitled.

## Compliance with D.C.Colo.LCivR 7.1(a)

Pursuant to D.C.Colo.LCivR 7.1(a), Easthills' counsel discussed its request to file the Motion for Leave with Kammok's counsel by telephone on Tuesday, July 22, 2024 at 2:00pm pst. Counsel for Kammok found Easthills' request to be warranted does not oppose Kammok's Motion for Leave as long as Kammok is afforded an opportunity to respond to Easthills' Supplemental Memorandum.

## Certification Re: Use of Artificial Intelligence (AI) for Drafting

The undersigned, counsel of record for Defendant Easthills, Inc., certifies that (a) no portion of the filing was drafted by AI, or that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

/s/ Shawn A. Mangano
Shawn A. Mangano
**Bayramoglu Law Offices LLC**

DATED July 25, 2024.　　　　　Respectfully submitted,

**BAYRAMOGLU LAW OFFICES LLC**

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO (NV Bar No. 6730)
shawnmangano@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU (NV Bar No. 14030)
deniz@bayramoglu-legal.com
EMILY M. HEIM (FL Bar No. 1015867)
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste 100
Henderson Nevada 89014
Telephone: 702.462.5973 | Fax: 702.553.3404

*Counsel for Defendant/Counterclaimant*
*EASTHILLS, INC*