**[PROPOSED SUPPLEMENTAL MEMORANDUM]**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff/Counter-Defendant,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendant/Counterclaimant.

---

**DEFENDANT EASTHILLS, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S TRADE DRESS INFRINGEMENT CLAIM**

---

On \_\_\_\_, this Court granted Defendant Easthills, Inc.'s. ("Easthills") request for an Order granting Easthills leave to file a Supplemental Memorandum (the "Supplemental Memorandum") in Support of Easthills' Motion for Partial Summary Judgment on Plaintiff's Trade Dress Infringement Claim. [Dkt. No. \_\_\_.] Accordingly, Easthills submits this Supplemental Memorandum, which is made and based upon the arguments set forth below, the pleadings and papers on file herein, the Second Supplemental Declaration of Shawn A. Mangano ("2d Supp. Mangano Decl."), together with any argument of counsel entertained by the Court.

### I.     INTRODUCTION

Easthills has maintained from the outset of this litigation that Plaintiff Kammok Holdings, LLC ("Kammok") initiated this action, without having conducted

a reasonable factual investigation, for the sole purpose of attempting to improperly extend a takedown request initiated under the Digital Millennium Copyright Act (the "DMCA") against the company's crowdfunding campaign for its Anymaka portable hammock stand (the "Anymaka") on the Kickstarter, PBC online platform ("Kickstarter"). (2d Supp. Mangano Decl. ¶ 4.) Kammok did so despite Easthills' counsel advising it that the claims relied upon in takedown notice submitted to Kickstarter clearly lacked viability (*Id.* ¶ 6.) While Kickstarter eventually agreed with Easthills' assertions and resumed its crowdfunding campaign, significant investor damage and campaign momentum had been inflicted. (*Id.*) Moreover, Kammok's unviable and hastily filed claims against Easthills with this Court remained to be adjudicated. (*Id.*)

Easthills has vigorously defended the claims asserted against it and has sought affirmative relief against Kammok. [*See* Dkt. No. 9.] In fact, Easthills voluntarily appeared in this action despite Kammok failing to take any action to serve it with the Complaint. [Dkt. Nos. 1, 9.] In fact, Kammok never sought issuance of a summons from this Court for its Complaint. [*Ibid.*]

As part of Easthills' defense in this action, it filed a motion for sanctions under Federal Rule of Civil Procedure 11 directed to Kammok's filing of its copyright infringement claim for relief, which was relied upon in support of its request for a continued takedown of the Anymaka crowdfunding campaign with Kickstarter, for failing to have secured a federal registration or otherwise having complied with the pre-filing requirements to support such a claim (the "Rule 11 Motion"). [Dkt. No. 19.]

1
DEFENDANT'S SUPPLEMENTAL  MEMORANDUM ISO MOTION  FOR PARTIAL SUMMARY JUDGMENT                     CASE NO. 1:23-cv-02405-SKC-MEH

Oral argument was held on Easthills Rule 11 Motion and the Court directed the parties to file a stipulation resolving the allegations or it would issue an Order adjudicating the matter. [Dkt. No. 39.] In response, the parties negotiated and agreed to a stipulation [Dkt. No. 40] in which Kammok has admitted to asserting copyright infringement claims without have a requisite basis to do so.

Simply put, Kammok's trade dress infringement claims for relief, and their patent infringement claims, were initiated without a reasonable pre-filing investigation. (2d Supp. Mangano Decl. ¶¶ 9, 12.) This fact has been clearly established by Kammok's assertion that Easthills' Anymaka infringes its alleged trade dress rights embodied in certain "textured anchor points" contained in its Swiftlet portable hammock stand (the "Swiftlet") [Dkt. No. 38 ¶¶ 10, 49-52], which has subsequently been definitively recanted by the company through supplemental written discovery responses submitted after Easthills' motion for partial summary judgment had been fully briefed. (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) These supplemental discovery responses admit "the [Anymaka portable hammock] physical specimen produced by Easthills does not include any textured anchor points." (*Id.*, Ex. ___ at 6.) This admission is fatal to, at least, the "textured anchor points" element of Kammok's trade dress infringement claim. [*See* Dkt. No. 38 ¶ 10.] Accordingly, Easthills submits the information relied upon herein in order to assist the Court's adjudication of the company's currently pending motion for partial summary judgment directed at Kammok's trade secret infringement claims for relief.

## II. ARGUMENT

Kammok alleges that Easthills' Anymaka infringes Kammok's common law trade dress rights embodied in the Swiftlet. [Dkt. No. 38 ¶¶ 49-52.] Kammok has not secured any federally registered rights for its asserted trade dress rights. [*Id.*] Specifically, Kammok claims Easthills infringes its trade dress rights in the Swiftlet's product configuration of a hammock stand consisting of "textured anchor points" [*Id.* ¶ 10], "a clamshell-shaped hammock holder" [*Id.* ¶ 20], and "a carry bag that is black with gray webbing highlights" (collectively referred to herein as the "Swiftlet Trade Dress"). [*Id.* ¶ 16.] This Supplemental Memorandum provides the Court with evidence that Kammok has admitted in supplemental written discovery responses served *after* Easthills had filed its reply brief in support of its motion for partial summary judgment that the company's Anymaka does not contain "textured anchor points" as a basis for infringement of the Swiftlet Trade Dress. (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) Accordingly, partial summary judgment is compelled against Kammok and in favor of Easthills as to the "textured anchor points" aspect of Kammok's Swiftlet Trade Dress infringement allegation. [*See* Dkt. No. 38 ¶ 10.]

