Civil Action No. 23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendants.

### SECOND SUPPLEMENTAL DECLARATION OF SHAWN A. MANGANO IN SUPPORT OF DEFENDANT EASTHILLS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Shawn A. Mangano, of the City of Henderson, in the State of Nevada, declare as follows:

1.    I am an attorney at law, duly admitted to practice before, among other courts, all federal and state courts within the State of Nevada, State of California, and the United States District Court for the District of Colorado.

2.    I am lead counsel for Defendant EASTHILLS, INC. ("Easthills") in this action. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify thereto.

3.    This declaration is submitted in support of Defendant Easthills' Motion for Partial Summary Judgment (the "Motion") [Dkt. No. 56], which supports dismissing Plaintiff Kammok Holdings, LLC's ("Kammok") claim for trade dress infringement as alleged in its First Amended Complaint [Dkt. No. 38 at 7-8.]

4. Easthills has maintained from the outset of this litigation that Kammok initiated this action, without having conducted a reasonable factual investigation, for the sole purpose of attempting to improperly extend a takedown request initiated under the Digital Millennium Copyright Act (the "DMCA") against the company's crowdfunding campaign for its Anymaka portable hammock stand (the "Anymaka") on the Kickstarter, PBC online platform ("Kickstarter").

5. Kammok's claim purports to enforce certain common law trade dress rights in its Swiftlet's product configuration of a hammock stand consisting of "textured anchor points and a clamshell hammock holder." [*Id.* ¶ 46, and collectively referred to herein as the "Swiftlet Trade Dress".] Kammok has asserted its trade dress, since dismissed copyright infringement, and patent infringement claims for relief against Easthills' Anymaka.

6. Kammok did so despite Easthills' counsel advising it that the claims relied upon in takedown notice submitted to Kickstarter clearly lacked viability. While Kickstarter eventually agreed with Easthills' assertions and resumed its crowdfunding campaign, significant investor damage and campaign momentum had been inflicted. Moreover, Kammok's unviable and hastily filed claims against Easthills with this Court remained to be adjudicated.

7. Kammok's trade dress infringement claims for relief, and their patent infringement claims, were initiated without a reasonable pre-filing investigation. In this regard, Kammok made no attempt to secure a physical specimen of the Anymaka until some until almost nine months after submitting its takedown request under the DMCA, over seven months after initiating this lawsuit, and despite repeated efforts by Easthills' counsel to advise the company that its asserted claims for relief were unviable.

8. Over the course of this litigation, Easthills has propounded on Kammok several discovery requests. However, many of Kammok's responses to these discovery requests have been riddled with deficiencies. As a result, on May 24, 2024, Easthills formally notified Kammok through written correspondence of these deficiencies and requested that Kammok supplement its responses to these specific requests (the "Deficiency Letter"). The parties thereafter engaged in meet and confer efforts that resulted in Kammok agreeing to provide supplemental responses to Easthills' written discovery requests.

9. On June 7, 2024, in response to the Deficiency Letter, Kammok served its supplemental responses to Defendant's Third Set of Discovery Requests. A true and correctly copy of Kammok's Supplemental Responses to Defendant's Third Set of Discovery Requests is attached hereto as Exhibit "A". Kammok's responses admit that it did not perform a pre-filing investigation of a physical specimen of the Anymaka.

10. The marketing materials Kammok cites in its supplemental response to Interrogatory No. 5 is a short video clip demonstrating the quick set up of the Anymaka, which was produced in discovery as KAMMOK000160. The video clip, however, does not provide a view of Anymaka's anchor in a way it would be possible to determine whether it is textured or not.

11. Kammok did not ask Easthills or its counsel to provide a physical sample of the Anymaka until April 26, 2024, when it served Easthills with its third request for production. Kammok apparently filed its claims for relief in this action without have performed any physical inspection or request to physically inspect the Anymaka.

12. Easthills intends to seek leave to file a motion for partial summary judgment directed to Kammok's patent infringement claim for relief on the basis that, at least, it failed to perform a physical pre-filing investigation of the accused

3

SECOND SUPPLEMENTAL DECLARATION OF S.  CASE NO. 1: 23-cv-02405-SKC-MEH
MANGANO ISO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

Anymaka product and, had it done so, the company would have clearly determined it did not infringe at least one independent claim element of the asserted patent – even if its proposed construction of the claim elements were adopted.

13. Pursuant to D.C.Colo.LCivR 7.1(a), Easthills' counsel discussed its request to file the Motion for Leave with Kammok's counsel by telephone on Tuesday, July 22, 2024 at 2:00pm pst. Counsel for Kammok found Easthills' request to be warranted and does not oppose Kammok's Motion for Leave as long as Kammok is afforded an opportunity to respond to Easthills' Supplemental Memorandum.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 25, 2024

By: /s/ *Shawn Mangano*
Shawn Mangano