IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

**PLAINTIFF'S REPLY MEMORANDUM SUPPORTING KAMMOK'S CLAIM CONSTRUCTION BRIEF**

Pursuant to section IV paragraph 11 of the Court's scheduling order, Plaintiff Kammok Holdings, LLC ("Kammok") submits the following reply memorandum supporting its opening claim construction brief (ECF No. 65).

## INTRODUCTION

The Court should construe the claim terms challenged by defendant Easthills, Inc. ("Easthills") according to those terms' plain and ordinary meaning. Easthills has failed to examine any claim term within the context of the '893 Patent's claims. Instead, Easthills baldly asserts that the claims cannot be understood within the context of the patent unless the Court provides extraordinary definitions for each term. However, Easthills' bald assertions are not enough to overcome the presumption in favor of giving each term its plain and ordinary meaning.

# ARGUMENT

## I. COURTS GRANT A "HEAVY PRESUMPTION" IN FAVOR OF APPLYING A TERM'S PLAIN AND ORDINARY MEANING.

Easthills' opposition ignores the presumption that Courts will apply a plain and ordinary meaning of claim terms. "Claim interpretation begins with an examination of the intrinsic evidence, i.e., *the claims*, the rest of the specification and, if in evidence, the prosecution history." *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) (emphasis in original). "Generally speaking, [courts] indulge a 'heavy presumption' that a claim term carries its ordinary and customary meaning." *Id.* (citation omitted). "An accused infringer may overcome this 'heavy presumption' and narrow a claim term's ordinary meaning, but he cannot do so simply by pointing to the preferred embodiment or other structures or steps disclosed in the specification." *Id.* Nevertheless, one way to overcome the heavy presumption is when a claim term "'chosen by the patentee so deprive[s] the claim of clarity' as to require resort to the other intrinsic evidence for a definite meaning." *Id.* at 1367 (alteration in original) (citation omitted).

Easthills has not provided the Court with sufficient analysis that the terms used by Kammok are so unclear as to deprive the Patent's claims of their clarity. Nevertheless, Easthills demands that the Court rely on "other intrinsic evidence" to provide intricate, extraordinary definitions for each claim term. This is not how claim terms are construed. Instead, the Court should grant all claim terms their plain and ordinary meaning and allow the factfinder to read those terms within the context of the Patent claims.

## II. KAMMOK'S PROPOSED CONSTRUCTIONS.

### A. Claim Term: "cantilever arm"

Easthills does not argue that the term "cantilever arm" is so unclear that it requires resort to other intrinsic evidence. Instead, Easthills argues that because the term "'cantilever' is not a commonly used word," the Court needs to define it. *See* Easthills' Opposition to Kammok's Claim Construction Brief at 5 (ECF No. 69) ("Opposition"). This reasoning is flawed. There is no caselaw that allows a Court to provide an extraordinary definition for a claim term simply because the claim term is not commonly used. An uncommon word is still entitled to its plain and ordinary meaning. *See CCS Fitness*, 288 F.3d at 1366 (a defendant "may overcome this 'heavy presumption' and narrow a claim term's ordinary meaning, but he cannot do so simply by pointing to the preferred embodiment or other structures or steps disclosed in the specification or prosecution history"). Instead, if a claim term is not commonly used, courts still apply the plain and ordinary meaning as established by dictionary definitions. *See id.* ("Sensibly enough, our precedents show that dictionary definitions may establish a claim term's ordinary meaning."). Kammok cited two dictionary definitions supporting its construction of the term "cantilever arm" in its opening construction brief. Kammok's Brief at 9 (ECF No. 65). Easthills has not responded to those dictionary definitions, nor argued that those definitions should not apply to the Patent. Thus, the Court should apply the plain and ordinary meaning. If the Court deems it necessary, the Court should use those dictionary definitions to determine the plain and ordinary meaning.

