UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff/Counter-Defendant,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendant/Counterclaimant.

**DEFENDANT EASTHILLS, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Easthills, Inc. ("Easthills") files this Supplemental Memorandum in Support of Easthills' Motion for Partial Summary Judgment on Plaintiff's Trade Dress Infringement Claim (the "Supplemental Brief") pursuant to the Court's Order granting leave to do so on July 26, 2024 [Dkt. No. 67.] This Supplemental Brief is made and based upon the arguments set forth below, the pleadings and papers on file herein, the Second Supplemental Declaration of Shawn A. Mangano ("2d Supp. Mangano Decl."), together with any argument of counsel entertained by the Court.

### I.    INTRODUCTION

Defendant Kammok Holdings, LLC ("Kammok") alleges that Easthills' Anymaka portable hammock stand (the "Anymaka") infringes Kammok's common law trade dress rights embodied in its Swiftlet portable hammock stand (the "Swiftlet"). [Dkt. No. 38 ¶¶ 49-52.] Specifically, Kammok claims Easthills infringes its trade dress rights in the Swiftlet's product configuration of a hammock stand consisting of "textured anchor points" [*Id.* ¶ 10], "a clamshell-shaped hammock holder" [*Id.* ¶ 20], and "a carry bag that is black with gray webbing highlights"

(collectively referred to herein as the "Swiftlet Trade Dress"). [*Id.* ¶ 16.]

From the outset of this case, Easthills has maintained that Kammok hastily initiated its various infringement claims without having conducted a reasonable factual investigation in an attempt to improperly extend a Digital Millennium Copyright Act ("DMCA") takedown request targeting Easthills' Anymaka crowdfunding campaign with Kickstarter, PBC ("Kickstarter"). (2d Supp. Mangano Decl. ¶ 4.) This Supplemental Brief seeks to provide the Court with additional evidence in the form of supplemental responses to written discovery in which Kammok admits that Easthills does not infringe the "textured anchor points" element of its trade dress claim.

More specifically, Easthills set forth multiple reasons in its Motion for Partial Summary Judgment [Dkt. No. 56] why Kammok's trade dress infringement claim is demonstrably unviable because, among other things, the Anymaka does not possess any of the three asserted Swiftlet Trade Dress elements. [*Id.*] Kammok's Opposition, however, doubled down on its assertion that the Anymaka infringes on its trade dress. [Dkt. No. 59]. However, *a month after* Easthills filed its Reply [Dkt. No. 61] Kammok submitted supplemental written discovery responses ("Supplemental Responses") that admit the Anymaka does not practice the asserted trade dress element of "textured anchor points". (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.)  Kammok only provided these Supplemental Responses after Easthills sent a deficiency letter and meet and confer efforts were conducted. (2d Supp. Mangano Decl. ¶ 8.) Once Kammok's Supplemental Responses were received, it was discovered that the

2

company had apparently not performed a reasonable pre-filing investigation before asserting its trade dress infringement claim. (*Id.* at ¶ 9.)

Unfortunately, this is consistent with Kammok's improper attempt to assert its copyright infringement claim without having secured a federal registration before doing so, and its decision to withdraw that claim while facing sanctions under Federal Rule of Civil Procedure 11. [*See* Dkt. Nos. 19, 40, 58] Moreover, Easthills intends to seek leave from the Court to file a motion for partial summary judgment as to Kammok's patent infringement claim, which Easthills clearly does not infringe, and that was also asserted without performing an adequate pre-filing investigation. (2d Supp. Mangano Decl. ¶ 7.)

For purposes of this Supplemental Brief, Easthills' submission is clear and concise. Kammok has admitted in the Supplemental Responses that Easthills does not infringe the "textured anchor points" asserted trade dress element. (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) Accordingly, Easthills is entitled to, at least, entry of partial summary judgment on the "textured anchor points" asserted trade dress element based on Kammok's admission in its Supplemental Responses.

