IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

**RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Kammok Holdings, LLC ("Kammok") hereby responds to the supplemental memorandum filed by Easthills (ECF No. 73).

## INTRODUCTION

Easthills' supplemental memorandum in support of the Motion fails to demonstrate that Kammok's trade dress claim should be dismissed. Instead, the supplemental memorandum misrepresents Kammok's discovery responses by claiming that Kammok has made concessions that it has not made. After misrepresenting Kammok's discovery responses, Easthills then raises new arguments not included in the Motion and which the Court did not grant leave to raise. Those new arguments should be rejected and the Motion should be denied.

## ARGUMENT

**I. EASTHILLS' SUPPLEMENTAL BRIEFING FAILS TO MEET BASIC SUMMARY JUDGMENT STANDARDS.**

The Court should deny the Motion because Easthills' supplemental briefing fails "cit[e] to particular parts of materials in the record" that "cannot be . . . genuinely disputed." *Id.* at 56(c)(1)(A). A moving party's proffer of evidence may be defeated by a "showing that the materials cited do not establish the absence . . . of a genuine dispute." *Id.* at 56(c)(1)(B).

The supplemental brief argues that Kammok "recanted" its position that the Anymaka infringed its trade dress embodied in textured anchor points. *See* Defendant's Supplemental Brief at 3 (ECF No. 73). To prove this alleged fact, Easthills cites a declaration of its own counsel, Shawn Mangano, who states, "Kammok has admitted in the Supplemental [Discovery] Responses that Easthills does not infringe the 'textured anchor points' asserted trade dress element." Second Supplemental Declaration of Shawn A. Mangano at ¶ 9 (ECF No. 73-1) ("Mangano Decl."). But Kammok did not admit that at all.

Kammok's discovery responses merely acknowledged that the single physical specimen produced to Kammok during this litigation was different than what Easthills advertised online. *See* Plaintiff's Response to Defendant's Third Set of Written Discovery Requests at 6 (ECF No. 66-3). Kammok intends to conduct additional discovery on the design change. *Id.* Thus, Kammok did not concede that Easthills did not infringe Kammok's trade dress. Thus, under Rule 56(c)(1)(B), the Court should deny the Motion for Easthills' failure to cite evidence proving an undisputed material fact.

2

## II. THE COURT SHOULD ALLOW KAMMOK TIME TO CONDUCT DISCOVERY BY DENYING THE MOTION WITHOUT PREJUDICE.

For the reasons detailed in Kammok's prior briefing, the Court should deny the Motion. Alternatively, the Court should defer considering the Motion until Kammok has had an opportunity to depose Eric Lin and Chen Ming. The rules state that "[i]f a nonmovant shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [or] (2) allow time to . . . take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Kammok intends to depose Eric Lin, the founder of Easthills, and Chen Ming, the chief engineer of Easthills, Inc. Rule 56(d) Declaration of Dominic W. Shaw at ¶¶ 3–4. Kammok intends to ask both of these witnesses about the design of the anchor points, including why the design changed and whether any products were sold with the original textured anchor points. *Id.* at ¶ 6. If products were sold with textured anchor points, then a factfinder would be required to determine whether the anchor points used by Easthills infringe on Kammok's trade dress. Kammok has already begun the process of scheduling these depositions. *Id.* at ¶ 7. Thus, Kammok requests that the Court deny the Motion, or in the alternative, defer the Motion until after Kammok has had the opportunity to depose Lin and Ming.

## II. THE COURT SHOULD NOT CONSIDER NEW ARGUMENTS RAISED IN EASTHILLS' SUPPLEMENTAL BRIEFING.

Easthills exceeded the Court's order granting leave to file supplemental

briefing when it raised new arguments unrelated to the relief sought in the Motion. The Court granted Easthills a limited right to file supplemental briefing. Pursuant to the Court's order, the supplemental brief was to be "limited to Plaintiff's alleged 'post-reply admission'" Order Granting in Part Defendant's Unopposed Motion for Leave (ECF No. 67). Easthills did not receive leave to make new arguments unrelated to the question of whether the Anymaka infringes Kammok's trade dress rights.

Yet, Easthills spends the majority of its five-page brief making discovery and Rule 11 arguments. The Court should not consider these improperly raised arguments. However, even if the Court did consider these improperly raised arguments, both the discovery and the Rule 11 arguments are meritless. As for the discovery arguments, Mr. Mangano declares that "Kammok's responses to [] discovery requests have been riddled with deficiencies." Mangano Decl. at ¶ 8. Yet, he does not cite any examples of the so-called deficiencies, nor has Easthills ever filed a discovery motion to address any alleged deficiencies. Moreover, Easthills does not ask for any relief related to Kammok's discovery responses. Such "immaterial, impertinent, [and] scandalous" arguments should not be considered by the Court. *See* Fed. R. Civ. P. 12(f).

Easthills' Rule 11 arguments fail for the same reasons as its discovery arguments: the arguments are not factually supported and no relief is sought. Easthills spends more than half a page making arguments about what pre-filing investigation needs to occur prior to the filing of a trademark infringement or patent

4

infringement claim. *See* Defendant's Supplemental Brief at 4. Thus, this new Rule 11 argument does not even address the trade dress infringement cause of action that is the subject of the Motion.[1]

To support the assertion that Kammok's pre-filing investigation was somehow inadequate, Easthills relies only on the opinion of its own counsel about the viability of the claims against it. *See, e.g.*, Mangano Decl. at ¶ 7 (Easthills' own counsel arguing his opinion of the viability of Kammok's claims); *id.* at 10 (Easthills' own counsel opining that he does not believe the review of a specific piece of Easthills' marketing materials supports Kammok's claims). There is no survey of what steps Kammok took; there is only self-serving testimony from Easthills' own counsel insisting that his pre-filing investigation was superior to his opposing counsel's investigation. Such argument has no bearing on the merits of the Motion, it is prejudicial under Rule 403, and it should not be considered by the Court, particularly where it was raised for the first time in a supplemental brief. However, even if the Court did consider these new arguments, Easthills seeks no relief for Kammok's alleged failure to conduct a sufficient pre-filing investigation, and thus there is no relief for the Court to provide.

## **CONCLUSION**

Based on the foregoing, the Court should deny the Motion.

---

[1] Even if Easthills argued that Kammok failed to conduct sufficient pre-filing investigations for its trade dress claim, such an argument should not be considered by the Court because it would still be a new argument not raised in the Motion and not allowed by the Court's order.

DATED this 23rd day of August, 2024.

    BY:   /s/ Dominic W. Shaw

Reid Allred
Douglas Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelaw.com
doug@cambridgelaw.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** was served upon counsel for Easthills by ECF on this 23rd day of August 2024.

/s/ Dominic W. Shaw
Dominic W. Shaw
**Marshall Olson & Hull, P.C.**

## CERTIFICATION RE: USE OF ARTIFICIAL INTELLIGENCE (AI) FOR DRAFTING

The undersigned, counsel of record for Defendant Kammok Holdings, LLC, certifies that (a) no portion of the filing was drafted by AI, that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

/s/ Dominic W. Shaw
Dominic W. Shaw
**Marshall Olson & Hull, P.C.**