# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

### PLAINTIFF'S RESPONSES TO DEFENDANT'S THIRD SET OF WRITTEN DISCOVERY REQUESTS

Plaintiff Kammok Holdings LLC ("Kammok") respectfully submits the following responses and objections to the second set of interrogatories, the third set of requests for admission, and the second set of requests for production directed to Kammok by defendant Easthills, Inc. ("Easthills").  Kammok generally objects to all of the requests on the ground that they call for privileged information and documents protected by the work product doctrine and the attorney-client privilege.

### INTERROGATORIES

**Interrogatory no. 1:**  Explain your reasoning for filing the Complaint on September 13, 2023 but then not serving the Complaint on Easthills.

**Response:**  Plaintiff objects to this interrogatory on the ground that it calls for privileged information protected by the work product doctrine and the attorney-client privilege. By providing the answer below, which has been drafted without reference to work product or

attorney-client communications, plaintiff does not intend to waive any privilege. Subject to and without waiving its objections, plaintiff responds as follows:

Plaintiff did not file its complaint on September 13, 2021. It filed the complaint on September 14, 2023, for the reasons detailed in the pleading, namely to protect the intellectual property of plaintiff in light of defendants' wrongful conduct.

Plaintiff opted not to immediately serve its complaint on Easthills. To maintain its copyright claim, plaintiff either needed final registration of its copyright or it needed to serve a copy of the complaint on the Register of Copyrights after confirmation that its registration had been rejected.

Plaintiff's copyright application was ultimately rejected the same day that it filed the complaint, but plaintiff was not aware that the copyright application was rejected at the time of filing. After being notified that its copyright application was rejected, plaintiff opted to file a request for reconsideration in order to maintain its copyright infringement claim pursuant to a registered copyright, rather than having to serve its complaint on the Register of Copyrights. Having filed a proper request for reconsideration, which could and likely would be granted prior to any deadline to serve the complaint, and which would have permitted plaintiff to maintain its copyright infringement claim, plaintiff continued to delay service of process. However, Easthills filed its answer to the complaint prior to plaintiff receiving a response to its request for reconsideration.

**Supplemental Response:**  Kammok has filed three separate copyright applications for various aspects of the Swiftlet.  *See infra* Supplemental Response to Interrogatory No. 4.  The copyright application pending around the time that Kammok filed the complaint was copyright

2

application 1-2982408225.  Copyright application 1-2982408255 was denied the same day that Kammok filed its complaint.

**Interrogatory no. 2:**  Explain in detail what You meant in your September 29, 2023 correspondence to Kickstarter that "there is and was no requirement that our lawsuit must be *instituted* within 14 days. The only requirement Kickstarter provided was provided was that our lawsuit be *filed* within 14 days." Specifically, explain Your understanding of how "instituted" is different from "filed" in this instance and how it is relevant to the DMCA Takedown Notice.

**Response:**  Plaintiff objects to this interrogatory on the ground that it calls for privileged information protected by the work product doctrine and the attorney-client privilege. By providing the answer below, plaintiff does not intend to waive any privilege. Subject to and without waiving its objections, plaintiff responds as follows:

Plaintiff did not make the statement that Easthills has quoted in its second interrogatory. Instead, upon information and belief, the statement quoted by Easthills comes from a letter sent by Travis Banta to Kickstarter, PBC ("Kickstarter"). Plaintiff cannot explain what it meant because it did not make the statement.

Upon information and belief, Mr. Banta's statement was based on the following distinction:

Easthills created a project on www.kickstarter.com, wherein Easthills sought crowdfunding to manufacture and distribute the Anymaka, a hammock product that infringes on plaintiff's intellectual property rights. Plaintiff, through Banta, sent a DMCA take-down notice to Kickstarter, PBC ("Kickstarter"). In the take-down notice, plaintiff sought the suspension of Easthills' Anymaka project from www.kickstarter.com. After reviewing the DMCA take-down

3

request, Kickstarter chose to suspend the Anymaka project after reviewing the DMCA take-down request. After Kickstarter suspended the Anymaka project, on August 23, 2023, Kickstarter sent a letter to Banta, stating, "If you do not notify us within 10 business days that you have filed legal action relating to the allegedly infringing material, we may permit the [Anymaka] project to move forward."

On September 14, 2023, plaintiff filed suit against Easthills. Nevertheless, on September 28, 2023, Kickstarter sent a letter to Banta in which it indicated that it would reinstate the Anymaka project because Kammok had not "instituted" a lawsuit against Easthills. Because plaintiff had filed suit against Easthills regarding the infringing material, it appears that Kickstarter was using the term "instituted" in a different sense than it had formerly used the term "filed," with the former referring to engaging in substantive litigation (i.e., answering the complaint, discovery, motion practice) and the latter referring solely to filing the complaint. There is not a statutory requirement that the parties engage in substantive litigation for a DMCA service provider to keep infringing material off of its website.

