**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

      Plaintiff/Counter-Defendant,

v.

EASTHILLS, INC.; and DOES 1-10,

      Defendant/Counterclaimant.

---

**DEFENDANT EASTHILLS, INC.'S MOTION TO STRIKE AND/OR DENY
PLAINTIFF KAMMOK HOLDINGS, LLC'S REQUEST FOR LEAVE TO
CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P.  56(d)**

---

Defendant Easthills, Inc. ("Easthills"), by and through Bayramoglu Law Offices LLC, moves pursuant to Federal Rule of Civil Procedure 12(f) for an order striking and/or otherwise denying Plaintiff' Kammok Holdings, LLC'S ("Kammok") request to conduct discovery in response to the Easthills' Supplemental Memorandum [Dkt. No. 73] filed in support of its Motion for Partial Summary Judgment [Dkt. No. 56] pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). [Dkt. No. 77 at 3.]

## I.    INTRODUCTION

Easthills filed a Supplemental Memorandum [Dkt. No. 73] authorized by the Court in support of its Motion for Partial Summary Judgment (the "MSJ") [Dkt. No. 56] (the "Supplemental Memorandum") attacking the viability of Kammok's trade dress infringement claim and highlighting the company's failure to conduct a reasonable pre-filing investigation. Easthills was compelled to file its Supplemental

Memorandum because Kammok submitted supplemental written discovery responses (the "Supplemental Responses"), a month after the parties had fully briefed Easthills' MSJ, which admitted that the physical specimen of the Anymaka portable hammock stand ("Anymaka") Easthills provided to Kammok did not practice or embody the "textured anchor points" elements of the allegedly infringed trade dress asserted in this action. In its response [Dkt. No. 77, the "Response"], Kammok, for the first time, requested leave to conduct additional discovery pursuant to Rule 56(d).

Kammok's Rule 56(d) request, however, fails for several reasons. First, Kammok failed to submit an affidavit or declaration with its Response specifically setting forth the discovery it seeks to conduct, why such discovery could not have been conducted previously, and how the results of such discovery would raise a triable issue of material fact or facts compelling denial of Easthills' MSJ. *See Trask v. Franco,* 446 F.3d 1036, 1042 (10th Cir. 2006). Moreover, the information upon which Kammok's Rule 56(d) request is based was entirely within the company's custody and control, for which it has had ample opportunity to explore through discovery prior to Easthills filing its MSJ. *See Cornwell v. Electra Centra Credit Union,* 439 F.3d 1018, 1027 (9th Cir. 2006) (if the opposing party has had ample opportunity to conduct discovery or if the evidence is already within their custody or control, leave under Rule 56(d) should be denied). Accordingly, the Court should strike and/or deny Kammok's request and rule on Easthills' MSJ.

///

///

2

## II.    ARGUMENT

Kammok seeks leave to conduct additional discovery pursuant to Rule 56(d) in its Response to Easthills Supplemental Memorandum. [Dkt. No. 77 at 3.] Kammok's request is based on the admissions contained its own Supplemental Responses to written discovery in which the company admits that Easthills' Anymaka does not practice the asserted "textured anchor points" elements of the asserted trade dress asserted in this action. [Dkt. No. 77 at 3.] Rule 56(d), however, provides:

If a nonmovant shows by *affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1)    defer considering the motion or deny it;

(2)    allow time to obtain affidavits or declaration or to take discovery; or

(3)    issue any other appropriate order.

Fed.R.Civ.P. 56(d) (emphasis added).

Decisions interpreting Rule 56(d) have further delineated the particularized requirements required to be attested to obtain leave to conduct further discovery in the face of a pending motion for summary judgment. "To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017); *Valley Forge*

*Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

Kammok's Rule 56(d) request fails to comply with any of these requirements.

To begin with, while Kammok's Response purports to cite a supporting declaration of its counsel, Dominic Shaw, [Dkt. No. 77], no such declaration or affidavit exists in the Court record. This fact, alone, justifies denial of Kammok's Rule 56(d) request because it blatantly fails to comply with the statutory requirements necessary to grant leave to conduct additional discovery. *See* Fed.R.Civ.P. 56(d).

Secondly, even if such a declaration of affidavit were to exist, which it does not, there is absolutely no indication in the arguments presented to the Court that Kammok has taken any steps to provide the Court with the specific information required to authorize leave to conduct additional discovery under Rule 56(d). For instance, Kammok's Response fails to specifically identify the facts it would seek that are currently unavailable, what efforts it has previously taken to secure such information, and even how conducting such discovery would reveal a triable issue of material fact or facts that would compel denial of Easthills' MSJ. *See Cerveny*, 855 F.3d at 1110; *Valley Forge Ins. Co.*, 616 F.3d at 1096. Moreover, the Court is precluded from considering the unverified arguments contained in Kammok's Response as a basis for granting leave to conduct additional discovery under Rule 56(d). *See Cerveny*, 855 F.3d at 1110. Simply put, an "unverified assertion in a memorandum opposing summary judgment does not comply with Rule [56(d)] and results in a waiver." *Comm. for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.

