# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendants.

## DECLARATION OF SHAWN A. MANGANO IN SUPPORT OF DEFENDANT EASTHILLS, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

I, Shawn A. Mangano, of the City of Henderson, in the State of Nevada, declare as follows:

1. I am an attorney at law, duly admitted to practice before, among other courts, all federal and state courts within the State of Nevada, State of California, and the United States District Court for the District of Colorado.

2. I am lead counsel for Defendant EASTHILLS, INC. ("Easthills") in this action. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify thereto.

3. This declaration is submitted in support of Defendant Easthills' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (the "Motion"), which requests sanctions against Plaintiff Kammok Holdings, LLC's ("Kammok") for filing an infringement claim for U.S. Patent No. 11,330,893 (the "'893 Patent") without performing a reasonable pre-filing investigation.

4. Easthills has maintained from the outset of this litigation that Kammok initiated this action, without having conducted a reasonable factual investigation, and for the sole purpose of attempting to improperly extend a takedown request initiated under the Digital Millennium Copyright Act (the "DMCA") against the company's crowdfunding campaign for its Anymaka portable hammock stand (the "Anymaka") on the Kickstarter, PBC ("Kickstarter") online platform.

5. Even before Kammok initiated this action, Easthills advised Kammok and its counsel, that it lacked a legal and factual basis to maintain its copyright infringement claim and that its trade dress and patent infringement claims lacked viability because Easthills' Anymaka did not infringe Kammok's Swiftlet portable hammock stand (the "Swiftlet").

6. On July 13, 2023, Travis Banta, on behalf of Kammok, sent a letter (the "July 13, 2023 Letter) to Easthills alleging the Anymaka infringes on the '893 Patent. With the July 13, 2023 Letter, Mr. Banta included a claim chart (the "Claim Chart"). A true and correct copy of the July 13, 2023 Letter and the Claim Chart is attached hereto as Composite **Exhibit "A"**. The Claim Chart recites claim 1 of the '893 Patent in different colored text accompanied with marketing images of the Anymaka with color-coordinated arrows roughly pointing to different areas of the hammock stand. These images provide absolutely no clarity as to what claim element or what physical aspect of the Anymaka is asserted to be practicing in violation of the rights claimed under the '893 Patent or the company's alleged unregistered, common law trade dress rights. Moreover, these images do not provide any meaningful clarity as to the Anymaka's technical design. In sum, Kammok's counsel's pre-filing infringement analysis of the Anymaka in view of the recited claims in the '893 Patent consisted of either an unreasonable reliance on: (1) Easthills' non-technical marketing images; or (2) his client's conclusory infringement representations.

7. On July 20, 2023, Easthills' counsel responded to the July 13, 2023 Letter to address Kammok's blatantly outrageous patent infringement accusations ("Easthills' Response"). A true and correct copy of Easthills' Response is attached hereto as **Exhibit "B"**. In Easthills' Response, its counsel specifically pointed out a fatal flaw in Kammok's Claim Chart regarding the "footprint adjustment bar" element recited in the '893 Patent and stressed that counsel needed to perform a more a meaningful infringement analysis comparing the Anymaka to the recited claims of the '893 Patent.

8. Nevertheless, and without a reasonable pre-filing investigation, Kammok filed this lawsuit on September 14, 2023, asserting the following claims for relief: (1) copyright infringement; (2) infringement of the '893 Patent; and (3) trade dress infringement. [Dkt. No. 1.] For almost eight months, Kammok did not attempt to physically inspect or secure production of a physical Anymaka specimen until it served its Third Set of Written Discovery Requests on April 26, 2024. Kammok also did not request any technical specifications for the Anymaka until formal discovery commenced in this action.

9. Then, on June 7, 2024, Kammok served supplemental written discovery responses ("Supplemental Responses") that admit "the [Anymaka] physical specimen produced by Easthills does not include any textured anchor points." A true and correct copy of Kammok's Supplemental Responses is attached hereto as **Exhibit "C"**. The Supplemental Responses were only provided after Easthills had advised Kammok of the numerous deficiencies contained in its original written discovery responses. First, Kammok's Supplemental Responses Kammok admitted that the Anymaka does not practice all asserted elements in its trade dress infringement claim. Second, Kammok's Supplemental Responses admitted to filing and then maintaining its claims for relief in this action, including its patent infringement claims, without having physically inspected the Anymaka. Once Kammok finally examined the

Anymaka, the company was forced to concede that the physical specimen produced to it through discovery does not infringe one element of its alleged unregistered trade dress rights Easthills is claimed to be infringing. Moreover, Kammok's Supplemental Responses admit that it did not perform a pre-filing investigation of a physical specimen of the Anymaka for its asserted claims in this action.

10. In this regard, Kammok made no attempt to secure a physical specimen of the Anymaka until some until almost nine months after submitting its takedown request under the DMCA, almost eight months after initiating this lawsuit, and despite repeated efforts by Easthills' counsel to advise the company that its asserted claims for relief were unviable.

11. Easthills intends to seek leave to file a motion for partial summary judgment directed to Kammok's patent infringement claim the basis that, at least, it failed to perform a physical pre-filing investigation of the accused Anymaka product and, had it done so, the company would have clearly determined it did not infringe at least one independent claim element of the asserted patent – even if its proposed construction of the claim elements were adopted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 28, 2024

By: */s/ Shawn Mangano*
Shawn Mangano