# EXHIBIT B



# Bayramoglu Law Offices LLC

**Attorneys-at-Law**

*Las Vegas Office*
*Las Vegas Office*
*1540 W. Warm Spring Rd Suite 100*
*Henderson, NV 89014*
*Email:in@Bayramoglu-Legal.com*
*Telephone: (702) 462-5973*
*Telecopier: (702) 446-9401*

July 20, 2023

Travis Banta
Loyal Intellectual Property Law
2350 E. Arbor Lane, P.O. Box 17395 Holladay, Utah 84117 U.S.A.
Telephone: 801-706-5636
travis@loyaliplaw.com

Sent Via E-mail.
Re: Alleged Infringement of U.S. Patent No. 11,330,893 ('893 Patent) – Easthills Inc.'s Portable Hammock Stand

Dear Mr Banta:

My name is Gokalp Bayramoglu. I am an attorney with the Bayramoglu Law Offices LLC. My firm represents Easthills Inc. (Easthills), in this case.

I am in receipt of the letter you sent to Easthills on July 13, 2023. In that letter you asserted that Easthills' Portable Hammock Stand infringes upon '893 Patent. You attached a claim chart, listing claim 1 of '893 Patent. I reviewed your letter and the claim chart you shared with Easthills. The product is different from '893 Patent claims and the product does not infringe upon any claim of '893 Patent.

The structure of '893 Patent is to adapt various usage requirements in different physical space and conditions. The purpose is achieved by changing the footprint adjustment bar to adjust the covering area (dimensions between the frame's contacts on the ground). While the purpose of the accused product is to achieve rapid folding and unfolding of the frame and save storage space. The pedestal of the product is used in as the center, with two supporting arms and four supporting feet are respectively connected to the pedestal. In an unfolded state, the two supporting arms are unfolded up to fix the hammock, and four supporting feet unfold down to the ground to support the whole system. In a folded state, the supporting arms and the supporting feet are gathered roughly in parallel to save storage space in idle state. In contrast, the structure as defined and claimed in '893 Patent solves the problem of "The broad



range of users and use contexts for suspension seats presents significant opportunities for improvement in the design of suspension seat frames, both in terms of accommodating hetero-geneous users and in terms of adjusting the frames' footprints within a physical space." *See column 1 lines 30-35 of '893 Patent*. '893 Patent provides solution to this problem by describing and claiming "an adjustable-footprint suspension seat frame includes three or more feet, a first cantilever arm with a first anchor for a suspension seat, a second cantilever arm with a second anchor for the suspension seat and a first footprint adjustment bar connecting the first cantilever arm to the second cantilever arm." *See column 1 lines 41-46 of '893 Patent*.

Among other limitations, claim 1 of '893 Patent has the following limitation: "a first footprint adjustment bar connecting the first canti-lever arm to the second cantilever arm." *See '893 Patent column 12 lines 43-44*. The accused product does not have a first footprint adjustment bar as documented in Claim 1 of '893 Patent. The first footprint adjustment bar of claim 1 is actually used to adjust the dimensions between the feet, while the product doesn't have the parts that achieve the corresponding function. In the claim chart you shared with Easthills, you marked Easthills' product's pedestal as being the same as to claim 1's limitation of "footprint adjustment bar." The pedestal in the accused product does not provide adjustment. The footprint of the product is fixed rather than adjustable.

My analysis of the Patent against the accused product shows that there is no infringement either direct or under the doctrine of equivalence. There is no direct infringement because the product is missing "footprint adjustment bar" as described above. There is no infringement under doctrine of equivalence because there is no element in the accused product that corresponds to footprint adjustment bar. In your analysis you indicated that pedestal of the accused product is equivalent to the footprint adjustment bar of the Patent. While we disagree, assuming that hypothesis, the functionality, the result and the way the result is achieved by the pedestal of the accused product are very different than the footprint adjustment bar of the Patent. As a result function-way-result test fails. If you go back and redo your analysis, you will notice that the product does not have the limitation of "footprint adjustment bar" or its equivalent as described in the Patent.

In your letter you have threatened Easthills with a Federal lawsuit. I urge you to go back and check Easthills' product again against '893 patent claim 1. Asserting infringement is a serious matter and requires Plaintiff and Plaintiff's attorneys to do a detailed infringement analysis. To assert an infringement you have to show that all claim limitations or equivalents are incorporated by the accused product. Initiating a lawsuit at Federal District Court without proper analysis makes the case an exceptional case. I urge you not to consider any lawsuit as there is no infringement in this case. I also urge Kammok refrain from making any alleged infringement statements to any third party especially Kickstarter that would negatively interfere with Easthills' business. Any actions taken by Kammok in that regard will be dealt with accordingly under the law.



3

We hope this clears the issue. If you have any question about this matter, you can contact me directly at 702-462-5973. Unless I hear back from you I consider this matter closed.

Best regards

Gokalp Bayramoglu, Ph.D.
Attorney-at-Law
Admission: California, Nevada, USPTO
Bayramoglu Law Offices LLC

Enclosure: Claim Chart

*CC: Kickstarter PBC – Mr. Yancey Strickler*