IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND/OR DENY PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)

Plaintiff Kammok Holdings, LLC ("Kammok") hereby opposes the September 19, 2024 motion to strike and/or deny Kammok's request for leave to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 85) (the "Motion") filed by defendant Easthills, Inc. ("Easthills").

### INTRODUCTION

Easthills's Motion is premised on the absence of a declaration supporting Kammok's request to conduct further discovery. But there is a supporting declaration—the Dominic Shaw Declaration, which was referenced multiple times throughout the Rule 56(d) request. This Declaration was intended to be filed with the request for leave, but was inadvertently omitted. Once the omission was brought to Kammok's attention (through Easthills's Motion, which was its first mention of the

issue), Kammok corrected the omission by filing the declaration. *See* ECF No. 87 (the "Errata"). This leaves the Motion with no basis.

Indeed, the Court should deny the Motion for several reasons. First, Easthills failed to confer with Kammok before filing the Motion, violating both the local rules of the District of Colorado, *see* D. Colo. Civ. R. 7.1(d), and this Court's order about failures to confer, *see* ECF No. 55. Had Easthills complied with the conferral requirement, Kammok would have corrected the omission without the need for motion practice.

Second, Kammok complied with Rule 56(d) by identifying the specific discovery it seeks—not only in the Rule 56(d) request itself, but also in the accompanying Dominic Shaw declaration, as cited throughout Kammok's request. The needed discovery is no mystery. Easthills knows well what Kammok needs based on what is detailed in the Rule 56(d) request. What's more, the parties are actively working toward conducting that additional needed discovery.

Third, Kammok's discovery request is not an effort to delay ruling on Easthills's pending motion for summary judgment (ECF No. 56). Kammok is making a genuine effort to seek discovery to ensure that this case is decided on its merits.

For each of these reasons, the Court should deny the Motion.

# ARGUMENT

## I. EASTHILLS FAILED TO CONFER WITH KAMMOK BEFORE FILING THE MOTION.

The Court should deny or strike the Motion because Easthills made no effort at all to meet and confer with Kammok before filing it. Local Rule 7.1(a) requires that "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel . . . to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." D.C.COLO. LCivR. 7.1(a). To meet the Rule 7.1(a) requirement, "'the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement.'" *Ordonez v. Marriot Intl.*, No. 20-cv-00541-REB-KLM, 2020 WL 9432907, *2 (quoting *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635–36 (D. Colo. 2003)). "A violation of Local Rule 7.1(a) is an independent basis for denial of a motion." *Id.* (quoting *Aguilera v. City of Colorado Springs*, No. 18-cv-02125-KMT, 2019 WL 3302168, at *9 (D. Colo. July 23, 2019)). This Court cited these requirements in ruling that "[a]ny future failure to confer, by either party, or a failure to explain in detail to the Court what the conferral efforts were, may result in the filing being stricken." ECF No. 55.

Here, Easthills failed to confer with Kammok by correspondence, phone, or face-to-face meeting before filing the Motion. Indeed, the Motion is devoid of any explanation or certification of conferral efforts.

Had any such conferral taken place, the basis of the Motion could have been easily corrected before the Motion's filing. Kammok's counsel made an inadvertent mistake in failing to attach the Declaration of Dominic Shaw to Kammok's response to Easthills's supplemental briefing in support of its motion for partial summary judgment (the "Response") (ECF No. 77). Based on the extensive references to the Shaw Declaration throughout the Response, it would be obvious to anyone reading the Response that there was in fact a Shaw Declaration, and that it was inadvertently omitted from Kammok's filing. *See* Response at 3 (citing Shaw Decl. ¶¶ 3–4, 6, 7). The issue was remedied immediately after it was brought to Kammok's attention. *See* Errata, ECF No. 87. Had Easthills conferred with Kammok before filing the Motion, Kammok would have realized the inadvertent mistake and remedied it *before* the Motion was filed, rather than waste the resources of the Court.

Based on Easthills's noncompliance with local rules and the Court's order, the Court should deny or strike the Motion.

## II. KAMMOK COMPLIED WITH RULE 56(d) BY IDENTIFYING THE SPECIFIC DISCOVERY SOUGHT.

The Court should also deny the Motion because in both the Response and the supporting Declaration, Kammok properly identified in the Response the specific discovery that it requires in order to respond to the summary judgment motion.

4

Rule 56(d) allows a nonmoving party to show "by affidavit or declaration that . . . it cannot present facts essential to justify its opposition," in which case a court may "(1) defer considering the motion or deny it; (2) allow time to . . . take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  "In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify" in the affidavit "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."  *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021) (quoting *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015)).

Contrary to Easthills's assertions, Kammok has met the requirements of Rule 56(d) and the caselaw interpreting the Rule.  Although Kammok inadvertently omitted the Shaw Declaration when filing the Response, the substance of the Shaw Declaration is contained in the Response, and that content meets Rule 56(d)'s requirements.  The Response indicates that "Kammok intends to depose Eric Lin, the founder of Easthills, and Chen Ming, the chief engineer of Easthills, Inc."  Response at 3; *see also* Shaw Decl. ¶ 3 ("As Kammok's counsel, I (or someone from my office) intend to depose Eric Lin and Chen Ming.") (ECF No. 87-1).  The Response explains further that "Kammok intends to ask both of these witnesses about the design of the anchor points, including why the design changed and whether any products were sold with the original textured anchor points."  Response at 3; *see also* Shaw Decl. ¶ 6

