IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## DECLARATION OF TRAVIS BANTA

I, Travis Banta, hereby declare under penalty of perjury as follows:

1. I am an adult over the age of 21 years old and am competent to testify. I make this declaration from my own personal knowledge and the statements herein are true to the best of my knowledge, information, and belief. I would testify in accordance with this declaration if called on to do so.

2. I am not litigation counsel for plaintiff Kammok Holdings, LLC ("Kammok"), but I have performed various legal services for Kammok, including interpreting U.S. Patent 11,330,893 ("the '893 patent") and reading the '893 patent limitations onto the Anymaka.

3. I am a member of the of United States Patent and Trademark Office Patent Bar and have been since June of 2007. I worked as a Patent Examiner

interpreting claims from September 2006 to December 2007. I then worked as a Patent Agent from January 2008 to March 2011 at a large firm in Washington D.C. drafting patents, interpreting patents, advising firm partners on prospective infringement positions, doing patent searches, and responding to United States Patent and Trademark Office patent Office Actions. Since 2011, I have practiced patent law as an attorney by drafting patents, interpreting patents, advising clients on patent-related legal issues, and performing other such patent-related legal services.

4. I drafted and prosecuted the '893 patent at the United States Patent Office to allowance of the '893 patent.

5. In July and August 2023, I frequently reviewed the '893 patent to interpret its claims. To interpret its claims, I read the claim limitations, reviewed all figures contained in the patent, and referred to extrinsic evidence when necessary.

6. The '893 patent claim limitations largely focus on the mechanical function of the various pieces of the patented device.

7. In or about July 2023, I became aware of the Anymaka Portable Hammock Stand ("Anymaka").

8. In July 2023, I began investigating whether the Anymaka infringed on the '893 Patent. At that time, the Anymaka was advertised on Kickstarter. In my experience, Kickstarter is an online platform that allows a would-be consumer to

2

pledge money toward a product that has not yet been released. When the product is released, the pledgors receive the first products that are manufactured. It is essentially a system of pre-ordering products.

9. In early July 2023, I explored the Kickstarter page for the Anymaka, and I did not find any evidence that the Anymaka was generally commercially available.

10. Thus, to analyze the Anymaka, I was forced to rely exclusively on the advertising materials included on the Kickstarter website and Easthills' Anymaka website (www.anymaka.com).

11. In early July 2023, the Kickstarter website contained many photos, videos, and gifs that showed different angles of the Anymaka. Several gifs and videos showed the mechanical functions of the Anymaka.

12. The Kickstarter website and the Anymaka website contained sufficient photos, videos, and gifs that I was able to ascertain how the Anymaka functioned.

13. Based on my review of photos, videos, and gifs, I created a claim chart, which allowed me to visually read each of the relevant claim limitations on to the Anymaka. The claim chart I created was based on my own analysis and not on any representations made by any employee of Kammok.

14. On July 13, 2023, I sent a letter describing my theory of patent infringement to the CEO and registered agent of Easthills, Inc. The letter included a copy of both the '893 patent and the claim chart. A true and correct copy of the

letter, with the claim chart and patent attached is included as Ex. 3 to Kammok's opposition to Easthills' motion for sanctions.

15. On July 20, 2023, I received a response from counsel for Easthills that disagreed with my analysis, and argued that the Anymaka did not infringe the '893 patent because, in counsel's view, the Anymaka does not include a "footprint adjustment bar," as required by the '893 patent. The basis for this opinion appears to be that the Anymaka sits on a "pedestal." A copy of counsel's response is included as Ex. B to Easthill's motion for sanctions (ECF No. 86).

16. I disagreed with counsel's analysis.

17. I have now inspected a physical specimen of the Anymaka, and it is consistent with the claim chart.

18. In providing this declaration in opposition to defendant's motion for sanctions, I do not intend to waive the work product doctrine, the attorney-client privilege, or any other applicable privilege.

DATED this 10th day of October, 2024, in Salt Lake County, Utah.

BY: /s/ Travis Banta
TRAVIS BANTA