UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-SKC-TPO

KAMMOK HOLDINGS, LLC,

    Plaintiff/Counter-Defendant,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendant/Counterclaimant.

## DEFENDANT EASTHILLS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DENY PLAINTIFF KAMMOK HOLDINGS, LLC'S REQUEST FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)

Defendant Easthills, Inc. ("Easthills"), by and through its counsel Bayramoglu Law Offices LLC, submits its Reply in Support of Motion to Strike and/or Deny Plaintiff Kammok Holding, LLC's Request for Leave to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(d) for an order striking and/or otherwise denying Plaintiff Kammok Holdings, LLC'S ("Kammok") request to conduct further discovery in response to Easthills' Supplemental Memorandum [Dkt. No. 73] filed in support of its Motion for Partial Summary Judgment (the "MSJ") [Dkt. No. 56] pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). [Dkt. No. 77 at 3.]

### I.    INTRODUCTION

Authorized by this Court, Easthills filed a Supplemental Memorandum [Dkt. No. 73] in support of its Motion for Partial Summary Judgment [Dkt. No. 56] (the "Supplemental Memorandum") attacking the viability of Kammok's trade dress

infringement claim. The Supplemental Memorandum was necessary because Kammok submitted supplemental written discovery responses (the "Supplemental Responses"), a month after briefing had closed for Easthills' MSJ, which admitted that the physical specimen of the Anymaka portable hammock stand (the "Anymaka") Easthills provided to Kammok did not possess the "textured anchor points" element of the allegedly infringed trade dress asserted in this action. In its response [Dkt. No. 77, the "Response"], Kammok, for the first time, requested leave to conduct additional discovery pursuant to Rule 56(d).

Kammok's Response, however, failed to include an affidavit or declaration specifically setting forth the discovery it seeks to conduct, why such discovery could not have been conducted previously, and how the results of such discovery would raise a triable issue of material fact as required by law. *See Dkt. No. 77; and see Trask v. Franco,* 446 F.3d 1036, 1042 (10th Cir. 2006). Kammok has subsequently filed a Notice of Errata [Dkt. No. 87] asserting that Kammok's counsel inadvertently omitted filing the Declaration of Dominic Shaw [Dkt. No. 87-1] (the "Declaration"). In its Opposition [Dkt. No. 91] to Easthills' Motion to Strike and/or Deny Plaintiff Kammok Holding, LLC's Request for Leave to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(d) (the "Motion") [Dkt. No. 85], Kammok argues that the subsequent filing of the Declaration now renders Easthills' Motion baseless. However, contrary to Easthills' belief, the Declaration does not save the day. While the late filing of the Declaration may satisfy the literal "affidavit or declaration" requirement of Rule 56(d), it does not meet the particularized requirements required to be attested to obtain leave to

2

REPLY IN SUPPORT OF
MOTION TO STRIKE

CASE NO. 1: 23-cv-02405-SKC-TPO

conduct further discovery in the face of a pending motion for summary judgment. Accordingly, the Court should strike and/or deny Kammok's request and rule on Easthills' MSJ.

## II. ARGUMENT

### a. No Conferral Requirement

Kammok argues that the Court should deny or strike Easthills' Motion because Easthills failed to satisfy its duty to confer with Kammok in accordance with D.C.COLO.LCivR 7.1(a) before filing the Motion. However, D.C.COLO.LCivR 7.1(b) provides several exceptions to the duty to confer, including a motion brought under Fed. R. Civ. P. 12. *See* D.C.COLO.LCivR 7.1(b)(2). Easthills' Motion [Dkt. No. 85] was brought under Fed. R. Civ. P. 12(f) and was therefore excepted from the duty to confer. Easthills had no duty to confer with Kammok before filing its Motion, and as such, Easthills did not violate the Court's local rules. Accordingly, Easthills' decision not to confer before filing does not constitute an independent basis for denial of Eashills' Motion.

Further, Kammok claims that had a conferral taken place, the inadvertently omitted Declaration would have been remedied and the basis of Easthills' Motion would have been corrected. Contrary to Kammok's belief, as pointed out in Easthills' Motion that even if the Declaration had been originally included "there is absolutely no indication in the arguments presented [in the Response] to the Court that Kammok has taken any steps to provide the Court with the specific information required to authorize leave to conduct additional discovery under Rule 56(d)." *See*

Dkt. No. 85 at pg. 4. Now that the Declaration has made it into the Court's file, it is even more abundantly clear, as further explained below, that Kammok has not satisfied the requirements necessary to seek relief under Fed. R. Civ. P. 56(d). For these reasons, the Court should not deny the Motion.

