UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-SKC-TPO

KAMMOK HOLDINGS, LLC,

    Plaintiff/Counter-Defendant,

v.

EASTHILLS, INC.; and DOES 1-10,

    Defendant/Counterclaimant.

### DEFENDANT EASTHILLS, INC.'S
### REPLY IN SUPPORT OF MOTION FOR SANCTIONS
### PURSUANT TO FED. R. CIV. P. 11

Defendant Easthills, Inc. ("Easthills"), by and through Bayramoglu Law Offices LLC, files this Reply in Support of Easthills' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11.

### I.   INTRODUCTION

Easthills filed its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (the "Motion") against Plaintiff Kammok Holdings, LLC ("Kammok"), Kammok's counsel Travis Banta, Reid J. Allred, Douglas N. Marsh, Erik A. Olson, Dominic W. Shaw and, Kammok's counsels' law firms Loyal Intellectual Property Law, Cambridge Law, and Marshall Olson & Hull, P.C. (Kammok's counsel and law firm are collectively referred to herein as "Kammok's Counsel" and collectively referred to herein with Kammok as the "Kammok Parties"). Easthills asserts that sanctions are warranted against the Kammok Parties for filing a complaint for infringement of U.S. Patent No. 11,330,893 (the "'893 Patent") without performing a reasonable pre-suit investigation.

Easthills has maintained from the outset of this litigation that Kammok initiated this action, without having conducted a reasonable factual investigation of the viability of its various infringement claims, for the sole purpose of attempting to improperly extend a takedown request initiated under the Digital Millennium Copyright Act (the "DMCA) against Easthills' Kickstarter crowdfunding campaign for its Anymaka portable hammock stand (the "Anymaka"). [Dkt. No. 86-1, ¶ 4.] Before Kammok filed its patent infringement claim, Kammok's Counsel was repeatedly advised that Kammok's claim was unviable because the Anymaka did not practice each and every element of the '893 Patent and urged them to perform an infringement analysis comparing the claims of the '893 Patent to the Anymaka. [Dkt. No. 86-3, at 2.]

Through discovery, Easthills learned that Kammok did not examine a physical specimen of the Anymaka until eight months after the suit was initiated. Kammok's failure to obtain, or even request a sample of the Anymaka, before initiating this lawsuit, clearly demonstrates the company filed suit against Easthills for the sole, anti-competitive, purpose of seeking to delay, hinder, and impede the release of a superior product by a direct competitor. As a result of the Kammok Parties' improper filing of a patent infringement claim without performing the pre-suit investigation required by Rule 11, Easthills has spent thousands in attorney's fees defending against a frivolous patent infringement claim. Accordingly, Easthills seeks an Order sanctioning the Kammok Parties' conduct through an award of attorney's fees and costs incurred, together with a requirement that Kammok withdraw its patent infringement claim asserted in this action.

///

## II. ARGUMENT

### a. Kammok Filed its Patent Infringement Claim for an Improper Cause

Rule 11 requires attorneys to "make reasonable inquiry into both the facts and the law relevant to their pleadings and motions prior to signature." *Colo. Chiropractic Council v. Porter Mem. Hosp.*, 650 F. Supp. 231, 237 (D. Colo. 1986); *see also* Fed. R. Civ. P. 11 (b)(2)-(3). If no such inquiry is made, or if, objectively, there is no reasonable basis for making those claims, sanctions are appropriate. *Colo. Chiropractic Council*, 650 F. Supp. at 237. In the patent infringement context, the Federal Circuit interprets Rule 11 "to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002); *see also QPharma v. Andrew Jergens Co.*, 360 F.3d 1295, 1304 (Fed. Cir. 2004); *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997); S. *Bravo Sys., Inc. v. Containment Techs. Corp.*, 96 F.3d 1372, 1375 (Fed. Cir. 1996).

