IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02405-SKC-TPO

KAMMOK HOLDINGS, LLC,

       Plaintiff,

v.

EASTHILLS, INC., *and*
DOES 1-10,

       Defendants.

## MINUTE ORDER

       This matter is before the Court on Defendant Easthills, Inc.'s Motion for Leave to Amend Counterclaims (Motion) (Dkt. 57). Plaintiff Kammock Holdings, LLC filed a Response (Dkt. 60) and Defendant filed a Reply (Dkt. 62). Defendant seeks to amend its operative Counterclaims (Dkt. 9; *see also* Dkt.55 (order striking Defendant's earlier attempt to amend its counterclaims and finding that Dkt. 9 contains the operative Counterclaims)). Defendant now attempts to plead additional facts and claims against one of Plaintiff's law firms, Loyal Intellectual Property Law, P.C. ("Loyal IP"). *See generally* Dkt. 57-1, ECF pp. 13-39.

       The precise amendments Defendant seeks are not readily apparent because it failed to provide an appropriate redline comparison of its proposed amendments to its operative Counterclaims. *See* D.C.COLO.LCivR 15.1(b) ("A party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added."). Rather than provide a redline comparison to Dkt. 9, Defendant provided a comparison to Dkt. 41, which counterclaims the Court had previously stricken (Dkt. 55). The Court will not do a party's work for it. The Court therefore denies the Motion for failing to comply with D.C.COLO.LCiv.R 15.1(b).

       But continuing to the merits, the Court also finds Defendant has failed to carry its burden to demonstrate that amendment is warranted. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so

1

Case No. 1:23-cv-02405-SKC-TPO    Document 107    filed 03/17/25    USDC Colorado
pg 2 of 3

requires." Fed. R. Civ. P. 15(a). The purpose of Rule 15(a) unquestionably is to facilitate a decision on the merits. *See, e.g., Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (noting that the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities"). To that end, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). But in considering the "needs of justice," the Court must take into consideration the interests of all parties.

> Several factors are typically considered by the courts in determining whether to allow amendment of a complaint. These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal citation omitted); *see also Arkansas-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995) ("Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party.").

> The Motion argues that Plaintiff and
>
> Mr. [Travis] Banta of Loyal IP acted in concert to file and maintain the patently jurisdictionally flawed copyright infringement claim in blatant disregard for Easthills' rights, including its rights under the DMCA. In response, Easthills has responded to Kammok's First Amended Complaint and propounded its own counterclaims against Kammok and the Kammok Attorneys for violation of 17 U.S.C. § 512, intentional interference with prospective business relations, and civil conspiracy.

Dkt. 57, ECF p.7. Plaintiff responds, in part, that Defendant fails to explain adequately why it could not have brought its claims against Loyal IP sooner because Defendant offers only the statement "that facts supporting its Amended Counterclaims were acquired after the parties began exchanging discovery." Dkt. 60, p.3 (citing Dkt. 57, ECF p.9). To which Defendant then attempts to explain its timing by attaching several documents it received during the ongoing discovery. Dkt. 62. But these documents offer no clarity on the issue of timeliness and are belied by other documents in the record.

As the Court understands the proposed amendments in light of the missing appropriate redline, Defendant seeks to add Loyal IP as an additional defendant to

2

its claims for violation of 17 U.S.C. § 512 and intentional interference with prospective business relations.[1] Dkt. 57-1, ECF pp.22-33. These efforts stem from actions Loyal IP took on behalf of Plaintiff from July 2023 when Plaintiff issued a Digital Millennium Copyright Act (DMCA) takedown notice to Kickstarter, where Defendant had a fundraising campaign, through September 2023 when corresponding with Defendant's counsel and ultimately filing this lawsuit. Dkt. 57, ECF pp.1-2.

But as Defendant acknowledges in its Motion, "*[f]rom the inception of this dispute*, [Defendant] has advised [Plaintiff] and its counsel, Loyal IP that [Plaintiff] lacked a legal and factual basis to maintain its copyright infringement claim against [Defendant]." *Id.* at ECF p.2 (emphasis added). Defendant's earlier knowledge of its argument is further confirmed by its exhibits attached to its now-withdrawn Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Sanctions Motion). Dkt. 19. In a letter purportedly sent August 23, 2023, from Defendant's counsel to Loyal IP, Defendant sets forth facts that demonstrate it could have brought its proposed counterclaims against Loyal IP as early as its original Answer and Counterclaims. Dkt. 19-4, ECF pp.3-4. So too does Defendant's counsel's email exchange with Loyal IP on August 25, 2023, further demonstrate this knowledge. Dkt. 19-5 ("my client can only see the takedown and the refusal to withdraw the takedown as a hostile and legally improper way of trying to obtain a short-term negotiation advantage").

The Court thus finds Defendant has unduly delayed bringing its amended counterclaims. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) ("A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." (cleaned up; citation omitted)). Having found that Defendant unduly delayed bringing its Motion, the Court need not address the parties' remaining arguments. The Motion is DENIED.

DATED: March 17, 2025.

BY THE COURT:

S. Kato Crews
U.S. District Judge

---

[1] The reference to its claim for civil conspiracy above appears to be an artifact from Defendant's earlier attempt to amend its counterclaims. *See* Dkt. 57-1, ECF pp.36-37.