# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-SKC-TPO

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff and counterclaim defendant Kammok Holdings, LLC ("Kammok") hereby moves the Court for leave to amend its complaint.

## INTRODUCTION

The Court should grant Kammok leave to file a second amended complaint that adds Anymaka Limited ("Anymaka Ltd.") as an additional defendant. Kammok originally brought suit against Easthills, Inc. ("Easthills"), a domestic company, because Easthills infringed Kammok's intellectual property rights by selling a hammock stand called the Anymaka. During the deposition of Easthills's owner, Eric Lin, Kammok learned for the first time that Easthills no longer sells the Anymaka. Instead, Lin has shut down the business of Easthills, and the Hong Kong-based company called Anymaka Ltd., which is also owned by Lin, now sells the infringing

product. Thus, to be made whole for all infringements of its intellectual property rights, Kammok seeks to add Anymaka Ltd. as an additional defendant.

Kammok's proposed second amended complaint ("Second Amended Complaint") is attached as Plaintiff's Exhibit 1. The Second Amended Complaint is substantively identical to the Amended Complaint (ECF No. 38) except that it adds Anymaka Ltd. as a defendant for its role in the ongoing claim of patent infringement.

## DUTY TO CONFER

Pursuant to Local Rule 7.1(a), the undersigned certifies that Kammok made reasonable, good faith efforts to confer with opposing counsel regarding amendment of Kammok's complaint. These efforts began immediately after completing Lin's deposition and have continued to the present time. Counsel have explored various stipulations on this issue but have been unable to reach agreement. The meet-and-confer efforts have taken place in multiple emails and phone calls between the parties.

## ARGUMENT

**I. THE COURT SHOULD GRANT LEAVE TO ADD ANYMAKA LTD. AS A DEFENDANT.**

The Court should allow Kammok to file the Second Amended Complaint because all relevant factors favor amendment. A party may "amend its pleading [] with the opposing party's written consent or the Court's leave." Fed R. Civ. P. 14(a)(2). "The Court should freely give leave when justice so requires." *Id.* However, a court may refuse to give a party leave to amend "upon a showing of undue delay,

2

undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Here, none of the factors that would justify a refusal to allow Kammok to amend its complaint are present.

### A. *Kammok Did Not Unduly Delay the Proposed Amendment to Add Anymaka Ltd. As a Defendant.*

Kammok did not delay seeking to add Anymaka Ltd. as a defendant once it learned of Anymaka Ltd.'s involvement in this dispute. "The district court ordinarily bears discretion to deny amendment on the ground that it is late." *Interstate Med. Licensure Compact Comm'n v. Bowling*, 113 F.4th 1266, 1282 (10th Cir. 2024). However, the Court should generally grant leave to amend where the movant "show[s] good cause for the delay." *Id.* Alternatively, the court should deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Mengert v. U.S.*, 120 F.4th 696, 717 (10th Cir. 2024).

Good cause exists for adding Anymaka Ltd. at this stage of the litigation. Prior to the deposition of Eric Lin which occurred on January 13 and 14, 2025, Kammok believed that Easthills was the sole company responsible for selling the Anymaka hammock stand. This belief was reasonable.

### i. Kammok's reasonable investigation prior to filing suit did not reveal the existence of Anymaka Ltd.

3

When Kammok initially discovered the infringing Anymaka hammock stand, it was being advertised and sold via a Kickstarter campaign (the "Kickstarter Campaign"). Kammok's Counsel, Travis Banta, investigated the Kickstarter Campaign and the related website, www.anymaka.com. Plaintiff's Exhibit 2 at ¶¶ 2–3 (Declaration of Travis Banta). Easthills was the only entity listed on either website. *Id.* at ¶ 2. Neither website contained any mention of the Hong Kong-based Anymaka Ltd. *Id.* at ¶ 4. Because Easthills was the only company identified in relation to the Anymaka hammock stand, counsel sent a letter addressed to Eric Lin in his role as CEO of Easthills, in which counsel outlined concerns that the Anymaka hammock stand violated Kammok's intellectual property. *Id.* at ¶ 3; Plaintiff's Exhibit 3 (Letter to Eric Lin) (sent July 13, 2023, two months before the initial complaint was filed). In response to this and other correspondence from Kammok's counsel, Easthills' counsel wrote a letter to Kammok, stating "our firm represents Easthills Inc. ("Anymaka") -- owners of the Kickstarter campaign for Anymaka." Plaintiff's Exhibit 4 at 1 (Bayramoglu Letter) (received on August 23, 2023, 22 days before the initial complaint was filed). Counsel's representation that Easthills used the name "Anymaka" led Kammok to reasonably believe that "Anymaka" (in reference to a company) was merely an alternate name or DBA used by Easthills. Thus, Kammok reasonably believed that Easthills was the only company selling the infringing product.

