IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02405-SKC-TPO

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

    Defendants.

---

**DEFENDANT EASTHILLS, INC.'S OPPOSITION TO PLAINTIFF KAMMOK HOLDING, LLC'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT**

---

Defendant Easthills, Inc. ("Easthills") hereby opposes the Second Motion for Leave to Amend Complaint (the "Motion") [Dkt. No. 110] filed by Plaintiff Kammok Holding, LLC's ("Kammok"). Easthills' opposition is made and based on the arguments submitted herein, the Declaration of Emily Heim submitted herewith, the pleadings and papers on file in this matter, and any oral argument entertained by the Court.

### I.   INTRODUCTION

In its Motion, Kammok seeks to amend its Complaint for a second time in order to add Anymaka Limited ("Anymaka Ltd."), a Hong Kong-based company, as an additional defendant in the instant case. Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") a party can file an amended pleading without leave of the court if the amended pleading is filed within 21 days of service or within 21 days after a responsive pleading is required and has been filed. *See* Fed.R.Civ.P. 15(a)(1)(A)-(B).

Otherwise, a party may only file an amended pleading with either the written consent of the opposing party or by leave of the court. *See id*. 15(a)(2).

Under the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." *Id*. at 15(a). However, a court may refuse to give a party leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). "The district court ordinarily bears discretion to deny amendment on the ground that it is late." *Interstate Med. Licensure Compact Comm'n v. Bowling,* 113 F.4th 1266, 1282 (10th Cir. 2024). Denial of an amendment is warranted when a movant fails to "show good cause for the delay." *Id*. "[G]ood cause exists when the movant could not meet the deadline even when acting diligently. *Id. (*citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-42 (10th Cir. 2014)). However, the court should deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Mengert v. U.S*., 120 F.4th 696, 717 (10th Cir. 2024).

Easthills has not consented to Kammok's request to amend its Complaint for yet a second time, and further asks this Court to deny Kammok's Motion for undue delay.

## II.   ARGUMENT

### a.  Kammok's Motion Should be Denied for Undue Delay

In its Motion, Kammok states that it initially discovered the Anymaka branded hammock stand (the "Anymaka Stand") via Easthills' crowdfunding campaign on Kickstarter, PBC ("Kickstarter"). Dkt. No. 110 at pg. 4. Kammok also admits that prior to initiating the instant lawsuit, it was aware of the website www.anymaka.com (the "Website"). *Id.* The counsel Kammok used to file its unfounded Digital

2

Millennium Copyright Act ("DMCA") takedown request to Kickstarter, Travis Banta, asserts in his declaration in support of Kammok's Motion that he investigated the Website and that it did not contain any mention of Anymaka Ltd., prior to the filing of the original Complaint in the instant case. *See* Dkt. No. 110-03. Counsel for Kammok in the instant case, however, make no assertions of due diligence regarding the party selling the Anymaka Stand, the Website, or sales associated with the Anymaka Stand.

Kammok instead attempts to blame its lack of diligence during discovery, particularly prior to filing its First Amended Complaint, on the fact that Easthills did not volunteer information regarding Anymaka Ltd. This assertion ignores the fact that Kammok failed to propound any discovery requests seeking to find information about any third-party selling the Anymaka Stand following the completion of Easthills' crowdfunding campaign on the Kickstarter platform or any discovery requests seeking information about third-parties acting in conjunction with Easthills' sale of the Anymaka Stand.

Had Kammok acted diligently throughout this case (instead of relying upon a single search done by counsel who has not entered an appearance in this case prior to the filing of the initial complaint) it would have discovered that Anymaka Ltd. was listed as the contact for the Website at least as early as December 8, 2023. *See* Heim Decl. ¶ 3, Ex. A. Then, despite Kammok's assertions to the contrary, Easthills provided documents to Kammok during discovery identifying Anymaka Ltd., at least as early as August 2, 2024, almost eight months before Kammok filed its Motion. . *Id.*. ¶ 4, Ex. B.

