IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02405-CNS-MEH

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1–10.

    Defendants

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY REQUESTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure plaintiff Kammok Holdings, LLC hereby requests that defendant Easthills, Inc. answer, separately and fully in writing, under oath, the following interrogatories directed to it and serve its answers within thirty days after service of the interrogatories.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff hereby requests that defendant respond, separately and fully in writing, to the following requests for production of documents and serve the responses and deliver the documents within thirty days after service of the requests.  In connection with the responses, plaintiff requests that defendant identify each document withheld or intended to be withheld from production, and with respect to each such document, state the privilege claimed or other ground for withholding it from production.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff hereby requests that defendant respond, separately and fully in writing, to the following requests for admission and

serve the responses within thirty days after service of the requests. The matters addressed by the requests for admission shall be deemed admitted unless your responses are served within thirty days after service of these requests.

## DEFINITIONS AND INSTRUCTIONS

1. "Kammok" shall refer to plaintiff Kammok Holdings, LLC together with its representatives, agents, counsel, and Affiliates.

2. "Easthills" shall refer to defendant Easthills, Inc., together with its respective representatives, agents, counsel, employees, and Affiliates.

3. "You," "your," "yours," and "defendant" shall refer to Easthills together with its respective representatives, agents, counsel, employees, and Affiliates.

4. "Kickstarter" shall refer to Kickstarter, PBC, the online crowdfunding platform.

5. The "Anymaka" shall refer to defendant's portable hammock stand and all variations thereof.

6. The "Campaign" shall refer to defendant's crowdfunding campaign conducted through Kickstarter for the Anymaka.

7. The "Swiftlet" shall refer to Kammok's portable hammock stand and all variations thereof.

8. The "'893 Patent" shall refer to U.S. Patent No. 11,330,893 as described in Kammok's September 14, 2023 complaint.

9. The term "Affiliate" shall include, in the broadest sense possible, any person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or under common control with such person or such person's family members. The term "Affiliate"

includes a trust whose direct or indirect beneficiaries are the person or the person's family members. As used in this definition, "control" (including, with correlative meanings, "controlled by" and "under common control with") shall mean possession, directly or indirectly, of the power to direct or cause the direction of the person, the person's management, or the person's policies (whether through ownership of securities or partnership or other ownership interests, by contract, or otherwise).

10. The "Action" shall refer to this lawsuit.

11. The "Complaint" shall refer to the complaint filed in the Action on September 14, 2023.

12. The "Answer" shall refer to the answer filed in the Action on November 10, 2023.

13. The "Counterclaim" shall refer to the counterclaim filed in the Action on November 10, 2023.

14. The term "document" shall include, in the broadest sense possible, any "documents" or "electronically stored information" reasonably within the scope of what may be sought under Rule 34 of the applicable rules of civil procedure and any "writing[s]", "recording[s]" or "photograph[s]" as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

15. The term "person" means, without limitation, any natural person, corporation, company, partnership, proprietorship, joint venture, trust, association, employee pension, profit sharing or other benefit plan, government entity (including, without limitation, any governmental agency or political subdivision of any government), group, or any form of public or private business or legal entity.

16. The term "communications" means any contact, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, by which information of any nature was transmitted or transferred, including, without limitation, the giving or exchanging of information by speech, gestures, documents, or any other means, or any request for information by any such means.

17. "And" and "or" have both conjunctive and disjunctive meanings.

18. The terms "related to" and "relating to" mean—in whole or in part—constituting, containing, relating, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, or stating.

19. The phrase "state the factual basis" when used in regard to a claim, defense, allegation, assertion, statement, or denial means to provide a reasonably detailed summary of all facts, information, and matters that you believe support or tend to support such claim, defense, allegation, statement, or denial. Such summary should identify all persons with knowledge and all documents relating to the claim, defense, allegation, statement, or denial. If there are communications relating to the claim, defense, allegation, statement, or denial, your answer shall also include a description by person, date, time, and place of all communications, whether oral or written, supporting the claim, defense, allegation, statement, or denial.

20. A request that you "identify" a document requires that you describe the document by type (e.g., whether letter, email, videotape or film, electronic data, voice recording, etc.), that you state the date upon which the document was created, its author, the intended recipient, the identity of all individuals who received copies of the document, whether the document still exists, and if so, its present location or custodian.

