**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02405-SKC-MEH

KAMMOK HOLDINGS, LLC,

      Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

      Defendants.

---

### DEFENDANT EASTHILLS, INC.'S RESPONSES TO PLAINTIFF KAMMOK HOLDINGS, LLC'S FIRST SET OF WRITTEN DISCOVERY REQUESTS

---

      Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Defendant EASTHILLS, INC. ("Defendant"), by and through its counsel, the Bayramoglu Law Offices, LLC, hereby responds to Plaintiff KAMMOK HOLDINGS, LLC's ("Plaintiff") First Set of Written Discovery Requests; Interrogatories numbered 1 through 6, Requests for Production numbered 1 through 8, and Requests for Admission numbered 1 through 7, dated January 12, 2024 (the "Plaintiff's First Set of Discovery Requests"), as follows:

**PRELIMINARY STATEMENTS**

      Defendant provides these responses without waiving any objections, including any objections that may be raised at trial, in other proceedings, or in response to other discovery requests in this action or any other action. Defendant's investigation of this lawsuit is ongoing, and Defendant reserves the right to supplement their objections and responses as appropriate under the Federal and Local Rules.

Any documents, information, or tangible things identified below have been or will be produced solely for the purpose of this action and may not be used in any other action. For all documents, information, and tangible things produced, Defendant reserves their right to interpose at trial or in any other proceeding in this or any other action all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections that would exclude said materials from evidence, impeachment, or other consideration.

Moreover, by agreeing to provide information responsive to a particular interrogatory, request for production, or request for admission, Defendant does not admit the relevance or admissibility of the information provided. Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Defendant as to the relevance, materiality, or admissibility of any information provided in response to the interrogatory, request for production, or request for admission.

Defendant's discovery and investigation of the facts of this case are continuing. The following responses are based on a reasonable search of locations where responsive materials would likely be found as of the date of this response. Further discovery, independent investigation, and analysis may supply additional facts or add meaning to known facts, or establish entirely new factual conclusions and legal contentions, any of which may lead to additions, changes to, or variations from the information herein set forth. Defendant expressly reserves the right to supplement their responses as may become appropriate.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST                CASE NO. 1: 23-cv-02405-SKC-MEH
SET OF WRITTEN DISCOVERY REQUESTS

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Defendant objects to Plaintiff's definition of "Control" as being overly broad, vague and ambiguous, to the extent it is defined as "possession, directly or indirectly, of the power to direct or cause the direction of the person, the person's management, or the person's policies…" as it is unclear how Defendant can indirectly direct or cause the direction making or actions of any Person.

2.      Defendant objects to Plaintiff's definition of "related to" and "relating to" as being overly broad, vague and ambiguous, to the extent it is defined as "constituting, containing, relating, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, or stating" because it forces Defendant to determine among a multitude of possibilities as to what the term means in a particular request.

Discovery is ongoing in this action, and Defendant has not completed discovery or its investigation into the parties' claims and defenses. Defendant therefore responds to these interrogatories, requests for production, and requests for admissions based upon information in their possession after diligent inquiry at the time of preparation of these responses. Defendant reserves the right to amend, supplement, and/or correct their objections or responses as additional information becomes available to Defendant in the course of discovery and their on-going investigation.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify every person involved in designing the Anymaka. As part of your answer, include the period during which each individual was involved and their role in designing the Anymaka.

### RESPONSE TO INTERROGATORY NO. 1:

Lin Xi (Eric Lin)

Founder and CEO of Anymaka, Eric Lin has been actively engaged in the initial research of the Anymaka hammock stand. He has played a key role in decision-making during key design stages since 2020.

Raymond Lau

Lead of production of Anymaka hammock stand, Raymond Lau oversees the manufacturing process, including the selection of production processes and materials during the design stage. He is also responsible for maintaining quality control. Raymond has been actively contributing to this project since 2020.

Chen Ming

As the Chief Engineer, Chen Ming has been a crucial designer of the unique structure of the Anymaka hammock stand. Actively involved in the project since 2020, his expertise has significantly influenced the design and development process.

**INTERROGATORY NO. 2:**

Identify and state the factual basis for your claim that the '893 Patent is invalid.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant will be providing the answer to this Interrogatory in Defendant's Invalidity Contentions and Response to Plaintiff's Infringement Contentions.