In its Motion for Partial Summary Judgment [Dkt. No. 56], Easthills alleged multiple reasons why Kammok's trade dress infringement claim was demonstrably unviable, including the readily ascertainable threshold fact that the Anymaka does not possess any of the three claimed elements of the Swiftlet Trade Dress. [*Id.*] While Kammok has opposed Easthills' motion for partial summary judgment [Dkt. No. 59], to which Easthills filed a reply on May 7, 2024 [Dkt. No. 61], Kammok submitted

supplemental written discovery responses *a month later* that admits the Anymaka does not practice the claimed trade dress element of "textured anchor points" asserted as part of the Swiftlet Trade Dress infringement allegations. (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) These supplemental responses were only provided after Easthills has sent a deficiency letter and had engaged in meet and confer efforts. (*Id.* ¶ 8.)

The facts, as admitted, are clear. Kammok did not perform a reasonable pre-filing investigation for its trade dress or patent infringement allegations. (*Id.* ¶ 9, Ex. A.) Kammok hastily filed its copyright infringement claim without a statutory basis for doing so. [Dkt. No. 40.] It has also admitted filing its trade dress infringement claim for relief without physically inspecting the accused product, the Anymaka. (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) Once it has done so, it was compelled to admit the Anymaka did not embody the "textured anchor points" element of the Swiftlet Trade Dress. (*Id.*)

Although trademark law does not specifically require a trademark owner to physically inspect an alleged infringing product prior to filing suit, Kammok has also alleged patent infringement, which does have a prefiling investigation requirement under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). For instance, the Federal Circuit has suggested that the patentee should be able to show some attempt to analyze the technology; and if that attempt fails, the patentee should show that it made some effort to acquire samples, inspection, or technical specifications from the accused infringer. *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997). Here,

Kammok did seek to obtain a physical specimen until almost nine months after submitting its takedown request under the DMCA, over seven months after initiating this lawsuit, and despite repeated efforts by Easthills' counsel to advise the company that its asserted claims for relief were unviable.[1] (Mangano Decl. ¶ 9, Ex. A.)

To be clear, Kammok's attempts to mitigate its admission included in the company's supplemental response to Easthills' third set of written discovery by reliance on certain marketing materials (such as KAMMOK000160) are illusory. First, Kammok admits, some eight (8) months after filing this action, that it "is still investigating its trade dress claim based on the design of the Swiftlet's anchor points." (*Id.*, Ex. A at 6.) This investigation was required under Rule 11 to have been conducted prior to filing this action for Kammok's patent infringement claims for relief. *See Judin*, 110 F.3d at 784. Apparently, however, it was not done. Second, had Kammok performed a physical inspection of the Anymaka, it should have reasonably concluded that the hammock did not infringe, at least, the asserted "textured anchor points" elements asserted as part of the company's claimed Swiftlet Trade Dress elements. These facts only serve to underscore the haste with which Kammok filed this action, which Easthills maintains was done for the sole purpose of seeking to stall its crowdfunding campaign with Kickstarter by attempting to invoke inapplicable provisions of the DMCA.

---

[1] Easthills intends to seek leave to file a motion for partial summary judgment directed to Kammok's patent infringement claim for relief on the basis that, at least, it failed to perform a physical pre-filing investigation of the accused Anymaka product and, had it done so, the company would have clearly determined it did not infringe at least one independent claim element of the asserted patent – even if its proposed construction of the claim elements were adopted. (2d Supp. Mangano Decl. ¶ 12.)

DEFENDANT'S SUPPLEMENTAL  
MEMORANDUM ISO MOTION  
FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 1:23-cv-02405-SKC-MEH

Simply put, Kammok's failure to obtain, or even request a sample of the Anymaka, before filing its DMCA takedown request or prior to initiating this lawsuit clearly demonstrates that Kammok filed suit against Easthills for the sole, anti-competitive, purpose of seeking to delay, hinder, and impede the release of a superior product by a direct competitor. To further this anti-competitive motive, Kammok slapped together its trade dress infringement claim, just as it did with its admittedly unviable copyright infringement claim [Dkt. No. 40] and its patent infringement claim, solely to add unjustified credibility to its improper DMCA takedown notice submitted to Kickstarter. [Dkt. No. 41 ¶ 37 at pg. 16.] These actions were done, as admitted by Kammok's own counsel, for the express purpose of continuing the suspension of Easthills' crowdfunding campaign by Kickstarter under the DMCA and to bring the company to the negotiating table. [*Id.*] Kammok's motivations and lack of pre-filing diligence have now been admitted to by the company in their supplemental written discovery responses. Easthills, through this Motion for Leave, seeks to formally submit these discovery admissions to the Court for consideration in connection with its pending motion for partial summary judgment filed against Kammok's trade dress infringement claims for relief.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Easthills respectfully requests the Court enter partial summary judgment in its favor and against Kammok on its trade dress infringement claim for relief along with granting any other relief deemed necessary and proper.

DATED July 25, 2024.　　　　　　Respectfully submitted,

**BAYRAMOGLU LAW OFFICES LLC**

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO (NV Bar No. 6730)
shawnmangano@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU (NV Bar No. 14030)
deniz@bayramoglu-legal.com
EMILY M. HEIM (FL Bar No. 1015867)
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste 100
Henderson Nevada 89014
Telephone: 702.462.5973 | Fax: 702.553.3404

*Counsel for Defendant/Counterclaimant*
*EASTHILLS, INC*