Easthills does not address what the plain and ordinary meaning of "cantilever arm" should be. Instead, without any precedent in support of its arguments, Easthills asks the Court to

define "cantilever arm" as "[t]he arm is cantilevered by being connected only at footprint adjustment bar."  This is not the plain and ordinary meaning of cantilever arm.  Instead, this definition turns a noun into an explanation of when an arm becomes cantilevered.  This construction is unsupported by the law and should be rejected by the Court.

### B.  Claim Term:  "cradle"

Easthills' proposed definition for "cradle" fails for two reasons.  First, Easthills asks the Court to include the phrase "disposed at the distal end of a cantilever arm" as part of the definition of "cradle."  Opposition at 6.  However, claim 1 of the Patent already instructs that the "first cradle [is] disposed on a distal end of the first cantilever arm," and the "second cradle [is] disposed on a distal end of the second cantilever arm."[1]  Thus, to define the term Cradle in terms of its position creates unnecessary redundancy and strays from the strong presumption of simply applying the term's plain and ordinary meaning.

Next, Easthills' proposed definition fails because it limits the term "cradle" to being "U-shaped."  Opposition at 6.  Yet, it has never explained what in the Patent requires a cradle to be "U-shaped."  Even if they had pointed to some phrase in the Patent, the Court should still not limit the term because courts are bound to construe the terms in such a way to cover all known types of that structure that the patent could support.  *CCS Fitness*, 288 F.3d at 1366 ("[I]f an apparatus claim recites a general structure without limiting that structure to a specific subset of structures, we will generally construe the term to cover all known types of that structure' that the patent disclosure supports." (alteration in original) (citation omitted)).  Based on these problems

---

[1] '893 Patent, Claim No. 1, 12:32–40.

with Easthills' proposed definition, the Court should construe the term "cradle" according to its plain and ordinary meaning.

### C.   Claim Term:  "footprint adjustment bar"

The Court should construe "footprint adjustment bar" according to its plain and ordinary meaning.  Easthills' argues against this by citing to several non-limiting examples in the Patent's specification.  Yet, a Court may not rely on "other structures or steps disclosed in the specification" within the Patent to limit a claim term.  *CCS Fitness*, 288 F.3d at 1366.  Moreover, Easthills fails to explain why the term "footprint adjustment bar" is so unclear that a factfinder could not accurately apply the plain and ordinary meaning of the term as used in context of the Patent.  This failure by Easthills does not overcome the heavy presumption that the Court apply the plain and ordinary meaning of "footprint adjustment bar."

### D.   Claim Term:  "inside surfaces"

The Court should apply the plain and ordinary meaning of "inside surfaces" as used in the '893 Patent.  Easthills argues that this term is indefinite.  Yet, the Patent itself states that the two cantilever arms sit "opposite each other and fac[e] each other."[2]  The "inside surfaces" are described as the surfaces "facing each other."[3]  This is clear and would be understood by any reasonable fact finder (and by one of ordinary skill in the art, which is the standard).

Despite the clear explanation included in the Patent, Easthills attempts to invalidate Kammok's claims by claiming that the term "inside surfaces" is indefinite.  Across two briefs (Easthills' opening claim construction and its opposition to Kammok's opening brief), Easthills

---

[2] *Id.* at Claim No. 15, 14:16.
[3] *Id.* at Claim No. 15, 14:16–17.

5

has never explained why the term "inside surfaces" cannot be defined as the side of the cantilever arms that are facing each other. This utter failure to grapple with the plain language of the Patent is fatal to Easthills' argument that the term "inside surfaces" is indefinite.

### E.      Claim Term:  "backside"

Easthills' argument that the term "backside" is indefinite fails for the same reason that Easthills' argument regarding the term "inside surfaces" fails; Easthills ignores the plain language of the Patent. The "backside" of the cantilever arms is described in the Patent as "opposite the inside surfaces of each cantilever arm."[4] Yet, ignoring this language entirely, Easthills baldly asserts that a construction that defines "backside" as "opposite the inside surfaces of each cantilever arm" is "not supported by the claim language." Opposition at 9–10. This utter disregard of the Patent language is fatal to Easthills' claim that the term "backside" is indefinite. The Court should give the term "backside" its plain and ordinary meaning as used in the context of the Patent claims.