## II. ARGUMENT

The facts are clear. Kammok's trade dress infringement claim for relief was initiated without a reasonable pre-filing investigation. (2d Supp. Mangano Decl. ¶¶ 9, 11.) This fact has been clearly established by Kammok's assertion that Easthills' Anymaka infringes its alleged trade dress rights embodied in certain "textured anchor points" contained in its Swiftlet [Dkt. No. 38 ¶¶ 10, 49-52], which has

subsequently been recanted by Kammok in its Supplemental Responses submitted after Easthills' Motion for Partial Summary Judgment had been fully briefed. (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) These Supplemental Responses admit "the [Anymaka portable hammock] physical specimen produced by Easthills does not include any textured anchor points." (*Id.*) This admission is fatal to, at least, the "textured anchor points" element of Kammok's trade dress infringement claim. [*See* Dkt. No. 38 ¶ 10.]

Kammok has also admitted filing its trade dress infringement claim for relief without physically inspecting the accused product, the Anymaka. (2d Supp. Mangano Decl. ¶ 9, Ex. A at 6.) Although trademark law does not specifically require a trademark owner to physically inspect an alleged infringing product prior to filing suit, Kammok has also alleged patent infringement, which does have a prefiling investigation requirement under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). For instance, the Federal Circuit has suggested that the patentee should be able to show some attempt to analyze the technology; and if that attempt fails, the patentee should show that it made some effort to acquire samples, inspection, or technical specifications from the accused infringer. *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997). Here, Kammok did not seek to obtain a physical specimen until almost nine months after submitting its takedown request under the DMCA, over seven months after initiating this lawsuit, and despite repeated efforts by Easthills' counsel to advise the company that its asserted claims for relief were unviable. (2d Supp. Mangano Decl. ¶ 7.)

Kammok attempts to mitigate its admission in the Supplemental Responses by relying on a short marketing video clip of the Anymaka that Easthills produced during discovery (KAMMOK_000160). This video clip, however, does not provide an adequate view of Anymaka's anchor to determine whether it is textured or not. (2d Supp. Mangano Decl. ¶ 10.)

Simply put, Kammok's failure to obtain, or even request a sample of the Anymaka, before filing its DMCA takedown request or prior to initiating this lawsuit clearly demonstrates that Kammok filed suit against Easthills for the sole, anti-competitive, purpose of seeking to delay, hinder, and impede the release of a superior product by a direct competitor. To further this anti-competitive motive, Kammok hastily slapped together its trade dress infringement claim, just as it did with its admittedly unviable copyright infringement claim [Dkt. No. 40] and its patent infringement claim, solely to add unjustified credibility to its improper DMCA takedown notice submitted to Kickstarter. [Dkt. No. 41 ¶ 37 at pg. 16.] These actions were done, as admitted by Kammok's own counsel, for the express purpose of continuing the suspension of Easthills' crowdfunding campaign by Kickstarter and to bring the company to the negotiating table. [*Id.*]

### III. <u>CONCLUSION</u>

For the foregoing reasons, Easthills submits that it is entitled to, at least, entry of partial summary judgment on the "textured anchor points" element of Kammok's trade dress infringement claim based on the company's admission contained in its Supplemental Responses.

DATED August 9, 2024.          Respectfully submitted,

**BAYRAMOGLU LAW OFFICES LLC**


*/s/ Shawn A. Mangano*
SHAWN A. MANGANO (NV Bar No. 6730)
shawnmangano@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU (NV Bar No. 14030)
deniz@bayramoglu-legal.com
EMILY M. HEIM (FL Bar No. 1015867)
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste 100
Henderson Nevada 89014
Telephone: 702.462.5973 | Fax: 702.553.3404

*Counsel for Defendant/Counterclaimant*
*EASTHILLS, INC*

## CERTIFICATE OF SERVICE

I hereby certified that a true correct copy of the foregoing **DEFENDANT EASTHILLS, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** was served upon Kammok by ECF on this 9th day of August 2024.

>  /s/Shawn A. Mangano
> SHAWN A. MANGANO
> **BAYRAMOGLU LAW OFFICES LLC**

## Certification Re: Use of Artificial Intelligence (AI) for Drafting

The undersigned, counsel of record for Defendant Easthills, Inc., certifies that (a) no portion of the filing was drafted by AI, or that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

> /s/Shawn A. Mangano
> SHAWN A. MANGANO
> **Bayramoglu Law Offices LLC**