**Supplemental Response:** Kammok states that Travis Banta was acting on its behalf when sending the September 29, 2023 correspondence referenced in Easthills' interrogatory no. 2. Kammok's understanding is the same as was previously described in the original response to interrogatory no. 2.

**Interrogatory no. 4:** For all the copyright applications identified in Interrogatory 3, please provide the following information:

a) The filing date;

b) Application number;

4

c) Current status, i.e., whether it has been granted or is still currently pending before the USCO, and if it has been denied whether a request for reconsideration has been filed, or if a request for reconsideration is anticipated to be filed (please include dates where applicable; and

d) The disposition.

**Response:** Copyright application 1-12937905451, Filed August 31, 2023 – Pending; Refused on September 1; 2023; Request for Reconsideration September 6, 2023; Registration refused January 17, 2024; Not yet determined and privileged.

Copyright Application 1-12942543961 – Expired.

Copyright Application 1-2982408225 – Expired.

**Supplemental Response:** Copyright application 1-12937905451 sought registration or a copyright of the non-functional aspects of the Swiftlet cradle. Kammok's right to seek further reconsideration for this application has expired.

Copyright application 1-12942543961 sought registration for a copyright of the non-functional aspects of the Swiftlet's anchor. Copyright application 1-12942543961 was filed August 31, 2023. Registration was refused on September 1, 2023.

Copyright Application 1-2982408225 sought registration for a copyright of the non-functional aspects of the Swiftlet cradle. It was originally filed September 12, 2023 and was refused registration on September 14, 2023.

**Interrogatory No. 5:** Describe in detail each aspect of what You are claiming as Your protectable trade dress rights for the Swiftlet as alleged in the Complaint, including all non-functional aspects of the "clamshell holder".

5

**Response:** Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous regarding the meaning of the phrase "all non-functional aspects of the 'clamshell holder.'" Subject to and without waiving its objections, plaintiff responds as follows:

All distinctive elements of the Swiftlet and carry bag which are associated with Kammok are protectable trade dress rights. Plaintiff is still investigating its claims but believes that the protectable trade dress includes the clamshell design of the cradle, which includes sculptural elements that are not utilitarian in nature, the color scheme used on the Swiftlet, and the Swiftlet carry bag. Plaintiff reserves the right to supplement this request as needed.

**Supplemental Response:** Kammok states that its trade dress claims are based on the black and gray design of its carry bag and the clamshell shape of what is referred to in Interrogatory No. 5 as the clamshell holder.

Kammok is still investigating its trade dress claim based on the textural or sculptural design of the Swiftlet's anchor points. In marketing materials for the Anymaka, including KAMMOK000160, it appeared that the Anymaka included textured anchor points. However, the physical specimen produced by Easthills does not include textured anchor points. Kammok intends to explore this apparent design change through further discovery.

## REQUESTS FOR ADMISSION

**Request for Admission No. 8:** Admit that Your application for a federal certificate of registration from the USCO for any alleged protectable original expression reflected in the Swiftlet that related to the allegations asserted in Paragraph 39 of the Complaint was denied.

**Response:** Deny.

6

**Supplemental Response:** Kammok admits that the application for a federal certificate of registration from the USCO related to the allegations asserted in Paragraph 39 of the Complaint was denied. Kammok denies that the above-referenced application was for "any protectable original expression reflected in the Swiftlet." Kammok denies any remaining allegations not specifically admitted.

**Request for Admission No. 13:** Admit that the Swiftlet clamshell hammock holder anchor point serves at least one functional purpose.

**Response:** Deny. Kammok objects to the language "clamshell hammock holder anchor point," which is vague and ambiguous.

**Supplemental Response:** Kammok denies that the clamshell shape and the sculptural design of the "clamshell hammock holder anchor point" serves any functional purpose. Kammok admits that the anchor point itself serves at least one functional purpose. Kammok denies any remaining allegations not specifically admitted.

**Request for Admission No. 20:** Admit that the term "anchor" is an element used in the claims of the '893 Patent.

**Response:** Plaintiff objects to this request on the basis that it is vague and ambiguous regarding the meaning of "the term 'anchor' is an element used in the claims of the '893 Patent." Plaintiff also objects to this request on the basis that it asks plaintiff to admit a legal conclusion—namely whether a term is an "element" of "claims." *See Cunningham v. Standard Fire Ins. Co.*, 2008 WL 2247860 *2 (D. Colo. 2008) ("[R]equests for admission relating to the truth of a legal conclusion are properly objectionable.").

7

On the basis of these objections, plaintiff admits that the word "anchor" is used in the claims section of the '893 Patent. However, plaintiff affirmatively states that any reference to an "anchor" in the '893 patent refers to either a first or second anchor. Pursuant to *Cunningham*, plaintiff expresses no opinion regarding the truth of the legal conclusion included in this request. Plaintiff denies all allegations contained in this request that are not specifically admitted.