4

DEFENDANT'S MOTION TO STRIIKE AND/OR                    CASE NO. 1: 23-cv-02405-SKC-MEH
DENY PLAINTIFF'S FRCP 56(d) REQUEST

1992). Accordingly, the Court should deny Kammok's Rule 56(d) request to conduct additional discovery in response to Easthills' Supplemental Memorandum.

Lastly, Kammok's Rule 56(d) request is purely a tactic to delay the Court from ruling on Easthills' MSJ. Even if it had submitted a declaration or affidavit in compliance with the requirements of Rule 56(d), Kammok's would still be unable to overcome the rudimentary issue that it is seeking discovery related to a dispositive issue, which it has admitted, that has been exclusively within its custody and control. *See Cornwell,* 439 F.3d at 1027 (if the opposing party has had ample opportunity to conduct discovery or if the evidence is already within their custody or control, leave under Rule 56(d) should be denied). Specifically, Kammok alleges that it needs additional time to take deposition testimony about "the design of the anchor points, including why the design changed and whether any products were sold with the original textured anchor points." [Dkt. No.  77 at 3.]  According to Kammok's Response, "Kammok's discovery responses[1] merely acknowledged that the single physical specimen produced to Kammok during this litigation was different than what Easthills advertised online." [Dkt. No.  77 at 2.] Kammok's Supplemental Responses, however, state that "[i]n marketing materials for the Anymaka, including KAMMOK000160, it appeared that the Anymaka included textured anchor points." [Dkt. No.66-3 at 6.] As such, Kammok admitted that it possessed "proof" of Easthills' purported trade dress infringement, which it had the opportunity to present in its Opposition to Easthills' MSJ [Dkt. No. 59] and that it could have explored through

---

[1] Kammok is referring to what Easthills has identified as the "Supplemental Responses" herein.

DEFENDANT'S MOTION TO STRIIKE AND/OR          CASE NO. 1: 23-cv-02405-SKC-MEH
DENY PLAINTIFF'S FRCP 56(d) REQUEST

discovery prior to filing its Response. Kammok cannot now use a last-minute cry for

the need to conduct additional discovery to overcome its lack of diligence to do so to

overcome the admissions contained in its Supplemental Responses to Easthills'

written discovery on an issue that it has been fully aware of and the shortcomings for

which have exclusively been under its custody and control.

In sum, Kammok's Rule 56(d) request to conduct additional discovery is

procedurally and substantively fatally flawed. Kammok has provided the Court with

absolutely no sworn testimony – through declaration, affidavit, or otherwise – upon

which the requested relief could be procedurally justified. Moreover, the substance of

Kammok's Rule 56(d) request is likewise fatally flawed because it is seeking leave to

conduct discovery on an issue that its own admissions have created, based on facts

entirely within the company's own custody and control, and for which it has taken

absolutely no prior steps to investigate before facing summary judgment through

Easthills' MSJ. Accordingly, Kammok's request to for leave to conduct discovery set

forth, for the first time, in its Response, should be denied and/or stricken by the Court.

///

///

///

6

III.    **CONCLUSION**

For the foregoing reasons, the Court should strike and/or deny Kammok's request for leave to conduct additional discovery pursuant to Rule 56(d) as set forth in its Response [Dkt. No. 77 at 3] in response to Easthills' Supplemental Memorandum [Dkt. No. 73], together with granting such other relief as deemed just and proper.

DATED: September 19, 2024                Respectfully submitted,

                                         */s/ Shawn A. Mangano*
                                         SHAWN A. MANGANO, ESQ.
                                         (Nevada Bar No. 6730)
                                         shawnmangano@bayramoglu-legal.com
                                         **BAYRAMOGLU LAW OFFICES LLC**
                                         1540 West Warm Springs Road Suite 100
                                         Henderson Nevada 89014
                                         Telephone:  702.462.5973
                                         Facsimile:   702.553.3404

**CERTIFICATE OF SERVICE**

I, hereby certify that on September 19, 2024, I served the foregoing document

on Kammok's counsel through the Court's ECF system:

Reid J. Allred
Douglas N. Marsh
Cambridge Law, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson
Anikka Hoidal
Marshall Olson & Hull, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
eolson@mohtrial.com
ahoidal@mohtrial.com

By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Bayramoglu Law Offices LLC

**Certification Re: Use of Artificial Intelligence (AI) for Drafting**

The undersigned, counsel of record for Defendant Easthills, Inc., certifies that

(a) no portion of the filing was drafted by AI, or that (b) any language drafted by AI

(even if later edited by a human being) was personally reviewed by the filer or another

human being for accuracy using print reporters or traditional legal databases and

attests that the legal citations are to actual existing cases or cited authority.

By: */s/ Shawn A. Mangano*
Shawn A. Mangano

8