5

("Kammok intends to ask both of these witnesses about the design of the anchor points on the Anymaka, including why the design apparently changed from the time Easthills first began marketing the Anymaka to the time it sent a physical specimen to Kammok's counsel and to ask whether any of the Anymakas that were sold included textured anchor points, as originally advertise by Easthills."). Further, the Response indicates that "Kammok has already begun the process of scheduling these depositions." Response at 3; *see also* Shaw Decl. ¶ 7 ("Kammok has already begun the process of scheduling the depositions of Lin and Ming."). Kammok has identified the probable facts not available—i.e., the change in design of the anchor points and sale of any products with the original textured anchor points. Kammok has taken steps to obtain these facts by beginning the process of scheduling the depositions of Lin and Ming.[1] And additional time is necessary to obtain the facts about the change in design of the anchor points and sale of any products with the original textured anchor points. Kammok has already engaged in the process of scheduling the depositions, which has been complicated Lin and Ming's location in a time zone 14 hours ahead of the Mountain Time Zone.

Kammok's assertions were verified by reference to the Shaw Declaration. Those assertions were made plain in the Rule 56(d) request itself, and made even

---

[1] Lin and Ming are located in China. There is an approximate 14-hour time difference between the location of Kammok's counsel and where Lin and Ming are located, complicating the scheduling of deposition times. Regardless, counsel for the parties are meeting and conferring at the present time to schedule the depositions.

6

clearer in the Shaw Declaration upon its filing. Rule 56(d) has been met, and the Motion should be denied for that reason as well.

### III. EASTHILLS HAS FAILED TO SHOW HOW KAMMOK'S RULE 56(d) REQUEST IMPROPERLY DELAYS A RULING ON EASTHILLS'S MOTION FOR SUMMARY JUDGMENT.

Easthills's failure to comply with the conferral requirements and the manifest basis for the Rule 56(d) request are independent reasons on which the Court can and should deny the Motion. There remains a third: Fact discovery is still open, and Kammok is actively conducting discovery on facts directly relevant to Easthills's summary judgment motion. Easthills thus fails to show how Kammok's request for additional discovery under Rule 56(d) is a tactic to delay a ruling from the Court on Easthills's summary judgment motion (ECF No. 56).

In or around May 2024, Easthills produced a physical specimen of the Anymaka in response to Kammok's discovery requests in this action. An examination of this specimen showed that it was different than what Easthills advertised online. This was the first indication that the physical specimen was different than the one depicted in Easthills's advertising materials.  As stated in the Response, "Kammok intends to ask both of these witnesses about the design of the anchor points, including why the design changed and whether any products were sold with the original textured anchor points." Response at 3 (emphasis added); *see also* Shaw Decl. ¶ 6 ("Kammok intends to ask both of these witnesses about the design of the anchor points on the Anymaka, including why the design apparently changed from the time

7

Easthills first began marketing the Anymaka to the time it sent a physical specimen to Kammok's counsel and to ask whether any of the Anymakas that were sold included textured anchor points, as originally advertise by Easthills.") (emphasis added).

Kammok has not engaged in any delay tactics. Rather, Kammok is using the available rules of civil procedure and the still-open fact discovery period to request additional discovery based on its discovery of a difference between the physical specimen of the Anymaka and the Anymaka as depicted in Easthills's advertising materials.

Moreover, Easthills's sole authority on this issue is distinguishable. Easthills cites *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018 (9th Cir. 2006) for the proposition that leave to conduct additional discovery under Rule 56(d) should be denied when a party has had ample opportunity to conduct discovery or has the evidence it seeks in its control. Motion at 5. In *Cromwell*, the plaintiff sought deposition testimony after fact discovery was completed. 439 F.3d at 1026. Here, by contrast, fact discovery is ongoing and deposition scheduling is underway. *See* ECF No. 76 (granting Kammok's unopposed motion to extend fact discovery to October 29, 2024). In addition, the court in *Cromwell* held that "[a]ttempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand." *Id.* at 1027. There is no such failure here. As described above, Kammok did not have the physical specimen prompting its request for additional

8

discovery until in or around May 2024, during fact discovery. It now seeks additional discovery directly related to questions raised upon inspection of the specimen, and does so during the time allotted for fact discovery.

Timely, relevant discovery is the antithesis of delay. Accordingly, the Court should deny the Motion.

## CONCLUSION

Based on the foregoing, the Court should deny or strike the Motion.

DATED this 10th day of October, 2024.

> BY:   /s/ Erik A. Olson
>
> Reid Allred
> Douglas Marsh
> CAMBRIDGE LAW, LLC
> 4610 South Ulster Street, Suite 150
> Denver, Colorado 80237
> 303.488.3338
> reid@cambridgelaw.com
> doug@cambridgelaw.com
>
> Erik A. Olson
> eolson@mohtrial.com
> Anikka T. Hoidal
> ahoidal@mohtrial.com
> MARSHALL OLSON & HULL, P.C.
> Newhouse Building
> Ten Exchange Place, Suite 350
> Salt Lake City, Utah 84111
> 801.456.7655
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND/OR DENY PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)** was served upon counsel for Easthills by ECF on this 10th day of October 2024.

/s/ Anikka T. Hoidal
Anikka T. Hoidal
**Marshall Olson & Hull, P.C.**

## CERTIFICATION RE: USE OF ARTIFICIAL INTELLIGENCE (AI) FOR DRAFTING

The undersigned, counsel of record for Defendant Kammok Holdings, LLC, certifies that (a) no portion of the filing was drafted by AI, that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

/s/ Anikka T. Hoidal
Anikka T. Hoidal
**Marshall Olson & Hull, P.C.**