### b. Kammok Has Not Met all the Requirements of Rule 56(d)

Kammok seeks leave to conduct additional discovery pursuant to Rule 56(d) in its Response to Easthills Supplemental Memorandum. [Dkt. No. 77 at 3.] Courts have interpreted Rule 56(d) to require that "[t]o obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017); *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). Kammok's Rule 56(d) request neglects to comply with any of these requirements. For instance, Kammok's Response fails to specifically identify the facts it would seek that are currently unavailable, what efforts it has previously taken to secure such information, and even how conducting such discovery would reveal a triable issue of material fact or facts that would compel denial of Easthills' MSJ. *See Cerveny*, 855 F.3d at 1110; *Valley Forge Ins. Co.*, 616 F.3d at 1096. In sum, Kammok's Rule 56(d) request to conduct additional discovery is substantively fatally flawed. the Court

should deny and/or strike Kammok's Rule 56(d) request to conduct additional discovery in response to Easthills' Supplemental Memorandum.

### c. Kammok's Rule 56(d) Request is Simply a Delay Tactic

Kammok asserts under Rule 56(d) that it needs additional time to take the depositions of Easthills personnel to ask about a purported change to the anchor point of the Anymaka. Yet, Kammok flat out fails to specifically explain to the Court how discovering whether Easthills ever changed the design of the Anymaka's anchor point would raise a genuine dispute of material fact requiring the denial of Easthills' MSJ. *Valley Forge Ins. Co.*, 616 F.3d at 1096. That is because it cannot.

Whether or not the Anymaka design ever possessed the same "textured anchor" Kammok claims is part of its protected trade dress does not and cannot create a genuine issue of dispute. To succeed in a claim for infringement of a trade dress under § 43(a) of the Lanham Act, 15 U.S.C. § 1051, et seq., a plaintiff must establish three elements: "(1) [t]he trade dress is inherently distinctive or has become distinctive through secondary meaning; (2) [t]here is a likelihood of confusion among consumers as to the source of the competing products; and (3) [t]he trade dress is nonfunctional." *Urban Gorilla, LLC*, 500 F.3d 1222, 1227 (10th Cir. 2007) (citations omitted). The design history of Anymaka's anchor does not change the fact that Kammok's purported trade dress is not distinctive, has not acquired secondary meaning, and is functional.

Kammok's Rule 56(d) request is purely an attempt to mislead the Court about issues that do not exist and cause delay in the resolution of Easthills' MSJ. Kammok's

Rule 56(d) request is clearly an improper delay tactic because it is not even seeking discovery related to a dispositive issue. Accordingly, the Court should strike and/or deny Kammok's request for further discovery under Rule 56(d).

## III. CONCLUSION

For the foregoing reasons, the Court should strike and/or deny Kammok's request for leave to conduct additional discovery pursuant to Rule 56(d) as set forth in its Response [Dkt. No. 77 at 3] in response to Easthills' Supplemental Memorandum [Dkt. No. 73], together with granting such other relief as deemed just and proper.

DATED: October 24, 2024      Respectfully submitted,

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO, ESQ.
(Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone: 702.462.5973
Facsimile: 702.553.3404

# CERTIFICATE OF SERVICE

I, hereby certify that on October 24, 2024, I served the foregoing document on Kammok's counsel through the Court's ECF system:

Reid J. Allred
Douglas N. Marsh
Cambridge Law, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson
Anikka Hoidal
Marshall Olson & Hull, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
eolson@mohtrial.com
ahoidal@mohtrial.com

By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Bayramoglu Law Offices LLC

# Certification Re: Use of Artificial Intelligence (AI) for Drafting

The undersigned, counsel of record for Defendant Easthills, Inc., certifies that (a) no portion of the filing was drafted by AI, or that (b) any language drafted by AI (even if later edited by a human being) was personally reviewed by the filer or another human being for accuracy using print reporters or traditional legal databases and attests that the legal citations are to actual existing cases or cited authority.

By: */s/ Shawn A. Mangano*
Shawn A. Mangano