Despite this, the Kammok Parties proceeded to assert that Easthills' Anymaka infringed the '893 Patent by filing the Complaint in this action. [Dkt. No. 1.] Furthermore, the Kammok Parties took such action for the improper purpose of using its patent infringement complaint to add unjustified credibility to its claims to persuade Kickstarter to further delay reinstatement of Easthills' crowdfunding campaign under 17 U.S.C. § 512(g)(2)(c) of the DMCA. These are hallmark examples of using statutory remedies for a clearly improper and anticompetitive purpose. Accordingly, the Court should conclude that the Kammok Parties have asserted the company's claim that Easthills infringes the '893 Patent for an improper purpose and without having performed a reasonable pre-filing investigation as required under Rule 11.

### b. The Kammok Parties Did Not Conduct a Reasonable Pre-Filing Investigation Before Asserting Infringement of the '893 Patent.

Kammok boldly states in its Opposition that there is no such rule that a pre-filing investigation requires the investigation of a physical specimen and cites to *Q-Pharma, Inc. v. Andrew Jergens* Co. for support. 360 F.3d 1295 (Fed. Cir. 2004). [Dkt. No. 92 at 8.] However, Kammok grossly misrepresents the Federal Circuit's decision in *Q-Pharma*. Kammok attempts to convince this Court that in *Q-Pharma* the Federal Circuit found that reliance on advertising alone (as Kammok did) as a basis for an infringement suit is sufficient as long as it provides an adequate factual basis to support the patentee's infringement claim. [Dkt. No. 92 at 9.] However, the "advertising" in *Q-Pharma* that the patentee used as a basis for its claim was on a physical sample of the accused product the patentee obtained. *Q-Pharma*, 360 F.3d at 1302. In *Q-Pharma*, the patentee obtained a sample of the accused lotion and relied on the advertising and labeling on the lotion as the basis for its infringement claim, rather than reverse engineering the product to determine its contents. *Id.* The Federal Circuit did not state that acquiring a sample of an accused product is not requirement, but rather there is no requirement that a patentee must reverse engineer an accused product to avoid a Rule 11 violation. *Id.* Because Kammok did not make any attempt to obtain a physical sample of the Anymaka before filing its patent infringement claim, it is desperately trying to twist the law in its favor.

Simply "a plaintiff must obtain a sample or copy of the accused device, unless there is an adequate explanation for failing to do so." *Micromesh Tech. Corp. v. Am. Recreation Prod.*, Inc., No. C-06-6030 MHP, 2007 WL 2501783, at *3 (N.D. Cal. Aug. 30, 2007) (citing *Judin*, 110 F.3d at 784; *Intamin Ltd. v. Magnetar Techs., Corp.,* 483 F.3d 1328, 1338 (Fed. Cir. 2007)). In defense, Kammok claims that it could not physically inspect an Anymaka during this pre-suit investigation period because the

4

Anymaka was not yet commercially available. This excuse is not sufficient to avoid a Rule 11 violation. As both parties' papers illustrate, counsel for Kammok and Easthills had multiple communications during this pre-suit investigation period. [Dkt. No. 92 at 11-12, Dkt. No. 86 at 4-5, 13.] In fact, during one of these communications counsel for Easthills "urge[d] [Kammok's Counsel] to go back and check Easthills' product again against '893 Patent claim 1." [Dkt. No. 86-3 at 2]. However, at no time prior to initiating this lawsuit did the Kammok Parties request from Easthills a sample of the Anymaka nor request an opportunity to physically inspect it. [Dkt. No. 86-1, ¶ 8.]