        **ii.**    **Anymaka Ltd. did not start selling hammock stands until after Kammok filed suit.**

4

During his deposition, the CEO of Easthills confirmed that no entity sold the Anymaka hammock stand prior to the Kickstarter campaign. Plaintiff's Exhibit 5 at 16:16–24 (relevant excerpts of the Deposition of Eric Lin). He also confirmed that "Easthills was selling hammock stands mainly only during the crowdfunding period or stage. And then after that initial stage, Easthills no longer sold stands." *Id.* at 71:11–16. The Kickstarter Campaign, which was used for fundraising, ended on or about October 16, 2023, which is more than a month after the initial complaint was filed. *Compare id.* at 88:21–89:6, *with* Complaint (ECF No. 1) (filed on September 14, 2023).

During the Kickstarter Campaign, only Easthills was selling the Anymaka hammock stand. During a line of questioning about when Easthills sold the infringing hammock stands, Lin stated that he "just want[ed] to emphasi[ze] that <u>subsequent</u> businesses were carried over by the Hong Kong company Anymaka" after Easthills ceased its activity. *Id.* at 71:3–22 (emphasis supplied). *See also id.* at 76:1–7 (explaining that "during the Crowdfunding stage, [they] used" the American company Easthills for selling the product and then "later [] streamlined to use the Hong Kong company."). Thus, it was not until sometime after October 16, 2023, at the earliest, that Anymaka Ltd. began to violate Kammok's intellectual property rights by selling the Anymaka hammock stand. While the date when Anaymaka Ltd. first began selling the hammock stand is unclear, *see id.* at 71:17–19 ("The date I

5

would not be sure"), Anymaka Ltd.'s first violation must have occurred only after Kammok initiated this suit.

When Easthills rolled over the sale of the hammock stands to Anymaka Ltd., it did not announce this fact to Kammok, nor did it provide any public notice that it would roll its business over into a separate Hong Kong company. Thus, while it is possible that Anymaka Ltd.'s first breach occurred prior to Kammok moving to amend its complaint for the first time on January 2, 2024, Kammok was ignorant of this change of circumstances and was thus unable to include Anymaka Ltd. in its first amended complaint. Only after Lin's deposition, did this change of circumstances become known.

Good cause exists for Kammok's delay in seeking to add Anymaka Ltd. as a defendant. After Easthills had already been sued for selling the Anymaka hammock stand, the company transferred that business over to another entity owned by the same individual, creating the circumstances where Kammok would be injured by two separate entities. Easthills and Anymaka Ltd. both knew the risk of transferring the sale of the infringing product but chose not to inform Kammok. Kammok should not be punished for the business decisions of Easthills and Anymaka Ltd.

### B. *Easthills Will Not Face Undue Prejudice If Leave to Amend Is Granted.*

Easthills will not be prejudiced by the addition of Anymaka Ltd. as a defendant. The type of prejudice sufficient for denying leave to amend is found "when the amendment unfairly affects the defendants 'in terms of preparing their defense

6

to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (citation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

The addition of Anymaka Ltd. does not alter the subject matter of this case nor raise any significant new factual issues. The only new factual questions that will be raised by the Second Amended Complaint are (1) when Easthills ceased selling the subject hammock stands and (2) when Anymaka Ltd. began selling them. Determining these dates should not be burdensome on either Easthills or Anymaka Ltd. because Eric Lin owns and manages both companies. *See* Plaintiff's Exhibit 5 at 11:13–12:12, 12:24–13:3, 13:12–14.