Based on only the assertion that a review of the Website was completed one time prior to the filing of the initial complaint and the fact that Easthills' counsel used of the term "Anymaka" as a pseudonym for Easthills in a single letter, Kammok

3

argues that its ignorance of Anymaka Ltd. until Mr. Lin's deposition is reasonable. *Id.* Kammok's argument is perverse because where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Kammok knew or should have known of Anymaka Ltd. prior to Mr. Lin's deposition. Kammok could have easily confirmed whether its assumption that the name "Anymaka" was merely an alternative or DBA used by Easthills was correct with the issuance of written discovery. In fact, Kammok has only used eleven of its allotted interrogatories and fourteen of its requests for production despite having now passed the deadline to propound discovery in this case. *See* Dkt. No. 105, (setting the fact discovery deadline May 27, 2025).

Kammok misleadingly cites Mr. Lin's deposition to convince the Court its ignorance of Anymaka Ltd., and its sales of the Anymaka is reasonable. *See* Dkt. No. 110-6. First, nowhere in Mr. Lin's deposition did he mention that Anymaka Ltd. only began selling the Anymaka Stand after the Kickstarter crowdfunding campaign ended. The portion of Mr. Lin's deposition that Kammok cites in support of its argument actually states:

Q: Is Anymaka – – strike that. When did Easthills stop selling hammock stands?

A: Easthills was selling hammock stands mainly only during the Crowdfunding period or stage. And then after that initial stage, Easthills no longer sold stands.

Q: So would that be after approximately October 2023?

A: The date I would not be sure. I just want to emphasis that subsequent business were carried over by the Hong Kong company Anymaka.

4

*Id.* at 71:10-22.

Even if the date of October 2023 was the earliest Anymaka Ltd. began publicizing that it was the party selling the Anymaka Stand, the time from this occurrence to the discovery by Kammok is not a reasonable time, and is purely due to Kammok's inaction during discovery. Kammok should not be excused for its lack of diligence during discovery. The Tenth Circuit has confirmed that lack of good cause can be found if the party seeking to file an amended pleading did not act with reasonable diligence in unearthing—through the customary tools of discovery—the ostensibly "newly discovered evidence". *Husky Ventures, Inc. v. B55 Invs.*, Ltd., 911 F.3d 1000, 1021 (10th Cir. 2018); *Id.* citing *Cook v. Howard*, 484 F. App'x 805, 818-19 (4th Cir. 2012) (unpublished) (upholding district court's finding of no good cause and noting that "in considering whether 'good cause' excuses compliance with a scheduling order deadline, the district court must examine whether the movant had been diligent, though unsuccessful, in attempting to acquire the information that would have formed the basis of a timely motion to amend.")

It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend. See *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir. 1987), especially when the party filing the motion has no adequate explanation for the delay, *Woolsey*, 934 F.2d at 1462. Here, there is no good reason Kammok should not have become aware of Anymaka Ltd. during the nine months prior to the deposition of Mr. Lin. "A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). Denial of leave to amend is appropriate "when the party

5

filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Here, Plaintiff's stated explanations for its delay are unreasonable and due to Kammok's lack of diligence.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Kammok's Second Motion for Leave to Amend its Complaint.

|  |  |
|---|---|
| DATED: April 28, 2024 | Respectfully submitted, |
|  | */s/ William R. Brees* |
|  | William R. Brees (FL. Bar. No98886) |
|  | william@bayramoglu-legal.com |
|  | Emily M. Heim (FL Bar No. 1015867) |
|  | emily@bayramoglu-legal.com |
|  | **BAYRAMOGLU LAW OFFICES LLC** |
|  | 1540 W. Warm Springs Road, Suite 100 |
|  | Henderson, Nevada 89014 |
|  | Telephone:  702.462.5973 |
|  | Facsimile:   702.553.3404 |
|  | *Attorneys for Defendant* |

**CERTIFICATE OF SERVICE**

I, hereby certify that April 28, 2024, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered the foregoing by electronic means to all counsel of record.

By: */s/William Brees*
William Brees, Esq.