21.     A request that you "identify" communications requires that you describe the information that was communicated, including where possible the precise verbiage used; explain how the communication was made (e.g., by letter, email, face-to-face or telephonic verbal speech, etc.); state the date the communication occurred; identify where the communication occurred; and name the parties and witnesses to the communications.

22.     A request that you "identify" an individual requires that you describe the individual, including last-known contact information for such individual.

23.     If a document is responsive to a request for production and is in your control, but is not in your possession or custody, identify the person with possession or custody of such document.

24.     If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the actual or approximate date or dates on which such disposition was made, and why.

25.     Singular forms of any nouns or pronouns include the plural, and vice versa. Masculine forms of any nouns or pronouns include the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

26.     Documents produced pursuant to these discovery requests should be delivered in the precise form and manner that they are kept in the usual course of business or organized and labeled to correspond to the categories that follow in the following individually numbered discovery requests.

Case No. 1:23-cv-02405-SKC-TPO     Document 114-2     filed 05/01/25     USDC Colorado
pg 5 of 8

## INTERROGATORIES

**Interrogatory No. 1:** Identify every person involved in designing the Anymaka. As part of your answer, include the period during which each individual was involved and their role in designing the Anymaka.

**Interrogatory No. 2:** Identify and state the factual basis for your claim that the '893 Patent is invalid.

**Interrogatory No. 3:** Identify every person who has invested in the Campaign. As part of your answer, include the name of the investor, the amount of funds invested, and the date of the investment.

**Interrogatory No. 4:** Identify every investor withdrawal from the Campaign that you allege Kammok has caused. As part of your answer, include the name of the investor, the amount of funds withdrawn, the date of the withdrawal, and any reason the investor gave to you for the withdrawal.

**Interrogatory No. 5:** Identify every distributor with whom you have "lost the ability to contract," as alleged in paragraph 84 of the Counterclaim.

**Interrogatory No. 6:** Identify every sale of the Anymaka that you have made since the Campaign began.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Produce all documents relied on or identified in your responses to any interrogatory issued by plaintiff in this Action.

**Request for Production No. 2:** Produce all documents relied on or identified in your responses to any request for admission issued by plaintiff in this Action.

6

**Request for Production No. 3:**  Produce all documents identified in any initial disclosures you make in this Action.

**Request for Production No. 4:**  Produce all communications with Kickstarter that relate to the Campaign.

**Request for Production No. 5:**  Produce all communications with any investors that relate to the Campaign.

**Request for Production No. 6:**  Produce all documents and communications relating to the design of the Anymaka, including but not limited to schematics, drawings, patent applications, copyright applications, or emails.

**Request for Production No. 7:**  Produce all documents between you and the United States Copyright Office or the United States Patent and Trademark Office that relate to the Anymaka.

**Request for Production No. 8:**  Produce all documents that relate to any injury you claim to have suffered and any damages you seek in this Action.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**  Admit that you were aware of the Swiftlet prior to launching the Campaign.

**Request for Admission No. 2:**  Admit that you were aware of the Swiftlet prior to Kammok filing the Complaint.

**Request for Admission No. 3:**  Admit that you were aware of the '893 Patent prior to launching the Campaign.

**Request for Admission No. 4:**  Admit that you were aware of the '893 Patent prior to Kammok filing the Complaint.

**Request for Admission No. 5:**  Admit that you refused to cease and desist the Campaign after learning of the Swiftlet.

**Request for Admission No. 6:**  Admit that you refused to cease and desist the Campaign after learning of the '893 Patent.

**Request for Admission No. 7:**  Admit that you intend to sell the Anymaka following the conclusion of the Campaign.

DATED this 12th day of January, 2024.

BY:   /s/ Erik A. Olson
ERIK A. OLSON

Reid J. Allred
Douglas N. Marsh
CAMBRIDGE LAW, LLC
4610 South Ulster Street, Suite 150
Denver, Colorado 80237
303.488.3338
reid@cambridgelawcolorado.com
doug@cambridgelawcolorado.com

Erik A. Olson
eolson@mohtrial.com
Dominic W. Shaw
dshaw@mohtrial.com
MARSHALL OLSON & HULL, P.C.
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111
801.456.7655

*Attorneys for Plaintiff*