**INTERROGATORY NO. 3:**

Identify every person who has invested in the Campaign. As part of your answer, include the name of the investor, the amount of funds invested, and the date of the investment.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this interrogatory on the grounds that it seeks information that it not within its custody and control. Such information is currently in possession of Kickstarter, PBC ("Kickstarter"). As discovery is ongoing, Defendant will supplement its response to this interrogatory should it come into possession of relevant information.

**INTERROGATORY NO. 4:**

Identify every investor withdrawal from the Campaign that you allege Kammok has caused. As part of your answer, include the name of the investor, the amount of funds withdrawn, the date of the withdrawal, and any reason the investor gave to you for the withdrawal.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that it seeks information that it not within its custody and control. Such information is currently in possession of

5

Kickstarter. As discovery is ongoing, Defendant will supplement its response to this interrogatory should it come into possession of relevant information.

**INTERROGATORY NO. 5:**

Identify every distributor with whom you have "lost the ability to contract," as alleged in paragraph 84 of the Counterclaim.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory on the grounds that it seeks information that it not within its custody and control. Such information is currently in possession of Kickstarter to the extent such distributors were investors or potential investors. As discovery is ongoing, Defendant will supplement its response to this interrogatory should it come into possession of relevant information.

**INTERROGATORY NO. 6:**

Identify every sale of the Anymaka that you have made since the Campaign began.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant has collected a total of $1,318,601 from Kickstarter pledges, excluding dropped and refunded amounts. A spreadsheet without customer information will be provided as a part of Defendant's Response to Plaintiff's First Set of Written Discovery Requests.

On Defendant's website, Defendant has received presale orders totaling $551,220 (shipping fees included), excluding canceled and refunded amounts. A spreadsheet without customer information will be provided as a part of Defendant's Response to Plaintiff's First Set of Written Discovery Requests.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST                CASE NO. 1: 23-cv-02405-SKC-MEH
SET OF WRITTEN DISCOVERY REQUESTS

As of January 15, 2024, Defendant has collected a total contribution of $258,599 (shipping fees included) through Indiegogo Indemand, excluding dropped and refunded amounts. A spreadsheet without customer information will be provided.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents relied on or identified in your responses to any interrogatory issued by plaintiff in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant agrees to produce all non-privilege, responsive materials in response to this request within thirty (30) days following the service of this response pursuant to the Protective Order. As discovery is ongoing, Defendant reserves its right to supplement this response. Subject to the foregoing, please see the following materials: CONFIDENTIAL_EASTHILLS _000092  CONFIDENTIAL_EASTHILLS_000093.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents relied on or identified in your responses to any request for admission issued by plaintiff in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

None.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents identified in any initial disclosures you make in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant agrees to produce all non-privileged, responsive materials in response to this request within thirty (30) days following the service of this response pursuant to the Protective Order. As discovery is ongoing, Defendant reserves its right to supplement this response. Subject to the foregoing, please see the following materials: CONFIDENTIAL_EASTHILLS_000056; CONFIDENTIAL_EASTHILLS_000058 - CONFIDENTIAL_EASTHILLS_000067.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all communications with Kickstarter that relate to the Campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant agrees to produce all non-privileged, responsive materials in response to this request within thirty (30) days following the service of this response pursuant to the Protective Order. As discovery is ongoing, Defendant reserves its right to supplement this response. Subject to the foregoing, please see the following materials: CONFIDENTIAL_EASTHILLS_000058 -CONFIDENTIAL_EASTHILLS_000067.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all communications with any investors that relate to the Campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant agrees to produce all non-privileged, responsive materials in response to this request within thirty (30) days following the service of this response pursuant to the Protective Order. As discovery is ongoing, Defendant reserves its right to supplement this response. Subject to the foregoing, please see the following materials:

CONFIDENTIAL_EASTHILLS_000056;    CONFIDENTIAL_EASTHILLS_000068    -

CONFIDENTIAL_EASTHILLS_000087.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents and communications relating to the design of the Anymaka, including but not limited to schematics, drawings, patent applications, copyright applications, or emails.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant agrees to produce all non-privileged, responsive materials in response to this request within thirty (30) days following the service of this response pursuant to the Protective Order. As discovery is ongoing, Defendant reserves its right to supplement this response. Subject to the foregoing, please see the following materials: CONFIDENTIAL_EASTHILLS_000001 - CONFIDENTIAL_EASTHILLS_000054.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents between you and the United States Copyright Office or the United States Patent and Trademark Office that relate to the Anymaka.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant agrees to produce all non-privileged, responsive materials in response to this request within thirty (30) days following the service of this response pursuant to the Protective Order. As discovery is ongoing, Defendant reserves its right to supplement this response.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents that relate to any injury you claim to have suffered and any damages you seek in this Action.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST                  CASE NO. 1: 23-cv-02405-SKC-MEH
SET OF WRITTEN DISCOVERY REQUESTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant agrees to produce all non-privileged, responsive materials in response to this request within thirty (30) days following the service of this response pursuant to the Protective Order. As discovery is ongoing, Defendant reserves its right to supplement this response. Subject to the foregoing, please see the following materials: CONFIDENTIAL_EASTHILLS_000001; CONFIDENTIAL-ATTORNEY'S EYES ONLY_EASTHILLS_000088 - CONFIDENTIAL-ATTORNEY'S EYES ONLY_EASTHILLS_000090.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you were aware of the Swiftlet prior to launching the Campaign.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you were aware of the Swiftlet prior to Kammok filing the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit because it was included in, at least, the Digital Millennium Copyright Act ("DMCA") takedown process.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you were aware of the '893 Patent prior to launching the Campaign.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST            CASE NO. 1: 23-cv-02405-SKC-MEH
SET OF WRITTEN DISCOVERY REQUESTS

**REQUEST FOR ADMISSION NO. 4:**

Admit that you were aware of the '893 Patent prior to Kammok filing the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit because it was included in, at least, the DMCA takedown process.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you refused to cease and desist the Campaign after learning of the Swiftlet.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit. Defendant refused to cease and desist the Campaign after learning of the Swiftlet because the Anymaka does not infringe upon any of Kammok's intellectual property rights.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you refused to cease and desist the Campaign after learning of the '893 Patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit. Defendant refused to cease and desist the Campaign after learning of the '893 Patent because the Anymaka does not infringe upon any of the claims of the '893 Patent.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST          CASE NO. 1: 23-cv-02405-SKC-MEH
SET OF WRITTEN DISCOVERY REQUESTS

**REQUEST FOR ADMISSION NO. 7:**

Admit that you intend to sell the Anymaka following the conclusion of the
Campaign.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

DATED: February 12, 2024                    Respectfully submitted,

                                            */s/ Shawn A. Mangano*
                                            SHAWN A. MANGANO, ESQ.
                                            shawnmangano@bayramoglu-legal.com
                                            **BAYRAMOGLU LAW OFFICES LLC**
                                            1540 West Warm Springs Road Suite 100
                                            Henderson Nevada 89014
                                            Telephone:  702.462.5973

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST          CASE NO. 1: 23-cv-02405-SKC-MEH
SET OF WRITTEN DISCOVERY REQUESTS

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that this 12th day of February 2024, a true correct copy of the

foregoing **DEFENDANT EASTHILLS, INC.'S RESPONSES TO PLAINTIFF KAMMOK**

**HOLDINGS, LLC'S FIRST SET OF DISCOVERY REQUESTS** was served by electronic

mail, on the following counsel of record:


    Reid J. Allred
    Douglas N. Marsh
    Cambridge Law, LLC
    4610 South Ulster Street, Suite 150
    Denver, Colorado 80237
    reid@cambridgelawcolorado.com
    doug@cambridgelawcolorado.com

    Erik A. Olson
    Dominic W. Shaw
    Marshall Olson & Hull, P.C.
    Newhouse Building
    Ten Exchange Place, Suite 350
    Salt Lake City, Utah 84111
    eolson@mohtrial.com
    dshaw@mohtrial.com


    By: */s/ Heather Ikerd*_____
    Heather Ikerd, Paralegal
    Bayramoglu Law Offices LLC