### F.      Claim Term:  "backside of the first cantilever arm"

Because this term is an amalgamation of "backside" and "cantilever arm," Easthills argues that this term is indefinite. However, as explained above in Point II(E), the term backside is not indefinite. The Court should define this term as it defines "backside" and "cantilever arm."

### G.      Claim Term:  "detachably attaching"

The Court should construe "detachably attaching" according to its plain and ordinary meaning. Easthills argues against this by citing several non-limiting examples in the Patent's

---

[4] *Id.* at Claim No. 16, 14:22–23.

6

specification. Yet, a Court may not rely on "other structures or steps disclosed in the specification" within the Patent to limit a claim term. *CCS Fitness*, 288 F.3d at 1366. Moreover, Easthills fails to explain why the term "detachably attaching" is so unclear that a factfinder could not accurately apply the plain and ordinary meaning of the term as used in context of the Patent. This failure by Easthills does not overcome the heavy presumption that the Court apply the plain and ordinary meaning of "detachably attaching."

### H. Claim Term: "compressible bushing"

The Court should give the term "compressible bushing" its plain and ordinary meaning. Easthills attempts to limit this term by defining it as "[m]aterial" used "for reducing friction between two surfaces sliding against each other." Opposition at 11. Yet, Easthills itself cites provisions of the Patent that acknowledges that a compressible bushing may be used to prevent several forms of contact between two surfaces—not just friction. *See* Opposition at 12 (referencing slop, galling, or other sources of friction). Thus, even if there were a reason to stray from the plain and ordinary meaning (there is not), then it would still be inappropriate to limit the term only to preventing friction.

Moreover, as discussed above in Point II(B), by defining the term "compressible bushing" in terms of where the bushing is placed, Easthills creates redundancy. The bushing is placed wherever the Patent claims state that it is placed. Thus, the placement is not a necessary part of the definition, and the Court should simply opt to follow the heavy presumption of applying the term's plain and ordinary meaning.

I.      **Claim Term: "telescopically"**

Easthills concedes that the plain and ordinary meaning of the term "telescopically" is understandable and clear in context of the Patent. Opposition at 13 ("The plain and ordinary meaning of this term is helpful."). Yet, in the very next clause, Easthills demands that the Court include other claim language to define a plain term. Easthills insists that the term "telescopically" (an adverb) must be defined as "[a] footprint adjustment bar comprising a first section and a second section, wherein the first section is substantially concentric to the second section and configured to slide inside the second section." Opposition at 13. This definition basically describes what portion of the Patent device moves telescopically. However, because the Patent itself describes what is moving, it is unnecessary and redundant to include the portion of the device that is being modified within the definition of the modifier. Moreover, Easthills does not explain why one of ordinary skill in the art could not understand and apply the plain and ordinary meaning of the word "telescopically" as it is used in the Patent. Thus, the Court should construe "telescopically" according to its plain and ordinary meaning.

J.      **Claim Term:  "connecting"**

The term "connecting" is a simple verb that should be given its plain and ordinary meaning. Yet, Easthills points to 12 lines within the description of the Patent to argue that the term "connecting" is limited. Opposition at 14. This is a misrepresentation of the citation. Easthills states that its citations "describe[] limitations" of the Patent. *Id.* But this is untrue. The first citation, '893 Patent at 5:3–7, refers to "some embodiments," which are never described as the only embodiments. The latter citation, '893 Patent at 4:60–66, is the same. Both citations describe non-limiting examples. Thus, Easthills has not presented any genuine reason to limit

8

the very plain term "connecting," and the Court should simply give that term its plain and ordinary meaning.

## CONCLUSION

Based on the foregoing, Kammok requests that the Court grant the plain and ordinary meaning to the disputed claim terms.

DATED this 5th day of August, 2024.

        BY:   /s/ Dominic W. Shaw
               DOMINIC W. SHAW

Reid J. Allred
Douglas N. Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelaw.com
doug@cambridgelaw.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*