**Supplemental Response:** Kammok has already substantively responded to the factual predicate of this request for admission.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Produce all applications for issuance of a federal copyright certificate of registration from the USCO for any alleged protectable original expression reflected in the Swiftlet.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** Kammok affirmatively states that it does not have copies of applications for issuance of federal copyright certificate of registration from the USCO. Kammok filled out the application forms online. As part of the online process, Kammok did not receive a copy of the electronically submitted application.

**Request for Production No. 2:** Produce all Communications with the USCO that Relate to the Swiftlet.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** KAMMOK000069 to 107.

**Request for Production No. 3:** Produce all Communications with Kickstarter that Relate to Defendant.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** KAMMOK0000018 to 28; KAMMOK000108 to 143.

**Request for Production No. 4:** Produce all Communications with Kickstarter that Relate to the Campaign.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** KAMMOK0000018 to 28; KAMMOK000108 to 143.

**Request for Production No. 5:** Produce all communications with any third-party that relate to Defendant.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** KAMMOK0000018 to 28; KAMMOK000108 to 143.

**Request for Production No. 6:**  Produce all Documents that Relate to Your claim for damages in this Action.

**Response:**  The nonprivileged, responsive documents in Kammok's possession are produced herewith.  Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:**  Kammok will provide additional documents that it finds.  Kammok also intends to rely on expert testimony to establish its damages.

**Request for Production No. 8:**  Produce all Documents that Relate to Your claim for damages for trade dress infringement in this Action.

**Response:**  The nonprivileged, responsive documents in Kammok's possession are produced herewith.  Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:**  Kammok will provide additional documents that it finds.  Kammok also intends to rely on expert testimony to establish its damages.

**Request for Production No. 9:**  Produce all federal copyright certificate of registration issued by the USCO that Relate to the Swiftlet anchor point sculptural designs.

**Response:**  The nonprivileged, responsive documents in Kammok's possession are produced herewith.  Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:**  None.

**Request for Production No. 10:**  Produce all federal copyright certificate of registration issued by the USCO that Relate to the Swiftlet clamshell hammock holder.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** None.

**Request for Production No. 13:** Produce all design and development Documents that Relate to the functionality of the Swiftlet anchor point sculptural designs.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** Kammok produces the additional documents related to the design and development of the anchor points: KAMMOK000161–193, 197–213, 268–271.

Kammok does not concede that every design document relates to the functionality of the anchor point.

**Request for Production No. 14:** Produce all design and development Documents that Relate to the functionality of the Swiftlet clamshell hammock holder.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** Kammok produces the additional documents related to the design and development of the clamshell hammock holder: KAMMOK000161–192, 194–196, 214–218, 272–278, 280.

Kammok does not concede that every design document relates to the functionality of the clamshell hammock holder.

**Request for Production No. 15:** Produce all Documents that Relate to Your allegation that "copyright registration was expected to be issued" for the Swiftlet as asserted in Paragraph 40 of the Complaint as of September 14, 2023.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** This allegation is based on privileged communications with counsel.

**Request for Production No. 16:** Produce all Documents that Relate to Your allegation that "copyright registration was expected to be issued" for the Swiftlet anchor point sculptural designs as asserted in Paragraph 40 of the Complaint as of September 14, 2023.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** This allegation is based on privileged communications with counsel.

**Request for Production No. 17:** Produce all Communications that Relate to Your allegation that "copyright registration was expected to be issued" for the Swiftlet clamshell hammock holder as asserted in Paragraph 40 of the Complaint as of September 14, 2023.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** This allegation is based on privileged communications with counsel.

**Request for Production No. 18:** Produce all communications that Relate to the DMCA Takedown Notice.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** KAMMOK0000018 to 28; KAMMOK000108 to 143.

**Request for Production No. 19:** Produce all Documents that Relate to Your decision to assert the copyright infringement claim for relief in this Action without having a federally issued certificate of registration to do so from the USCO.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** The decision to file suit was based on privileged communications with counsel.

**Request for Production No. 20:** Produce all Documents that Relate to any attempts to delay reinstatement of Defendant's Kickstarter Campaign pursuant to 17 U.S.C. § 512(g)(2)(c) of the DMCA.

**Response:** The nonprivileged, responsive documents in Kammok's possession are produced herewith. Please see the attached documents, including those bates stamped KAMMOK000001 to 143.

**Supplemental Response:** Kammok states that it has never attempted to "delay reinstatement of Defendant's Kickstarter Campaign." Kammok has only attempted to protect its intellectual property rights. Nevertheless, all documents related to Kammok's takedown request of Defendant's Kickstarter Campaign under the DMCA can be found at KAMMOK0000018 to 28; KAMMOK000108 to 14.

DATED this 7th day of June, 2024.

BY: /s/ Dominic W. Shaw
DOMINIC W. SHAW

14

Douglas N. Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*

15

## VERIFICATION PAGE

I, Greg McEvilly, the CEO of Kammok, declare under penalty of perjury that the foregoing responses to interrogatories and true to the best of my knowledge, information, and belief.

DATED this 7th day of June, 2024.

/s/ Greg McEvilly
Greg McEvilly
CEO
(signed with permission granted via email)