Kammok initiated this lawsuit on September 14, 2023. It did not request a physical sample of the Anymaka until April 26, 2024, through a formal discovery request. As such, Kammok did not examine a physical specimen of the Anymaka until almost eight months after filing suit against Easthills. In an attempt to validate Kammok's claims, in Travis Banta's Declaration he states that, "I have now inspected a physical specimen of the Anymaka, and it is consistent with the claim chart." However, an inquiry after a suit is filed will not cure a violation of Rule 11 because "Rule 11 is not about after-the-fact investigation." *Judin*, 110 F. 3d at 785; see also S. *Bravo Systems v. Containment Technologies Corp.*, 96 F. 3d 1372 (Fed. Cir.1996); *Ultra-Temp Corp. v. Advanced Vacuum Systems, Inc.*, 189 F.R.D. 17 (D.C. Mass 1999); *Refac International, Ltd. v. Hitachi, Ltd.*, 141 F.R.D. 81 (C. D. Cal. 1991).

It is summarily apparent that Kammok's Counsel did not conduct an adequate pre-suit investigation, as any reasonable pre-suit investigation would have revealed that the Anymaka does not possess a "footprint adjustment bar" as required in the asserted claims of the '893 Patent. The '893 Patent defines the term 'footprint' to "encompass one or more dimensions between the frame's contact points on the ground" and to "encompass the dimensions between the points of contact between

5

suspension seat frame and a supporting surface, such as a floor or ground." *See* the '893 Patent, 3:24-26 and 7:21-24. Had the '893 Patent claims been interpreted and compared against the Anymaka, as required by Rule 11, it would have been revealed that the Anymaka does not have a "footprint adjustment bar" because its 'footprint' is not adjustable, but fixed. Even Kammok's own proposed construction of this term as "an adjustable connecter bar which allows a distance between cantilever arms to be increased or decreased" does not support a finding of infringement because the Anymaka does not have an adjustable connector bar. [Dkt. No. 92 at 12.] In sum, the Kammok Parties have clearly and unquestionably violated the requirements of Rule 11 by filing Kammok's patent infringement claim without having first conducted a reasonable prefiling investigation.

### c. Easthills Motion is Proper

As argued and illustrated above, the Kammok Parties have clearly and unquestionably violated the requirements of Rule 11 by filing Kammok's patent infringement claim without having first conducted a reasonable prefiling investigation. Accordingly, Easthills' Motion is not without merit. Further, Easthills has not made any misrepresentations. Easthills has presented the procedural history of the case as it believes it to be and has cited to the record as support. Lastly, Kammok's argument that Easthills' Motion is unreasonably late is absurd. Easthills did discover Kammok's failure to conduct a reasonable pre-suit investigation when Kammok served its supplemental discovery responses on June 7, 2024. However, the parties claim construction briefing was due a month later and it would not be likely that the Court would rule on Easthills' Motion before the claim construction briefing was due. As Kammok itself states, the claim construction briefing was a significant amount of work, which takes significant time to complete. Once the claim

construction briefing was complete, Easthills then focused on pursuing its Rule 11 claim. Easthills' Motion was not unreasonably or unexplainably delayed. As such, the Kammok Parties should be ordered to withdraw Kammok's patent infringement claim and pay Easthills' attorney's fees and costs associated with this Motion.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Easthills' Motion, dismiss Kammok's claim that Easthills infringes the '893 Patent, award Easthills its reasonable attorneys' fees and costs incurred in connection with its defense of Kammok's patent infringement claim, and grant such other relief as is just and proper.

DATED: October 25, 2024            Respectfully submitted,

*/s/ Shawn A. Mangano*
SHAWN A. MANGANO, ESQ.
(Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404

## CERTIFICATE OF SERVICE

I, hereby certify that on October 25, 2024, I served the foregoing Kammok Parties by electronic mail and U.S. mail pursuant to the requirements of Rule 11:

Reid J. Allred
Douglas N. Marsh
Cambridge Law, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson
Anikka T. Hoidal
Marshall Olson & Hull, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
eolson@mohtrial.com
ahoidal@mohtrial.com

Travis Banta
Loyal Intellectual Property Law
2350 E. Arbor Lane, P.O. Box 17395
Holiday, Utah 84117
travis@loyaliplaw.com

By: */s/ Shawn A. Mangano*
Shawn A. Mangano
Bayramoglu Law Offices LLC