### C. Kammok Is Not Seeking Amendment in Bad Faith or for Any Dilatory Motive.

The Court should allow Kammok to file the Second Amended Complaint because it is not brought in bad faith or for a dilatory motive. First, adding Anymaka Ltd. is not a decision made in bad faith because Lin, the owner of Easthills and Anymaka Ltd. has openly admitted that the business of selling the Anymaka hammock stand was "carried over" from Easthills to the "Hong Kong company Anymaka." Plaintiff's Exhibit 5 at 71:11–22. Anymaka continues to sell the subject hammock stand. *Id.* at 13:6–11. Thus, Kammok's reason for seeking amendment is to be made whole for <u>all</u> infringements of its patent and trade dress rights, whether committed by Easthills or Anymaka Ltd. Kammok cannot be made whole if Easthills

7

is allowed to simply transfer its business to a separate, offshore entity to carry on the infringing activity.

Because Kammok is seeking to amend its complaint in order to be made whole, it necessarily is not seeking amendment for a dilatory purpose. Moreover, Kammok only recently learned of Anymaka Ltd.'s role in this "very complicated" web of interrelated businesses. *See id.* at 11:15–19. *See also* Point I(A). After learning this, Kammok contacted Easthills's counsel and requested leave to amend. Plaintiff's Exhibit 6 (email chain with negotiations between counsel redacted). This discussion between counsel has been ongoing. *See* Unopposed Motion to Extend Discovery Deadlines at 2 (ECF No. 103) (referencing the "possible addition" of adding Anymaka Ltd.). Kammok's consistent efforts to amend its complaint demonstrate it has not been attempting to delay these proceedings.

### *D. Adding Anymaka Ltd. Is Not Futile.*

Finally, the Court should grant leave to amend because adding Anymaka Ltd. is not futile. "A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss." *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Assoc.*, 44 F.Supp.3d 1062, 1068 (D. Colo. 2014).

Easthills has not successfully dismissed the patent claim against it via motion to dismiss or via its motion for summary judgment. *See* Order (ECF No. 106) (denying without prejudice Easthills's motion for summary judgment). The patent

8

infringement claim against Anymaka Ltd. is identical to the claim against Easthills. Therefore, Anymaka Ltd. cannot be expected to dismiss the claims raised against it in the Second Amended Complaint, where Easthills has failed to do so.

Because all of the factors that courts generally consider favor amendment, the Court should grant leave to Kammok to file the Second Amended Complaint.

## CONCLUSION

Based on the foregoing, the Court should grant Kammok's second motion for leave to amend its complaint.

DATED this 10th day of April, 2025.

　　　　　　　　　　　　　　　　　BY:　/s/ Dominic W. Shaw

　　　　　　　　　　　　　　　　　Reid Allred
　　　　　　　　　　　　　　　　　reid@cambridgelaw.com
　　　　　　　　　　　　　　　　　Douglas Marsh
　　　　　　　　　　　　　　　　　doug@cambridgelaw.com
　　　　　　　　　　　　　　　　　CAMBRIDGE LAW, LLC
　　　　　　　　　　　　　　　　　4610 South Ulster Street, Suite 150
　　　　　　　　　　　　　　　　　Denver, Colorado 80237
　　　　　　　　　　　　　　　　　303.488.3338

　　　　　　　　　　　　　　　　　Erik A. Olson
　　　　　　　　　　　　　　　　　eolson@mohtrial.com
　　　　　　　　　　　　　　　　　Anikka T. Hoidal
　　　　　　　　　　　　　　　　　ahoidal@mohtrial.com
　　　　　　　　　　　　　　　　　Dominic W. Shaw
　　　　　　　　　　　　　　　　　dshaw@mohtrial.com
　　　　　　　　　　　　　　　　　MARSHALL OLSON & HULL, P.C.
　　　　　　　　　　　　　　　　　Newhouse Building
　　　　　　　　　　　　　　　　　Ten Exchange Place, Suite 350
　　　　　　　　　　　　　　　　　Salt Lake City, Utah 84111
　　　　　　　　　　　　　　　　　801.456.7655

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*